IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
DYSON TECHNOLOGY LIMITED              :
and DYSON, INC.,                      :
                Plaintiffs,           :    Civil Action No. 05-____
                                      :
        v.                            :
                                      :    JURY TRIAL DEMANDED
MAYTAG CORPORATION,                   :
                                      :
                Defendant.            :
------------------------------------------------------x
```

## COMPLAINT

Plaintiffs Dyson Technology Limited and Dyson, Inc. (collectively, "Dyson"), by and through their undersigned attorneys, demand a trial by jury on all issues and hereby allege as follows for their Complaint against defendant Maytag Corporation ("Maytag"):

### Parties

1. Plaintiff Dyson Technology Limited is a corporation organized and existing under the laws of England and Wales and has its principal place of business in Malmesbury, England. Dyson Technology Limited, the successor to Notetry Limited, owns the patents at issue in this litigation.

2. Plaintiff Dyson, Inc. is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Chicago, Illinois. Dyson, Inc. is an affiliate of Dyson Technology Limited and distributes Dyson vacuum cleaners in the United States.

3. Defendant Maytag Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in

Newton, Iowa. Maytag is engaged in the design, manufacture, marketing and sale of, among other things, "Hoover" brand vacuum cleaners. Maytag sells Hoover brand vacuum cleaners in this district and throughout the United States.

### Jurisdiction and Venue

4. This action arises under the patent laws of the United States. Dyson asserts claims for patent infringement under 35 U.S.C. §§ 271 and 281.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Maytag is organized under the laws of, and transacts business in, the State of Delaware and thus is subject to personal jurisdiction in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because Maytag resides in this district. Under 28 U.S.C. § 1391(c), Maytag resides in this district for purposes of venue because, as a Delaware corporation that transacts business in the State of Delaware, Maytag is subject to personal jurisdiction in this district.

### Facts

8. On February 17, 1987, United States Patent No. 4,643,748 was duly and legally issued to Notetry Limited, as assignee of inventor James Dyson, for an invention entitled "Cleaning Apparatus" (the "'748 Patent"). Plaintiff Dyson Technology Limited owns and holds the rights to the '748 Patent. A copy of the '748 Patent is attached hereto as Exhibit A.

9. On May 2, 1989, United States Patent No. 4,826,515 was duly and legally issued to Prototypes, Ltd., as assignee of inventor James Dyson, for an invention

entitled "Vacuum Cleaning Apparatus" (the "'515 Patent"). Plaintiff Dyson Technology Limited owns and holds the rights to the '515 Patent. A copy of the '515 Patent is attached hereto as Exhibit B.

      10.    On August 1, 1989, United States Patent No. 4,853,008 was duly and legally issued to Notetry Limited, as assignee of inventor James Dyson, for an invention entitled "Combined Disc and Shroud for Dual Cyclonic Cleaning Apparatus" (the "'008 Patent"). Plaintiff Dyson Technology Limited owns and holds the rights to the '008 Patent. A copy of the '008 Patent is attached hereto as Exhibit C.

      11.    On January 12, 1999, United States Patent No. 5,858,038 was duly and legally issued to Notetry Limited, as assignee of inventors James Dyson, Andrew Walter McRae Thomson and Simon Mark Bickerstaff, for an invention entitled "Dust Separation Apparatus" (the "'038 Patent"). Plaintiff Dyson Technology Limited owns and holds the rights to the '038 Patent. A copy of the '038 Patent is attached hereto as Exhibit D.

      12.    Maytag has developed and manufactured, and recently has commenced selling in the United States, a vacuum cleaner called the Hoover "Fusion." On information and belief, Maytag is about to release its Hoover "Fusion" vacuum cleaner more broadly into the marketplace.

      13.    Maytag is infringing the '748 Patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner, and will continue to do so unless enjoined by the Court.

14. Maytag is infringing the '515 Patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner, and will continue to do so unless enjoined by the Court.

15. Maytag is infringing the '008 Patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner, and will continue to do so unless enjoined by the Court.

16. Maytag is infringing the '038 Patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner, and will continue to do so unless enjoined by the Court.

