IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED<br>and DYSON, INC., | )<br>)<br>) | |
| Plaintiffs, | ) | C.A. No. 05-434 (GMS) |
| v. | )<br>) | |
| MAYTAG CORPORATION, | )<br>) | |
| Defendant. | )<br>) | |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR
MOTION FOR AN EARLY PRELIMINARY INJUNCTION
HEARING DATE AND EXPEDITED DISCOVERY**

C. Barr Flinn (No. 4092)
bflinn@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Plaintiffs

OF COUNSEL:

David B. Tulchin
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Dated: July 19, 2005

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

STATEMENT OF FACTS .................................................................................................. 2

SUMMARY OF ARGUMENT ............................................................................................ 4

ARGUMENT ........................................................................................................................ 6

I. An Early Preliminary Injunction Hearing Date Is Necessary to Prevent
   Immediate and Irreparable Injury .............................................................................. 7

II. Expedited Discovery Is Appropriate to Develop Evidence for the
    Preliminary Injunction Hearing ................................................................................. 9

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

*Page(s)*

## Cases

*BAE Sys. Aircraft Controls Inc.* v. *Eclipse Aviation Corp.*,
   224 F.R.D. 581 (D. Del. 2004) ................................................................................6

*Freedom Communications Inc.* v. *FDIC*,
   157 F.R.D. 485 (C.D. Cal. 1994) ...............................................................................6

*Philadelphia Newspapers, Inc.* v. *Gannett Satellite Info. Network, Inc.*,
   No. Civ. A. 98-CV-2782, 1988 WL 404820 (E.D. Pa. July 15, 1998) ......................6

*Smith Int'l Inc.* v. *Hughes Tool Co.*,
   718 F.2d 1573 (Fed. Cir. 1983) ............................................................................7, 8

## Statute and Rules

28 U.S.C. § 1657(a) ..........................................................................................................6

Fed. R. Civ. P. 16(b) .........................................................................................................6

Fed. R. Civ. P. 26(d) .........................................................................................................6

Fed. R. Civ. P. 26(d) advisory committee notes (1993) ...................................................9

Fed. R. Civ. P. 34(b) .......................................................................................................10

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement. Plaintiffs (sometimes referred to herein as "Dyson") filed and served their complaint on June 27, 2005, seeking, among other relief, a preliminary and permanent injunction against defendant's further infringement of four of plaintiffs' patents. Plaintiffs expect to file their motion for a preliminary injunction on or before July 29, 2005.

By this motion, Dyson respectfully requests that the Court (i) set a briefing schedule on the preliminary injunction motion (defendant's answering papers due on August 24, 2005 and plaintiffs' reply brief due on September 9, 2005), (ii) schedule an evidentiary hearing on plaintiffs' motion during the week of September 26, 2005, and (iii) permit the parties to conduct immediate and expedited discovery on issues relevant to that motion commencing forthwith and continuing until September 16, 2005. *See* Proposed Order.

On July 13, 2005, Dyson's counsel informed outside counsel for defendant Maytag Corporation ("Maytag") that Dyson would soon move for a preliminary injunction and proposed a briefing schedule on that motion.[1] On July 14, Maytag's counsel responded that Maytag would neither agree to the above schedule nor propose its own alternative schedule for plaintiffs' preliminary injunction motion. In rebuffing any effort to work out a sensible schedule that would accommodate the parties' needs, Maytag's counsel informed Dyson's counsel that Maytag opposed any expedition.

---

[1] The proposal was for the motion to be made on July 22, for Maytag's answering papers to be due on August 19 and for Dyson's reply papers to be due on September 8.

