# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6689
DIRECT FAX: (302) 576-3334
jshaw@ycst.com

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
CURTIS J. CROWTHER
MARGARET M. DIBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
ALISON G.M. GOODMAN
SEAN T. GREECHER
KARA S. HAMMOND
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

TIMOTHY E. LENGKEEK
MATTHEW B. LUNN
JOSEPH A. MALFITANO
GLENN C. MANDALAS
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

July 19, 2005

**BY CM/ECF**

The Honorable Gregory M. Sleet
U.S. District Court
844 North King Street
Wilmington, DE 19801

    Re:    <u>Dyson Technology Ltd., et al., v. Maytag Corp.</u>, C.A. No. 05-434-GMS

Dear Judge Sleet:

    Plaintiffs Dyson Technology Limited and Dyson, Inc. (collectively, "Dyson") today filed a motion seeking expedited discovery and the setting of a preliminary injunction hearing date, copies of which are enclosed. I write to bring to the Court's attention the unique circumstances in this case that warrant early consideration of Dyson's motion to expedite and to request a teleconference to discuss scheduling of this motion.

    By way of background, on June 27, 2005, Dyson filed its complaint in this action, which alleges that defendant Maytag Corporation ("Maytag") is infringing four Dyson patents. Dyson brought this action shortly after the infringing product, Maytag's Hoover "Fusion" vacuum cleaner, began appearing in the United States market. Dyson expects to file its preliminary injunction motion on or before July 29, 2005.

    As set forth in the enclosed papers in support of Dyson's motion to expedite, Maytag's recent launch of the Hoover "Fusion" vacuum cleaner threatens Dyson with irreparable harm. At present, Maytag has not begun widespread advertising or promotion of the Hoover "Fusion," and to our knowledge, the "Fusion" is now available only at certain Wal-Mart stores. Once Maytag begins offering its infringing product for sale throughout the United States, however, an award of money damages might well be inadequate to restore Dyson to the position it now holds in the marketplace. Moreover, two of the four patents-in-suit expire during the first half of next year. As Your Honor is aware, the very nature of the patent right is the right to exclude others. Unless Maytag is promptly enjoined, it in effect will have awarded itself a license in the United States to Dyson's patented technology by selling the infringing product throughout the remaining term of those two patents.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
July 19, 2005
Page 2

  In its motion to expedite, Dyson respectfully requests that the Court (i) set a briefing schedule on Dyson's preliminary injunction motion (Maytag's answering brief due on August 24, 2005 and Dyson's reply brief due on September 9, 2005), (ii) schedule an evidentiary hearing on Dyson's motion during the week of September 26, 2005, and (iii) permit the parties to conduct immediate and expedited discovery on issues relevant to that motion commencing forthwith and continuing until September 16, 2005.

  On July 13, 2005, my co-counsel, David Tulchin of Sullivan & Cromwell LLP, informed Maytag's counsel, Francis DiGiovanni of Connolly Bove Lodge & Hutz LLP, that Dyson would soon move for a preliminary injunction and proposed a briefing schedule on that motion. (The proposal was for the motion to be made on July 22, for Maytag's answering papers to be due on August 19 and for Dyson's reply papers to be due on September 8.) On July 14, Mr. DiGiovanni responded that Maytag would neither agree to our proposed schedule nor propose its own alternative schedule for Dyson's preliminary injunction motion. Mr. DiGiovanni offered no reason for this position other than stating that Maytag opposes expedition and that scheduling before Your Honor normally occurs in due course.

  We are available to coordinate a hearing on the motion at the Court's convenience.

            Respectfully submitted,

            John W. Shaw
            No. 3362

JWS:gm
cc: Clerk of the Court (by CM/ECF and hand delivery)
   Francis DiGiovanni (by hand delivery)