IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED and )
DYSON, INC.                  )
                             )
            Plaintiffs,      )          Civil Action No. 05-434-GMS
                             )
       v.                    )
                             )
MAYTAG CORPORATION           )
                             )
            Defendant        )


**MAYTAG CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR AN EARLY PRELIMINARY INJUNCTION HEARING DATE
AND EXPEDITED DISCOVERY**


Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, Delaware 19899
Telephone : (302) 658-9141
Facsimile: (302) 658-5614

Ray L. Weber
Laura J. Gentilcore
RENNER, KENNER, GREIVE, BOBAK,
    TAYLOR & WEBER
400 First National Tower
Akron, Ohio 44308
Telephone: (330) 376-1242
Facsimile: (330) 376-9646

*Attorneys for Defendant*

Dated:  July 27, 2005

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES .......................................................................................... ii

NATURE AND STAGE OF NATURE AND STAGE OF PROCEEDINGS ...............................1

STATEMENT OF THE FACTS ....................................................................................2

SUMMARY OF THE ARGUMENT ...............................................................................3

ARGUMENT .............................................................................................................4

I.      Standard for Grant of Expedited Discovery.........................................................4

II.     Dyson's Motion ...............................................................................................6

        A.      Dyson Has Yet to Petition for A Preliminary Injunction
                And Demonstrate That Its Proposed Expedited Discovery is Narrowly
                Tailored to Those Issues ....................................................................6

        B.      Dyson Has Yet to Show Irreparable Harm If Its Motion for Expedited
                Discovery Is Not Granted ....................................................................7

        C.      The Overall Circumstances Dictate That Dyson's Motion
                Should Be Denied ..............................................................................8

CONCLUSION.............................................................................................................9

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*BAE Systems Aircraft Controls, Inc. v. Eclipse Aviation Corp.,*
    224 F.R.D. 581 (D. Del. 2004) ........................................................................3, 4, 5

*Enercon Indus. Corp. v. Pillar Corp.,*
    105 F.3d 1437 (Fed. Cir. 1997)................................................................................7

*Energetics Systems Corp. v. Adv. Cerametrics, Inc.,*
    1996 WL 130991 (E.D. Pa. Mar. 15, 1996)..............................................................5

*Entertainment Tech. Corp. v. Walt Disney Imagineering,*
    2003 WL 22519440 (E.D. Pa. Oct. 2, 2003)............................................................6

*In re Fannie Mae Derivative Litigation,*
    2005 WL 433271 (D.D.C. Feb. 23, 2005) ................................................................5

*Markman v. Westview Instruments,*
    52 F.3d 967 (Fed. Cir. 1996) ...................................................................................4

*Notaro v. Koch,*
    95 F.R.D. 403 (S.D.N.Y. 1982) .......................................................................5, 7, 9

*Qwest Communications Int'l v. Worldquest Networks, Inc.,*
    213 F.R.D. 418 (D. Colo. 2003) ..............................................................................7

*Woodward v. Sage Prods. Inc.,*
    818 F.2d 841 (Fed. Cir. 1987)...............................................................................7, 8

**FEDERAL STATUTES**

Fed. R.Civ.P. 26(d) ..................................................................................................3 ,4

Fed. R.Civ.P. 26(f)....................................................................................................3, 4

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs, Dyson Technology Limited and Dyson, Inc. (hereinafter, collectively "Dyson"), have brought this action alleging infringement by Defendant, Maytag Corporation (hereinafter "Maytag") of four patents, namely U.S. Patent No. 4,643,748 ("the '748 patent") for a "Cleaning Apparatus"; U.S. Patent No. 4,826,515 ("the '515 patent") for a "Vacuum Cleaning Apparatus"; U.S. Patent No. 4,853,008 ("the '008 patent") for a "Combined Disc and Shroud for Dual Cyclonic Cleaning Apparatus," and U.S. Patent No. 5,858,038 ("the '038 patent") for a "Dust Separation Apparatus," by the sale of Maytag's Hoover "Fusion" vacuum cleaner. Maytag's responsive pleading to the Complaint is due August 1, 2005.

