IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br><br>            Plaintiffs,<br><br>   v.<br><br>MAYTAG CORPORATION,<br><br>            Defendant. | ) ) ) ) )   Civil Action No. 05-434-GMS ) ) ) ) ) ) |

## SCHEDULING ORDER

This ____ day of December 2005, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on December 5, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** The parties made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on December 12, 2005.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before February 10, 2006.

3. **Reliance Upon Advice of Counsel.** Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than February 27, 2006. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiffs no later than March 3, 2006.

4.      ***Markman* Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on July 11, 2006, at 10:00 a.m. The *Markman* hearing is scheduled for a total of three hours with each side having 1.5 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before May 12, 2005, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The parties shall exchange opening claim construction briefs on May 19, 2006, and answering briefs on June 9, 2006.

5.      **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before September 1, 2006. Expert discovery in this case shall be initiated so as to be completed on or before November 10, 2006.

   a.   **Depositions.** Each side may take up to 15 depositions, not including depositions of persons designated as experts.

   b.   **Discovery and Scheduling Matters.** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the parties shall file with the Court, via electronic means (CM/ECF), a joint, non-argumentative letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**.

2

The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

   c. **Expert Reports.** Opening expert reports on issues for which a party bears the burden of proof shall be served on or before September 8, 2006. Responsive expert reports shall be served on opposing counsel on or before October 6, 2006. The last day for depositions of all experts shall be November 10, 2006.

  6. **Confidential Information and Papers filed under Seal.** Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before December 19, 2005. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

  **If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(b) of this Scheduling Order.**

  7. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and the clients.

  8. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than

September 12, 2006. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than September 19, 2006. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before September 26, 2006. The Court shall hold a Status Conference to hear argument by teleconference to determine whether the filing of any motion will be permitted on October 5, 2006 at 10:00 a.m.; plaintiffs shall initiate the teleconference. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the date set forth in this paragraph 8.**

9. **Case Dispositive Motions.** Should the Court grant permission to file a summary judgment motion, that motion and the opening brief and affidavits in support thereof shall be served and filed within two (2) weeks of the Court's ruling on the summary judgment letter briefs as set forth in paragraph 8 of this Order. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval.

10. **Extensions of Time.** Any requests for extensions of time as set forth in this Scheduling Order must be accompanied by an explanation or the request will be denied.

11. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

13. **Pretrial Conference.** On May 1, 2007, beginning at 10:00 a.m., the Court will hold a Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Proposed Pretrial Order (a sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov) satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiffs shall forward to defendant a draft of the pretrial order containing the information plaintiffs propose to include in the draft, proposed jury instructions, proposed voir dire, and a proposed verdict form. Thirty (30) days before the Joint Proposed Pretrial Order is due, both parties shall exchange exhibit lists, witness lists, deposition designations, and, for the issues on which a party bears the burden of proof, issues of fact and law to be litigated. Fifteen (15) days before the Joint Proposed Pretrial Order is due, defendant shall, in turn, provide to plaintiffs any comments on plaintiffs' draft pretrial order, proposed jury instructions, proposed voir dire, and verdict form, as well as the information defendant proposes to include in the proposed pretrial order. Fifteen (15) days before the Joint Proposed Pretrial Order is due, both parties shall exchange objections to exhibit lists, objections to deposition designations, and deposition counter-designations. The parties shall file with the Court the Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order by or before the close of business on April 2, 2007.

14. **Motions in Limine.** No party shall file more than ten (10) motions in limine. Opening briefs on motions in limine shall be served and filed on or before March 22, 2007. Answering briefs shall be served and filed on or before March 29, 2007. Reply briefs shall be served and filed on or before April 2, 2007. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.

15. **Trial.** This matter is scheduled for a 10 day jury trial beginning at 9:00 a.m. on May 28, 2007. The Court shall make a final determination regarding trial format, including whether to bifurcate trial issues, at the Pretrial Conference as set forth in the transcript of the Rule 16 Scheduling Conference conducted on December 5, 2005.

16. **Scheduling.** The parties shall contact Chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel are on the line for purposes of selecting a new date.

_____
United States District Judge