IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., )<br>)<br>) | |
| Plaintiffs, )<br>) | |
| v. ) | Civil Action No. 05-434 (GMS) |
| )<br>) | |
| MAYTAG CORPORATION, )<br>) | |
| Defendant. ) | |

## ORDER

**I.   INTRODUCTION**

On June 27, 2005, Dyson Technology Limited and Dyson, Inc. (collectively, "Dyson") filed suit alleging that the defendant, Maytag Corporation ("Maytag"), infringes United States Patent Nos. 4,643,748 (the "'748 patent"), 4,826,515 (the "'515 patent"), 4,853,008 (the "'008 patent"), and 5,848,038 (the "'038 patent") (collectively, the "patents-in-suit"). The patents-in-suit are directed to improvements in cyclonic vacuum cleaner technology. Dyson specifically alleges that Maytag's "Hoover Fusion" cyclonic vacuum cleaner infringes at least one claim of each of the patents-in-suit. Presently before the court is Dyson's motion for a preliminary injunction to prevent Maytag from engaging in any further infringing activity during the pendency of the case. For the following reasons, the court will deny Dyson's motion.

**II.   DISCUSSION**

A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568. A movant is entitled to a preliminary injunction where it can demonstrate that: (1) it has a reasonable likelihood of success

on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) the balance of hardships is in its favor; and (4) the injunction is in the public interest. *See Reebok Intern. Ltd. v. J. Baker, Inc.,* 32 F.3d 1552, 1555 (Fed. Cir. 1994). No one of these four factors alone is dispositive, and the court should "weigh and measure each factor against the other factors and against the form and magnitude of the relief requested." *Hybritech, Inc. v. Abbott Labs.,* 849 F.2d 1446, 1451 (Fed. Cir. 1988). Nevertheless, the court cannot issue a preliminary injunction unless the movant establishes both of the first two factors. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.,* 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citations omitted).

Success on the merits is established where the movant demonstrates that the patent is infringed and any challenges to the validity and enforceability of the patent "lack substantial merit." *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH,* 237 F.3d 1359, 1366 (Fed. Cir. 2001); *see Reebok,* 32 F.3d at 1555. "Irreparable harm is presumed when a clear showing of patent validity and infringement has been made." *Amazon.com,* 239 F.3d at 1350 (citing *Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.,* 132 F.3d 701, 708 (Fed. Cir. 1997)). If the presumption of irreparable harm does not attach, the court must "consider, weigh, and balance all of the equitable circumstances," and determine whether monetary damages can sufficiently compensate the patent holder for infringement occurring during the course of the litigation. *Ill. Tool Works, Inc. v. Grip-Pak, Inc.,* 906 F.2d 679, 683 (Fed. Cir. 1990).

Dyson alleges that Maytag's Fusion product infringes claim 14 of the '515 patent, claims 15-17 of the '748 patent, claims 1-3, 7, 11, and 23-25 of the '008 patent, and claims 1-3, 7, 13, and 14 of the '038 patent. Conversely, Maytag argues that Dyson cannot present a strong or clear case for infringement because certain limitations of each of the asserted claims are absent from its Fusion

vacuum cleaner. Both Dyson and Maytag have submitted expert affidavits on infringement, which are, not surprisingly, diametrically opposed. After having considered the expert declarations submitted by the parties, the parties' briefs, and the applicable law, the court is not persuaded that, Dyson has made a strong or clear showing of infringement, *i.e.* likelihood of success on the merits.[1,2] This is especially true in light of the fact that the litigation is in its early stages and the court is without the benefit of full blown *Markman* briefing. Dyson, therefore, is not entitled to the presumption of irreparable harm.[3]

Having determined that Dyson is not entitled to the presumption of irreparable harm, the court will examine other factors that might lead to a finding of irreparable harm. Dyson asserts three primary arguments in support of its position on irreparable harm. First, Dyson argues that if an injunction is not issued, Maytag will impede its growth in the United States "mass market" by misleading consumers into believing that the Fusion delivers Dyson technology at a lower price. Dyson also argues that Maytag's activities infringe upon its right to exclude. Lastly, Dyson contends that the limited amount of time remaining on two of the four patents-in-suit strongly supports the

---

[1] The court's conclusion with respect to infringement is limited to this motion.

