IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-434-GMS |
| | ) | |
| MAYTAG CORPORATION, | ) | Honorable Gregory M. Sleet |
| | ) | |
| Defendant. | ) | |

## DEFENDANT MAYTAG CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS

### INTRODUCTION

Defendant Maytag Corporation ("Maytag") respectfully requests that this Court grant its Unopposed Motion for Leave to Amend its Counterclaims. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be freely granted. Moreover, Maytag has acted promptly is seeking to amend its counterclaims, and granting its motion will not result in prejudice to Plaintiffs Dyson Technology Limited and Dyson, Inc. (collectively "Dyson") as discovery is in the early stages and the amendment would not alter discovery deadlines in this case. Further, permitting Maytag to amend its counterclaims is in the best interest of this Court as it will permit all similar factual claims arising from the same parties to be resolved in one action. For these reasons, as further explained herein, this Court should grant Maytag leave to amend its counterclaims.

### BACKGROUND

On August 1, 2005 Maytag filed counterclaims in this case against Dyson. Both Maytag and Dyson manufacture vacuum cleaners and are direct competitors in the U.S. market

for upright vacuum cleaners. Specifically, Maytag's counterclaims set forth allegations that Dyson has engaged in false and misleading advertising practices. In its counterclaims, Maytag seeks relief under the Lanham Act, Delaware's Deceptive Trade Practices Statute, and Delaware's common law for unfair competition.

Maytag now seeks to amend its counterclaims in light of a new commercial recently released by Dyson. This commercial appears on Dyson's website and is being broadcast on national television. Maytag alleges that Dyson's new commercial falsely communicates to customers that other vacuum cleaners, including Maytag's Hoover WindTunnel upright vacuum cleaner, do not work and will leave dirt and dust in carpet that a Dyson vacuum cleaner will pick up. The claims made in Dyson's new commercial are similar to claims made in the Dyson advertising that is the subject of Maytag's current counterclaims. As such, Maytag would like to amend its counterclaims to add factual allegations regarding Dyson's most recent commercial. Dyson does not object to Maytag amending its counterclaims.

## ARGUMENT

It is well established that leave to amend under Rule 15(a) is "freely given." *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3rd Cir. 1984); *Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.*, 2002 WL 1558531 at * 1 (D. Del. 2002) (J. Sleet) (Ex. 1 hereto). Leave may only be denied if the court finds undue delay, undue prejudice to the opposing party, or futility. *See Trueposition, Inc. & KSI Inc.*, 2002 WL 1558531 at *1 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). There is no undue delay, prejudice or futility in this case.

Maytag filed this motion upon learning of Dyson's new commercial. Maytag did not know of Dyson's new commercial when it filed its counterclaims on August 1, 2005 and

believes Dyson's new commercial only began being aired recently. Thus, there has not been an undue delay on the part of Maytag in seeking to amend its counterclaims. Additionally, because Maytag seeks to amend its counterclaims in this very early stage of discovery (fact discovery cut-off is September 1, 2006), there can be little dispute that Dyson is not prejudiced by this amendment. *Id.* at *2 (Court held no prejudice to the opposing party as discovery was in its earliest stages). Further, the amendment will not alter the discovery deadlines in this case. Lastly, leave to amend may be denied due to futility only where it is clear that a claim has no possibility of succeeding on the merits. *See Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002). Maytag's amended counterclaims set forth a colorable claim upon which relief may be granted and therefore cannot be deemed futile. Thus, there is no basis on which leave to amend can be denied.

Finally, permitting Maytag to amend its counterclaims makes sense as it will permit Maytag's new claims against Dyson, which are very similar to the claims already at issue in this case, to be resolved in the same proceeding. As such, granting Maytag's motion for leave to amend is in the best interest of this Court as it serves judicial economy by permitting the parties to dispose of all claims in one proceeding. *See Trueposition, Inc. & KSI Inc.*, 2002 WL 1558531 at *2 (Court held motion to amend should be granted as the same facts were at issue with the same parties and therefore would serve judicial economy).

## CONCLUSION

For the reasons set forth above, Maytag respectfully requests that this Court grant its Motion for Leave to Amend its Counterclaims.


Dated: March 24, 2006

By:     /s/ Francis DiGiovanni
       Francis DiGiovanni (#3189)
       Stephanie O'Byrne (#4446)
       Connolly Bove Lodge & Hutz LLP
       The Nemours Building
       1007 N. Orange Street
       Wilmington, DE  19899
       Phone (302) 658-9141
       Facsimile (302) 658-5614

       Attorneys for Defendant Maytag Corporation

OF COUNSEL:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
Phone  (312) 558-5600
Facsimile (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive,
   Bobak, Taylor & Weber
400 First National Tower
Akron, OH  44308
Phone (330) 376-1242
Facsimile (330) 376-9646

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on March 24, 2006 I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> C. Barr Flinn
> John W. Shaw
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801

I further certify that on this same date I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record, and by Federal Express on the following counsel of record:

> Richard C. Pepperman, II
> James T. Williams
> Keith McKenna
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, New York 10004
>
> Steven F. Reich
> Jeffrey S. Edelson
> Monica Y. Youn
> Manatt, Phelps, Phillips, LLP
> 7 Times Square
> New York, New York 10004

> /s/ Francis DiGiovanni
> Francis DiGiovanni (#3189)

454720_1