# EXHIBIT 1

Case 1:05-cv-00434-GMS   Document 68-2   Filed 03/24/2006   Page 1 of 4

Westlaw.

Not Reported in F.Supp.2d    Page 1
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
TRUEPOSITION, INC. & KSI, INC., Plaintiffs/
Counterclaim Defendants,
v.
ALLEN TELECOM, INC. Defendant/
Counterclaim Plaintiff.
**No. CIV.A.01-823 GMS.**

July 16, 2002.

Motion was filed to amend patent infringement complaint to add claims of infringement regarding four additional patents relating to the same subject matter. The District Court, Sleet, J., held that amendment was not precluded on grounds of bad faith or prejudice to defendant.

Motion granted.

West Headnotes

**[1] Patents 291 ⌐310.11**

291 Patents
   291XII Infringement
      291XII(C) Suits in Equity
         291k309 Pleading
            291k310.11 k. Amended and Supplemental Pleadings. Most Cited Cases
Motion to amend patent infringement complaint to add claims of infringement regarding four additional patents relating to the same subject matter was not in bad faith, where it was in compliance with the deadline imposed by the scheduling order, despite contentions that plaintiff filed its initial complaint with the knowledge that the asserted patents were invalid and that it sought discovery of accused products in connection with patents that were not mentioned in the complaint. Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⌐834**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(E) Amendments
         170Ak834 k. Injustice or Prejudice. Most Cited Cases
The scope of the court's inquiry as to bad faith on motion to amend is limited to whether the motion to amend itself is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith, and inquiry focuses on the plaintiff's motives for not amending the complaint earlier. Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

**[3] Patents 291 ⌐310.11**

291 Patents
   291XII Infringement
      291XII(C) Suits in Equity
         291k309 Pleading
            291k310.11 k. Amended and Supplemental Pleadings. Most Cited Cases
Amendment of patent infringement complaint to add claims of infringement regarding four additional patents was not precluded on ground of prejudice to defendant, despite contention that amendment would increase the complexity of the action and unnecessarily delay its conclusion to the prejudice of defendant's business relationships, where discovery was in its earliest stages, the patents which plaintiff sought to add were substantially similar to the patents contained in the original complaint, and it would be economically beneficial to the parties to resolve all the issues in a single proceeding, as well as being in the interest of judicial economy. Fed.Rules Civ.Proc. Rule 15(a), 28 U.S.C.A.

MEMORANDUM AND ORDER
SLEET, District J.

I. INTRODUCTION

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                       Page 2
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*1 On December 11, 2001, the plaintiffs, Trueposition, Inc. and KSI, Inc. (collectively "Trueposition") filed a complaint against the defendant, Allen Telecom, Inc. ("Allen"). In the complaint, Trueposition alleges that Allen has infringed three of its patents, namely U.S. Patent No. 4,728,959 ("the '959 patent"), U.S. Patent No. 6,108,555 ("the '555 patent"), and U.S. Patent No. 6,119,013 ("the '013 patent"). Each of these patents discloses a technology for locating cellular phones.

The court held a scheduling conference on March 7, 2002. During the scheduling conference, Trueposition asked the court to set a July 15, 2002 deadline for filing motions to amend. Trueposition stated that they needed until that time in order to complete "adequate discovery to determine whether we've asserted all the patents that we should." (D.I. 20, March 7, 2002 Scheduling Conference Transcript at 3:17-4:20.) In its April 3, 2002 scheduling order, the court set a May 31, 2002 deadline for motions to amend pleadings. The case is still in early stages of discovery, with fact discovery related to liability scheduled to close on November 1, 2002. The other stages of discovery have not yet commenced.

Presently before the court is Trueposition's motion to amend the complaint, which was filed on May 31, 2002 in accordance with the deadline set by the court. Trueposition seeks to add claims of infringement regarding four additional Trueposition patents. The four newly asserted patents also disclose technology for locating cellular phones. Allen contends that the motion should be denied because Trueposition has acted in bad faith and Allen will be prejudiced by the amendment. The court finds that Trueposition has not acted in bad faith and Allen will not be prejudiced by the proposed amendment. Therefore, the court will grant Trueposition's motion to amend the complaint.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint "by leave of court ... and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although the trial court has discretion to grant or deny leave to amend, leave should be freely granted in accordance with Rule 15(a) unless there is an apparent or declared reason for denial. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). Sufficient reasons include undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *Foman,* 371 U.S. at 182.

