IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED<br>and DYSON, INC.,<br>                 Plaintiffs,<br>v.<br><br>MAYTAG CORPORATION,<br>                 Defendant. | )<br>)<br>)<br>)   Civil Action No. 05-434-GMS<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RULE 30(B)(6)**
**NOTICE OF DEPOSITION TO DEFENDANT**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Dyson Technology Limited and Dyson, Inc. will take the deposition upon oral examination of Defendant Maytag Corporation through one or more of its officers, directors, managing agents, employees or other persons designated to testify on its behalf, with respect to each of the following subject matters set forth in "Attachment A" hereto.

The deposition will take place under oath and before a duly authorized notary public, or other person authorized by law to administer oaths. The deposition will be recorded by videographic and/or stenographic means. The deposition will take place at the offices of Manatt, Phelps & Phillips LLP, 7 Times Square, New York, New York, 10036, on August 24, at 10:00 a.m., or at such other date and time as the parties may mutually agree, and shall continue from day to day thereafter until concluded.

1

You are requested to produce the witnesses at the agreed time and indicated place and are invited to attend.

| | |
|---|---|
| Dated: July 17, 2006 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

By: _____

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

OF COUNSEL:

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Melissa D. Goetz
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

## ATTACHMENT A

## DEFINITIONS

1. "ASTM" means ASTM International.

2. "Dyson" refers to the plaintiffs in this action.

3. "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

4. "IEC" means the International Electrotechnical Commission.

5. "Maytag" refers to The Maytag Corporation and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

6. "Whirlpool" refers to The Whirlpool Corporation, and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## DEPOSITION TOPICS

1. The nature of home conditions for floor surfaces in the U.S., including the types of dust, dirt and other materials that may be present, and the basis for such understanding.

2. Any testing that substantiates or tends to substantiate or refutes or tends to refute any of the Dyson advertising claims that Hoover has challenged in this action.

3. The ASTM's standards or protocols for testing upright vacuum cleaners, including whether the ASTM's standards or protocols for testing upright vacuum cleaners accurately represent real-life conditions found in American homes.

4. The IEC's standards or protocols for testing upright vacuums, including whether the IEC's standards or protocols for testing upright vacuums accurately represent real-life conditions found in American homes.

5. Hoover's current and historical involvement with the ASTM committees, subcommittees, working and/or technical groups responsible for upright vacuum cleaners, including but not limited to Hoover's role in the development or amendment of the ASTM's standards or protocols for upright vacuum cleaners, and any financial contributions or payments Hoover has made to the ASTM.

6. Hoover's strategy for responding to the introduction of Dyson upright vacuum cleaners into the United States.

7. The marketing strategy behind and the factual basis for Hoover's decision to claim "no loss of suction" in advertising for its Fusion and Legacy vacuum clearners, and any testing that either substantiates or tends to substantiate or refutes or tends to refute such advertising claim.

8. The marketing strategy behind and the factual basis for Hoover's assertions in its January 11, 2006 press release that:

(a) "[c]onsumers' cleaning needs have changed due to the growing trend of multiple floor surfaces within the home[;]"

(b) "[t]oday's home requires a single vacuum that can adjust to different carpet levels and transition from hard to delicate surfaces, both on and above the floor[;]" and

(c) vacuum cleaner users have voiced "major concerns" about "the need for efficient cleaning across multiple surfaces and heights and the maintenance associated with cleaning and replacing the main filter."

9. Consumer research conducted by or on behalf of Hoover concerning (a) U.S. consumers' behavior and purchasing decisions regarding vacuum cleaners; (b) the uses to which U.S. consumers put upright vacuum cleaners in the home; (c) in-home trial tests of Hoover upright vacuum cleaners in the U.S.

10. Hoover's share of the U.S. upright vacuum cleaner market, both in terms of dollar value and units sold, since 2000 and Hoover's understanding of the factors that explain that market share.

80368101.1

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on July 17, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on July 17, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY FEDERAL EXPRESS**

> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>    TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Dyson Technology Limited
and Dyson, Inc.*