IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 05-434-GMS |
| | ) ) | |
| MAYTAG CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that plaintiffs Dyson Technology Limited and Dyson, Inc. have served the attached subpoena upon The Whirlpool Corporation.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated:  July 19, 2006

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF        DELAWARE

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER:[1]   05-434-GMS

MAYTAG CORPORATION

TO:  THE WHIRLPOOL CORPORATION
c/o Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME: |
|---|---|
| Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031 | August 18, 2006 at 10:00 A.M. |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiffs | DATE   July 19, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam W. Poff, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 7/19/06 | PLACE 1209 ORANGE ST WILM DE 19801 |
|---|---|---|
| SERVED | THE WHIRLPOOL CORPORATION | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SCOTT LASCALA | BY HAND AT 9:26 AM |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| THOMAS WILLIAMS | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7/19/06
ATE

SIGNATURE OF SERVER: Thomas Williams

ADDRESS OF SERVER: 230 N Market St
WILM DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1. "Concerning" means referring, relating or pertaining in any way to the stated subject.

2. "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

3. "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

4. "Whirlpool" refers to The Whirlpool Corporation, and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## INSTRUCTIONS

1. Documents should be produced as they are kept in the files of The Whirlpool Corporation ("Whirlpool") or shall be organized and labeled to correspond with the requests

below. If documents are produced as they are kept in the files of Whirlpool, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files of Whirlpool.

2. All drafts of responsive documents, as well as non-identical copies, should be produced. Identical copies of a document that is being produced need not also be produced.

3. In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

4. If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addressees, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

## DOCUMENTS REQUESTED

1. All documents concerning Hoover's current, historical or future financial condition and/or performance, including but not limited to documents presented to Whirlpool's Board of Directors in connection with any consideration whether to retain or divest The Hoover Company.

3

2. All documents concerning Hoover's current, historical or future position or standing in the U.S. marketplace for upright vacuum cleaners and/or the challenges or obstacles faced by Hoover in the U.S. marketplace for upright vacuum cleaners, including but not limited to any such documents presented to Whirlpool's Board of Directors.

3. All minutes of meetings of Whirlpool's Board of Directors concerning whether to retain or divest The Hoover Company.

4. All documents concerning the reasons that Whirlpool decided to divest The Hoover Company.

80367906.1

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on July 19, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, Delaware 19801

I further certify that on July 19, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL AND FEDERAL EXPRESS**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH 44308

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>C. Barr Flinn (No. 4092)
>John W. Shaw (No. 3362)
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>apoff@ycst.com
>
>*Attorneys for Dyson Technology Limited*
>*and Dyson, Inc.*