IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that plaintiffs Dyson Technology Limited and Dyson, Inc. have served the attached subpoena upon ASTM International.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated:  July 24, 2006

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER:[1]  05-434-GMS
United States District Court
for the District of Delaware

MAYTAG CORPORATION

TO:
ASTM INTERNATIONAL
Attn: James Thomas, President
100 Barr Harbor Drive
West Conshohocken, PA  19428-2959

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachments A and B.

| PLACE | DATE AND TIME: |
|---|---|
| Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031 | August 21, 2006 at 10:00 A.M. |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiffs | DATE    July 20, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam W. Poff, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 7/21/06 | 100 BARR HARBOR DR. WEST CONSHOHOCKEN, PA |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| ASTM INTERNATIONAL | | ACCEPTED BY  MAURINE HOUK |
| SERVED BY (PRINT NAME) | | TITLE |
| ERIC AFFLERBACH | | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    7/21/06
                    DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(h) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS APPLICABLE TO ATTACHMENTS A and B

1. "ASTM" means ASTM International.

2. "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

3. "Dyson" refers to the plaintiffs in this action.

4. "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## ATTACHMENT A

## DEPOSITION TOPICS

1. The ASTM's protocols or standards for upright vacuum cleaners.

2. The current and historical involvement of Hoover with the ASTM committees, subcommittees, working and/or technical groups responsible for upright vacuum cleaners,

2

including but not limited to Hoover's role in the development of the ASTM's standards or protocols for upright vacuum cleaners.

3. Financial contributions or payments by Hoover to the ASTM or any of its committees, subcommittees, working and/or technical groups responsible for upright vacuum cleaners.

4. Hoover's role in the development, revision or amendment, or proposed revision or amendment, of any ASTM protocol or standard for upright vacuum cleaners.

5. Whether the ASTM's protocols or standards for upright vacuum cleaners accurately represent real-life conditions found in American homes, including but not limited to field studies used to support either ASTM's F608 or F558 test methodology, and any changes since the development of the ASTM's methodology in conditions found in American homes.

6. Changes that have occurred since the development of either the ASTM's F608 or F558 test methodology in the uses to which American consumers put upright vacuum cleaners.

7. The availability in the marketplace of the test carpeting required to be used under either ASTM F608 or F558.

3

## ATTACHMENT B

## INSTRUCTIONS APPLICABLE TO ATTACHMENT B

1. Documents should be produced as they are kept in the files of ASTM or shall be organized and labeled to correspond with the requests below. If documents are produced as they are kept in the files of ASTM, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files of ASTM.

2. All drafts of responsive documents, as well as non-identical copies, should be produced. Identical copies of a document that is being produced need not also be produced.

3. In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

4. If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addressees, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

## DOCUMENTS REQUESTED

1. All documents concerning any ASTM protocol or standard for testing upright vacuum cleaners, including but not limited to all documents concerning any revision, amendment, or proposed revision or amendment, to such protocols or standards.

2. All documents concerning the role of Hoover in the development, revision or amendment, or proposed revision or amendment, of any ASTM protocol or standard for testing upright vacuum cleaners.

3. All documents concerning Hoover's vote, proposed vote, position, view, or opinion of any ASTM protocol or standard for testing upright vacuum cleaners, including but not limited to Hoover's vote, proposed vote, position, view or opinion of any revision or amendment, or proposed revision or amendment, to such protocols or standards.

4. All documents concerning the current or historical role of Hoover in the affairs of the committees, subcommittees, working and/or technical groups of the ASTM responsible for upright vacuum cleaners.

5. Documents sufficient to show any financial contribution or payment made by Hoover to the ASTM or to any committee, subcommittee, working and/or technical groups of the ASTM responsible for upright vacuum cleaners.

6. All documents concerning whether any ASTM protocol or standard for upright vacuum cleaners accurately represents real-life conditions found in American homes, including but not limited any field studies used to support either ASTM's F608 or F558 test methodology, and all documents reflecting changes in the conditions found in American homes since the development of the ASTM's methodology.

5

7. All documents concerning the uses to which American consumers put upright vacuum cleaners, including but not limited to any changes in those uses since the development of either the ASTM's F608 or F558 test methodology.

8. All documents concerning the availability in the marketplace of the test carpeting required to be used under either the ASTM F608 or F558 test.

41018544.2

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on July 24, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on July 24, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL AND FEDERAL EXPRESS**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP



_____
C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Dyson Technology Limited
 and Dyson, Inc.*