# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    DELAWARE

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER:[1]   05-434-GMS

MAYTAG CORPORATION

TO:
TBWA\Chiat\Day/TBWA Worldwide Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, NY 10036 | August 28, 2006 at 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachments A and B.**

| PLACE | DATE AND TIME |
|---|---|
| Manatt, Phelps & Phillips, LLP, 7 Times Square, New York, NY 10036 | August 21, 2006 at 10:00 a.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) [signature], Attorney for Plaintiff | DATE July 28, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam W. Poff, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391, (302) 571-6642

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 7/28/06 | PLACE 2711 CENTERVILLE RD WILM DE 19808 |
|---|---|---|
| SERVED | | |

SERVED TBWA/CHIAT/DAY/TBWA WORLDWIDE INC

SERVED ON (PRINT NAME) MARY DRUMMOND

MANNER OF SERVICE  BY HAND AT 4:23 PM

SERVED BY (PRINT NAME) ROBERT SMITH

TITLE PROCESS SERVER

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  7/28/06
DATE

SIGNATURE OF SERVER

230 N MARKET ST
ADDRESS OF SERVER

WILM DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS FOR ATTACHMENTS A & B

1. "Concerning" means referring or relating in any way to the identified topic.

2. "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

3. "Dyson" refers to the plaintiffs in this action.

4. "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## ATTACHMENT A

## DEPOSITION TOPICS

1. Hoover's strategy or any strategy proposed to Hoover for responding to: (a) Dyson's entry into the U.S. market for upright vacuum cleaners; or (b) any advertising in the U.S. for Dyson upright vacuum cleaners.

2

2. Any advertisements or proposed advertisements in the U.S. for any Hoover upright vacuum that made or contemplated making a claim that the vacuum did not lose suction.

3. Hoover's marketing strategy behind the claim in the U.S. of "no loss of suction" for the Fusion and Legacy vacuum cleaners and the factual basis for such claim.

4. U.S. consumers' behavior and purchasing decisions regarding vacuum cleaners or the uses to which U.S. consumers put upright vacuum cleaners.

5. The marketing strategy behind Hoover's Z Bagless Upright Vacuum, including but not limited to the marketing strategy behind Hoover's claim that "[c]onsumers' cleaning needs have changed due to the growing trend of multiple floor surfaces within the home[,]" and the factual basis for such claim.

6. Hoover's and Dyson's respective shares of the U.S. market for upright vacuum cleaners, both in terms of dollar value and units sold, since 2000 and the reasons therefor.

**ATTACHMENT B**

**INSTRUCTIONS**

1. Documents should be produced as they are kept in your files or shall be organized and labeled to correspond with the requests below. If documents are produced as they are kept in your files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files.

2. All drafts of responsive documents, as well as non-identical copies, should be produced. Identical copies of a document that is being produced need not also be produced.

3. In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so

as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addressees, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

## **DOCUMENTS REQUESTED**

1. All documents concerning Dyson or any upright vacuum cleaner manufactured or sold by Dyson in the U.S.

2. All documents concerning Hoover's strategy or proposed strategy for responding to: (a) Dyson's entry into the U.S. market for upright vacuum cleaners; or (b) any advertising in the U.S. for Dyson upright vacuum cleaners.

3. Copies of all advertisements or proposed advertisements in the U.S. for any Hoover upright vacuum that made or contemplated making a claim that the vacuum did not lose suction.

4. All documents substantiating or tending to substantiate, or refuting or tending to refute, a claim that any Hoover upright vacuum cleaner does not lose suction, including but not limited to any such documents provided to any U.S. television network.

5. All documents concerning the marketing strategy behind the claim of "no loss of suction" in advertising for any Hoover upright vacuum cleaner.

6. All documents concerning U.S. consumers' behavior and purchasing decisions regarding vacuum cleaners or the uses to which U.S. consumers put vacuum cleaners.

7. All documents concerning the marketing strategy behind Hoover's Z Bagless Upright Vacuum, including but not limited to the marketing strategy behind Hoover's claim that "[c]onsumers' cleaning needs have changed due to the growing trend of multiple floor surfaces within the home[.]"

8. All documents substantiating or tending to substantiate, or refuting or tending to refute, Hoover's claim for the Hoover Z Bagless Upright Vacuum that "[c]onsumers' cleaning needs have changed due to the growing trend of multiple floor surfaces within the home[.]"

9. All documents concerning Hoover's share of the U.S. market for upright vacuum cleaners, both in terms of dollar value and units sold, since 2000 and any discussion or analysis of the reasons therefor.

10. All documents concerning Dyson's share of the U.S. market for upright vacuum cleaners, both in terms of dollar value and units sold, since 2000 and any discussion or analysis of the reasons therefor.

80368952.1