AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC.,<br><br>v.<br><br>MAYTAG CORPORATION | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER:[1]  05-434-GMS<br>(For a case pending in the District of Delaware) |

TO:
IEC
446 Main Street, 16th Floor
Worcester, MA 01608

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  **See Schedule A attached hereto**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Bowditch & Dewey, LLP<br>311 Main Street<br>Worcester, MA 01615-0156 | September 6, 2006 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Schedule A attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| Winston & Strawn LLP<br>Attn: Steve Durchslag, Lisa Parker<br>35 W. Wacker Dr.<br>Chicago, IL 60601 | August 25, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Lisa Parker, Attorney for Defendant Matyag Corporation | August 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lisa J. Parker, Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601    (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 11th, 2006 | 446 Main St. 16th Floor Worcester, Massachsuetts |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| IEC | In Hand to Peter Lanctot, Technical Officer |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel B. Gately, Constable and Disinterested Person | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   August 11th, 2006
DATE

SIGNATURE OF SERVER

47 Harvard Street 3rd Floor Worcester, MA 01609

Constable and Disinterested Person
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
   (B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS WITH RESPECT TO ITEMS SUBPOENAED

The terms used in the following list of items subpoenaed shall be construed as follows:

1. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

2. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. <u>Concerning</u>. The term "concerning" means concerning, referring to, relating to, describing, evidencing, or constituting.

4. <u>Relating to</u>. The term "relating to" means mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

5. <u>Document(s)</u>. The terms "document" or "documents" means and includes any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original or a copy thereof, regardless of the origin and location, of any writing or recording of any type or description, however produced or reproduced, which is in your or your representatives' possession, custody, or control, or to which you have or had access, or of which you have knowledge or which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Federal Rule of Evidence 1001 and includes the original (or a copy if the original is not available) and any non-identical copies (whether different from the original because of notes made on the copy or otherwise).

6. <u>Communication</u>. The term "communication" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other form of information exchange whether oral, written or electronic.

7. <u>You/Your</u>. The terms "You" and "Your" refers to the IEC or International Electrotechnical Commission and any and all of its predecessors and successors in interest, any and all of its parents, subsidiaries, divisions, offices, affiliates, and affiliated entities, and its partners, employees, agents, officers, directors, and representatives of the foregoing and any other person acting or purporting to act on behalf of any of the foregoing.

8. <u>Dyson</u>. The term "Dyson" refers to Dyson Technology Limited and Dyson, Inc. and any and all of its predecessors and successors in interest, any and all of its parents, subsidiaries, divisions, affiliates, and affiliated entities, and its partners, employees,

1

agents, officers, directors, and representatives of the foregoing and any other person acting or purporting to act on behalf of any of the foregoing.

9. The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

10. This subpoena has no date limitation. All relevant documents are requested, regardless of when they were created.

## INSTRUCTIONS FOR PRODUCTION OF DOCUMENTS

1. In producing the documents, IEC is requested to furnish all documents in its possession, custody or control, whether these documents are possessed directly by IEC's agents, attorneys, employees or representatives, or by IEC's attorneys' agents, employees or representatives.

2. In producing these documents, please indicate the specific request(s) to which each document or group of documents is responsive.

3. If any of the documents cannot be produced in full, IEC is requested to produce them to the fullest extent possible, specifying clearly the reasons for IEC's inability to produce the remainder and stating whatever information, knowledge or belief IEC has concerning the unproduced portion.

4. If any of the documents requested were at one time in existence, but no longer are, please so state, specifying for each document: (1) the type of document; (2) if applicable, the information once contained therein or thereon as appropriate; (3) the date upon which it ceased to exist; (4) the circumstances under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of or who had knowledge of the contents thereof.

5. If IEC asserts that any Request contains any objectionable inquiries, state IEC's objection to the particular inquiry or inquiries within any Request which IEC deems objectionable. Unless IEC's objection goes to the entire Request and to each and every response called for thereby, please provide all information responsive to all portions of the Request which IEC does not deem objectionable. If IEC's objection is directed to the scope of a particular time period for which documents are requested or to the failure to specify any time period whatsoever, please state what portions of the time period IEC deems objectionable and provide all documents responsive to the inquiry as they relate to the non-objectionable portion of the time period.

6. If IEC contends that the contents of a document requested to be produced for inspection and copying are protected from disclosure by virtue of a privilege, it is intended and requested that IEC shall nevertheless provide a description of the document in question which shall include, with respect to each document:
   - i. Each privilege which IEC contends protects the contents of the document from disclosure;
   - ii. Each and every fact upon which IEC relies to support the claim of privilege;
   - iii. An identification of the type of document (e.g., letter, memorandum, telegram, telefax, notes or memoranda of telephone conversations, etc.);
   - iv. The date of each document or when it was created;
   - v. The author(s) of each document;
   - vi. The person or persons to whom each document was directed;

    vii.        The person or persons to whom copies of each document were supplied;

    viii.       The person or persons who received or obtained copies of each document; and

    ix.        The general subject matter of each document.

7. These Requests are continuing requests for all documents and things which are described below which may hereafter come into IEC's possession, custody or control. IEC is to provide, by way of supplemental responses, any additional information, most notably that specified under Fed. R. Civ. P. Rule 26(e), or documents that may hereinafter be obtained by IEC or any person acting under IEC's behalf, which will augment or otherwise modify IEC's responses.

## DOCUMENTS REQUESTED

1. Any and all documents concerning or relating to any IEC protocols or standards for testing upright vacuum cleaners, including but not limited to all documents concerning any revision, amendment, or proposed revision or amendment, to such protocols or standards, including but not limited to protocols or standards regarding cleaning ability, suction, suction power, or filtration.

2. Any and all documents concerning the role of Dyson in the development, revision or amendment, or proposed revision or amendment, of any IEC protocols or standard for testing upright vacuum cleaners.

3. Any and all documents which refer or relate to Dyson's vote, proposed vote, position, view or opinion of any IEC protocols or standard for testing upright vacuum cleaners.

4. Any and all documents concerning the current and historical role, contribution or position of Dyson in the affairs of the committees, subcommittees, working and/or technical groups of the IEC responsible for upright vacuum cleaners.

5. Any and all documents relating to any financial contribution or payment made by Dyson to the IEC or to any committee, subcommittee, working and/or technical groups of the IEC responsible for upright vacuum cleaners.

6. Any and all documents relating to whether any IEC protocols or standards for upright vacuum cleaners accurately represents real-life conditions found in American homes, including but not limited to any studies, tests or other materials used to support IEC 60312 test methodology.

## DEPOSITION TOPICS

1. The IEC protocols or standards for upright vacuum cleaners, including but not limited to protocols or standards regarding cleaning ability, suction, suction power, or filtration.

2. The current and historical involvement of Dyson with IEC management, committees, subcommittees, working and/or technical groups responsible for upright vacuum cleaners, including to but not limited to Dyson's role in the development of the IEC standards or protocols for upright vacuum cleaners.

3. Financial contributions or payments by Dyson to the IEC or any of its committees, subcommittees, working and/or technical groups responsible for upright vacuum cleaners.

4. Dyson's role, contribution, or materials presented by or referred to in the development, revision or amendment, or proposed revision or amendment of any IEC protocols or standard for upright vacuums.

5. Whether the IEC protocols or standards for upright vacuum cleaners accurately represent real-life conditions found in American homes, including by not limited to any studies, tests or other materials used to support IEC 60312 test methodology.