# TAB 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MASSACHUSETTS

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

## SUBPOENA IN A CIVIL CASE

**V.**

CASE NUMBER: [1]

05-434-GMS
United States District Court
for the District of Delaware

MAYTAG CORPORATION

TO:  **IEC**
**446 Main Street, 16th Floor**
**Worcester, MA 01608**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Attachments A and B.**

| PLACE | DATE AND TIME |
|---|---|
| **Quickserv Allstate Process Servers, 87 Randolph Avenue, Milton, MA  02186; *Please Call 1-800-328-7171 before serving** | September 15, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _John W. Shaw_  Attorney for Plaintiffs | August 29, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Shaw, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

---

## DECLARATION OF SERVER

         I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;

        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

        (iv) subjects a person to undue burden.

  (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

  (d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS APPLICABLE TO ATTACHMENTS A and B

1.  "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items.  Any such document bearing on any sheet or part thereof, any marks such as initials, stamped indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

2.  "Dyson" refers to the plaintiffs in this action.

3.  "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

4.  "IEC" means The International Electrotechnical Commission.

## ATTACHMENT A

## DEPOSITION TOPICS

1.   The IEC protocols or standards for upright vacuum cleaners, including but not limited to protocols or standards regarding cleaning ability, suction, suction power, or filtration.

2.   The current and historical involvement of Hoover or Dyson with IEC management, committees, subcommittees, working and/or technical groups responsible for upright vacuum

cleaners, including but not limited to Hoover's or Dyson's role in the development of the IEC standards or protocols for upright vacuum cleaners.

3.    Financial contributions or payments by Hoover or Dyson to the IEC or any of its committees, subcommittees, working and/or technical groups responsible for upright vacuum cleaners.

4.    Hoover's or Dyson's role, contribution or materials presented by or referred to in the development, revision or amendment, or proposed revision or amendment of any IEC protocols or standard for upright vacuums.

5.    Whether the IEC protocols or standards for upright vacuum cleaners accurately represent real-life conditions found in American homes, including but not limited to any studies, tests or other materials used to support the IEC 60312 test methodology.

**ATTACHMENT B**

**INSTRUCTIONS APPLICABLE TO ATTACHMENT B**

1.    Documents should be produced as they are kept in the files of IEC or shall be organized and labeled to correspond with the requests below.  If documents are produced as they are kept in the files of IEC, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files of IEC.

2.    All drafts of responsive documents, as well as non-identical copies, should be produced.  Identical copies of a document that is being produced need not also be produced.

3.    In construing these requests:  (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so

2

as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

4.  If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that:  (i) identifies the person(s) who prepared or authored the document and all recipients or addressees, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

## DOCUMENTS REQUESTED

1.  Any and all documents concerning or relating to any IEC protocols or standards for testing upright vacuum cleaners, including but not limited to all documents concerning any revision, amendment, or proposed revision or amendment, to such protocols or standards, including but not limited to protocols or standards regarding cleaning ability, suction, suction power, or filtration.

2.  Any and all documents concerning the role of Hoover or Dyson in the development, revision or amendment, or proposed revision or amendment, of any IEC protocols or standard for testing upright vacuum cleaners.

3.  Any and all documents which refer or relate to Hoover's or Dyson's vote, proposed vote, position, view, or opinion of any IEC protocols or standard for testing upright vacuum cleaners.

4.   Any and all documents concerning the current and historical role, contribution or position of Hoover or Dyson in the affairs of the committees, subcommittees, working and/or technical groups of the IEC responsible for upright vacuum cleaners.

5.   Any and all documents relating to any financial contribution or payment made by Hoover or Dyson to the IEC or to any committee, subcommittee, working and/or technical groups of the IEC responsible for upright vacuum cleaners.

6.   Any and all documents concerning whether any IEC protocols or standards for upright vacuum cleaners accurately represents real-life conditions found in American homes, including but not limited any field studies used to support the IEC 60312 test methodology.

80371165.1

4

# TAB 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

## V.

MAYTAG CORPORATION

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]

05-434-GMS
United States District Court
for the District of Delaware

TO:   **UNIVERSAL McCANN**
      **622 3rd Ave.**
      **New York, NY 10017**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| **Steven F. Reich, Esquire, MANATT, PHELPS & PHILLIPS, LLP, 7 Times Square, New York, NY 10036; 212-790-4500** | September 15, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_   Attorney for Plaintiffs | August 29, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Shaw, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                                                SIGNATURE OF SERVER
ATE

                                                _____
                                                ADDRESS OF SERVER

                                                _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## INSTRUCTIONS

1.    The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and Local Rules of this District are incorporated by reference into these Requests.

