IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT MAYTAG CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS UNOPPOSED MOTION
TO SUPPLEMENT ITS COUNTERCLAIMS**

**I.      INTRODUCTION**

Defendant Maytag Corporation ("Maytag") has herewith filed a Motion for Leave to Supplement its Counterclaims. Under Rule 15(d), leave to supplement should be freely granted. Moreover, Maytag has acted promptly is seeking to add additional allegations its counterclaims and granting the motion will not result in prejudice to Plaintiffs Dyson Technology Limited and Dyson, Inc. (collectively "Dyson"), as discovery is ongoing and the amendment would not alter discovery deadlines in this case. Further, permitting Maytag to supplement its counterclaims is in the best interest of this Court as it will permit all similar factual claims arising from the same parties to be resolved in one action. For these reasons, as further explained herein, this Court should grant Maytag leave to supplement its counterclaims.

**II.     BACKGROUND**

On August 1, 2005, Maytag filed counterclaims in this case against Dyson (D.I. 22). Both Maytag and Dyson manufacture vacuum cleaners and are direct competitors in the U.S. market for upright vacuum cleaners. Specifically, Maytag's counterclaims set forth allegations

detailing Dyson's allegedly false and misleading advertising practices. In its counterclaims, Maytag seeks relief under the Lanham Act, Delaware's Deceptive Trade Practices Statute, and Delaware's common law for unfair competition.

Maytag filed a Motion to Amend its Counterclaims on March 24, 2006, in light of a advertisement that had been recently released by Dyson. (D.I. 67, memorandum in support at D.I. 68). The advertisement, in the form of a television commercial / video, appears on Dyson's website and is being broadcast on national television. Maytag alleges that Dyson's new commercial falsely communicates to customers that other vacuum cleaners, including Maytag's Hoover WindTunnel upright vacuum cleaner, do not work and will leave dirt and dust in carpet that a Dyson vacuum cleaner will pick up. The claims made in Dyson's new commercial are similar to claims made in the Dyson advertising that is the subject of Maytag's current counterclaims.

Following the Court's recent decision in *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, Maytag commits to withdraw its Motion to Amend pursuant to Fed. R. Civ. P. 15(a) (D.I. 67) and, in its place, seeks the Court's grant of the current Motion to Supplement Maytag's Counterclaims pursuant to Fed. R. Civ. P. 15(d). *See Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. Civ. A. 05-590, 2006 WL 2375035, at *4 (D. Del. Aug. 16, 2006) (Sleet, J.) (striking motion to amend as improper where motion alleged facts post-dating the original pleadings). Dyson does not object to the present motion.

### III. ARGUMENT

The standard under which leave to supplement under Rule 15(d) is granted is "essentially the same" as the standard under which leave to amend is granted under Rule 15(a). *Marvel v. Snyder*, No. Civ. A. 99-442, 2001 WL 830309, *6 n.14 (D. Del. July 24, 2001) (Sleet, J.). It is

well established that leave to amend under Rule 15(a) is "freely given." *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3rd Cir. 1984); *Trueposition, Inc. & KSI, Inc. v. Allen Telecom, Inc.*, No. Civ. A. 01-823, 2002 WL 1558531, at * 1 (D. Del. July 16, 2002) (Sleet, J.).

Leave to supplement should thus be granted within the Court's sound discretion if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties. *Medeva Pharma Ltd.,* 201 F.R.D. 103, 104 (D. Del. 2001) (J. Sleet) (citations omitted). There is no undue delay or prejudice in this case.

Maytag filed its original motion to amend upon learning of Dyson's new commercial. Maytag did not know of Dyson's new commercial when it filed its counterclaims on August 1, 2005, and believes Dyson's new commercial only began being aired around the time immediately after the filing of Maytag's counterclaims. Thus, there was no undue delay on the part of Maytag in seeking to amend its counterclaims. Similarly, there has been no undue delay on the part of Maytag in essentially changing the form of its "motion to amend" its counterclaims to a "motion to supplement" its counterclaims. Additionally, because Maytag has sought to supplement its counterclaims during the discovery period (fact discovery cut-off is November 3, 2006), there can be little dispute that Dyson is not prejudiced. *Trueposition,* 2002 WL 1558531 at * 2 (Court held no prejudice to the opposing party as discovery was in its earliest stages). Indeed, Maytag has been conducting discovery on the new allegations since the time it filed its original motion to amend its counterclaims. The addition to Dyson's counterclaims will not alter the discovery deadlines in this case.

Lastly, leave to supplement should be denied only where there is evidence that it will cause undue delay or prejudice to the opposing party, or where evidence of bad faith or dilatory

motive on the part of the movant exists. *Marvel*, 2001 WL 830309 at *6. Maytag's supplemented counterclaims set forth a colorable claim upon which relief may be granted, based on facts which post-dated the original pleadings in this case. Maytag did not sit on its hands and was not dilatory in bringing its allegations to the Court. Thus, there is no basis on which leave to supplement can be denied.

Finally, permitting Maytag to supplement its counterclaims makes sense as it will permit Maytag's new claims against Dyson, which are very similar to the claims already at issue in this case, to be resolved in the same proceeding. As such, granting Maytag's motion for leave to supplement is in the best interest of this Court as it serves judicial economy by permitting the parties to dispose of all claims in one proceeding. *See Trueposition*, 2002 WL 1558531 at *2 (Court held motion to amend under Rule 15(a) should be granted as the same facts were at issue with the same parties and therefore would serve judicial economy).

## IV. CONCLUSION

For the reasons set forth above, Maytag respectfully requests that this Court grant its Unopposed Motion for Leave to Supplement its Counterclaims.

    Respectfully submitted,

/s/ Stephanie O'Byrne
Francis DiGiovanni (#3189)
Stephanie O'Byrne (#4446)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

        Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
Phone (312) 558-5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
  Taylor & Weber
400 First National Tower
Akron, OH  44308
Phone  (330) 376-1242
Facsimile (330) 376-9646
Phone (302) 658-9141

Dated: September 11, 2006        Attorneys for Maytag Corporation


485045_1