IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED and )
DYSON, INC., )
                                    )
                   Plaintiffs, )    No. C.A. 05-434-GMS
            v. )
                                      )
MAYTAG CORPORATION, )
                                      )
                   Defendant. )
                                      )

## **PLAINTIFFS' REPLY TO SUPPLEMENTED COUNTERCLAIMS**

Plaintiffs Dyson Technology Limited and Dyson, Inc. (collectively, "Dyson"), by and through their undersigned counsel, demand a trial by jury on all issues so triable and reply as follows to the Supplemented Counterclaims of defendant Maytag Corporation ("Maytag"):

1.       Dyson admits that Maytag has asserted counterclaims against it.

2.       Dyson denies the allegations of paragraph 2 of the Counterclaims, except admits that Dyson, Inc. conducts business throughout the United States, including in the State of Delaware.

3.       Paragraph 3 of the Counterclaims purports to state a legal conclusion as to which no response is required. To the extent a response is required, Dyson admits that Maytag has asserted counterclaims pursuant to Rule 13(b) of the Federal Rules of Civil Procedure.

4.       Paragraph 4 of the Counterclaims purports to state a legal conclusion as to which no response is required. To the extent a response is required,

Dyson admits that this Court has subject matter jurisdiction over Maytag's Counterclaims.

5.     Paragraph 5 of the Counterclaims purports to state a legal conclusion as to which no response is required. To the extent a response is required, Dyson admits that this Court has personal jurisdiction over it for purposes of Maytag's Counterclaims.

6.     Paragraph 6 of the Counterclaims purports to state a legal conclusion as to which no response is required. To the extent a response is required, Dyson admits that venue is proper in this District.

7.     Dyson admits, upon information and belief, that Maytag manufactures and sells Hoover-brand vacuum cleaners in the United States, including the Hoover® WindTunnel™, an upright vacuum cleaner.

8.     Dyson denies the allegations of paragraph 8 of the Counterclaims, except admits that Dyson, Inc. distributes and markets certain Dyson upright vacuum cleaner models in the United States, including the DC07, DC14 and DC15.

9.     Dyson denies the allegations of paragraph 9 of the Counterclaims, except admits that Dyson, Inc. and Maytag's Hoover division are direct competitors in the United States market for upright vacuum cleaners.

10.     Dyson denies the allegations of paragraph 10 of the Counterclaims, except admits that Dyson, Inc. currently makes or in the past has made one or more of the

statements listed in paragraph 10 in connection with marketing Dyson vacuum cleaners, and avers that such statements are truthful and not misleading.

11.    Dyson denies the allegations of paragraph 11 of the Counterclaims, except admits that one or more of the statements listed in paragraph 10 has appeared at various times on Dyson's website, in Dyson print advertisements and/or television commercials, and/or on the packaging for certain Dyson vacuum cleaner models, and avers that such statements are truthful and not misleading.

12.    Dyson denies the allegations of paragraph 12 of the Counterclaims, except admits that certain of the statements refer to Dyson vacuum cleaners as being "the most powerful upright," and avers that these statements are truthful and not misleading.

13.    Dyson denies the allegations of paragraph 13 of the Counterclaims.

14.    Dyson denies the allegations of paragraph 14 of the Counterclaims.

15.    Dyson denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Counterclaims because those allegations fail, among other things, to specify (i) what is meant by the phrase "clean carpet better," (ii) what type of carpet is being referenced in the allegations, (iii) what vacuum cleaner brands and models are intended to be included within the phrase "all other upright vacuum cleaners," and (iv) under what conditions it is to be determined whether Dyson vacuum cleaners "clean carpet better"—whatever that phrase means—than all other upright vacuum cleaners.

16.     Dyson denies the allegations of paragraph 16 of the Counterclaims, except admits that the chart set out in that paragraph has been included in the packaging of certain Dyson vacuum cleaners sold in the United States.

17.     Dyson denies the allegations of paragraph 17 of the Counterclaims.

18.     Dyson denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Counterclaims because those allegations fail, among other things, to specify (i) what is meant by the phrases "suction power" and "clean better," (ii) what vacuum cleaner brands and models are intended to be included within the phrase "all other upright vacuum cleaners," and (iii) under what conditions it is to be determined whether Dyson vacuum cleaners "clean better"— whatever that phrase means—than all other upright vacuum cleaners.

19.     Dyson denies the allegations of paragraph 19 of the Counterclaims, except admits that the chart shows that Dyson vacuum cleaner model DC07 maintains its suction power, and avers that the chart is accurate and not misleading.

20.     Dyson denies the allegations of paragraph 20 of the Counterclaims.

21.     Dyson denies the allegations of paragraph 21 of the Counterclaims, except admits that Dyson, Inc. currently makes or in the past has made one or more of the statements listed in paragraph 21.

