IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUBPOENA DIRECTED TO GLORIA COLLINS

PLEASE TAKE NOTICE of the attached subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John Shaw
_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated:  October 17, 2006

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

V.

MAYTAG CORPORATION

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]  05-434-GMS
United States District Court
for the District of Delaware

TO:
Gloria Collins
c/o Thomas B. O'Brien, Jr., Gen. Counsel
ASTM International
100 Barr Harbor Drive
West Conshohocken, PA  19428-2959

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Blank Rome LLP, One Logan Square, 130 North 18th Street, Philadelphia, PA 19103-6998 | October 26, 2006 at 10:00 AM |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachments A and B.**

| PLACE | DATE AND TIME |
|---|---|
| Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 10899-0391 | October 20, 2006 |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *[signature]*    Attorney for Plaintiffs | DATE October 13, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam W. Poff, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
 (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

30191935.1

## DEFINITIONS APPLICABLE TO ATTACHMENTS A and B

1. "ASTM" means ASTM International.

2. "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

3. "Dyson" refers to the plaintiffs in this action.

4. "IEC" means the International Electrotechnical Commission.

5. "Hoover" refers to The Hoover Company and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

6. "Maytag" refers to The Maytag Corporation and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entitiesl

7. "You" or "Your" refers to Gloria Collins.

## ATTACHMENT A

## DEPOSITION TOPICS

1. The ASTM and IEC protocols and standards for testing vacuum cleaners.

2. The role of Hoover or Maytag representatives in the affairs of the working and/or technical groups, committees or subcommittees of the ASTM responsible for vacuum cleaners.

3. Financial contributions, costs, expenses, fees or payments made by Hoover or Maytag or any of its representatives, employees, contractors or agents, to the ASTM or the working and/or technical groups, committees or subcommittees of the ASTM responsible for vacuum cleaners.

4. The position of Hoover or Maytag, or any of its representatives, employees, contractors or agents, on whether the ASTM should adopt an amendment to ASTM F558 to allow measurement of vacuum cleaner suction power at the nozzle.

5. The role of Hoover or Maytag, or any of its representatives, employees, contractors or agents, in the development or amendment of any ASTM protocol or standard for testing vacuum cleaners.

6. Whether ASTM's protocols or standards for vacuum cleaners accurately represent real-life conditions found in American homes, including but not limited to field studies used to support ASTM's F608 test methodology.

7. The availability in the marketplace of the test carpeting required to be used under ASTM F608.

8. Voting and/or amendment procedures for ASTM protocols or standards for testing upright vacuum cleaners."

# ATTACHMENT B

## INSTRUCTIONS APPLICABLE TO ATTACHMENT B

1.  Documents should be produced as they are kept in Your files or shall be organized and labeled to correspond with the requests below. If documents are produced as they are kept in Your files, sufficient information should be provided to permit plaintiffs to identify the source of particular documents from within Your files.

2.  All drafts of responsive documents, as well as non-identical copies, should be produced. Identical copies of a document that is being produced need not also be produced.

3.  In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

4.  If You claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addressees, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

## **DOCUMENTS REQUESTED**

1.      All documents concerning ASTM or IEC protocols or standards for testing vacuum cleaners, or any or proposed revisions thereto.

2.      All documents concerning how Hoover or Maytag or any of its representatives, employees, contractors or agents voted or proposed to vote upon any ASTM or IEC protocol or standard for testing vacuum cleaners, or upon any amendment or proposed revision thereto.

3.      All documents concerning the role of Hoover or Maytag, or any of its representatives, employees, contractors or agents, in the affairs of the working and/or technical groups, committees or subcommittees of the ASTM or IEC responsible for vacuum cleaners.

4.      Documents sufficient to show any financial contribution, cost, expense, fee or payment made by Hoover or Maytag or any of its representatives, employees, contractors or agents to the IEC or ASTM or the working and/or technical groups, committees or subcommittees of the ASTM or IEC responsible for vacuum cleaners.

5.      All documents concerning the position of Hoover or Maytag, or any of its representatives, employees, contractors or agents, on whether the ASTM should adopt an amendment to ASTM F558 to allow measurement of vacuum cleaner suction power at the nozzle.

6.      All documents concerning the role of Hoover or Maytag, or any of its representatives, employees, contractors or agents, in the development or amendment of any ASTM or IEC protocol or standard for testing vacuum cleaners.

7.      All documents concerning whether any IEC or ASTM protocol or standard for vacuum cleaners accurately represents real-life conditions found in American homes, including,

but not limited to, field studies used to support ASTM's F608 test methodology and the extent to which uncarpeted hardwood floors are present in American homes.

8. All documents concerning the availability in the marketplace of the test carpeting required to be used under ASTM F608.

9. All documents concerning voting and/or amendment procedures for IEC or ASTM protocols or standards for testing upright vacuum cleaners.

80374070.1

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on October 17, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on October 17, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL ON OCTOBER 17, 2006 AND**
> **BY FEDERAL EXPRESS ON OCTOBER 18, 2006**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ John W. Shaw*
_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Dyson Technology Limited
and Dyson, Inc.*