UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAYTAG CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-434-GMS |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

1.  This Request is being made by the United States District Court for the District of Delaware, the Honorable Gregory M. Sleet, presiding. The United States District Court for the District of Delaware is located at 844 N. King Street, Wilmington, DE 19801.

2.  This Request is being made to the Saxonian Ministry of Justice of Germany, Archivstra Be1, 66199 Dresden.

3.  A copy of the executed Request should be returned to the German Solicitors for Maytag Corporation ("Maytag").

    Vanessa Duvanel
    Winston & Strawn
    43 Rue Du Rhone
    1204 Geneva, Switzerland

4.  In conformity with Article 3 of the Hague Convention: of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention").

(a) The requesting judicial authority is the United States District Court for the District of Delaware, the Honorable Gregory Sleet, presiding (the "Requesting Authority.")

(b) The competent authority is the Federal State of Saxony, Saxonian Ministry of Justice, Archivstra Be1, 66199 Dresden.

5. This case is a civil proceeding pending before the Requesting Authority. The Requesting Authority seeks the assistance of the High Court to obtain documentary evidence for use at the trial of this action, from the following company known to be residing in Germany.

SLG Pruf-und Zerifizierungs GmbH
Burgstadter Str. 20,
09232 Harmannsdorf, Germany

6. The Plaintiff, Dyson Technology Limited, is located at Tetbury Hill, Malmesbury, England, Wilshire SN16 0RP and is represented by the following counsel:

Garrard R. Beeney
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Manatt, Phelps, Phillips LLP
7 Times Square
New York, NY 10004

C. Barr Flinn
Young Conaway Stargatt & Taylor LLP
1000 West Street
Wilmington, DE 19899

7. The Defendant, Maytag, is located at 240 Edwards Street, Cleveland, TN 37311, and is represented by the following counsel:

Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Ray L. Weber
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899

**Nature and Purpose of the Proceedings**

8.   This is a proceeding originally brought by the plaintiff/counter-defendant, Dyson Technology Limited, and Dyson, Inc. ("Dyson") as a patent infringement action on June 27, 2005. The defendant/counter-plaintiff, Maytag Corporation ("Maytag") filed a counterclaim on August 1, 2005, asserting that the plaintiff engaged in false packaging and advertising relating to certain models of its upright vacuum cleaners. A copy of the complaint and counterclaims is attached hereto as Exhibit 1. The parties are currently engaged in discovery proceedings.

9.   In its counterclaims, Maytag asserts that Dyson has made false and misleading statements in connection with its packaging and advertising of the DC07, DC14, and DC15 upright vacuum cleaners. Specifically, Maytag claims that plaintiffs marketing campaigns make false and misleading claims as to the suction power, cleaning efficacy and design and performance capabilities of its upright vacuums. Maytag further claims that Dyson's advertising is false and misleading because in fact, plaintiffs vacuum cleaners do not have the suction power, cleaning efficacy or design and performance capabilities claimed in its advertising and marketing campaigns.

10. Additionally, Maytag claims that Dyson's packaging and advertising, claiming that other vacuums do not work properly is false and misleading. Maytag claims that Dyson's marketing campaign in this regard falsely communicates to consumers that other vacuum cleaners, including Maytag's Hoover WindTunnel upright vacuum cleaner, do not work properly.

**The Evidence to be Obtained**

11. SLG has undertaken advertising and marketing work for or on behalf of Dyson, specifically related to the upright vacuum cleaner models at issue in these proceedings.

12. SLG has been identified by Dyson's Initial Disclosures[1] as an individual likely to have relevant information related to "Dyson's marketing and sales" of the relevant products. Maytag seeks the production of documents related to the advertising and marketing campaigns performed for or on behalf of plaintiffs in this regard.

13. Specifically, Maytag seeks that SLG produce for inspection and photocopying the following documents for use at trial:

> (1) any and all documents dated January 1, 2002 through August 31, 2005, relating to any advertising, promotional materials and all other materials relating to advertising or marketing of Dyson upright vacuums sold in the United States, including but not limited to any target audience analysis, copy strategy, copy direction, advertising copy tests, creative briefs, brand-recognition studies, competitive advertising analysis, positioning statements, in-market studies or so called first-launch studies, tracking studies, marketing and media strategy

---

[1] Initial Disclosures are a disclosure each side is mandated to make at the initial stage of the proceedings by the U.S. Federal Rules of Civil Procedure, Rule 26(a) of the Federal Rules of Civil Procedure requires that a party "must"

documents, media schedules, market research, and any Network clearance, inquiry or any and all documents reflecting results of any survey, focus groups, or other market research, investigation or study relating to advertising;

(2) Any and all documents dated January 1, 2002 through August 31, 2005, that pertain or refer to the dollar amount expended by Dyson for advertising or marketing of Dyson upright vacuums sold in the United States; and

(3) Any and all documents dated January 1, 2002 through August 31, 2005, concerning communications between the Advertising Agencies and/or any television network and/or any other advertising agency and/or industry association and/or any testing facilities, laboratories or research companies relating to the advertising and/or testing, analyses, research or evaluations for Dyson upright vacuums made or sold in the United States, including but not limited to research related to the performance of Dyson vacuums sold in the United States as related to cleaning ability and suction..

(4) Any and all documents dated January 1, 2002 through August 31, 2005, relating to any consumer complaints concerning the efficacy of Dyson upright vacuum models DC07, DC14 and DC15 sold in the United States.

**Procedures to be Followed**

14. With regard to all of the documents requested in numbers 13 and 15 above, if SLG, contends that the contents of a document requested to be produced for inspection and copying are protected from disclosure by virtue of a privilege, it is intended and requested that

---

provide to other parties the name and other identifying information of Individuals that are "likely to have discoverable information."

SLG shall nevertheless provide a description of the document in question which shall include, with respect to each document:

    i.    Each privilege the company contents protects the document from disclosure;

    ii.    Each and every fact upon the company relies to support the claim of privilege;

    iii.    An identification of the type of document (e.g., letter, memorandum, telegram, telefax, notes or memoranda of telephone conversations, etc.);

    iv.    The date of each document or when it was created;

    v.    The author(s) of each document;

    vi.    The person or persons to whom each document was directed;

    vii.    The person or persons to whom copies of each document were supplied;

    viii.    The person or persons who received or obtained copies of each document; and

    ix.    The general subject matter of each document.

15. It is requested that any documents produced be made available to the parties named herein within 28 days of service of this Letter of Request.

16. It is requested that the documents be produced or made available to the attention of the following:

Vanessa Duvanel  
Winston & Strawn LLP  
43 Rue Du Rhone  
1204 Geneva, Switzerland

19. The fees and costs incurred which may be reimbursable under the second

paragraph of Article 14 of the Hague Evidence Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Hague Evidence Convention being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the documents requested will be borne by the defendant.

20.    This Letter of Request is made this 20th day of Oct., 2006 by the undersigned requesting court, the United States District Court for the District of Delaware, Delaware, United States.



The Honorable Gregory M. Sleet
United States District Judge

FILED
OCT 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

10