IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNO LOGY LIMITED and DYSON, INC., <br><br>                   Plaintiffs,<br>v.<br><br>MAYTAG CORPORATION,<br><br>                   Defendant. | ) ) ) ) ) Civil Action No. 05-434-GMS ) ) ) ) ) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT
TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

1. This Request is being made by the District Court of Delaware, the Honorable Gregory M. Sleet, presiding. The District Court of Delaware is located at 844 N. King Street, Wilmington, DE 19801.

2. This Request is being made to the Central Authority of the United Kingdom, The Masters' Support Unit, Royal Courts of Justice, Strand, London WCA 2LL, England.

3. A copy of the executed Request should be returned to the U.S. Solicitors for Dyson Technology Limited and Dyson, Inc. (collectively, "Dyson").

    Steven F. Reich
    Manatt, Phelps, Phillips LLP
    7 Times Square
    New York, NY 10036

4. In conformity with Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"):

(a)    The requesting judicial authority is the District Court of Delaware, the Honorable Gregory Sleet, presiding (the "Requesting Authority.")

(b)    The competent authority is the Masters' Support Unit Royal Courts of Justice, Strand, London WC2A 2LL, England ("The Competent Authority").

5.    This case is a civil proceeding pending before the Requesting Authority. The Requesting Authority seeks the assistance of the High Court to obtain documentary evidence for use at the trial of this action, from the following company known to be residing in the United Kingdom:

Consumers' Association Research & Testing Centre ("R&TC")
Davy Avenue, Knowhill
Milton Keynes
United Kingdom, MK5 8NL6

6.    The Plaintiff, Dyson, is located at Tetbury Hill, Malmesbury, England, Wilshire SN16 0RP, and is represented by the following counsel:

Garrard R. Beeney
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Manatt, Phelps, Phillips LLP
7 Times Square
New York, NY 10036

C. Barr Flinn
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

7.  The Defendant, Maytag, is located at 240 Edwards Street, Cleveland, TN 37311, and is represented by the following counsel:

Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Ray L. Weber
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899

**Nature and Purpose of the Proceedings**

8.  This is a proceeding originally brought by the Plaintiff/Counter-Defendant, Dyson Technology Limited and Dyson, Inc. (collectively, "Dyson") as a patent infringement action on June 27, 2005. The Defendant/Counter-Plaintiff, Maytag Corporation ("Maytag") filed a counterclaim on August 1, 2005, asserting that the Plaintiff engaged in false packaging and advertising relating to certain models of its upright vacuum cleaners. A copy of the complaint and counterclaims is attached hereto as Exhibit 1. The parties are currently engaged in discovery proceedings.

9.  In its complaint, Dyson asserts that Maytag has engaged in patent infringement by manufacturing, using, and selling, offering to sell, and/or improving certain Maytag upright vacuum cleaners exploiting Dyson's patents. Specifically, Dyson claims that Defendant has infringed various Dyson patents relating to cleaning apparatuses, dual cyclonic cleaning apparatuses, and dust separation apparatuses. Dyson claims that Maytag's repeated acts of patent infringement have caused Dyson significant financial harm and loss of United States

market share. Maytag has counter-claimed that Dyson, through various marketing campaigns, has made false and misleading statements as to the suction power, cleaning efficacy, and design and performance capabilities of certain models of its upright vacuums.

**The Evidence to be Obtained**

10.  R&TC has undertaken research and testing analyses for or on behalf of Maytag, specifically related to the Dyson and/or Maytag upright vacuum cleaner models at issue in these proceedings.

11.  R&TC has been identified by Dyson as an entity likely to have relevant information related to Maytag's documentary production to date in this case. Dyson seeks the production of documents related to the underlying claims at issue in this action, including, without limitation, documentary evidence of testing of Dyson and/or Maytag upright vacuums performed for or on behalf of Maytag by R&TC.

12.  Specifically, Dyson seeks that R&TC produce for inspection and photocopying the following documents for use at trial:

(1)  Any and all documents dated January 1, 2002 through the present relating to any research or testing of Dyson upright vacuums sold in the United States, including, but not limited to, Dyson upright vacuum models DC07, DC14, and DC15;

(2)  Any and all documents dated January 1, 2002 through the present, relating to any research or testing of Maytag upright vacuums sold in the United States, including, but not limited to, the Hoover WindTunnel, the Hoover Fusion and the Maytag Legacy;

4

(3)   Any and all documents dated January 1, 2002 through present, concerning any communications between Maytag and R&TC and/or any other industry association and/or any testing facilities, laboratories or research companies relating to testing, analyses, research or evaluations of Dyson and/or Maytag upright vacuums made or sold in the United States;

(4)   Any and all documents dated January 1, 2002 through present, related to International Electrotechnical Committee ("IEC") or ASTM International ("ASTM") protocols for testing upright vacuum cleaners, including protocols applicable to tests performed at the request of Maytag for Maytag and/or Dyson upright vacuums sold in the United States.

**Procedures to be Followed**

13.   With regard to all of the documents requested above, if R&TC contends that the contents of a document requested to be produced for inspection and R&TC shall nevertheless provide a description of the document in question which shall include, with respect to each document:

    i.    Each privilege R&TC contends protects the document from disclosure;

    ii.    Each and every fact upon which R&TC relies to support the claim of privilege;

    iii.    An identification of the type of document (e.g., letter, memorandum, telegram, telefax, notes or memoranda of telephone conversations, etc.);

    iv.    The date of each document or when it was created;

    v.    The author(s) of each document;

    vi.    The person or persons to whom each document was directed;

  vii.  The person or persons to whom copies of each document were supplied;

  viii.  The person or persons who received or obtained copies of each document; and

  ix.  The general subject matter of each document.

14. It is requested that any documents produced be made available to the parties named herein within 15 days of service of this Letter of Request.

15. It is requested that the documents be produced or made available to the attention of the following:

 Steven F. Reich
 Manatt, Phelps, Phillips LLP
 7 Times Square
 New York, NY 10036

16. The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Hague Evidence Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Hague Evidence Convention being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the documents requested will be borne by the Plaintiff.

17. This Letter of Request is made this ___ day of _____, 2006 by the undersigned requesting court, the District Court of Delaware, Delaware, United States.

         _____
         The Honorable Gregory M. Sleet
         U.S.D.J.