# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED and )
DYSON, INC. )
)
        Plaintiffs, )           CIVIL ACTION NO. 05-05-434
)
    v )
)
MAYTAG CORPORATION )
)
        Defendant )

**DEFENDANT MAYTAG CORPORATION'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS DYSON
TECHNOLOGY LIMITED AND DYSON, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby requests that Plaintiffs produce the following documents and things for inspection and copying at the office of Defendant's undersigned counsel, Connolly Bove Lodge & Hutz, LLP, within thirty (30) days as prescribed by Rule 34 or at a time mutually agreed upon by the parties.

If a claim of privilege is asserted for any document requested herein and that document is withheld from production pursuant to such a claim, in a listing provided at the date and time of the designated production, for each claim, identify: (1) the date of the document, (2) the addressee of the document, (3) the author of the document, (4) the person or persons to whom copies were made available, (5) a description of the general subject matter of the document, (6) the person who is currently in possession of the document, and (7) the nature and factual basis of the privilege claimed.

Plaintiffs are also requested to supplement their responses to the following requests for production of documents and things in accordance with the provisions of Rule 26(e), Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions and instructions are applicable herein:

1

Document, and includes objects of every kind and nature such as, but not limited to, prototypes, models and specimens.

(E)     "Communication" shall mean and refer to any oral or written communication or contact between two or more persons, including, without limitation, written contact by such means as letter, memorandum, telegram, telex or any other document, and oral contact, heard or overheard, by such means as a face-to-face meeting, radio conversation, telephone conversation, and every other mode of transferring thoughts or ideas between persons.

(F)     "Relating to" shall mean, in whole or in part, referring to, evidencing, constituting, concerning, containing, mentioning, embodying, discussing, reflecting, dealing with, analyzing or otherwise pertaining to the subject matter of the request.

(G)     The "accused products" shall refer to the Maytag (Hoover) Fusion vacuum cleaner.

(H)     "Patents-in-suit" refers to U.S. Patent Nos. 4,643,748, 4,826,515, 4,853,008 and 5,858,038.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: Documents sufficient to show the ownership and control of Plaintiffs, including but not limited to the identity of the manager, directors and officers of Plaintiffs, and the managers, directors, and officers of Plaintiff's engineering, legal, marketing, research and development, and sales operations since 2000.

**REQUEST NO. 2**:  All documents relating or referring to Defendant.

**REQUEST NO. 3**:  All documents relating or referring to the any of the patents-in-suit.

**REQUEST NO. 4**:  All documents relating or referring to any correspondence, negotiation, discussion or communication with third parties regarding any of the patents-in-suit.

**REQUEST NO. 5**:  All documents constituting, referring or relating to any opinion of any counsel relating to the patents-in-suit.

**REQUEST NO. 6**:  All drafts or prior versions of any opinion, including any draft or prior version of any opinion that exists or resides in machine-readable form (as an archival file, backup file or otherwise) relating to any of the patents-in-suit.

3

**REQUEST NO. 7:** Any files, including internal working files, that contain documents, communications, materials, or information related to any opinion of any counsel relating to any of the patents-in-suit.

**REQUEST NO. 8:** All documents that constitute, refer, or relate to prior art regarding the validity or invalidity of any of the claims of the patents-in-suit.

**REQUEST NO. 9:** All documents that constitute, refer or relate to any state of the art, patentability, novelty, or validity search, study, or analysis concerning the technology disclosed in any of the patents-in-suit.

**REQUEST NO. 10:** All documents relating or referring to Plaintiffs' contentions that the accused products infringe (either literally or under the doctrine of equivalents) any of the claims of the patents-in-suit.

**REQUEST NO. 11:** All documents relating or referring to Plaintiffs' contentions that the patents-in-suit are valid.

**REQUEST NO. 12:** All documents relating or referring to Plaintiffs' contention that the patents-in-suit are enforceable.

**REQUEST NO. 13:** All documents relating or referring to the level of ordinary skill in the art for the subject matters of the patents-in-suit at the time the inventions of the patents-in-suit were made.

**REQUEST NO. 14:** All documents relating or referring to the conception, development, engineering, testing, implementation and sales and offers for sale of products made and/or sold pursuant to each of the patents-in-suit.

**REQUEST NO. 15:** All documents relating or referring to any testing and/or analyses of the accused products.

**REQUEST NO. 16:** All documents constituting, referring, or relating to any communication with any third party regarding the accused products.

**REQUEST NO. 17:**. Documents constituting the specifications for all products made/or sold pursuant to each of the patents-in-suit.

4

**REQUEST NO. 18**:  Documents sufficient to show the number and nature of any research projects, programs, or efforts to design, develop, manufacture, and market the products made pursuant to the patents-in-suit, including but not limited to the amount of money and effort spent on research projects, programs or efforts undertaken to design, develop, manufacture, and market the products pursuant to the patents-in-suit.

**REQUEST NO. 19**:  All Plaintiffs' profit and loss statements and/or income statements for all years during which income was derived from products made pursuant to the patents-in-suit.

**REQUEST NO. 20**:  Documents sufficient to show Plaintiffs' monthly and annual sales volume, production costs, direct material and labor costs, and/or gross and net profit before taxes attributable to products made and or sold pursuant to the patents-in-suit, in monetary value and units.

**REQUEST NO. 21**:  Documents sufficient to show any income derived by Plaintiffs relating to the sale of products made pursuant to the patents-in-suit.

**REQUEST NO. 22**:  Documents sufficient to show all advertising and promotion by Plaintiffs relating to products made pursuant to the patents-in-suit.

**REQUEST NO. 23**:  All audited financial statements for Plaintiffs and all accounting policy and procedure manuals for Plaintiffs for those years during which Plaintiffs made and/or sold products made pursuant to the patents-in-suit.

