Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1514881 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Briefs and Other Related Documents
F.T. Intern., Ltd. v. MasonE.D.Pa.,2000.Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
F.T. INTERNATIONAL, LTD.,
v.
Thomas E. MASON, Marshland, Ltd., and Main Street Bank also Trading as Berks County Bank and Heritage Bank and Sovereign Bank.
No. CIV.A. 00-5004.

Oct. 11, 2000.

MEMORANDUM ORDER
WALDMAN.

*1 In a verified amended complaint filed yesterday, plaintiff asserted a variety of claims arising from an alleged conversion of its funds by defendants Marshland and Mason. The complaint was accompanied by a motion for a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.P. 65 by which plaintiff seeks to freeze funds held by the defendant banks in accounts of the individual and corporate defendants.

Plaintiff avers that it was fraudulently induced to maintain $15,000,000 in its account at First Union Bank in Reading by defendant Marshland, through its CEO and shareholder, defendant Mason, who represented that these funds would remain on deposit at First Union while generating a substantial return in connection with a $500,000,000 investment program. Plaintiff avers that Marshland, through defendant Mason, effected the transfer of the $15,000,000 from plaintiff's account at First Union to accounts in their names at different financial institutions by use of a falsified corporate resolution purportedly adopted by plaintiff. Plaintiff avers that it has made a demand of defendant Mason for return of these funds and he has refused. Plaintiff avers that defendant Mason has now transferred $5,000,000 of these funds to an offshore bank and $2,500,000 to accounts at Berks County Bank in the names of Marshland and Mason. Plaintiff avers that those defendants have been transferring these funds between their accounts at Berks County Bank and accounts in their names at Sovereign Bank. Plaintiff avers that Mr. Mason has engaged in similar conduct with regard to the bank account of a South Carolina investor.

Plaintiff seeks an order freezing all accounts and deposits at the defendant banks in the name of defendant Marshland or defendant Mason and restraining these defendants from withdrawing any funds on deposit with the defendant banks.[FN1] Plaintiff also seeks an order requiring these defendants to render an accounting of all of the funds transferred from First Union.

> FN1. Plaintiff has presented its request for a TRO *ex parte*. Plaintiff has not specifically articulated a reason why an order should be entered *ex parte*. The court infers from the averments in the complaint that plaintiff reasonably fears that with advance notification, Mr. Mason would alienate or secrete the funds before a hearing could be held.

There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

A federal court has no authority generally to freeze a defendant's funds to help ensure satisfaction of a judgment should the plaintiff prevail on an underlying legal claim. See Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc., 527 U.S. 308, 119 S.Ct. 1961, 1975, 144 L.Ed.2d 319 (1999). A court also has no authority in any event to freeze assets in an amount which exceeds that recoverable in the underlying action. See Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 198-99 (3d Cir.1990).[FN2]

> FN2. That plaintiff has included a civil RICO claim does not authorize an injunctive order freezing assets. See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1529-30 (11th Cir.1994); Dixie Carriers, Inc. v. Channel Fueling Service, Inc., 843 F.2d 821, 830 (8th Cir.1988); Religious Tech. v. Ctr. v. Wollersheim, 796 F.2d 1076, 1088-89 (9th Cir.1986).

Aside from the traditional showing necessary to obtain preliminary injunctive relief, a plaintiff may obtain a prejudgment freeze on a defendant's assets

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2000 WL 1514881 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

only if he has asserted a cognizable equitable claim, has demonstrated a sufficient nexus between that claim and specific assets of the defendant which are the target of the injunctive relief, and has shown that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed. See U.S. ex rel. Rahmam v. Oncology Associates, P.C., 198 F.3d 489, 496-97 (4th Cir.1999). See also Travelers Casualty & Surety Co. v. Beck Development Corp., 95 F.Supp.2d 549, 552-53 (E.D. Va.2000); III Finance Ltd. v. The Aegis Consumer Funding Group, Inc., 1999 WL 4619808, *4 n. 1 (S.D.N.Y. July 2, 1999).

Plaintiff has asserted a cognizable equitable claim for unjust enrichment. The elements of unjust enrichment are: a benefit conferred on the defendant by plaintiff; appreciation of such benefit by defendant; and, acceptance and retention of such benefit under circumstances making it inequitable for defendant to retain the benefit without payment of value. See Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa.Super.Ct.1999). Unjust enrichment has been applied in circumstances where the defendant acts wrongly or fraudulently in appropriating plaintiff's property. See Robbins v. Kristofic, 434 Pa.Super. 392, 643 A.2d 1079, 1083 (Pa.Super.Ct.1994) (defendant misappropriated funds of plaintiffs); Denny v. Cavalieri, 297 Pa.Super. 129, 443 A.2d 333, 335 (Pa.Super.Ct.1982)(financial advisors defrauded plaintiff of funds he gave defendants); Scott v. Purcell, 264 Pa.Super. 354, 399 A.2d 1088, 1092 (Pa.Super.Ct.1979).

