AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and<br>DYSON, INC.,<br><br>V.<br><br>MAYTAG CORPORATION | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER:[1]    05-434-GMS<br>(For a case pending in the District of Delaware) |

TO:
Jeffrey Hyman
c/o Tamar Feder, Esq.
manatt | phelps | phillips llp
7 Times Square
New York, NY 10036

    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Winston & Strawn LLP<br>35 W. Wacker Drive<br>Chicago, IL 60601 | Sunday, December 17, 2006 at 10 a.m. |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
### See Schedule A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Winston & Strawn LLP<br>Attn: Lisa Parker<br>35 W. Wacker Dr.<br>Chicago, IL 60601 | Friday, December 8, 2006. |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Lisa J. Parker, Attorney for Defendant Maytag Corporation | December 4, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Lisa J. Parker, Winston & Strawn LLP, 35 W. Wacker Dr., Chicago, IL 60601      (312) 558-5600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]  If action is pending in district other than district of issuance, state district under case number.

AO 88  (Rev. 1/94)   Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                                                      TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                                                    DATE                                  SIGNATURE OF SERVER

_____
                                                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS WITH RESPECT TO ITEMS SUBPOENAED

The terms used in the following list of items subpoenaed shall be construed as follows:

      1.    All/Each. The terms "all" and "each" shall be construed as all and each.

      2.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      3.    Concerning. The term "concerning" means concerning, referring to, relating to, describing, evidencing, or constituting.

      4.    Relating to. The term "relating to" means mentioning, discussing, including, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, concerning, reporting, purporting or involving an act, occurrence, event, transaction, fact, thing, or course of dealing.

      5.    Document(s). The terms "document" or "documents" means and includes any medium upon which intelligence or information can be recorded, maintained or retrieved, including, without limitation, the original or a copy thereof, regardless of the origin and location, of any writing or recording of any type or description, however produced or reproduced, which is in your or your representatives' possession, custody, or control, or to which you have or had access, or of which you have knowledge or which you have a right or privilege to examine upon request or demand, and includes any and all writings and recordings as the term is used in Federal Rule of Evidence 1001 and includes the original (or a copy if the original is not available) and any non-identical copies (whether different from the original because of notes made on the copy or otherwise).

      6.    Communication. The term "communication" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other form of information exchange whether oral, written or electronic.

      7.    You/Your. The terms "You" and "Your" refers to Jeffrey Hyman, in your personal capacity and as a former employee of Dyson.

      8.    Dyson. The term "Dyson" refers to Dyson Technology Limited and Dyson, Inc. and any and all of its predecessors and successors in interest, any and all of its parents, subsidiaries, divisions, affiliates, and affiliated entities, and its partners, employees, agents, officers, directors, and representatives of the foregoing and any other person acting or purporting to act on behalf of any of the foregoing.

9.      The singular form of a word should be interpreted as plural and the plural should be interpreted as singular to give the word or words the broadest possible meaning.

10.     This subpoena has no date limitation.  All relevant documents are requested, regardless of when they were created.

## INSTRUCTIONS FOR PRODUCTION OF DOCUMENTS

1.  In producing the documents, You are requested to furnish all documents in its possession, custody or control, whether these documents are possessed directly by your agents, attorneys, employees or representatives, or by your attorneys' agents, employees or representatives.

2.  In producing these documents, please indicate the specific request(s) to which each document or group of documents is responsive.

3.  If any of the documents cannot be produced in full, You are requested to produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating whatever information, knowledge or belief You have concerning the unproduced portion.

4.  If any of the documents requested were at one time in existence, but no longer are, please so state, specifying for each document: (1) the type of document; (2) if applicable, the information once contained therein or thereon as appropriate; (3) the date upon which it ceased to exist; (4) the circumstances under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of or who had knowledge of the contents thereof.

5.  If You assert that any Request contains any objectionable inquiries, state your objection to the particular inquiry or inquiries within any Request which You deem objectionable.  Unless your objection goes to the entire Request and to each and every response called for thereby, please provide all information responsive to all portions of the Request which You do not deem objectionable. If your objection is directed to the scope of a particular time period for which documents are requested or to the failure to specify any time period whatsoever, please state what portions of the time period You deem objectionable and provide all documents responsive to the inquiry as they relate to the non-objectionable portion of the time period.

6.  If You contend that the contents of a document requested to be produced for inspection and copying are protected from disclosure by virtue of a privilege, it is intended and requested that You shall nevertheless provide a description of the document in question which shall include, with respect to each document:

   i.    Each privilege which You contend protects the contents of the document from disclosure;

   ii.   Each and every fact upon which You rely to support the claim of privilege;

   iii.  An identification of the type of document (e.g., letter, memorandum, telegram, telefax, notes or memoranda of telephone conversations, etc.);

   iv.   The date of each document or when it was created;

   v.    The author(s) of each document;

   vi.   The person or persons to whom each document was directed;

      vii.      The person or persons to whom copies of each document were supplied;

     viii.     The person or persons who received or obtained copies of each document; and

      ix.      The general subject matter of each document.

