IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. C.A. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |
| DYSON, INC. | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. C.A. 06-654-GMS |
| MAYTAG CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**PROPOSED ORDER**

At Wilmington this ___ day of December, 2006, having considered the parties' arguments and in response to allegations of improper and or impermissible conduct by counsel during depositions that were raised and addressed by the Court during the discovery conference held on Thursday, December 7, 2006,

IT IS HEREBY ORDERED that depositions shall be conducted according to the following procedure:

    a.    <u>Objections Generally</u>. The only objections that should be raised at a deposition are those involving privilege against the disclosure of information or some matter that may be corrected immediately following the objection, such as objection to the form of the question.

Any statement of an objection should be concise, civil, not argumentative, and should not improperly suggest answers to or otherwise coach the deponent.

      b.      <u>Statement Of Objections</u>.  Objections as to the form of the question should be limited to the words "Objection, form." All other objections should be limited to the word "Objection" and a brief identification of the ground, preferably in no more than three words.

      c.      <u>Instructions Not To Answer</u>.  Counsel may not instruct a witness not to answer a question, unless (1) answering the question wold require the disclosure of information that is protected from disclosure as privileged or work product, (2) necessary to enforce a court directive limiting the scope of discovery, or (3) counsel intends to promptly move to terminate or limit examination pursuant to Federal Rule of Civil Procedure 30(d)(4), in which case counsel shall notify the Court to request a time to present the dispute, in accordance with the Scheduling Order in this matter and the Court's established procedure for resolving discovery disputes of this type.  In accordance with Federal Rule of Civil Procedure 26(b)(5), when a privilege is claimed, the witness should answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, who made the statement to whom and in whose presence, the names of the other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

      d.      <u>Procedure</u>.  Pursuant to the Federal Rule of Civil Procedure 30(c), the examination should proceed as permitted at trial, except that the scope of cross examination shall not be limited to those matters covered on direct.  Counsel for a witness may not consult with that witness about the subject matter of his or her testimony while that witness is under examination by an opposing party, including during breaks during the deposition, except to the extent required to ascertain the existence of any privilege.  From the commencement to the

conclusion of a deposition, counsel for a witness shall not directly or indirectly suggest in any way to a deponent that a question not be answered or the manner in which a question should be answered, or otherwise interrupt the examination in any way not consented to by the examiner.

_____
United States District Judge