# EXHIBIT T

PAIGE FINGLES v. MAHESH GOKLANEY, M.D., RAVI GOKLANEY, M.D., and JANET GREESON'S A PLACE FOR US

CIVIL ACTION NO. 92-1080

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1992 U.S. Dist. LEXIS 19209

December 11, 1992, Filed; December 14, 1992, Entered

**COUNSEL:** {*1} For PAIGE FINGLES, PLAINTIFF: STEPHEN W. EDWARDS, DOLCHIN, SLOTKIN & TODD, P.C., 1234 MARKET STREET, 20TH FL., PHILA, PA 19107, USA.

For MAHESH GOKLANEY, M.D., RAVI GOKLANEY, M.D., DEFENDANTS: GEORGE J. MURPHY, M. JANE GOODE, HECKER, BROWN, SHERRY AND JOHNSON, 18TH & ARCH STREETS, 1700 TWO LOGAN SQUARE, PHILA, PA 19103, USA. For JANET'S GREESON'S A PLACE FOR US, DEFENDANT: DANIEL D. RADICH, BUDD, LARNER, GROSS, ROSENBAUM, GREENBERG & SADE, P.C., 400 MARKET STREET, 12TH FLOOR, PHILA, PA 19106, USA.

**JUDGES:** DUBOIS

**OPINION BY:** BY THE COURT; JAN E. DUBOIS

**OPINION: MEMORANDUM**

DUBOIS, J.

**DECEMBER 11, 1992**

Presently before this Court is the Motion of defendants, Mahesh Goklaney, M.D. and Ravi Goklaney, M.D., to dismiss the Complaint against them for lack of in personam jurisdiction pursuant to **Federal Rule of Civil Procedure 12(b)(2)**. For the reasons that follow, the Motion will be denied.

I.

In February, 1992, plaintiff, Paige Fingles, a Pennsylvania resident, commenced this medical malpractice action against defendants, Janet Greeson's A Place For Us ("APFU"), Mahesh Goklaney, M.D. and Ravi Goklaney, M.D. Jurisdiction is based on diversity of citizenship, **28 U.S.C. § 1332** {*2} (a)(1).

The facts may be summarized as follows.

APFU is a California corporation with its principal place of business in Los Angeles. n1 It maintains a facility at Los Angeles Doctor's Hospital ("LADH") to treat eating disorders and other psychiatric conditions. APFU advertised extensively in Pennsylvania at the time at issue in this case and when the action was commenced. Shortly after observing an APFU advertisement on local television, Ms. Fingles enrolled in the APFU facility at LADH in May, 1990.

- - -Footnotes- - -

n1 Janet Greeson's A Place For Us moved this Court to dismiss the Complaint against it on May 11, 1992. The Court denied that motion by Order dated October 13, 1992.

- - -End Footnotes- - -

Mahesh Goklaney, M.D. and Ravi Goklaney, M.D. (collectively referred to as "the Goklaneys") are California residents and are licensed as physicians by the State of California. The Goklaneys were staff psychiatrists at LADH in May, 1990, and were Ms. Fingles' attending psychiatrists while she was enrolled in the APFU program.

II.

**Rule 4(e) of the Federal** {*3} **Rules of Civil Procedure** permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the district court sits. **Provident Nat'l Bank v. California Federal Savings & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1987).**

The Pennsylvania Long Arm Statute, **42 Pa.C.S.A. § 5322(b)**, authorizes jurisdiction over nonresident defendants to the "fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." The reach of the long arm statute is coextensive with the due process clause of the United States Constitution. **Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984).**

Ms. Fingles, the plaintiff, bears the burden of demonstrating that the Goklaneys contacts with Pennsylvania are sufficient to justify an assertion of in personam jurisdiction. **Time Share, 735 F.2d at 63.** Because the factual record consists of pleadings and supporting documents, Ms. Fingles is required to

establish {*4} only a prima facie case for the assertion of in personam jurisdiction. See **Mantua Oil, Inc. v. C.J. Marketing Co., 621 F. Supp. 1194, 1195 (E.D. Pa. 1985).**