**Count I**

(Infringement of the '748 Patent)

17. Dyson repeats and realleges paragraphs 1 through 16 of its Complaint as though fully set forth in this paragraph.

18. Dyson Technology Limited is the owner of record of all rights, title and interest in and to the validly issued '748 Patent.

19. Maytag has infringed and continues to infringe this patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner without authority, in violation of 35 U.S.C. § 271.

20. On information and belief, Maytag's infringement of the '748 Patent is willful, wanton and in deliberate disregard of Dyson's rights under the patent.

21. As a result of Maytag's patent infringement, Dyson has suffered and will continue to suffer damages and irreparable injury.

22.     Absent a preliminary injunction, Dyson will suffer immediate and irreparable harm as Maytag begins broadly distributing its infringing Hoover "Fusion" vacuum cleaners in the marketplace.

## Count II

(Infringement of the '515 Patent)

23.     Dyson repeats and realleges paragraphs 1 through 16 of its Complaint as though fully set forth in this paragraph.

24.     Dyson Technology Limited is the owner of record of all rights, title and interest in and to the validly issued '515 Patent.

25.     Maytag has infringed and continues to infringe this patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner without authority, in violation of 35 U.S.C. § 271.

26.     On information and belief, Maytag's infringement of the '515 Patent is willful, wanton and in deliberate disregard of Dyson's rights under the patent.

27.     As a result of Maytag's patent infringement, Dyson has suffered and will continue to suffer damages and irreparable injury.

28.     Absent a preliminary injunction, Dyson will suffer immediate and irreparable harm as Maytag begins broadly distributing its infringing Hoover "Fusion" vacuum cleaners in the marketplace.

## Count III

(Infringement of the '008 Patent)

29.     Dyson repeats and realleges paragraphs 1 through 16 of its Complaint as though fully set forth in this paragraph.

- 6 -

30. Dyson Technology Limited is the owner of record of all rights, title and interest in and to the validly issued '008 Patent.

31. Maytag has infringed and continues to infringe this patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner without authority, in violation of 35 U.S.C. § 271.

32. On information and belief, Maytag's infringement of the '008 Patent is willful, wanton and in deliberate disregard of Dyson's rights under the patent.

33. As a result of Maytag's patent infringement, Dyson has suffered and will continue to suffer damages and irreparable injury.

34. Absent a preliminary injunction, Dyson will suffer immediate and irreparable harm as Maytag begins broadly distributing its infringing Hoover "Fusion" vacuum cleaners in the marketplace.

**Count IV**

(Infringement of the '038 Patent)

35. Dyson repeats and realleges paragraphs 1 through 16 of its Complaint as though fully set forth in this paragraph.

36. Dyson Technology Limited is the owner of record of all rights, title and interest in and to the validly issued '038 Patent.

37. Maytag has infringed and continues to infringe this patent by making, using, selling, offering to sell and/or importing the Hoover "Fusion" vacuum cleaner without authority, in violation of 35 U.S.C. § 271.

38. On information and belief, Maytag's infringement of the '038 Patent is willful, wanton and in deliberate disregard of Dyson's rights under the patent.

39. As a result of Maytag's patent infringement, Dyson has suffered and will continue to suffer damages and irreparable injury.

40. Absent a preliminary injunction, Dyson will suffer immediate and irreparable harm as Maytag begins broadly distributing its infringing Hoover "Fusion" vacuum cleaners in the marketplace.

WHEREFORE, plaintiffs pray:

(a) That the Court issue preliminary and permanent injunctions against further infringement of the '748 Patent, the '515 Patent, the '008 Patent and the '038 Patent;

(b) That the Court award plaintiffs damages for the infringement of the '748 Patent, the '515 Patent, the '008 Patent and the '038 Patent, and that such damages be trebled in accordance with the provisions of 35 U.S.C. § 284 because Maytag's infringements have been and continue to be willful and deliberate;

(c) That the Court award plaintiffs their costs and expenses and that interest be assessed against defendants;

(d) That the Court award plaintiffs reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(e) That the Court grant plaintiffs such other and further relief as this Court may deem just and proper.

                                                         /s/ John W. Shaw
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

David B. Tulchin
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Plaintiffs*
  *Dyson Technology Limited and Dyson, Inc.*

Dated: June 27, 2005