## STATEMENT OF FACTS

Plaintiff Dyson Technology Limited owns the four patents that Maytag is infringing. Complaint (Docket Item ("D.I.") 1) ¶ 1. Those patents cover certain technologies intended for use in cleaning apparatuses, including vacuum cleaners. *Id.* ¶¶ 8-11. Two of the four patents-in-suit—U.S. Patent No. 4,643,748 (the "'748 patent") and U.S. Patent No. 4,826,515 (the "'515 patent")—expire during the first half of 2006, lending particular urgency to plaintiffs' request for injunctive relief. The '748 patent expires on February 24, 2006, and the '515 patent expires on May 2, 2006. Plaintiff Dyson, Inc., an affiliate of Dyson Technology Limited, distributes Dyson vacuum cleaners in the United States. *Id.* ¶ 2.

Defendant Maytag designs, markets and sells "Hoover" brand vacuum cleaners in the United States. *Id.* ¶ 3. Maytag's Hoover vacuum cleaners compete directly with the vacuum cleaners sold by Dyson, Inc. Maytag recently commenced selling a vacuum cleaner called the Hoover "Fusion." *Id.* ¶ 12. In early June, this vacuum cleaner began appearing in certain Wal-Mart stores in the United States—providing plaintiffs with their first knowledge of the infringement—and it is believed that Maytag plans to release the Hoover "Fusion" vacuum cleaner more broadly into the United States market. *See id.*

The Hoover "Fusion" vacuum cleaner infringes four validly issued patents owned by Dyson Technology Limited. *Id.* ¶¶ 13-16. This infringement, which plaintiffs believe to be willful and in deliberate disregard of their patents, will continue unless enjoined by this Court. Indeed, absent a prompt preliminary injunction, plaintiffs will suffer immediate and irreparable harm as Maytag begins broadly distributing the

-3-

infringing product throughout the United States. Such broad distribution could erode plaintiffs' hard-earned and lawful position in the marketplace and undermine plaintiffs' current efforts to penetrate the mass market for vacuum cleaners in the United States. Such harm could not be fully remedied at the conclusion of this litigation through a permanent injunction or an award of money damages.

## SUMMARY OF ARGUMENT

Without expedited discovery, followed by an early preliminary injunction hearing, Dyson will suffer substantial and irreparable harm as a result of Maytag's infringement of the patents-in-suit.

Maytag should be enjoined from infringing plaintiffs' patents *before* it begins distributing its infringing product broadly in the marketplace. Plaintiffs commenced this action almost immediately after learning of the infringement. At present, Maytag has not begun widespread advertising or promotion of its Hoover "Fusion" vacuum cleaner, which Maytag began mentioning on its website only in early July. To plaintiffs' knowledge, the Hoover "Fusion" is now available only at certain Wal-Mart stores. Once Maytag begins offering its infringing product for sale throughout the United States, an award of money damages might well be inadequate to restore plaintiffs to the position they now hold in the marketplace. The threat of harm to plaintiffs is particularly acute because Maytag's release of the Hoover "Fusion" coincided with plaintiffs' ongoing efforts to penetrate the mass market for vacuum cleaners in the United States. Indeed, the Hoover "Fusion" began appearing in Wal-Mart stores approximately two weeks before plaintiffs' own national rollout with Wal-Mart.

Moreover, two of the four patents-in-suit expire during the first half of next year: the '748 patent expires on February 24, 2006, and the '515 patent expires on May 2, 2006. The very nature of the patent right is the right to exclude others. Unless Maytag is promptly enjoined, it in effect will have awarded itself a license in the United States to plaintiffs' patented technology by selling the infringing product throughout the remaining term of those two patents.

This Court therefore should hear plaintiffs' preliminary injunction motion promptly, before Maytag's infringement alters the competitive landscape and before two of the four patents-in-suit expire. To permit the infringement to continue—and thereby enable the Hoover "Fusion" to gain a toehold in the market at plaintiffs' expense and in violation of plaintiffs' patents—would be contrary to the public policy underlying the patent laws. An early hearing also should be consistent with Maytag's legitimate interests in a determination of plaintiffs' motion before Maytag expends resources in distributing more broadly the allegedly infringing product.