Although Dyson is requesting that a preliminary injunction hearing date be set and the Court issue an order providing for expedited discovery, Dyson has not filed its motion for preliminary injunction, nor has it provided a copy of the proposed discovery requests for review by the Court and Maytag's counsel.

## STATEMENT OF THE FACTS

The Complaint herein alleges infringement by Maytag, based on the Hoover Fusion vacuum cleaner, of four patents purportedly held by Plaintiffs. A responsive pleading to the Complaint herein is due for filing on August 1, 2005.

The Complaint herein was filed without any prior notification or forewarning to Maytag and is absent any specifics with respect to the nature and extent of the infringements alleged. The four patents contain 93 patent claims, but the Complaint is silent as to any specific claim(s) asserted as infringed. Accordingly, on its face, the Complaint advances all 93 claims.

While Plaintiffs' Motion for an Early Preliminary Injunction Hearing Date and Expedited Discovery lays out an aggressive motion, briefing, and discovery schedule for any preliminary injunction motion that Plaintiffs indicate they intend to file, no such motion has been filed. Accordingly, the patent claims in issue for purposes of the preliminary injunction motion, their proposed claim construction, and their applicability to the accused product remain unknown.

## SUMMARY OF THE ARGUMENT

Maytag opposes the motion of Dyson for an early preliminary injunction hearing date and expedited discovery on the following grounds:

1.    The general rule is that courts will not permit discovery from any source before the parties have conferred unless the parties agree or the Court authorizes expedited discovery. Fed. R. Civ. P. 26(d); Fed. R. Civ. P. 26(f);

2.    At minimum the moving party must show that its expedited discovery request is reasonable in light of all the circumstances  (*BAE Systems Aircraft Controls, Inc.* v. *Eclipse Aviation Corp.*, 224 F.R.D. 581, 587-88 (D. Del. 2004);

3.    While courts have authorized expedited discovery to gather evidence for an upcoming preliminary injunction hearing, they have done so only after examining the *actual* circumstances. *Id.*;

4.    Only where the movant has filed its motion for preliminary injunction, thereby defining the issues, and provided discovery requests for review by the court, thereby demonstrating that the requests are narrowly tailored to fit the issues raised in the motion, have courts granted expedited discovery.  When upon review the requests are overly broad, leave is denied. *Id.*;

5.    Here, Dyson has neither filed its motion for preliminary injunction, so as to define the issues for review by the Court, nor has it presented the Court with the proposed requests for review, so as to enable the Court to decide if the requests are indeed narrowly tailored to fit the issues; and

6.    Dyson's argument ignores the fact that it has alleged infringement of four patents, the text and prosecution histories of which must be reviewed by counsel, and such review may

3

require expert assistance. Moreover, those patents contain 93 claims that will require the arduous task of construction or interpretation. *Markman v. Westview Instruments*, 52 F.3d. 967, 976 (Fed. Cir. 1996). Dyson's argument also ignores the fact that this action was brought without any forewarning to Maytag. Maytag will be prejudiced if unable to adequately prepare its defenses due to the abbreviation of response times advanced by Dyson and supported merely by conclusory arguments rather than a showing of actual circumstances warranting expedited discovery.

## ARGUMENT

### I.     Standard for Grant of Expedited Discovery

Fed. R. Civ. P. 26(d) provides that a party to a civil action may not seek discovery before the parties have conferred as required by Rule 26(f), except in certain limited categories of cases exempted from the initial disclosure rules or when authorized by court order. Usual discovery procedure being set by Rule 26(d), the party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of presenting evidence (i.e., actual circumstances) warranting departure therefrom.