[2] Because the court has determined that Dyson has not made a strong or clear showing of infringement and, therefore, has not demonstrated a reasonable likelihood of success on the merits, it need not address the parties' arguments with respect to validity of the '038 patent. The court will also not address the parties' contentions because Dyson has withdrawn its allegations of infringement with respect to those claims of the '038 patent of which Maytag has challenged the validity.

[3] The court's finding regarding this presumption is limited to the preliminary injunction context and is further limited to the facts known at this time. The court expresses no opinion as to whether such a presumption might be warranted at a later stage in this litigation.

issuance of a preliminary injunction.[4] The court is not persuaded by these arguments.

First, Dyson concedes that in less than three years it has gained 29% of the vacuum cleaner market in terms of sales in the United States, and about 10% in the market in terms of number of sales units. In fact, according to Dyson, "[r]ecently published statistics show that, in the short time its products have been available in our country [*i.e.* the United States], Dyson has become the number one seller of upright vacuum cleaners as measured by value." (D.I. 13, at 12.) This success demonstrates that Dyson, even though it would have the court believe otherwise, is firmly entrenched in the United States vacuum cleaner market. Moreover, Dyson has attained this "extraordinary success" without the use of "mass market" stores, such as Wal-Mart, K-Mart, Sears, Target, Lowes, and Best Buy. (Id. at 35.) Dyson contends that Maytag's Fusion product is an attempt to impede its growth, and having to wait until a full trial on the merits will be too late, as Dyson may lose momentum and fail to penetrate the mass market. Dyson's argument, therefore, is premised on its *potential* loss of market share. However, the court finds that loss of market share, or the potential to lose market share, is insufficient to support a finding of irreparable harm. *See Nutrition 21 v. United States*, 930 F.2d 867, 871 (Fed. Cir. 1991) (noting that loss of market share (or speculation that it might occur) is insufficient to state irreparable harm for preliminary injunction).

More important, the court finds that Dyson's claims that Maytag's activities infringe upon its right to exclude is not entitled to great weight in the face of its licensing activities. The right secured by the patent is the right to exclude. Engaging in licensing activity is incompatible with the right to exclude. *See T.J. Smith & Nephew v. Consolidated Med. Equip.*, 821 F.2d 646, 648 (Fed.

---

[4] The '784 patent term expired on February 26, 2006, and the '515 patent term will expire on May 2, 2006.

Cir. 1987) (noting that licensing is incompatible with right to exclude). Furthermore, the act of licensing suggests that any injury suffered by the patentee is compensable in money damages, obviating the claim for injunctive relief. *See High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (noting that where patentee licenses product, the evidence suggests that any injury suffered by [patentee] [will] be compensable in damages . . ."). Here, Dyson acknowledges that it has licensed three of the patents-in-suit. (D.I. 13, at 24.) Accordingly, any injury suffered by Dyson as a result of Maytag's activities would be compensable in damages assessed at the conclusion of this litigation. *See High Tech. Med. Instrumentation v. New Image Indus.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (citation omitted).

Finally, the court concludes that Dyson's argument regarding the limited amount of time remaining on two of the four patents-in-suit is entitled to little, if any, weight, as it seems inconsistent with the notion of irreparable harm. Once Dyson's patents expire, any person or entity will be able to practice the inventions without the fear of being sued for infringement, and in the absence of a license. In other words, after the two patents expire, Dyson will suffer no harm as a result of Maytag's activities. Thus, a finding of irreparable harm based on the fact that a patent term is about to expire is counterintuitive. Indeed, Dyson cites no authority for its position. The court, therefore, rejects Dyson's argument on this point. For all of the aforementioned reasons, the court concludes that Dyson has not demonstrated that it will suffer irreparable harm if the injunction is denied.

### III.   CONCLUSION

The court finds that Dyson has not made a clear showing of infringement with respect to the patents-in-suit. Moreover, Dyson has failed to demonstrate that irreparable harm will result in the absence of the injunction. Thus, the first two requirements for a preliminary injunction have not been met. As such, the court cannot issue the preliminary injunction, and will deny the plaintiff's motion.

Therefore, IT IS HEREBY ORDERED that:

1. Dyson's Motion for Preliminary Injunction (D.I. 12) is DENIED.

Dated: March 21, 2006

UNITED STATES DISTRICT JUDGE