III. DISCUSSION

Allen argues that leave to amend the complaint should be denied because Trueposition is acting in bad faith, and that granting leave to amend would be highly prejudicial to Allen. [FN1] The court will now address each of these assertions in turn.

> FN1. Allen has not made any argument suggesting that either undue delay or futility would support denial of the motion. Furthermore, the record reveals no basis for such contentions. Therefore, the court will not consider these factors.

A. Bad Faith

[1] [2] Allen argues that Trueposition has acted in bad faith for two reasons. First, Allen claims that Trueposition filed its initial complaint with the knowledge that the asserted patents were invalid. Second, Allen alleges that Trueposition sought discovery of accused products in connection with patents that were not mentioned in the complaint. Regardless of whether these allegations are true, they are not relevant to the court's determination of whether leave to amend should be granted.

*2 Allen has misconstrued the meaning of "bad faith," as it was contextualized in *Foman.* When considering a motion for leave to amend, the court should grant leave unless "the *motion* is being made in bad faith." *U.S. ex rel. B & R, Inc. v. Donald Lake Const.,* 19 F.Supp.2d 217, 220 (D.Del.1998) (emphasis added). The scope of the court's inquiry

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 3

Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

is therefore limited to whether the motion to amend *itself* is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith. *See J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 614 (3d Cir.1987) ("[T]he question ... of bad faith, requires that we focus on the plaintiff's motives for not amending their complaint earlier"). *See also Foman,* 371 U.S. at 182. (coupling "bad faith" together with "dilatory motive").

Allen has presented no evidence which would support the claim that Trueposition's motion to amend was made in bad faith or with dilatory motive. To the contrary, the record indicates that Trueposition filed its motion to amend in compliance with the May 31 deadline imposed by the court. Therefore, the court will not deny the motion to amend on the basis of bad faith.

B. Prejudice

[3] Allen argues that the addition of four patents to this action will increase the complexity of this action and unnecessarily delay its conclusion to the prejudice of Allen's business relationships. These vague and mild assertions of prejudice do not amount to the level of prejudice necessary under current law. To show undue prejudice, Allen must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989).

Since discovery is in its earliest stages, amendment of the complaint will not deprive Allen of the opportunity to present facts or evidence or otherwise prepare and present its case. In fact, since the patents which Trueposition seeks to add are substantially similar to the patents contained in the original complaint, it would be economically beneficial to the parties to resolve all the issues in a single proceeding. Allen has thus failed to demonstrate that it will be unduly prejudiced by Trueposition's proposed amendments.

Moreover, granting leave to amend will benefit the court. Where the additional patents are closely related to the already asserted patents and the patents involve similar technology, it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding. *See Jenn-Air Products Co. v.. Penn Ventilator, Inc.,* 283 F.Supp. 591, 594 (E.D.Pa.1968). Since the accused products are the same, the technology is the same, and the parties remain the same, the facts and the issues will substantially overlap. Granting the motion to amend will therefore enable the court to address all of these related issues simultaneously. Conversely, if the motion to amend were denied, Trueposition could institute a second action against Allen for infringement of the additional patents. The court, therefore, finds that judicial economy weighs in favor of granting the motion to amend.

IV. CONCLUSION

*3 The court concludes that Trueposition has not acted in bad faith in bringing this motion. The court further finds that since discovery is still in its earliest stages and the newly asserted patents relate to the same accused products and technology as the originally asserted patents, Allen will not be unduly prejudiced if Trueposition's motion to amend is granted.

For the foregoing reasons, IT IS HEREBY ORDERED that:
1. Trueposition's motion seeking leave to file an amended complaint (D.I.37) is GRANTED.

D.Del.,2002.
Trueposition, Inc. v. Allen Telecom, Inc.
Not Reported in F.Supp.2d, 2002 WL 1558531 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.