2.    Each document produced pursuant to a Request shall be identified by the number of the Request in response to which the document is produced.  If, after a good faith and diligent search for the documents requested herein, you conclude that there never have been any documents in existence responsive to a Request, so state.

3.    Documents should be produced as they are kept in your files or shall be organized and labeled to correspond with the requests below.  If documents are produced as they are kept in your files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files.

4.    All drafts of responsive documents, as well as non-identical copies, should be produced.  Identical copies of a document that is being produced need not also be produced.  A document with handwritten notes, editing marks, etc., is not identical to such a document without such notes or marks and therefore is to be produced.

5.    In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

6.    If Responding Party withholds any documents called for by these Requests on the basis of a claim of privilege, it shall furnish a list of such documents and provide the following information:  (i) the type of document; (ii) the addressor(s) and addressee(s); (iii) any indicated

or blind copies; (iv) the document's date, subject matter, number of pages and any attachments or appendices; (v) all persons to whom the document was distributed, shown or explained; (vi) the document's present custodian; and (vii) the nature of the privilege asserted.

7.    If Responding Party objects to any Request herein, or any part thereof, it shall state with specificity all grounds for its objection.  Any ground not stated in an objection within the time provided by the Federal and Local Rules, or any extensions thereof, shall be deemed to be waived.

8.    No ambiguity claimed with respect to any of the instructions, definitions or requests herein shall be used as a basis for refusing to respond to these Requests.  In the event of any such claim, the affected response(s) shall clearly set forth (i) the purportedly ambiguous language; and (ii) the interpretation of the language relied upon in such response(s).

9.    If any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you shall submit in lieu of any such document a written statement describing in detail: (a) the nature of the document and its contents; (b) the identity of the person(s) who prepared or authored the document and, if applicable, the identity of the person(s) to whom the document was sent or shown; (c) the date on which the document was prepared or transmitted; and (d) the date the document was lost or destroyed and, if destroyed, the events of and reason(s) for such destruction and the identity, employer(s), and position(s) of the person(s) requesting and/or performing the destruction.

10.    Documents not otherwise responsive to these Requests including, but not limited to, routing slips, transmittal memoranda, letters, comments, evaluations, and email are to be produced if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

11.     These Requests are continuing.  If, after responding to these Requests, Responding Party obtains or becomes aware of additional responsive documents, the production of which is required pursuant to Rule 45 of the Federal Rules, such documents shall be produced immediately, together with a supplemental privilege log, if applicable.

12.     Computer files, databases, and similar electronic records shall be produced in a readable and accessible industry-standard format or form mutually agreed upon by the parties, except where more specific instructions are expressly provided.

### DEFINITIONS

1.     "Advertising" and "advertisements" refers to all advertising, packaging, promotional, and marketing materials in or on (i) any and all media; (ii) point-of-sale materials; (iii) product packaging; (iv) the Internet; (v) trade presentations; (vi) promotional materials and/or (vii) press releases.

2.     "Claim" refers to any claim made or proposed to be made in English-language advertisements.

3.     "Concerning" means referring or relating in any way to the identified topic.

4.     "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped

3

indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

5.    "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## DOCUMENTS REQUESTED

1.    All documents concerning advertising claims or proposed advertising claims in the United States that any Hoover upright  vacuum cleaner does not lose suction, including but not limited to any documents substantiating or tending to substantiate, or refuting or tending to refute, such claims.

2.    All documents concerning any advertising claims or proposed advertising claims in the United States for any Dyson branded upright vacuum cleaner, including but not limited to any documents substantiating or tending to substantiate, or refuting or tending to refute, such claims.

3.    All documents prepared for or submitted to any television network in the United States by Hoover that substantiates or tends to substantiate, or refutes or tends to refute, a claim that a Hoover upright vacuum cleaner does not lose suction.

4.    All documents concerning Hoover's actual or proposed response to U.S. marketing, promotion or sales of Dyson branded upright vacuum cleaners.

5.    All documents concerning the U.S. market position of Dyson branded upright vacuum cleaners.

6.    All documents concerning the actual or anticipated understanding of consumers, including, without limitation, all reports of concept or focus group testing, product positioning,

consumer perception tests, studies, or surveys, regarding any advertising or proposed

advertising claim in the United States that a Hoover vacuum cleaner does not lose suction.