22.     Dyson denies the allegations of paragraph 22 of the Counterclaims, except admits that one or more of the statements listed in paragraph 21 has appeared at various times on Dyson's website, in Dyson's print advertisements and/or television

commercials, and/or on the packaging for certain Dyson vacuum cleaner models, and avers that such statements are truthful and not misleading.

23.   Dyson denies the allegations of paragraph 23 of the Counterclaims, except admits that certain of the statements listed in paragraph 21 communicate to consumers that Dyson vacuum cleaners do not lose suction, and avers that such statements are truthful and not misleading.

24.   Dyson denies the allegations of paragraph 24 of the Counterclaims.

25.   Dyson denies the allegations of paragraph 25 of the Counterclaims.

26.   Dyson denies the allegations of paragraph 26 of the Counterclaims, except admits that certain Dyson vacuum cleaner models have a pre-motor filter and a post-motor filter.

27.   Dyson denies the allegations of paragraph 27 of the Counterclaims, except admits that the statement quoted in paragraph 27 of the Counterclaims has been made on Dyson's website and in one or more television advertisements for Dyson vacuum cleaners, and avers that such statement is truthful and not misleading.

28.   Dyson denies the allegations of paragraph 28 of the Counterclaims, except admits that the statement quoted in paragraph 27 has appeared at various times on Dyson's website and in television commercials, and avers that such statements are truthful and not misleading.

29.   Dyson denies the allegations of paragraph 29 of the Counterclaims.

30.     Dyson denies the allegations of paragraph 30 of the Counterclaims.

31.     Dyson denies the allegations of paragraph 31 of the Counterclaims.

32.     Dyson denies the allegations of paragraph 32 of the Counterclaims, except admits that Dyson, Inc. currently makes or in the past has made one or more of the statements listed in paragraph 32, and avers that such statements are truthful and not misleading.

33.     Dyson denies the allegations of paragraph 33 of the Counterclaims, except admits that one or more of the statements listed in paragraph 32 has appeared at various times on Dyson's website, in Dyson print advertisements and/or television commercials, and/or on the packaging for certain Dyson vacuum cleaner models, and avers that such statements are truthful and not misleading.

34.     Dyson denies the allegations of paragraph 34 of the Counterclaims.

35.     Dyson denies the allegations of paragraph 35 of the Counterclaims.

36.     Dyson denies the allegations of paragraph 36 of the Counterclaims, except admits that the packaging of certain of Dyson vacuum cleaner models have stated that such models are "Approved for allergy sufferers," and avers that such statement is truthful and not misleading.

37.     Dyson denies the allegations of paragraph 37 of the Counterclaims.

38.    Dyson denies the allegations of paragraph 38 of the Counterclaims, except admits that Dyson vacuum cleaners have not been approved for allergy sufferers by the United States Food and Drug Administration or by any U.S.-based organization.

39.    Dyson denies the allegations of paragraph 39 of the Counterclaims, except admits that certain television commercials advertising Dyson vacuum cleaners state, among other things, that a Dyson vacuum cleaner "creates 100,000 times the force of gravity to spin the dirt out of the air," and avers that such statement is truthful and not misleading.

40.    Dyson denies the allegations of paragraph 40 of the Counterclaims, except admits that certain Dyson vacuum cleaners now being sold include a statement that Dyson's Root8Cyclone™ technology "uses 100,000 G of centrifugal force in the cyclones to filter dust from the airflow efficiently," and avers that such statement is truthful and not misleading.

41.    Dyson denies the allegations of paragraph 41 of the Counterclaims, except admits that these statements communicate that certain Dyson vacuum cleaners can create centrifugal force that is up to 100,000 times the force of gravity, and avers that such statements are truthful and not misleading.

42.    Dyson denies the allegations of paragraph 42 of the Counterclaims.

43.    Dyson denies the allegations of paragraph 43 of the Counterclaims, except admits that certain Dyson print advertising and the packaging of certain Dyson

vacuum cleaners contain the statement, "Hygienic and quick to empty," and avers that such statement is truthful and not misleading.

44.     Dyson denies the allegations of paragraph 44 of the Counterclaims.

45.     Dyson denies the allegations of paragraph 45 of the Counterclaims.

46.     Dyson denies the allegations of paragraph 46 of the Counterclaims, except admits that certain Dyson vacuum cleaners sold in the past contained plastic material described as "Liquid Steel."

47.     Dyson denies the allegations of paragraph 47 of the Counterclaims.

48.     Dyson denies the allegations of paragraph 48 of the Counterclaims, except admits that certain components of Dyson vacuum cleaners are made of molded plastic.

49.     Dyson denies the allegations of paragraph 49 of the Counterclaims, except admits that certain print advertising for Dyson vacuum cleaners has contained the statement, "Even the integral hose, seen on most upright vacuum cleaners, is a Dyson invention," and avers that such statement is truthful and not misleading.