**REQUEST NO. 24**:  All contracts, agreements, and correspondence between Plaintiffs and any third party regarding the invention, creation, manufacture, use, license, sale, offer for sale, or offer for license of the inventions of the patents-in-suit.

**REQUEST NO. 25**:  All documents relating or referring to the market for products made pursuant to the patents-in-suit, including but not limited to any communication between Plaintiffs and any third party comparing such products to any other competitive products.

**REQUEST NO. 26**:  All documents relating or referring to Dyson's advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

5

**REQUEST NO. 27:** All documents pertaining to any tests, evaluations or assessments that tend to verify or refute Dyson's advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41 44, and 48 of Maytag's Counterclaims.

**REQUEST NO. 28:** Documents sufficient to slow the amount of money spent by Dyson for advertising and marketing product in association with the advertising and marketing claims set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 29:** Documents sufficient to show the amount of sales (monetary value and unit volume) of Dyson vacuum cleaners associated with the advertising and marketing claims set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 30:** Documents sufficient to show the amount of profit realized by Plaintiffs from the sale of vacuum cleaners associated with the advertising and marketing claims set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 31:** Documents sufficient to show Plaintiffs' document retention and/or destruction policy and degree of adherence thereto

**REQUEST NO. 32:** With respect to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims, all documents that refer or relate to any consumer or customer comments, including compliments or complaints and positive or negative comments.

**REQUEST NO. 33:** With respect to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims, all documents that refer or relate to any improvements in the products, or any need (whether perceived or actual) to improve any of such products.

6

**REQUEST NO. 34:** All documents that refer or relate to when Plaintiffs first became aware of the accused products.

**REQUEST NO. 35:** All documents that refer or relate to any communication with any third party regarding this lawsuit.

**REQUEST NO. 36:** All documents that refer or relate to any communication with any third party regarding Defendant.

**REQUEST NO. 37:** All documents relating to the past, present or future actual or projected profitability of products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 38:** All documents referring or relating to any business, strategic, or marketing plans of Plaintiffs relating to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 39:** All documents referring or relating to any business, strategic, or marketing goals of Plaintiffs relating to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 40:** All documents referring or relating to any market-share analysis performed by or on behalf of Plaintiffs relating to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 41:** All documents referring or relating to any market-share forecasts for Plaintiffs or any of their competitors, relating to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

7

**REQUEST NO. 42:** All documents referring or relating to Plaintiffs' market-share goals relating to products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 43:** All documents referring or relating to Plaintiffs' revenue analysis with respect to sales of products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 44:** All documents referring or relating to any revenue projections made by Plaintiffs with respect to sales of products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims.

**REQUEST NO. 45:** All documents referring or relating to patent applications for the patents-in-suit, including but not limited to the prosecution history files for such patent applications whether issued, pending, or abandoned, and any correspondence with any governmental Patent Office or others regarding such patent applications.

**REQUEST NO. 46:** All documents sufficient to show ownership and chain of title of the patents-in-suit.

**REQUEST NO. 47:** All documents referring or relating to Plaintiffs' share of the market for products made and or sold pursuant to the patents-in-suit and/or advertised or marketed in association with the advertising and marketing claims as set forth in paragraphs 10, 16, 21, 27, 31, 34, 38, 41, 44 and 48 of Maytag's Counterclaims, including but not limited to Plaintiffs' marketing practices, customers, pricing policies, and any comparative analyses with any other competitor.

**REQUEST NO. 48:** All documents that refer or relate to any claim that you assert for actual damages resulting from the patent infringements alleged in the Complaint.

**REQUEST NO. 49:** All documents that refer or relate to any claim for a reasonable royalty as compensation for damages resulting from the patent infringements alleged in the

8

Complaint.

    **REQUEST NO. 50:**  All documents relating to the nature, extent and amount of damages which you claim to have sustained as alleged in the Complaint.

    **REQUEST NO. 51:**  All documents pertaining to the individual named Mike Rutter referred to in paragraph 18 of the Affidavit of James Dyson filed herein.

..............................................
Francis DiGiovanni (#3189)
Stephanie O'Byrne (#4446)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Facsimile (302) 658-5614


Ray L. Weber (Ohio Reg. No. 0006497)
Laura J. Gentilcore (Ohio Reg. No. 0034702)
Renner, Kenner, Greive, Bobak,
    Taylor & Weber
400 First National Tower
Akron, OH 44308\
Phone (330) 376-1242
Facsimile (330) 376-9646

Stephen P. Durchslag, Esq.
Winston & Strawn L.L.P.
35 West Wacker Drive
Chicago, IL 60601
Phone: (312) 558-5600
Facsimile: (312) 558-5700


Attorneys for Defendant Maytag Corporation

## CERTIFICATE OF SERVICE

I, Stephanie O'Byrne, hereby certify that on December 27, 2005, I caused a copy of the foregoing
DEFENDANT MAYTAG CORPORATION'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS DYSON TECHNOLOGY LIMITED AND DYSON, INC
to be served by first class U.S. Mail delivery on the following counsel of record:

>David B. Tulchin
>Richard C. Pepperman, II
>James T. Williams
>Keith McKenna
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, New York 10004
>
>Steven F. Reich
>Jeffrey S. Edelson
>Monica Y. Youn
>Manatt, Phelps, Phillips, LLP
>7 Times Square
>New York, NY 10004

and by hand delivery upon the following counsel of record:

>C. Barr Flinn
>John W. Shaw
>Glenn C. Mandalas
>Young Conaway Stargatt & Taylor, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

_____
Stephanie O'Byrne

10