*2 Plaintiff seeks a constructive trust on the funds to be targeted by the injunctive relief and thus a sufficient nexus exists. See Rahmam, 198 F.3d at 498. Moreover, plaintiff avers that defendant acquired the funds fraudulently and thus plaintiff has an equitable interest in the funds which provides a sufficient nexus. See Travelers Casualty & Surety Co., 95 F.Supp.2d at 554. A TRO freezing the claimed funds is a reasonable means to preserve the status quo. See Fairview Machine & Tool Co., 77 F.Supp.2d at 204. A TRO is also reasonable as it would aid the court in granting the equitable relief sought. See Rahman, 198 F.3d at 498.

On the facts as averred, plaintiff would likely prevail on a claim for unjust enrichment. The diversion and transfer abroad of millions of dollars by defendants suggests that plaintiff will be unable to recoup any of its funds without prompt injunctive action. This is sufficient to show irreparable harm. This harm substantially outweighs the negligible harm to the defendant banks and the harm to defendants Mason and Marshland from the entry of a restraining order which essentially would consist of loss of the use of the frozen funds for a short period until the parties could be heard on whether a preliminary injunction should issue.[FN3] On the facts as averred, the public interest would not be affected adversely in any way. Also, the prevention of unjust enrichment by means of fraud or misappropriation, even that affecting only private entities, is in the general public interest.

   FN3. Any interest on the funds would continue to accrue.

The TRO requested by plaintiff will be granted. The freeze of assets will be limited to the identified $2,500,000 and will automatically dissolve upon defendant's escrow of $2,500,000.

ACCORDINGLY, this .... day of October, 2000, upon consideration of plaintiff's Motion for Temporary Restraining Order (Doc. # 7), consistent with the foregoing, IT IS HEREBY ORDERED that said Motion is GRANTED and an appropriate restraining order will be entered.

*TEMPORARY RESTRAINING ORDER*

*3 AND NOW, this .... day of October, 2000, consistent with the court's accompanying memorandum order granting plaintiff's Motion for a Temporary Restraining Order, IT IS HEREBY ORDERED that:

1. defendants Thomas E. Mason and Marshland, Ltd. are immediately enjoined from removing, withdrawing, drawing upon, pledging or in any way alienating any funds or deposits of any kind on account in the name of or subject to the control of Mason or Marshland in Main Street Bank t/a Berks County Bank and Heritage Bank or from Sovereign Bank through October 21, 2000, see Fed.R.Civ.P. 65(b), or such other time as may be prescribed by further Order of this Court;

2. defendants Main Street Bank t/a Berks County Bank and Heritage Bank and Sovereign Bank shall immediately freeze any accounts, funds and deposits in the names of, or subject to control by, Thomas E. Mason and/or Marshland, Ltd. through October 21, 2000 or such other time as may be prescribed by further order of this Court;

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 3
Not Reported in F.Supp.2d, 2000 WL 1514881 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

3. the foregoing notwithstanding, the total amount of funds to be frozen pursuant to paragraphs 1 and 2 shall aggregate no more than $2,500,000, and this restraining order shall automatically dissolve upon the escrow of $2,500,000 by defendants Mason and Marshland into the registry of this Court; and,

4. a hearing will be held at 2:00 p.m. on October 19, 2000, in Courtroom 9B, Ninth Floor, United States Courthouse, 601 Market Street, Philadelphia, Pa. at which time the parties shall appear and be heard on whether plaintiff's request for a preliminary injunction should be granted continuing the relief provided herein.

This order is conditioned upon plaintiff promptly posting security in the amount of $20,000.00. *See* Fed.R.Civ.P. 65(c).

Plaintiff shall be responsible for obtaining any necessary certified copies of this order from the clerk and for immediately thereafter effecting service upon defendants.

This order is entered on the above date at 4:15 p.m. without advance notice to defendants because it appears from plaintiff's averments regarding defendant's conduct to date that upon such advance notice defendant would likely secrete or alienate the funds to be frozen. *See* Fed.R.Civ.P. 65(b).

E.D.Pa.,2000.
F.T. Intern., Ltd. v. Mason
Not Reported in F.Supp.2d, 2000 WL 1514881 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:00CV05004 (Docket) (Oct. 04, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.