7. These Requests are continuing requests for all documents and things which are described below which may hereafter come into your possession, custody or control. You are to provide, by way of supplemental responses, any additional information, most notably that specified under Fed. R. Civ. P. Rule 26(e), or documents that may hereinafter be obtained by You or any person acting under your behalf, which will augment or otherwise modify your responses.

## DOCUMENTS REQUESTED

1.      Any and all documents concerning or relating to any advertising, marketing, promotional materials and all other materials related to advertising or marketing of Dyson vacuums sold in the United States, including but not limited to the creative brief, copy direction, pretests, predecessors, drafts, storyboards, production scripts, concept tests, positioning tests, rough-cuts, animatics, advertising creative and copy development, claim/promise tests, and all other research (collectively the "Advertising").

2.      Any and all documents which refer or relate to any target audience analysis, copy strategy, copy direction, advertising copy tests, creative briefs, brand-recognition studies, competitive advertising analysis, positioning statements, in-market studies or so called first-launch studies, tracking studies, marketing and media strategy documents, media schedules, market research, and any Network clearance, inquiry or other correspondence regarding the Advertising.

3.      Any and all documents concerning communications between You and Dyson and/or any advertising agency and/or any testing facilities, laboratories or research companies relating to the advertising and/or testing, analyses, research or evaluations for Dyson vacuums made or sold in the United States.

4.      Any and all documents relating to each strategic marketing plan developed by or for Dyson relating or referring to the sale of vacuums in the United States.

5.      Any and all documents reflecting each report or summary of results of any survey, focus groups, or other market research, investigation or study relating to the Advertising.

6.      Any and all documents reflecting development, execution, and analysis of tracking studies and market intelligence regarding the Advertising, including but not limited to

5

selection of sample size and location, key issues regarding strategy, creative, and media, specifications of the tracking studies, recruitment criteria, demographics, interviews, ads shown, ad recognition, ad awareness, brand awareness, ad response, brand response, brand framework/imagery, brand general sources of awareness, brand usage, likelihood to purchase, questions posed, questions regarding competitive products, competitive advertising, response to James Dyson, timing, questionnaire and study design and approval, incidence and production, approval, research costs, research results and conclusions, diagnosis of how the Advertising affects the overall brand (both in terms of awareness and brand health versus the competition), how tracking studies influenced creative development, and whether consumers make a link between "doesn't lose suction" and having a cleaner home.

7.    Any and all documents reflecting insights and implications from tracking studies regarding the Advertising, including but not limited to recaps of background and methodology used in tracking studies, analysis of how are the advertising and brand trending, how are consumers responding to the advertising, what does Dyson's relationship with consumers look like, which media is most effective, conclusions and recommendations, key takeaways from tracking, whether people are registering the advertising, how different target's perceptions vary, what people think of the print and outdoor Advertising, whether additional media has impacted perceptions of the brand, how the competitive landscape has changes, objectives and recommendations regarding the Advertising, how different target's perceptions vary.

8.    Any and all documents reflecting Dyson or The Hoover Company ad test results including review of research methodology, key takeaways, ad response, brand response,

Hoover or Dyson ad recognizers versus non-recognizers, and whether copy test results hold true in tracking.

9.    Any and all documents relating to any litigation, challenges, disputes, arbitrations or mediations before any court, government agency, consumer group, or the National Advertising Division of the Better Business Bureaus (NAD) regarding advertising claims for Dyson vacuum cleaners made or sold in the United States.

## DEPOSITION TOPICS

1. The scope of your job responsibilities while employed by Dyson..

2. Dyson's advertising and marketing strategy for Dyson vacuums made or sold in the United States.

3. Dyson's strategy for competing with The Hoover Company in the upright vacuum cleaner market.

4. Advertising or marketing and promotional materials and any other materials related to advertising or marketing of Dyson vacuums sold in the United States, including but not limited to the creative brief, copy direction, pretests, predecessors, drafts, storyboards, production scripts, concept tests, positioning tests, rough-cuts, animatics, advertising creative and copy development, claim/promise tests, and all other research (collectively "Advertising").

5. Any testing, analyses, research or evaluations of Dyson vacuums related to advertising or which substantiate or refute Dyson's advertising claims for vacuums made or sold in the United States.

6. The dollar amount expended by Dyson for the Advertising and marketing.

7. Consumer research conducted by or on behalf of Dyson concerning (a) U.S. consumer's behavior and purchasing decisions regarding vacuum cleaners; (b) the uses to which U.S. consumers put upright vacuum cleaners in the home; (c) in-home trial tests of Dyson upright vacuum cleaners in the U.S.

8. Communications with consumers concerning the efficacy of Dyson upright vacuum cleaners.

9. Any litigation, challenges, disputes, arbitrations or mediations before any court, government agency, consumer group, or the National Advertising Division of the Better

8

Business Bureaus (NAD) regarding advertising claims for Dyson vacuum cleaners made or sold in the United States.