Ms. Fingles relies on §§ 5322(a)(1) and 5322(a)(4) of the Pennsylvania Long Arm Statute n2 as a basis for jurisdiction. It is her position that the Goklaneys transact business in Pennsylvania through APFU. Ms. Fingles also contends that the Goklaneys' tortious out-of-state conduct causing harm in Pennsylvania provides an alternative basis of jurisdiction. In order to sustain her burden, Ms. Fingles must establish either that the cause of action sued upon arose from the Goklaneys' activities within the forum state and that Goklaneys have sufficient minimum contacts with Pennsylvania, **Strick Corp. v. A.J.F. Warehouse Distrib., Inc., 532 F. Supp. 951, 956 (E.D. Pa. 1982)**, or, if the claim is not forum related, that the Goklaneys have continuous and systematic contacts with Pennsylvania, **Coleman Financial Services v. Charter Equip. Leasing Corp., 708 F. Supp. 664, 666 (E.D. Pa. 1989).**

- - -Footnotes- - -

n2 42 Pa.C.S.A. § 5322(a)(1) provides: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph: (i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object; (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts. . . ."

42 Pa.C.S.A. § 5322(a)(4) provides "A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person: (4) Causing harm or tortious injury by an act in this Commonwealth by an act or omission outside this Commonwealth."

- - -End Footnotes- - -

{*5}

The Goklaneys contend that they do not transact business in Pennsylvania as set forth in **42 Pa.C.S.A. § 5322(a)(1)**. They also argue that residual pain and suffering of a plaintiff residing in Pennsylvania which resulted from the out-of-state conduct of an out-of-state defendant is insufficient, without more, to confer jurisdiction over the defendant under **42 Pa.C.S.A. § 5322(a)(4)**. Finally, the Goklaneys assert that because they do not advertise in Pennsylvania, or otherwise solicit business in Pennsylvania, they do not have contacts with Pennsylvania which are sufficient to justify the Court's assertion of in personam jurisdiction.

By Order dated October 13, 1992, the Court denied APFU's Motion to Dismiss for lack of in personam jurisdiction. The Court determined in that Order that APFU had more than minimum contacts with Pennsylvania by virtue of its extensive advertising in Pennsylvania. That determination was based on APFU's advertisements on local television, in "T.V. Guide," a weekly publication, and other publications distributed in Pennsylvania in 1990. In February, 1992, when this action was commenced, APFU advertising was appearing nearly every day on local television {*6} and in almost every issue of "T.V. Guide". Such advertising made citizens of Pennsylvania aware of the APFU facilities, and thereby permitted APFU to realize pecuniary benefit from citizens of Pennsylvania. **Busch v. Sea World of Ohio, 95 F.R.D. 336, 339 (W.D. Pa. 1982)**; see also **Gavigan v. Walt Disney World, Inc., 646 F. Supp. 786 (E.D. Pa. 1986); Hart v. McCollum, 376 A.2d 644 (Pa. Super. 1977).**

The Court further determined in its Order of October 13, 1992, that Ms. Fingles' cause of action arose from APFU's advertising in Pennsylvania. That conclusion was based on that evidence that, in early 1990, Ms. Fingles saw an APFU advertisement on local television in Pennsylvania; shortly thereafter contacted APFU and obtained information regarding its program; and in May, 1990, enrolled in the APFU program at LADH. Although APFU's advertising did not injure Ms. Fingles, her injuries arose from APFU's advertising in Pennsylvania. See **Busch, 95 F.R.D. at 340**; see also **Hart, 376 A.2d 644; Turrett Steel Corp. v. Manuel Int'l Inc., 612 F. Supp. 387 (W.D. Pa. 1985).** {*7} The Court therefore concluded that it had in personam jurisdiction over APFU pursuant to 42 Pa.C.S.A § 5322(a)(1).

There is no evidence that the Goklaneys directly transact business in Pennsylvania; specifically, they do not advertise or otherwise solicit business in

Pennsylvania. That being so, the question before the Court is whether the Goklaneys' relationship with APFU is such that the Court may exercise in personam jurisdiction over the Goklaneys.