## ARGUMENT

This Court has broad authority to schedule an early preliminary injunction hearing and order expedited discovery in advance of that hearing. Congress expressly addressed this subject in 28 U.S.C. § 1657(a), which provides that federal courts "shall expedite the consideration of ... any action for temporary or preliminary injunctive relief." As one court explained, "certain specific actions are named the highest priority civil actions—habeas corpus actions, recalcitrant witness actions and actions for preliminary or temporary injunctive relief." *Freedom Communications Inc. v. FDIC*, 157 F.R.D. 485, 486 (C.D. Cal. 1994).

In addition, the Federal Rules of Civil Procedure expressly authorize federal courts to modify the normal discovery sequence. *See* Fed. R. Civ. P. 16(b) & 26(d). "[E]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. Civ. A. 98-CV-2782, 1988 WL 404820, at *2 (E.D. Pa. July 15, 1998). In fact, this Court has recognized that expedited discovery is appropriate to gather evidence for an upcoming preliminary injunction hearing. *See, e.g., BAE Sys. Aircraft Controls Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004) ("If the discovery requests are narrowly tailored to fit the issues raised in the preliminary injunction, expedited discovery should be granted.").

## I. An Early Preliminary Injunction Hearing Date Is Necessary to Prevent Immediate and Irreparable Injury.

The grounds for scheduling an early preliminary injunction hearing are compelling in this case. Maytag is infringing plaintiffs' patents by selling its Hoover "Fusion" vacuum cleaner. Dyson commenced this action almost immediately after learning of the infringement. Maytag's infringement of the patents-in-suit alone establishes irreparable injury. As the Federal Circuit has recognized, "[t]he very nature of the patent right is the right to exclude others." *Smith Int'l Inc.* v. *Hughes Tool Co.*, 718 F.2d 1573, 1581 (Fed. Cir. 1983). Thus, "where validity and continuing infringement have been clearly established," as plaintiffs will establish in this case at the preliminary injunction hearing, "immediate irreparable harm is presumed." *Id.* "To hold otherwise," the Federal Circuit explained, "would be contrary to the public policy underlying the patent laws." *Id.*

Even apart from this presumption, plaintiffs will suffer clear and immediate irreparable harm in the absence of a preliminary injunction. As previously explained, Maytag only recently commenced selling the infringing product in the United States. This Court thus has a unique opportunity, through a preliminary injunction, to stop Maytag's infringement before the competitive dynamics of the marketplace are forever altered.

Dyson entered the United States market in 2002 and, since then, has obtained more than 20% of that market measured by value. More recently, Dyson has begun efforts to penetrate the mass market for vacuum cleaners in the United States. These efforts, which have included entering into agreements with mass-market retailers such as Wal-Mart and Target, are critically important to plaintiffs' continued success in

the United States. If Maytag continues to use Dyson's patented technology, Dyson's position in the United States market and efforts to penetrate the mass market may well be threatened. Once Maytag begins broadly promoting and distributing the Hoover "Fusion," this Court may well be unable to turn back the clock and restore plaintiffs to their pre-infringement position through a permanent injunction and an award of money damages at the conclusion of the litigation. This is especially so given that the "Hoover" brand is so well-known in the United States and that the Dyson brand, in contrast, has only recently obtained a foothold in the important United States market.

Finally, two of the four patents-in-suit expire during the first half of 2006: the '748 patent expires on February 24, 2006, and the '515 patent expires on May 2, 2006. The Federal Circuit has stressed the importance of injunctive relief in protecting patent owners' right to exclude:

> Without this injunctive power of the courts, the right to exclude granted by the patent would be diminished, and the express purpose of the Constitution and Congress, to promote the progress of the useful arts, would be seriously undermined. The patent owner would lack much of the "leverage," afforded by the right to exclude, to enjoy the full value of his invention in the market place. Without the right to obtain an injunction, the right to exclude granted to the patentee would have only a fraction of the value it was intended to have, and would no longer be as great an incentive to engage in the toils of scientific and technological research.