In *BAE Systems Aircraft Controls Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587-88 (D. Del. 2004), the court recognized that two standards have been applied by district courts in determining whether to grant a request for expedited discovery. The court did not select between the standards, however, deciding that the request failed under both. *Id.*

The first standard recognized by the court in *BAE Systems*, is that set out by the court in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). The *Notaro* standard requires courts to apply four factors to determine the propriety of expedited discovery, namely: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited

discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

The second standard recognized by the court in *BAE Systems* requires that the moving party show that the expedited discovery request is reasonable in light of all the circumstances. *BAE Systems*, 224 F.R.D. at 587-88. Application of the second standard depends on the actual circumstances of each case, as well as consideration of certain factors such as a pending preliminary injunction hearing, the need for discovery, and the breadth of the moving party's discovery requests. *Id.*; *see also In re Fannie Mae Derivative Litigation*, 2005 WL 433271 (D.D.C. Feb. 23, 2005) (wherein the relevant factors to be considered include: the reason for seeking expedited discovery; whether a preliminary injunction motion has been made; the breath of the discovery request; the burden on the opposing party of complying; and how far in advance of the usual discovery process the request is made) (attached hereto as Exhibit A). Under the "reasonableness" standard, if the discovery requests are overly broad (i.e., not narrowly tailored to fit the issues raised in the preliminary injunction), leave for expedited discovery should be denied. *BAE Systems*, 224 F.R.D. at 587-88.

Although the court in *BAE Systems* case did not select which standard was to be applied, it is clear that under either standard, the movant has an affirmative obligation to demonstrate that its requests are narrowly tailored to the issues raised in a pending preliminary injunction motion. *See Quest Communications Int'l v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003) ("In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery."); *Energetics Systems Corp. v. Adv. Cerametrics, Inc.*, 1996 WL 130991 (E.D. Pa. Mar. 15, 1996) at *2 (expedited discovery should be limited to discovery

that relates to the narrow focus of the preliminary injunction hearing) (attached hereto as Exhibit B).

Here, it is clear that Dyson has not met its burden under either standard.

## II.    Dyson's Motion

### A.    Dyson Has Yet to Petition for A Preliminary Injunction And Demonstrate That Its Proposed Expedited Discovery is Narrowly Tailored to Those Issues

Dyson has not yet petitioned for a preliminary injunction, therefore, it has not defined the issues.    Moreover, Dyson's argument that it will narrowly tailor its discovery requests accordingly is far from a showing that they are, indeed, so tailored.

In *Notaro*, where no motion was pending nor the areas in which discovery was necessary described in detail, the district court denied the party's motion for expedited discovery.    The district court in *Entertainment Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440 (E.D. Pa. Oct. 2, 2003) (attached hereto as Exhibit C) reached a similar result applying the "good cause" or "reasonableness under all the circumstances" standard.

Here, the Complaint advances infringement of four patents having no less than 93 patent claims.    As presently advised, each claim is asserted as infringed, and Maytag will necessarily be required to address each as to claim interpretation, validity, and infringement.    The schedule requested by Plaintiffs would be aggressive for a *single* claim of a single patent—and would simply be impossible for the scope suggested by the Complaint.    Absent a definitive motion for preliminary injunction by Plaintiffs, specifying the patent claim(s) advanced for that purpose, the contentions for claim construction, and a claim chart demonstrating the application of the patent claim(s) to the accused product, Maytag can make no reasonable assessment as to the discovery required.

**B.     Dyson Has Yet to Show Irreparable Harm If Its Motion for Expedited Discovery Is Not Granted**

Dyson's argument ignores the fact that Maytag is already marketing its Hoover "Fusion" product (as is apparent from the www.hoover.com website, advertising the Hoover "Fusion" vacuum as available nationally at Wal-Mart stores), arguing that it believes that Maytag plans to release the Hoover "Fusion" vacuum cleaner "more broadly into the United States market." The purpose of preliminary injunctive relief is to address future infringement so as to maintain the status quo. *Qwest Communications Int'l, Inc.*, 213 F.R.D. at 421.