       7.    All documents concerning the actual or anticipated understanding of consumers,

including, without limitation, all reports of concept or focus group testing, product positioning,

consumer perception tests, studies, or surveys, regarding any advertising or proposed

advertising claim in the United States for a Dyson branded upright vacuum cleaner.

80371359.1

# TAB 3

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

**SUBPOENA IN A CIVIL CASE**

**V.**

CASE NUMBER: [1]   05-434-GMS
United States District Court
for the District of Delaware

MAYTAG CORPORATION

TO:   **DAVIS MARKETING**
      **9504 Rodeo**
      **Irving, TX 75063**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| APS #403 – Jackie, 400 S. Houston St, #105, Dallas TX, 75202 **\*Please Call 1-800-328-7171 before serving** | September 15, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_    Attorney for Plaintiffs | August 29, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Shaw, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

---

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

 (d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## INSTRUCTIONS

1.      The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and Local Rules of this District are incorporated by reference into these Requests.

2.      Each document produced pursuant to a Request shall be identified by the number of the Request in response to which the document is produced.  If, after a good faith and diligent search for the documents requested herein, you conclude that there never have been any documents in existence responsive to a Request, so state.

3.      Documents should be produced as they are kept in your files or shall be organized and labeled to correspond with the requests below.  If documents are produced as they are kept in your files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files.

4.      All drafts of responsive documents, as well as non-identical copies, should be produced.  Identical copies of a document that is being produced need not also be produced.  A document with handwritten notes, editing marks, etc., is not identical to such a document without such notes or marks and therefore is to be produced.

5.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

6.      If Responding Party withholds any documents called for by these Requests on the basis of a claim of privilege, it shall furnish a list of such documents and provide the following information:  (i) the type of document; (ii) the addressor(s) and addressee(s); (iii) any indicated

or blind copies; (iv) the document's date, subject matter, number of pages and any attachments or appendices; (v) all persons to whom the document was distributed, shown or explained; (vi) the document's present custodian; and (vii) the nature of the privilege asserted.

7.     If Responding Party objects to any Request herein, or any part thereof, it shall state with specificity all grounds for its objection.  Any ground not stated in an objection within the time provided by the Federal and Local Rules, or any extensions thereof, shall be deemed to be waived.

8.     No ambiguity claimed with respect to any of the instructions, definitions or requests herein shall be used as a basis for refusing to respond to these Requests.  In the event of any such claim, the affected response(s) shall clearly set forth (i) the purportedly ambiguous language; and (ii) the interpretation of the language relied upon in such response(s).

9.     If any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you shall submit in lieu of any such document a written statement describing in detail: (a) the nature of the document and its contents; (b) the identity of the person(s) who prepared or authored the document and, if applicable, the identity of the person(s) to whom the document was sent or shown; (c) the date on which the document was prepared or transmitted; and (d) the date the document was lost or destroyed and, if destroyed, the events of and reason(s) for such destruction and the identity, employer(s), and position(s) of the person(s) requesting and/or performing the destruction.

10.     Documents not otherwise responsive to these Requests including, but not limited to, routing slips, transmittal memoranda, letters, comments, evaluations, and email are to be produced if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

11.     These Requests are continuing.  If, after responding to these Requests,

Responding Party obtains or becomes aware of additional responsive documents, the production

of which is required pursuant to Rule 45 of the Federal Rules, such documents shall be produced

immediately, together with a supplemental privilege log, if applicable.

12.     Computer files, databases, and similar electronic records shall be produced in a

readable and accessible industry-standard format or form mutually agreed upon by the parties,

except where more specific instructions are expressly provided.

## DEFINITIONS

1.     "Advertising" and "advertisements" refers to all advertising, packaging,

promotional, and marketing materials in or on (i) any and all media; (ii) point-of-sale materials;

(iii) product packaging; (iv) the Internet; (v) trade presentations; (vi) promotional materials

and/or (vii) press releases.

2.     "Claim" refers to any claim made or proposed to be made in English-language

advertisements.

3.     "Concerning" means referring or relating in any way to the identified topic.

4.     "Document" means any written, printed, typed, recorded, or graphic matter,

however produced, reproduced or stored, in the actual or constructive possession, custody or

control of the party served with these requests, including, but not limited to, records,

correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or

summaries of interviews or conversations, audio or video recordings, photographs, corporate

minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs,

data cards, films, data processing files, computer printouts and other computer records, including

email, and all drafts and modifications thereof, and all non-identical copies of any such items.