50.     Dyson denies the allegations of paragraph 50 of the Counterclaims.

51.     Dyson denies the allegations of paragraph 51 of the Counterclaims, except admits that certain print advertising for Dyson vacuum cleaners has stated that Dyson invented the cyclonic technology used in Dyson vacuum cleaners, and avers that such statement is truthful and not misleading.

52.     Dyson denies the allegations of paragraph 52 of the Counterclaims.

53.     Dyson denies the allegations of paragraph 53 of the Counterclaims, except admits that Dyson, Inc. disseminated a marketing brochure that, among other things, stated that "In 1999, one of the largest UK vacuum manufacturers tried to imitate a Dyson, and James [Dyson] was forced back into court to protect his invention again. After 18 months Dyson finally won a victory against them for patent infringement," and avers that such statement is truthful and not misleading.

54.     Dyson denies the allegations of paragraph 54 of the Counterclaims.

55.     Dyson admits the allegations of paragraph 55 of the Counterclaims.

56.     Dyson denies the allegations of paragraph 56 of the Counterclaims.

57.     Dyson denies the allegations of paragraph 57 of the Counterclaims.

58.     Dyson denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Counterclaims, except denies that Dyson has made any false claims about its products or competing products.

59.     Dyson incorporates by reference and restates its replies to the allegations of paragraphs 1 through 58 of the Counterclaims as if fully set forth here.

60.     Dyson denies the allegations of paragraph 60 of the Counterclaims.

61.     Dyson denies the allegations of paragraph 61 of the Counterclaims.

62.    Dyson denies the allegations of paragraph 62 of the Counterclaims.

63.    Dyson denies the allegations of paragraph 63 of the Counterclaims.

64.    Dyson incorporates by reference and restates its replies to the allegations of paragraphs 1 through 63 of the Counterclaims as if fully set forth here.

65.    Dyson denies the allegations of paragraph 65 of the Counterclaims.

66.    Dyson denies the allegations of paragraph 66 of the Counterclaims.

67.    Dyson denies the allegations of paragraph 67 of the Counterclaims.

68.    Dyson denies the allegations of paragraph 68 of the Counterclaims.

69.    Dyson incorporates by reference and restates its replies to the allegations of paragraphs 1 through 68 of the Counterclaims as if fully set forth here.

70.    Dyson denies the allegations of paragraph 70 of the Counterclaims.

71.    Dyson denies the allegations of paragraph 71 of the Counterclaims.

72.    Dyson denies the allegations of paragraph 72 of the Counterclaims.

73.    Dyson denies the allegations of paragraph 73 of the Counterclaims.

## DEFENSES

### First Defense

74.    Maytag voluntarily asserted the same claims as those in the Counterclaims in a proceeding before the National Advertising Division of the Council of

Better Business Bureaus, Inc. ("NAD"), and the Court should defer to that body for resolution of the claims by either dismissing the Counterclaims or staying them pending the NAD's resolution of the claims.

### Second Defense

75.    The Counterclaims fail to state a claim upon which relief can be granted.

### Third Defense

76.    The Counterclaims are barred in whole or in part by the doctrines of estoppel, equitable estoppel, laches, acquiescence, and/or waiver.

### Fourth Defense

77.    The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

### Fifth Defense

78.    The Counterclaims are barred in whole or in part because the advertising claims at issue are literally truthful or truthful in the context in which they were made.

### Sixth Defense

79.    The Counterclaims are barred in whole or in part because the advertising claims at issue express opinions, not facts.

**Seventh Defense**

80.    The Counterclaims are barred in whole or in part because the advertising claims at issue are not deceptive and do not have the tendency to deceive a substantial segment of U.S. consumers of upright vacuum cleaners.

**Eighth Defense**

81.    The Counterclaims are barred in whole or in part because the advertising claims at issue are not material to decisions of U.S. consumers regarding the purchase of an upright vacuum cleaner.

**Ninth Defense**

82.    The Counterclaims are barred in whole or in part because certain of the advertising claims at issue constitute mere puffery and are not actionable as a matter of law.

**Tenth Defense**

83.    The Counterclaims are barred in whole or in part because Maytag has not suffered, and is not likely to suffer, any injury as a result of the advertising claims at issue.

WHEREFORE, plaintiffs pray:

(a) That the Court enter judgment dismissing the Counterclaims of Maytag with prejudice;

(b) That the Court award plaintiffs their costs and expenses, including attorneys' fees, and assess interest against defendant; and

(c) That the Court grant plaintiffs such other and further relief as it deems just and proper.

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Melissa D. Goetz
Monica Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036

*Attorneys for Plaintiffs*
*Dyson Technology Limited and Dyson, Inc.*

October 16, 2006

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on October 16, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on October 16, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS

> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, Ohio 44308

### BY FEDERAL EXPRESS

> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 West Wacker Drive
> Chicago, Illinois 60601

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Adam W. Poff (No. 3990)