Pursuant to their contractual relationship with LADH, the Goklaneys saw APFU patients at LADH's request. The Goklaneys were the only psychiatrists to treat patients at APFU in May, 1990, the month Ms. Fingles was enrolled at APFU, and APFU was the only psychiatric program at LADH at that time.

In the years 1989, 1990 and 1991, the Goklaneys grossed $ 1,460,000.00 from APFU billings: Ravi Goklaney grossed $ 850,000.00 in this period; Mahesh Goklaney grossed $ 610,000.00 in 1989 and 1990, but did not provide a figure for his 1991 income. In 1989, Ravi Goklaney's gross income from APFU patients represented 40% of his total gross income; in 1990 and 1991, his gross income from APFU patients represented 70% of his total gross {*8} income. By the end of 1990, Ravi Goklaney devoted 100% of his time to APFU patients. In 1989, Mahesh Goklaney's gross income from APFU patients represented 50% of his total gross income; in 1990, his gross income from APFU patients represented 70% of his total gross income; Mahesh Goklaney did not provide a figure for his 1991 income.

The Goklaneys medical practice is closely linked to APFU. The patients APFU solicited in 1990 were referred only to the Goklaneys. APFU is the source of a significant portion of the Goklaneys' revenue.

Because of the Goklaneys' relationship with APFU, the Court concludes that the Goklaneys have sufficient minimum contacts with Pennsylvania to justify the Court's assertion of in personam jurisdiction over them. APFU has more than minimum contacts with Pennsylvania by virtue of its extensive advertising. Although APFU's advertising did not injure Ms. Fingles, that advertising induced her to enroll in the APFU program; Ms. Fingles' cause of action, therefore, arises from that advertising. Accordingly, the Court has jurisdiction over the Goklaneys pursuant to **42 Pa.C.S.A. § 5322(a)(1)**. Cf. **S.R. v. Fairmont, 280 S.E.2d 712, 716 (W. Va. 1981)** {*9} (West Virginia court had personal jurisdiction over Pennsylvania doctor who contracted with Pennsylvania clinic that solicited West Virginia patients).

The Court's exercise of in personam jurisdiction over the Goklaneys comports with due process and does not offend traditional notions of fair play and substantial justice. See **World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 290, 100 S. Ct. 559, 563 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, (1945)**. To the extent that APFU regularly solicited Pennsylvania patients, and, at the time in question referred all such patients to the Goklaneys, the Goklaneys may be considered as purposefully holding themselves out to Pennsylvania residents as providers of medical care. The Goklaneys, furthermore, have not asserted that they were the unwitting recipients of Pennsylvania patients.

The cases cited by the Goklaneys in their Memorandum of Law in Support of their Motion to Dismiss and their Supplemental Memorandum of Law in Support of their Motion to Dismiss, moreover, do not support a contrary conclusion. Those {*10} cases did not involve the hospital-doctor relationship present in this case and are otherwise distinguishable.

Because the Court has determined that it has jurisdiction over the Goklaneys pursuant to **42 Pa.C.S.A. § 5322(a)(1)**, the Court need not consider whether it also has jurisdiction under **42 Pa.C.S.A. § 5322(a)(4)**.

An appropriate Order follows.

ORDER - December 11, 1992, Filed

**AND NOW,** to wit, this 11th day of December, 1992, upon consideration of the Motion of Defendants, Mahesh Goklaney, M.D. and Ravi Goklaney, M.D., to Dismiss (Doc. No. 3), Plaintiff's Response to Defendants' Motion to Dismiss (Doc. No. 5), and the supplemental submissions of the parties, **IT IS ORDERED** that the Motion of Defendants, Mahesh Goklaney, M.D. and Ravi Goklaney, M.D., to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that defendants Mahesh Goklaney, M.D. and Ravi Goklaney, M.D. shall file and serve their Answer to the Complaint within 20 days.

**IT IS FURTHER ORDERED** that a status conference by telephone is scheduled for Monday, December 21st, 1992, at 4:45 p.m. Counsel for Plaintiff shall initiate the conference.

BY THE COURT:

JAN DUBOIS, J.