*Smith Int'l*, 718 F.2d at 1577-78 (quoting KAYTON, KAYTON ON PATENTS 17-20 (1979)).

Maytag should not be permitted to deprive plaintiffs of the right to exclude conferred by the two patents that will expire next year. Absent a preliminary injunction, plaintiffs may be able to recover only money damages for Maytag's unlawful infringement because this litigation might not be finally resolved until after two of the four

patents-in-suit expire. In that case, Maytag will have awarded itself a United States license to plaintiffs' patented technology for the remaining life of those two patents, in contravention of the policies underlying the patent laws.

Plaintiffs therefore request that the Court schedule an evidentiary hearing on their motion for a preliminary injunction during the week of September 26, 2005. Consistent with such a hearing date, plaintiffs suggest that Maytag's answering brief be due on August 24, 2005 and that plaintiffs' reply brief be due on September 9, 2005. This schedule is sufficiently expedited to protect plaintiffs' patent rights, while at the same time allowing the parties sufficient time to conduct discovery, brief the issues raised by plaintiffs' motion and prepare for an evidentiary hearing.

## II. Expedited Discovery Is Appropriate to Develop Evidence for the Preliminary Injunction Hearing.

Plaintiffs are prepared to proceed immediately with discovery on issues relevant to their preliminary injunction motion. *See* Fed. R. Civ. P. 26(d) advisory committee notes (1993) ("Discovery can begin earlier if authorized . . . by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ."). In particular, Dyson seeks to serve targeted requests for production of documents on Maytag on issues related to Maytag's infringement of plaintiffs' patents and to the irreparable injury plaintiffs will suffer in the absence of a preliminary injunction. Plaintiffs also will require a limited number of depositions, which can be promptly scheduled after Maytag has produced the relevant documents.

Plaintiffs seek permission to commence such discovery right away and propose an expedited discovery period beginning immediately and continuing until

September 16, 2005, about ten days before the proposed date for the evidentiary hearing on their motion. Plaintiffs also request, as permitted under the Federal Rules of Civil Procedure, that the time for responding to requests for production of documents be shortened from 30 to 15 days. *See* Fed. R. Civ. P. 34(b). And plaintiffs suggest that each side be limited to four depositions. Even though James Dyson, the sole inventor of three of the four patents and a co-inventor of the fourth, lives and works in England, plaintiffs are willing to make Mr. Dyson available for a deposition in New York City.

Expedited discovery will not unduly burden Maytag, a large and sophisticated business. (According to its most recent Form 10-K, Maytag's 2004 annual revenues were approximately $4.7 billion.) Nor should it be difficult for Maytag to assemble and produce all relevant documents related to the Hoover "Fusion"—a single product just hitting the marketplace—and to plaintiffs' patents. As a result, it should be possible to accomplish the discovery contemplated by plaintiffs before September 16, 2005.

Finally, early judicial resolution of the motion to enjoin the Hoover "Fusion" from continuing to infringe plaintiffs' patents—before Maytag begins broadly distributing the product throughout the United States—should serve the interests of Maytag as well as plaintiffs.

## CONCLUSION

Plaintiffs expect to file their motion for a preliminary injunction on or before July 29, 2005. Plaintiffs respectfully request that the Court (i) set a briefing schedule on their preliminary injunction motion (defendant's answering brief due on August 24, 2005 and plaintiffs' reply brief due on September 9, 2005), (ii) schedule an evidentiary hearing on plaintiffs' motion during the week of September 26, 2005, and (iii) permit the parties to conduct immediate and expedited discovery on issues relevant to plaintiffs' motion commencing forthwith and continuing until September 16, 2005.

Dated: July 19, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw
C. Barr Flinn (No. 4092)
bflinn@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Plaintiffs

OF COUNSEL

David B. Tulchin
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000