Even assuming Dyson can succeed on the merits, the harm resulting from any infringement proven could readily be calculated and compensated by damages (i.e., actual damages or a reasonable royalty). The essence of the concept of irreparable injury is a substantial threat of harm to the movant that cannot be compensated by money. *Qwest Communications Int'l, Inc.*, 213 F.R.D. at 421. A movant must come forward with evidence of injury that cannot be compensated by money that may occur ☐*endent elite* if the preliminary injunction is not granted. *Id.*

Dyson argues that two of its four allegedly infringed patents are expiring in 2006, and that it will lose all of its right to exclude under these issued patents if a preliminary injunction is not entered. But, the Federal Circuit has rejected the argument that the need for injunctive relief necessarily is more imperative as the end of a patent term approaches. *Woodward v. Sage Prods. Inc.*, 818 F.2d 841, 853-54 (Fed. Cir. 1987).

Dyson further argues that Maytag may capture a share of the market that Dyson could never recover. But, this type of factual argument on harm of Dyson is not one that the Court can or should resolve without persuasive evidence. *Woodward*, 818 F.2d at 854; *Enercon Indus. Corp. v. Pillar Corp.*, 105 F.3d 1437, 1440 (Fed. Cir. 1997).

7

C.     **The Overall Circumstances Dictate That Dyson's Motion Should Be Denied**

Dyson's argument ignores the additional factors in this case that militate against the grant of its motion for expedited discovery and hearing.  Dyson is claiming infringement of not less than four patents.  As Dyson has not specified the claims that it believes are infringed by Maytag's Hoover "Fusion" product, all 93 claims will require review and construction.  All prosecution histories will require review.  Prior art searches impacting scope and validity may be required and, given the nature of the art, expert assistance may be necessary.  Moreover, this action was brought without any forewarning to Maytag, causing Maytag's preparation to commence only upon receipt of Plaintiff's Motion for an Early Preliminary Injunction Hearing Date and Expedited Discovery.  It is reasonable to assume that Plaintiffs' preparation commenced well before the filing of the Complaint herein.  Maytag will be prejudiced if unable to adequately prepare its defense due to the abbreviation of response times based upon mere conclusory arguments put forth by Dyson, as opposed to a showing of actual circumstances warranting expedited discovery.

## CONCLUSION

Dyson has failed to make a showing of entitlement to expedited discovery under either the *Notaro* standard, having failed to set forth more than conclusory assertions as to irreparable harm, and under the "reasonableness under all the circumstances" standard.  Dyson's motion for expedited discovery must be denied.  Similarly, the aggressive preliminary injunction schedule proposed by Dyson is inappropriate and unworkable, and could place Maytag at an unfair disadvantage because of Dyson's surprise lawsuit encompassing 93 claims, none of which has yet been explained by Dyson.

Respectfully submitted,

Dated: July 27, 2005

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 North Orange Street
Wilmington, Delaware  19899
Phone : (302) 658-9141
Facsimile: (302) 658-5614
fdigiovanni@cblh.com

Ray L. Weber
Laura J. Gentilcore
RENNER, KENNER, GREIVE, BOBAK,
    TAYLOR & WEBER
400 First National Tower
Akron, OH  44308
Phone: (330) 376-1242
Facsimile: (330) 376-9646
rlweber@rennerkenner.com

*Attorneys for Defendant Maytag Corporation*

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on July 27, 2005, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF which will send notification of

such filing to the following, upon whom I also served a copy of the foregoing by hand:

> John W. Shaw
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801

I further certify that on the same date I have mailed by United States Postal Service to the

following non-registered participants:

> David B. Tulchin
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, New York  10004

> /s/ Francis DiGiovanni
> Francis DiGiovanni (#3189)
> CONNOLLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 North Orange Street
> Wilmington, Delaware 19801
> Telephone: (302) 658-9141
> Facsimile: (302) 658-5614
> fdigiovanni@cblh.com

> *Attorneys for Defendant*

408594_1

1