Any such document bearing on any sheet or part thereof, any marks such as initials, stamped

3

indices, comments or notations or any character or characters which are not part of the signed

text or photographic reproduction thereof is to be considered a separate document.

5.      "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates,

parents, divisions and joint ventures, including all officers, employees, agents, representatives,

contractors or consultants of those entities.

## DOCUMENTS REQUESTED

1.      All documents concerning advertising claims or proposed advertising claims in

the United States that any Hoover upright  vacuum cleaner does not lose suction, including but

not limited to any documents substantiating or tending to substantiate, or refuting or tending to

refute, such claims.

2.      All documents concerning any advertising claims or proposed advertising claims

in the United States for any Dyson branded upright vacuum cleaner, including but not limited

to any documents substantiating or tending to substantiate, or refuting or tending to refute, such

claims.

3.      All documents prepared for or submitted to any television network in the United

States by Hoover that substantiates or tends to substantiate, or refutes or tends to refute, a claim

that a Hoover upright vacuum cleaner does not lose suction.

4.      All documents concerning Hoover's actual or proposed response to U.S.

marketing, promotion or sales of Dyson branded upright vacuum cleaners.

5.      All documents concerning the U.S. market position of Dyson branded upright

vacuum cleaners.

6.      All documents concerning the actual or anticipated understanding of consumers,

including, without limitation, all reports of concept or focus group testing, product positioning,

consumer perception tests, studies, or surveys, regarding any advertising or proposed

advertising claim in the United States that a Hoover vacuum cleaner does not lose suction.

       7.    All documents concerning the actual or anticipated understanding of consumers,

including, without limitation, all reports of concept or focus group testing, product positioning,

consumer perception tests, studies, or surveys, regarding any advertising or proposed

advertising claim in the United States for a Dyson branded upright vacuum cleaner.

80371359.1

# TAB 4

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

**V.**

MAYTAG CORPORATION

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]    05-434-GMS
United States District Court
for the District of Delaware

TO:    **ELEMENT 79 PARTNERS**
**200 E. Randolph Street**
**Chicago, IL 60601**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| APS #60601 – Attn: Corey, 55 West Wacker Dr., 9th Floor, Chicago, IL 60601 | September 15, 2006 |
| *Please Call  1-800-328-7171 before serving | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiffs | DATE  August 29, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Shaw, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| | | | |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |

| | | | |
|---|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **ATTACHMENT A**

## **INSTRUCTIONS**

1.      The definitions and rules of construction set forth in the Federal Rules of Civil Procedure and Local Rules of this District are incorporated by reference into these Requests.

2.      Each document produced pursuant to a Request shall be identified by the number of the Request in response to which the document is produced.  If, after a good faith and diligent search for the documents requested herein, you conclude that there never have been any documents in existence responsive to a Request, so state.

3.      Documents should be produced as they are kept in your files or shall be organized and labeled to correspond with the requests below.  If documents are produced as they are kept in your files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within the files.

4.      All drafts of responsive documents, as well as non-identical copies, should be produced.  Identical copies of a document that is being produced need not also be produced.  A document with handwritten notes, editing marks, etc., is not identical to such a document without such notes or marks and therefore is to be produced.

5.      In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

6.      If Responding Party withholds any documents called for by these Requests on the basis of a claim of privilege, it shall furnish a list of such documents and provide the following information:  (i) the type of document; (ii) the addressor(s) and addressee(s); (iii) any indicated

or blind copies; (iv) the document's date, subject matter, number of pages and any attachments or appendices; (v) all persons to whom the document was distributed, shown or explained; (vi) the document's present custodian; and (vii) the nature of the privilege asserted.

7.      If Responding Party objects to any Request herein, or any part thereof, it shall state with specificity all grounds for its objection. Any ground not stated in an objection within the time provided by the Federal and Local Rules, or any extensions thereof, shall be deemed to be waived.

8.      No ambiguity claimed with respect to any of the instructions, definitions or requests herein shall be used as a basis for refusing to respond to these Requests. In the event of any such claim, the affected response(s) shall clearly set forth (i) the purportedly ambiguous language; and (ii) the interpretation of the language relied upon in such response(s).

9.      If any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you shall submit in lieu of any such document a written statement describing in detail: (a) the nature of the document and its contents; (b) the identity of the person(s) who prepared or authored the document and, if applicable, the identity of the person(s) to whom the document was sent or shown; (c) the date on which the document was prepared or transmitted; and (d) the date the document was lost or destroyed and, if destroyed, the events of and reason(s) for such destruction and the identity, employer(s), and position(s) of the person(s) requesting and/or performing the destruction.

10.      Documents not otherwise responsive to these Requests including, but not limited to, routing slips, transmittal memoranda, letters, comments, evaluations, and email are to be produced if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

2

11.    These Requests are continuing.  If, after responding to these Requests,

Responding Party obtains or becomes aware of additional responsive documents, the production

of which is required pursuant to Rule 45 of the Federal Rules, such documents shall be produced

immediately, together with a supplemental privilege log, if applicable.

12.    Computer files, databases, and similar electronic records shall be produced in a

readable and accessible industry-standard format or form mutually agreed upon by the parties,

except where more specific instructions are expressly provided.

## DEFINITIONS

1.    "Advertising" and "advertisements" refers to all advertising, packaging,

promotional, and marketing materials in or on (i) any and all media; (ii) point-of-sale materials;

(iii) product packaging; (iv) the Internet; (v) trade presentations; (vi) promotional materials

and/or (vii) press releases.

2.    "Claim" refers to any claim made or proposed to be made in English-language

advertisements.

3.    "Concerning" means referring or relating in any way to the identified topic.

4.    "Document" means any written, printed, typed, recorded, or graphic matter,

however produced, reproduced or stored, in the actual or constructive possession, custody or

control of the party served with these requests, including, but not limited to, records,

correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or

summaries of interviews or conversations, audio or video recordings, photographs, corporate

minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs,

data cards, films, data processing files, computer printouts and other computer records, including

email, and all drafts and modifications thereof, and all non-identical copies of any such items.

Any such document bearing on any sheet or part thereof, any marks such as initials, stamped

3

indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

5.    "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

## DOCUMENTS REQUESTED

1.    All documents concerning advertising claims or proposed advertising claims in the United States that any Hoover upright  vacuum cleaner does not lose suction, including but not limited to any documents substantiating or tending to substantiate, or refuting or tending to refute, such claims.

2.    All documents concerning any advertising claims or proposed advertising claims in the United States for any Dyson branded upright vacuum cleaner, including but not limited to any documents substantiating or tending to substantiate, or refuting or tending to refute, such claims.

3.    All documents prepared for or submitted to any television network in the United States by Hoover that substantiates or tends to substantiate, or refutes or tends to refute, a claim that a Hoover upright vacuum cleaner does not lose suction.

4.    All documents concerning Hoover's actual or proposed response to U.S. marketing, promotion or sales of Dyson branded upright vacuum cleaners.

5.    All documents concerning the U.S. market position of Dyson branded upright vacuum cleaners.

6.    All documents concerning the actual or anticipated understanding of consumers, including, without limitation, all reports of concept or focus group testing, product positioning,

consumer perception tests, studies, or surveys, regarding any advertising or proposed advertising claim in the United States that a Hoover vacuum cleaner does not lose suction.

7.    All documents concerning the actual or anticipated understanding of consumers, including, without limitation, all reports of concept or focus group testing, product positioning, consumer perception tests, studies, or surveys, regarding any advertising or proposed advertising claim in the United States for a Dyson branded upright vacuum cleaner.

80371359.1

# TAB 5

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

**V.**

MAYTAG CORPORATION

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]
05-434-GMS
United States District Court
for the District of Delaware

TO:
**BLAIR WORLDWIDE, INC.**
**40 East Oak Street**
**Chicago, IL 60601**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| **APS #60601 – Attn: Corey, 55 West Wacker Dr., 9th Floor, Chicago, IL 60601** **\*Please Call 1-800-328-7171 before serving** | September 15, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)                        Attorney for Plaintiffs | DATE August 29, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

John W. Shaw, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

063753.1002

# ATTACHMENT A

## INSTRUCTIONS

1.     The definitions and rules of construction set forth in the Federal Rules of Civil

Procedure and Local Rules of this District are incorporated by reference into these Requests.

2.     Each document produced pursuant to a Request shall be identified by the number

of the Request in response to which the document is produced.  If, after a good faith and diligent

search for the documents requested herein, you conclude that there never have been any

documents in existence responsive to a Request, so state.

3.     Documents should be produced as they are kept in your files or shall be organized

and labeled to correspond with the requests below.  If documents are produced as they are kept in

your files, sufficient information should be provided to permit plaintiffs to identify the source of

particular documents from within the files.

4.     All drafts of responsive documents, as well as non-identical copies, should be

produced.  Identical copies of a document that is being produced need not also be produced.  A

document with handwritten notes, editing marks, etc., is not identical to such a document without

such notes or marks and therefore is to be produced.

5.     In construing these requests: (i) the singular shall include the plural and the plural

shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other

genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so

as to bring within the scope of this request all information that might be construed to be outside

its scope; and (iv) the word "any" shall include, without limitation, "each and every."

6.     If Responding Party withholds any documents called for by these Requests on the

basis of a claim of privilege, it shall furnish a list of such documents and provide the following

information:  (i) the type of document; (ii) the addressor(s) and addressee(s); (iii) any indicated

or blind copies; (iv) the document's date, subject matter, number of pages and any attachments or appendices; (v) all persons to whom the document was distributed, shown or explained; (vi) the document's present custodian; and (vii) the nature of the privilege asserted.

7.     If Responding Party objects to any Request herein, or any part thereof, it shall state with specificity all grounds for its objection. Any ground not stated in an objection within the time provided by the Federal and Local Rules, or any extensions thereof, shall be deemed to be waived.

8.     No ambiguity claimed with respect to any of the instructions, definitions or requests herein shall be used as a basis for refusing to respond to these Requests. In the event of any such claim, the affected response(s) shall clearly set forth (i) the purportedly ambiguous language; and (ii) the interpretation of the language relied upon in such response(s).

9.     If any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you shall submit in lieu of any such document a written statement describing in detail: (a) the nature of the document and its contents; (b) the identity of the person(s) who prepared or authored the document and, if applicable, the identity of the person(s) to whom the document was sent or shown; (c) the date on which the document was prepared or transmitted; and (d) the date the document was lost or destroyed and, if destroyed, the events of and reason(s) for such destruction and the identity, employer(s), and position(s) of the person(s) requesting and/or performing the destruction.

10.     Documents not otherwise responsive to these Requests including, but not limited to, routing slips, transmittal memoranda, letters, comments, evaluations, and email are to be produced if they are attached to, enclosed with, or electronically forwarded with any document that is responsive.

2

11.    These Requests are continuing.  If, after responding to these Requests, Responding Party obtains or becomes aware of additional responsive documents, the production of which is required pursuant to Rule 45 of the Federal Rules, such documents shall be produced immediately, together with a supplemental privilege log, if applicable.

12.    Computer files, databases, and similar electronic records shall be produced in a readable and accessible industry-standard format or form mutually agreed upon by the parties, except where more specific instructions are expressly provided.

## DEFINITIONS

1.    "Advertising" and "advertisements" refers to all advertising, packaging, promotional, and marketing materials in or on (i) any and all media; (ii) point-of-sale materials; (iii) product packaging; (iv) the Internet; (v) trade presentations; (vi) promotional materials and/or (vii) press releases.

2.    "Claim" refers to any claim made or proposed to be made in English-language advertisements.

3.    "Concerning" means referring or relating in any way to the identified topic.

4.    "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped

indices, comments or notations or any character or characters which are not part of the signed

text or photographic reproduction thereof is to be considered a separate document.

5.    "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates,

parents, divisions and joint ventures, including all officers, employees, agents, representatives,

contractors or consultants of those entities.

## DOCUMENTS REQUESTED

1.    All documents concerning advertising claims or proposed advertising claims in

the United States that any Hoover upright vacuum cleaner does not lose suction, including but

not limited to any documents substantiating or tending to substantiate, or refuting or tending to

refute, such claims.

2.    All documents concerning any advertising claims or proposed advertising claims

in the United States for any Dyson branded upright vacuum cleaner, including but not limited

to any documents substantiating or tending to substantiate, or refuting or tending to refute, such

claims.

3.    All documents prepared for or submitted to any television network in the United

States by Hoover that substantiates or tends to substantiate, or refutes or tends to refute, a claim

that a Hoover upright vacuum cleaner does not lose suction.

4.    All documents concerning Hoover's actual or proposed response to U.S.

marketing, promotion or sales of Dyson branded upright vacuum cleaners.

5.    All documents concerning the U.S. market position of Dyson branded upright

vacuum cleaners.

6.    All documents concerning the actual or anticipated understanding of consumers,

including, without limitation, all reports of concept or focus group testing, product positioning,

consumer perception tests, studies, or surveys, regarding any advertising or proposed advertising claim in the United States that a Hoover vacuum cleaner does not lose suction.

      7.    All documents concerning the actual or anticipated understanding of consumers, including, without limitation, all reports of concept or focus group testing, product positioning, consumer perception tests, studies, or surveys, regarding any advertising or proposed advertising claim in the United States for a Dyson branded upright vacuum cleaner.

80371359.1