# EXHIBIT E

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

September 23, 2005

By Facsimile

Ray L. Weber,
    Renner, Kenner, Greive, Bobak, Taylor & Weber,
        400 First National Tower,
            Akron, Ohio 44308.

          Re:    Dyson, Inc. v. Maytag Corporation

Dear Mr. Weber:

        We would like to schedule a conference call next week to discuss discovery scheduling and other issues, pursuant to Federal Rule of Civil Procedure 26(f). We are available for such a call on the following dates and times: Monday, September 26 (after 3:30 p.m.); Tuesday, September 27 (any time in the morning); Wednesday, September 28 through Friday, September 30 (all day). Please advise us of your availability.

               Sincerely,

               *Keith McKenna*

               Keith McKenna

**Meehan, Maura**

| | |
|---|---|
| **From:** | Pepperman, Richard [peppermanr@sullcrom.com] |
| **Sent:** | Thursday, September 29, 2005 2:47 PM |
| **To:** | rlweber@rennerkenner.com |
| **Cc:** | Flinn, Barr; Shaw, John; McKenna, Keith; Tulchin, David B. |
| **Subject:** | Dyson v. Maytag |
| **Attachments:** | NY12531-#353062-v1-Dyson_Scheduling_Table.DOC |

Ray,

    I attach a copy of a document that sets out the various dates I provided you during our call yesterday.  I also set forth below a dial-in number for our follow up call next Wednesday at noon.  We hope to be able to complete our Rule 26(f) discussions during that call.


Company: Sullivan & Cromwell LLP
Host Name: Richard Pepperman
Meeting Date: October 05, 2005 12:00 PM [Eastern Time]
Primary Dial-In: 1 (800) 531-2212
Passcode: 9024902#


    I look forward to talking to you then.

Rick

---

**This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.**

# EXHIBIT F

## Meehan, Maura

**From:** Pepperman, Richard [peppermanr@sullcrom.com]
**Sent:** Wednesday, October 05, 2005 11:59 AM
**To:** Ray Weber
**Cc:** Flinn, Barr; Shaw, John; McKenna, Keith; Tulchin, David B.; Frank DiGiovanni
**Subject:** RE: Dyson v. Maytag

I am very disappointed in your decision not to participate in our call 30 minutes before it is scheduled to begin. That call had been scheduled for a week. I also disagree with your assertions about the applicable rules. Rule 26 (f) instructs the parties to confer "as soon as practicable." We filed this action in June. It is therefore perfectly appropriate -- indeed, necessary -- for us to confer pursuant to Rule 26(f) in October. I am not aware of any provision in the Local Rules that provides otherwise. If there is, please point me to the relevant rule. Because you refuse to participate in further discussions with us pursuant to Rule 26(f), we will consider our options, including possibly going to the judge with your refusal. It appears to us that you are simply attempting to delay any progress in this litigation.

> -----Original Message-----
> **From:** Ray Weber [mailto:rlweber@rennerkenner.com]
> **Sent:** Wednesday, October 05, 2005 11:26 AM
> **To:** Pepperman, Richard
> **Cc:** Flinn, Barr; Shaw, John; McKenna, Keith; Tulchin, David B.; Frank DiGiovanni
> **Subject:** Re: Dyson v. Maytag
>
> Pepperman, Richard wrote:
>
>> Ray,
>>
>> I attach a copy of a document that sets out the various dates I provided you during our call yesterday. I also set forth below a dial-in number for our follow up call next Wednesday at noon. We hope to be able to complete our Rule 26(f) discussions during that call.
>>
>>
>> Company: Sullivan & Cromwell LLP
>> Host Name: Richard Pepperman
>> Meeting Date: October 05, 2005 12:00 PM [Eastern Time]
>> Primary Dial-In: 1 (800) 531-2212
>> Passcode: 9024902#
>>
>> I look forward to talking to you then.
>>
>> Rick
>>
>> _____
>>
>> **This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.**
>
> Dear Rick:
>
> Since our discussion last week, I have revisited the propriety of your attempt to

undertake a Rule 26(f) conference independent of notification from the Court.  I have also now had an opportunity to confer with our local counsel, Frank DiGiovanni.  It is clear that any attempt to undertake a Rule 26(f) conference at this time is inconsistent with the Court's Local Rules, and is particularly inconsistent with Judge Sleet's practice.  We should wait to continue our earlier telephone conference until sometime following the Court's notification of counsel of the time for holding an initial conference under Local Rule 16.2(a).  Accordingly, we will not be participating in the telephone conference previously scheduled for noon today.

Ray

# EXHIBIT G

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

March 9, 2006

*Via Facsimile and E-Mail*

Lisa J. Parker,
    Winston & Strawn LLP,
        35 West Wacker Drive,
            Chicago, Illinois 60601-9703.

        Re:    <u>Dyson, Inc. v. Maytag Corporation</u>

Dear Lisa:

        I write to follow-up on certain outstanding discovery issues.

<u>Storage of Electronic Data</u>

        On February 9, counsel for the parties to this action participated in a conference call to discuss discovery-related issues. Subject to client approval, we agreed that, with regard to storage of electronic data, the parties need only keep copies of (a) any backup tapes containing electronic data created on or before August 31, 2005; and (b) a "current" snapshot of electronically stored documents. Counsel agreed that once a copy of the currently existing electronic data were made, there no longer would be a need to keep daily backups of e-mails and other electronic data for purposes of this litigation. Any searches for electronically-stored documents responsive to the parties' discovery requests would be limited to the agreed set of tapes.

        On February 22, you confirmed "that for purposes of the above-referenced lawsuit the parties have agreed to not keep computer back-up tapes on a going forward basis" and that "the parties have agreed to take a snapshot of their current computer files." You also promised to get back to us soon regarding counsels' tentative agreement not to require retention of backup tapes created after August 31, 2005. More than two weeks have passed since that letter was written, however, and we still have not heard from you on this issue. I would appreciate it if you would advise us of your client's position on this issue this week.

Lisa J. Parker                                                          -2-

<u>Scope of Search for Responsive Documents</u>

During the February 9 conference call, counsel for the parties also agreed to exchange on or before February 24, 2006: (a) organization charts; and (b) the identities of those present or former employees of their respective clients whose electronic and hard-copy files may contain information responsive to the other side's document requests and, therefore, whose electronic and hard-copy files counsel intend to search—in addition to searches of general corporate files. This agreement was confirmed by letters exchanged on February 16. The obvious purpose of this agreement was to provide each side with knowledge of the extent of the other side's document review so that if information produced in discovery suggested that a person or persons whose files were not searched may have relevant information, a party could ask at a later date that those files be searched.

On or about February 23, you called me to discuss the exchange of document custodian information, and advised me at that time that your client needed a few more days to identify the full list of document custodians and to locate organization charts. In the interim, you said that you could provide plaintiffs' counsel with a list of "supervisory level" custodians. I told you that was not a problem, but requested that you provide the full information as soon as possible, which you agreed to do.

In a letter to you dated February 24, 2006, we identified the names of thirty-one present or former employees whose files would be searched for responsive documents. We also provided you with organization charts for Dyson, Inc. and promised to send you additional organization charts if they were located.[1] On the same date, you sent us a letter with the names of only three document custodians. On March 6, you supplemented this list with the names of two additional document custodians. It is clear from your letters that you understood that Maytag's document custodians list was to include the names of individuals who "may have documents that are responsive to Dyson's document requests" and not only those who, after a search, actually turned out to have responsive documents. To date, however, you still have not provided us with the full list of individuals whose files have been or will be searched. And, in telephone conversations since then, you now have advised me for the first time that Maytag is refusing to provide us with this list and only is willing to tell us the names of individuals who, after a review is conducted, actually turn out to have responsive documents. As I have told you orally, we believe this position violates the parties' prior agreement and, in any event, is unreasonable as plaintiffs are plainly entitled to this information and could simply request it through an interrogatory. It is our hope that the parties need not resort to such formalities when requesting basic information like this and will cooperate with

---

[1]     Certain additional organization charts have been located and are enclosed with this letter.

Lisa J. Parker                                                                    -3-

each other in fulfilling their discovery obligations.  We request, once again, that Maytag reconsider its position on this issue.  We also request that Maytag conduct a diligent search for organization charts or lists and provide them to us promptly.

Sincerely,

Keith McKenna

(Enclosures)

cc:    Francis DiGiovanni
       (Connolly Bove Lodge & Hutz LLP)

       Ray L. Weber
       (Renner, Kenner, Greive, Bobak, Taylor & Weber)

       Steven F. Reich
       (Manatt, Phelps & Phillips, LLP)

       C. Barr Flinn
       (Young Conaway Stargatt & Taylor, LLP)

**THIS PAGE REDACTED**

**IN ITS ENTIRETY**

# THIS PAGE REDACTED
# IN ITS ENTIRETY

# THIS PAGE REDACTED
# IN ITS ENTIRETY

**THIS PAGE REDACTED**

**IN ITS ENTIRETY**

# THIS PAGE REDACTED
# IN ITS ENTIRETY

# THIS PAGE REDACTED
# IN ITS ENTIRETY

**THIS PAGE REDACTED**

**IN ITS ENTIRETY**

# EXHIBIT H

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 24, 2006

*Via Facsimile and E-Mail*

Lisa J. Parker,
    Winston & Strawn LLP,
        35 West Wacker Drive,
            Chicago, Illinois 60601-9703.

Re:    <u>Dyson, Inc. v. Maytag Corporation</u>

Dear Lisa:

        Pursuant to the parties' agreement, I list below the names of those individuals whose electronic and hard copy files plaintiffs intend to search—in addition to searches of general corporate files—for information responsive to Maytag's document requests. Dyson believes that these are the individuals most likely to have information responsive to Maytag's document requests.

        <u>Present or Former UK based employees:</u>

        James Dyson, Martin McCourt[1], Ian Park, Peter Richardson, Chris Perrin, James Widdowson, Claire Mullin, Mark Taylor, Michael Mackay-Lewis, Bruce Brenner, Natasha Buggins, Ricardo Gomiciaga, Claire Jaques, Justin King, Matt Kitchin, Alex Knox, Richard Mason, Toby Saville, Rebecca Trantham, Matthew Wilson, and Heather Hartley

        <u>Present or Former USA based employees:</u>

        Emma Jane Heatley, Todd Schmidt, Jeff Collins, Erica Avery, Caroline Errington, Doug Kellam, Maria Tryan, Jeff Hyman, and Mandy Pekin

---

[1]    Mr. McCourt, the Chief Executive Officer of Dyson Limited, is also the interim President of Dyson, Inc. and has spends much of his time in the United States.

Lisa J. Parker                                                              -2-

<u>Present or Former Malaysia based employees:</u>

Thirughaman Lakshamanan

Also per the parties' agreement, I am enclosing with this letter organization charts for Dyson, Inc. that were created in November 2003, January 2004 and August 2005. To date, no similar organization charts have been located for Dyson Technology Limited. If one is located, we will send it to you.

Sincerely,

Keith McKenna

(Enclosures)

cc:    Francis DiGiovanni
       (Connolly Bove Lodge & Hutz LLP)

       Ray L. Weber
       (Renner, Kenner, Greive, Bobak, Taylor & Weber)

       C. Barr Flinn (by facsimile; w/o enclosures)
       (Young Conaway Stargatt & Taylor, LLP)

# THIS PAGE REDACTED
# IN ITS ENTIRETY

**THIS PAGE REDACTED**

**IN ITS ENTIRETY**

**THIS PAGE REDACTED**

**IN ITS ENTIRETY**

# EXHIBIT I

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 16, 2006

*Via Facsimile*

Lisa J. Parker,
  Winston & Strawn LLP,
    35 West Wacker Drive,
      Chicago, Illinois 60601-9703.

Re:    Dyson v. Maytag

Dear Lisa:

I received your letter of today's date. I write to confirm that Dyson likewise will provide Maytag with a list of document custodian names by February 24, 2006. I look forward to hearing from you about the electronic document retention issues we discussed.

Sincerely,

Richard C. Pepperman, II

# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

WRITER'S DIRECT DIAL NUMBER
312/558-3203
Lparker@winston.com

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

February 22, 2006

**VIA FACSIMILE**

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

Attention: Keith McKenna

Re:   **Dyson Technology Ltd., et al. v. Maytag Corporation**

Dear Keith:

In follow-up to our phone conversation today, this letter is to confirm that for purposes of the above-referenced lawsuit the parties have agreed to not keep computer back-up tapes on a going forward basis. Further, the parties have agreed to take a snapshot of their current computer files. I hope to get back to you soon regarding the other electronic document retention issues we discussed during our phone discussion.

Sincerely,

Lisa J. Parker

LJP:caj

cc:   Kimball R. Anderson
      Stephen P. Durchslag
      Ray L. Weber
      Brian D. Fergemann
      Richard C. Pepperman II
      Steven F. Reich

CHI:1678334.1

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

March 9, 2006

*Via Facsimile and E-Mail*

Lisa J. Parker,
　　Winston & Strawn LLP,
　　　　35 West Wacker Drive,
　　　　　　Chicago, Illinois 60601-9703.

Re:　Dyson, Inc. v. Maytag Corporation

Dear Lisa:

　　　I write to follow-up on certain outstanding discovery issues.

## Storage of Electronic Data

　　　On February 9, counsel for the parties to this action participated in a conference call to discuss discovery-related issues. Subject to client approval, we agreed that, with regard to storage of electronic data, the parties need only keep copies of (a) any backup tapes containing electronic data created on or before August 31, 2005; and (b) a "current" snapshot of electronically stored documents. Counsel agreed that once a copy of the currently existing electronic data were made, there no longer would be a need to keep daily backups of e-mails and other electronic data for purposes of this litigation. Any searches for electronically-stored documents responsive to the parties' discovery requests would be limited to the agreed set of tapes.

　　　On February 22, you confirmed "that for purposes of the above-referenced lawsuit the parties have agreed to not keep computer back-up tapes on a going forward basis" and that "the parties have agreed to take a snapshot of their current computer files." You also promised to get back to us soon regarding counsels' tentative agreement not to require retention of backup tapes created after August 31, 2005. More than two weeks have passed since that letter was written, however, and we still have not heard from you on this issue. I would appreciate it if you would advise us of your client's position on this issue this week.

Lisa J. Parker                                                                                                    -2-

Scope of Search for Responsive Documents

       During the February 9 conference call, counsel for the parties also agreed to exchange on or before February 24, 2006: (a) organization charts; and (b) the identities of those present or former employees of their respective clients whose electronic and hard-copy files may contain information responsive to the other side's document requests and, therefore, whose electronic and hard-copy files counsel intend to search—in addition to searches of general corporate files. This agreement was confirmed by letters exchanged on February 16. The obvious purpose of this agreement was to provide each side with knowledge of the extent of the other side's document review so that if information produced in discovery suggested that a person or persons whose files were not searched may have relevant information, a party could ask at a later date that those files be searched.

       On or about February 23, you called me to discuss the exchange of document custodian information, and advised me at that time that your client needed a few more days to identify the full list of document custodians and to locate organization charts. In the interim, you said that you could provide plaintiffs' counsel with a list of "supervisory level" custodians. I told you that was not a problem, but requested that you provide the full information as soon as possible, which you agreed to do.

       In a letter to you dated February 24, 2006, we identified the names of thirty-one present or former employees whose files would be searched for responsive documents. We also provided you with organization charts for Dyson, Inc. and promised to send you additional organization charts if they were located.[1] On the same date, you sent us a letter with the names of only three document custodians. On March 6, you supplemented this list with the names of two additional document custodians. It is clear from your letters that you understood that Maytag's document custodians list was to include the names of individuals who "may have documents that are responsive to Dyson's document requests" and not only those who, after a search, actually turned out to have responsive documents. To date, however, you still have not provided us with the full list of individuals whose files have been or will be searched. And, in telephone conversations since then, you now have advised me for the first time that Maytag is refusing to provide us with this list and only is willing to tell us the names of individuals who, after a review is conducted, actually turn out to have responsive documents. As I have told you orally, we believe this position violates the parties' prior agreement and, in any event, is unreasonable as plaintiffs are plainly entitled to this information and could simply request it through an interrogatory. It is our hope that the parties need not resort to such formalities when requesting basic information like this and will cooperate with

---

[1]    Certain additional organization charts have been located and are enclosed with this letter.

Lisa J. Parker                                                    -3-

each other in fulfilling their discovery obligations.  We request, once again, that Maytag reconsider its position on this issue.  We also request that Maytag conduct a diligent search for organization charts or lists and provide them to us promptly.

Sincerely,

*Keith McKenna*

Keith McKenna

(Enclosures)

cc:     Francis DiGiovanni
        (Connolly Bove Lodge & Hutz LLP)

        Ray L. Weber
        (Renner, Kenner, Greive, Bobak, Taylor & Weber)

        Steven F. Reich
        (Manatt, Phelps & Phillips, LLP)

        C. Barr Flinn
        (Young Conaway Stargatt & Taylor, LLP)

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 4, 2006

*Via E-Mail and First-Class Mail*

Lisa J. Parker,
    Winston & Strawn LLP,
        35 West Wacker Drive,
            Chicago, Illinois 60601-9703.

        Re:    Dyson, Inc. v. Maytag Corporation

Dear Lisa:

        This letter memorializes our telephone conversation earlier today about how the parties should proceed as regards the review of electronic documents.

        Initially, we agreed that each party's search for relevant electronic documents will include searches of e-mail and documents maintained on servers and laptop/desktop hard drives. With regard to e-mail and laptop/desktop hard drives, Dyson initially will search the electronic files of those custodians we identified in our letter to you of February 24, 2006, and Maytag initially will search the electronic files of those custodians it identified in response to Interrogatory No. 2 of Plaintiffs' First Set of Interrogatories to Defendant Maytag Corporation. If during the course of reviewing electronic or other documents a party determines that additional persons who were not previously identified as potential document custodians may have information relevant to any claim or defense in this action, that party will so notify the other side and the files of those additional persons will also be searched. Any party may also request that another party search the files of additional persons that it believes may have responsive documents and, if the parties cannot reach agreement on any such request, the

Lisa J. Parker                                                                    -2-

issue may be brought to the attention of the court for resolution.[1] With regard to review
of non e-mail documents maintained on computer servers, the parties agree that they will
conduct good-faith searches for responsive documents in server locations that, after
reasonable, good-faith investigations, they have determined are the most likely to contain
relevant information.

We also agreed that the parties will exchange proposed search terms on
Monday, May 15, 2006. Each side will have four days to raise objections to the other
side's proposed search terms. The parties will then endeavor in good-faith to reach
agreement on search terms. If agreement on search terms cannot be reached, the issue
may be brought to the attention of the court for resolution.

Lastly, we discussed but did not yet reach resolution on how electronic
documents should be produced, *i.e.,* whether the parties will produce the electronic
documents in .tif, .pdf, native, or some other format. You told me that you wanted to
confer with your Information Technology personnel before reaching agreement on this
issue. Once you have had the opportunity to do that, please contact me to finalize this
remaining issue.

Sincerely,

Keith McKenna

cc:     Francis DiGiovanni
        (Connolly Bove Lodge & Hutz LLP)

        Ray L. Weber
        (Renner, Kenner, Greive, Bobak, Taylor & Weber)

        Steven F. Reich
        (Manatt, Phelps & Phillips, LLP)

        C. Barr Flinn
        (Young Conaway Stargatt & Taylor, LLP)

---

[1]     For the reasons set forth in our April 28, 2006 letter to Ray Weber, I requested
        during our telephone conversation that Maytag include the electronic files of John
        Morrison and Robert Hecht in its search for responsive documents. When we
        spoke, you had not yet seen the April 28 letter. After you have had a chance to
        review the letter, please advise us whether you will comply with our request.

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 15, 2006

*Via E-Mail and First-Class Mail*

Lisa J. Parker,
    Winston & Strawn LLP,
        35 West Wacker Drive,
            Chicago, Illinois 60601-9703.

        Re:    Dyson, Inc. v. Maytag Corporation

Dear Lisa:

        Per our agreement of May 4, 2006, enclosed please find a list of the search terms that we currently propose to use in our review of electronic documents in an effort to locate documents that are relevant and responsive to Maytag's document requests. As I advised you last week, we are still in the process of loading and formatting for review the electronic documents that we have received from our clients. If we determine that any of our proposed search terms are ineffective in culling out potentially responsive documents once that process is completed, we will advise you of that fact and propose alternative searches.

        For your information, we explain below how the program that we intend to use to search for responsive documents will interpret the operators "and", "or", "near#", "adj#" and "*":

| Operator | Search Example | Search Result |
|---|---|---|
| and | dog and cat | Documents with both dog and cat. |
| or | dog or cat | Documents with either dog or cat or both. |
| near# | dog near6 cat | Documents with dog and cat within 6 words of |

Lisa J. Parker                                                                    -2-

| | | one another (in any order). |
|---|---|---|
| adj# | dog adj6 cat | Documents with cat following dog within 6 words. |
| * | Park* | This is a "wild card" operator and will pick up documents with words like "park", "parks", "parked", "parking", etc. |

Please contact me with any questions or comments.

Sincerely,

Keith McKenna

(Enclosure)

cc:    Francis DiGiovanni
       (Connolly Bove Lodge & Hutz LLP)

       Ray L. Weber
       (Renner, Kenner, Greive, Bobak, Taylor & Weber)

       Steven F. Reich
       (Manatt, Phelps & Phillips, LLP)

       C. Barr Flinn
       (Young Conaway Stargatt & Taylor, LLP)

Draft of May 15, 2006

**Dyson's Proposed Key Word Searches for Electronic Documents**

Fusion

(Maytag or Hoover) and (paten* or infring* or suit or lawsuit or litigation or copy* or copied or knock-off)

4,826,515 or 4826515 or '515

4,643,748 or 4643748 or '748

4,853,008 or 4853008 or '008

5,858,038 or 5858038 or '038

Patent near3 515 or 748 or 008 or 038

(10 or ten) near10 (dust and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7))

(558 or F558) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

*60312* and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(608 or F608) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(*accura* or *valid* or *reliab* or repeat* or reproducib* or benchmark* or measurement error or R&R or (R & R) or (R and R) or R+R or (R + R)) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

approv* near10 allerg* and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(ASTM or IEC) near50 (test* or standard or protocol or floor* or carpet* or suction* or *relevan* or *accura* or *valid* or *reliab* or repeat* or reproducib* or benchmark* or measurement error or R&R or (R & R) or (R and R) or R+R or (R + R))

(surface* or consumer* or customer* or prefer* or clean* or *efficien* or pickup or pick up) near50 (carpet* and (United States or USA or U.S.A. or US or U.S.))

test* near50 (*clog* and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

High Court and Hoover

*Dyson Technology Limited and Dyson, Inc.* v. *Maytag Corporation*
Case No. 05-434-GMS (D. Del.)

((many more multi*) near10 cyclone* near10 *power*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(debris near10 channel) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

design flaw near10 (bag* bin* *clog* filter*)

(double near10 suction near10 vacuum*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(dust near2 *mite*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(*emission* *emit*) and (test*) (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(filter* filtration) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(surface* consumer* customer* prefer* clean* *efficien* pickup (pick up)) near50 (floor* and (United States or USA or U.S.A. or US or U.S.))

(force near10 gravit* centrifugal) (g-force) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

Hoover near10 (distributor* supplier* wholesale* retail*) and (United States or USA or U.S.A. or US or U.S.)

hygien* and (DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

integral hose near50 invent*

Liquid Steel and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

most powerful upright and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

network clearance and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

test* near10 ((animal* pet) near10 hair*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

*substantiat* near10 claim and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

suction near10 (*clog* constant* first half loss power* only *room*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(target audience or copy strategy or copy direction or advertising copy or creative brief or brand recognition or competitive advertising or positioning statement or in-market study or first launch or tracking study or marketing strategy or media strategy or media schedule or market research or network clearance or network inquiry) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(Food and Drug Administration or FDA) and (DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

things near3 (work properly or work effectively) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

(Bissell Lift-Off) near10 6595

(Bissell Cleanview) near10 3575-5

(Eureka Ultra Smart) near10 4870-A

(Eureka Ultra Whirlwind) near10 4885

(Fantom Twister) near10 FM760

(Fantom Twister) near10 FM780

(Hoo* Sprint) near10 U5025-900

(Hoo* Elite) near10 U5061-900

(Hoo* Tempo) near10 U5150-900

(Hoo* FoldAway) near10 U5175-900

(Hoo* Fusion) near10 U5180-900

(Hoo* EmPower) near10 U5262-900

(Hoo* EmPower) near10 U5262-910

(Hoo* Windtunnel WT) near10 U6425-920

(Hoo* Windtunnel WT) near10 U6432-900

(Hoo* Windtunnel WT) near10 U6439-900

*Dyson Technology Limited and Dyson, Inc.* v. *Maytag Corporation*
Case No. 05-434-GMS (D. Del.)

(Hoo* Windtunnel WT) near10 U6446-900

(Hoo* Windtunnel WT) near10 U6616-900

(Hoo* Windtunnel WT) near10 U6616-900

(Hoo* Windtunnel WT) near10 U6630-900

(Hoo* Windtunnel WT) near10 U8120-900

(Hoo* Windtunnel WT) near10 U8130-900

(Hoo* Savvy) near10 U8145-900

(Ken* Progressive) near10 116-31723-100

(Ken* Progressive) near10 116-31912-100

(Ken* Progressive) near10 116-31912-103

(Ken* Progressive) near10 116-34612-305)

Oreck near10 XL2

(Pan* or Dual Sweep) near10 MC-V7515

(Royal or Dirt Devil or Platinum Vision) near10 091210

(Royal or Dirt Devil or Vision) near10 091210

(Royal or Dirt Devil or Cruiser) near10 091700

Shark near10 UV219CS0

(Sharp *Multi Floor*) near10 EC-T5180A

Vax near10 X5

(Westing* whs Wired WST) near10 1500

(Westing* whs Unplugged WST) near10 1600

(*Biss* near10 3575)

Eureka near10 4870

Eureka near10 4885

Hoo* near10 Empower

Hoo* near10 6439

*Dyson Technology Limited and Dyson, Inc.* v. *Maytag Corporation*
Case No. 05-434-GMS (D. Del.)

Hoo* near10 Savvy

Ken* near10 912-103

Ken* near10 612-305

Pan* near10 Dual)

Vax near10 X5

WHs near10 Unplug*

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH | (312) 558-5600 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | FACSIMILE (312) 558-5700<br><br>www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |
| | | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL NUMBER
312/558-3203
Lparker@winston.com

May 15, 2006

**VIA FACSIMILE & U.S. MAIL**

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

Attention: Keith McKenna

      Re:    <u>Dyson Technology Ltd., et al. v. Maytag Corporation</u>

Dear Keith:

      As we discussed on May 4, 2006, below is Maytag's list of proposed search terms that we plan to use in reviewing our records for discovery purposes in the above-referenced case. This list utilizes Boolean search terms. As we agreed, you will have until Friday, May 19, 2006 to raise any objections to these search terms. Please contact me with any questions.

- Fusion
- Nova
- 4,643,748 or 748
- 4,826,515 or 515
- 5,858,038 or 038
- cyclone
- cyclonic
- cone
- vortex
- separator
- DC07
- DC14
- DC15
- "Dyson vacuum"

CHI:1723004.1

**WINSTON & STRAWN** LLP

Sullivan & Cromwell LLP
K. McKenna
May 15, 2006

*Search terms continued*
- Dyson
  - Dyson + ad*
  - Dyson + allerg*
  - Dyson + analy*
  - Dyson + bags
  - Dyson + business
  - Dyson + carpet*
  - Dyson + centrifug*
  - Dyson + challenge
  - Dyson + clean*
  - Dyson + clog
  - Dyson + compet*
  - Dyson + consumers
  - Dyson + cyclon*
  - Dyson + debris
  - Dyson + dirt
  - Dyson + dust
  - Dyson + empty
  - Dyson + filter
  - Dyson + floor
  - Dyson + gravit*
  - Dyson + hygienic
  - Dyson + "integral hose"
  - Dyson + liquid steel
  - Dyson + market*
  - Dyson + NAD
  - Dyson + reputation
  - Dyson + sales
  - Dyson + strateg*
  - Dyson + suction
- WindTunnel
  - WindTunnel + ad*
  - WindTunnel + clean*
  - WindTunnel + consumer
  - WindTunnel + expense
  - WindTunnel + income
  - WindTunnel + market*
  - WindTunnel + perform*
  - WindTunnel + profit
  - WindTunnel + project*
  - WindTunnel + promot*
  - WindTunnel + sales
  - WindTunnel + strateg*
  - WindTunnel + suction
  - WindTunnel + test*

2

**WINSTON & STRAWN** LLP

Sullivan & Cromwell LLP
K. McKenna
May 15, 2006

*Search terms continued*

- Instruction + Model No. U6616-900 or U5753-900 or U8163-900 or U5402-900 or 5453-900
- Hoover + market + Dyson
- "Good Housekeeping" (from June to October 2005)
- "International Electrotechnical Committee"
- IEC
- ASTM
- F558
- F608
- f11.93.05
- consumer + preferences
- clean + "hard floor"
- clean + Savvy
- upright + surfaces
- upright + floor*'
- los* + suction
- nozzle + hose
- test* + NAD

Sincerely,

Lisa J. Parker

LJP:caj

cc:    Kimball R. Anderson
       Stephen P. Durchslag
       Ray L. Weber
       Brian D. Fergemann
       Richard C. Pepperman II
       Steven F. Reich

3

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br>—————<br>FACSIMILE (312) 558-5700<br>—————<br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

WRITER'S DIRECT DIAL NUMBER

312/558-3203
Lparker@winston.com

May 23, 2006

**VIA FACSIMILE & U.S. MAIL**

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

Attention: Keith McKenna

> Re:    **Dyson Technology Ltd., et al. v. Maytag Corporation**

Dear Keith:

This letter is to confirm that the parties will conduct keyword searches of their electronic documents in order to find documents responsive to discovery requests. The keyword searches, however, do not absolve the parties from providing responsive electronic documents that they know exist, but are not captured by the search terms. Additionally, to the extent hard copies of the electronic documents exist, the parties are required to produce responsive hard copies. Further, the parties' search will only include data prior to August 31, 2005, with the exception of searches related to Maytag's Amended Counterclaims paragraphs 27-31, which relate to a Dyson commercial. Searches related to this Dyson commercial will include all data prior to March 24, 2006, the date on which Maytag filed a motion for leave to file its amended counterclaims. If you disagree, with the above parameters of this electronic document search, please notify me immediately.

With respect to Dyson's proposed e-discovery search terms, below are Maytag's objections. Based on our objections, we ask that Dyson revise its search terms. Also, today Maytag plans to file its third set of document requests. Dyson's revised search terms should include searches to locate documents responsive to these requests. Please do not hesitate to contact me with any questions.

WINSTON & STRAWN LLP

Sullivan & Cromwell LLP
K. McKenna
May 23, 2006

Maytag objects to Dyson's proposed e-discovery search terms for the following reasons.

1. Dyson limits many of its searches to documents that also include the terms "United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC 07 or DC 7 or DC07 or DC7," this limitation will cause responsive documents to be missed. Specifically, documents that do not reference the United States or the model number of the vacuum will not be picked captured by Dyson's proposed search terms. For example, it seems unlikely that e-mail messages would always include a reference to the United States or a model number. Consequently, if this limitation is included Maytag will not receive all of the documents it is entitled.

2. Dyson has not included a general search query for purposes of retrieving documents responsive to Maytag Document Request Nos. 2 and 36, which seek "All documents relating or referring to the Defendant" - e.g., Maytag and/or Hoover near 25 vac*

3. Dyson has not included sufficient search terms to locate all documents responsive to Maytag Document Request No. 3, which seeks all documents relating to any of the patents-in-suit, e.g., patent application serial numbers, docket numbers, file numbers or any other number associated with the patents-in-suit.

4. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request Nos. 9, 14, 18 and 24. Specifically, Dyson has not included any search terms related to the technology or inventions of the patents-in-suit apart from the patents themselves. For example, searching for the patent number alone will not provide information related to the invention of the patents-in-suit, which arguably arose from prototypes, projects or products which, at a point in time, had code names, numerical designations, or other forms of identification. Further, no search terms related to the patented technology are included, e.g., "cyclone", "cone," "disc," "separator," "dual cyclone technology". Additionally, no search terms are included which focus on the conception, development, engineering, testing, reduction to practice, offer for sale, and the like of the patented subject matter.

5. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request Nos.19, 20, 21, and 23. These requests relate to Dyson's profits, income and financial statements.

6. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request Nos. 28, 29 and 30, which seek documents related to Dyson's advertising budget and the amount of sales related to the advertising and marketing claims at issue in this case.

7. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request No. 37, which seeks documents related to the

WINSTON & STRAWN LLP

Sullivan & Cromwell LLP
K. McKenna
May 23, 2006

profitability of products made or sold pursuant to the patents-in-suit and/or advertising and marketing claims at issue in this case.

8. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request No. 31, which seeks documents related to Dyson's document retention policy.

9. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request Nos. 40, 41, 42, and 47, which seek documents related to any market share analysis, forecasts or goals related to products made or sold pursuant to the patents-in-suit and/or advertising and marketing claims at issue in this case.

10. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request Nos. 43 and 44, which seek documents related to any revenue analysis or forecasts related to products made or sold pursuant to the patents-in-suit and/or advertising and marketing claims at issue in this case.

11. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request No. 51, which seeks documents related to Mike Rutter.

12. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request Nos. 55 and 63, related to proceedings before the NAD.

13. Dyson has not included a general search query for purposes of retrieving documents responsive to Maytag Document Request No. 54, which seeks all copies of advertising for the DC07, DC14 and DC15.

14. Dyson has not included any search terms for purposes of retrieving documents responsive to Maytag Document Request No. 58, which seeks documents related to annual sales and gross revenues attributable to the DC07, DC14 and DC15.

15. Dyson has not included any search terms for the purpose of retrieving documents responsive to Maytag Document Request No. 68, which seeks documents related to competition between Dyson and Maytag.

16. Dyson has not included any search terms related to its claims of "double the suction of other vacuums" and "Double the suction of other vacuums. After 10oz. of dust."

17. Dyson has not included any search terms related to its claims concerning its Root8Cyclone.

WINSTON & STRAWN LLP

Sullivan & Cromwell LLP
K. McKenna
May 23, 2006

18. Dyson has not included any search terms related to its claim that "When it comes to vacuuming, nothing is more important than suction."

19. Dyson has not included any search terms related to its claim that "Higher volumes of air are spread simultaneously through many cyclones to give higher constant suction power - which means you pick up even more dust."

20. Dyson has not included any search terms related to its claim that "Dirt and dust are thrown out of the airflow and collected in the bin, not on filters or bags."

21. Dyson has not included any search terms regarding its suction power chart comparing suction power of the Dyson DC07 with other vacuums.

22. Dyson has not included any search terms regarding the composition of its vacuums, i.e., whether the vacuums are made of plastic.

23. Dyson has not included any search terms related to its claim that it invented cyclone technology.

24. In addition to formulating the above searches, Maytag suggests that Dyson run the following keyword searches in order to locate all responsive documents.

   a. vac* near 10 (work properly or work effectively)
   b. clog* near 10 (bag* or filter*)
   c. (integral or hose or cyclone*) near 50 invent*
   d. (perform* or data) near 50 test* and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)
   e. Maytag or Hoover near 25 vac*
   f. More near10 (dirt or dust)
   g. Power* near10 upright
   h. Perform near10 better
   i. More near10 suction
   j. (pre-motor or motor) near10 filter
   k. (Home or field) near10 test
   l. (more near10 use) near10 (less near10 work)
   m. kill* near10 bacteria or mold or allergen*
   n. clean* near10 effect*
   o. training near10 material

25. Maytag suggests that Dyson narrow the following keyword searches in order to locate all responsive documents.

4

WINSTON & STRAWN LLP

Sullivan & Cromwell LLP
K. McKenna
May 23, 2006

      a. test* near 50 (*clog* and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

      b. *substantiat* near 10 claim and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

      c. test* near 10 ((animal* or pet) near 10 hair*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC 07 or DC 7 or DC07 or DC7)

26. Maytag suggests that Dyson expand the following key word searches to include the words in bold in order to locate all responsive documents.

      a. (Maytag or Hoover) and (paten* or infring* or suit or lawsuit or litigation or copy* or copied or knock-off or **imit***)

      b. High Court and (Hoover **or Maytag**)

      c. suction near 10 (*clog* or constant* or first or half or hose or nozzle or high* or vacuum* or power* **or los* or defect* or carpet* or bag* or cyclon***)

      d. (filter* or filtration) **near 25 clog***

      e. force near 10 gravit* or centrifugal or g-force or **100,000**

      f. design near10 flaw

      g. (**consumer research** or target audience or copy strategy or copy direction or advertising copy or creative brief or brand recognition or competitive advertising or positioning statement or in-market study or first launch or tracking study or marketing strategy or media strategy or media schedule or market research or network clearance or network inquiry) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC 7 or DC07 or DC7)

      h. (**Maytag** or Hoover) near 10 (distributor* or supplier* or wholesale* or retail*)

Sincerely,

Lisa J. Parker

LJP:caj


cc:    Kimball R. Anderson
       Stephen P. Durchslag
       Ray L. Weber
       Brian D. Fergemann
       Richard C. Pepperman II
       Steven F. Reich

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

May 24, 2006

*Via E-Mail and First-Class Mail*

Lisa J. Parker,
    Winston & Strawn LLP,
        35 West Wacker Drive,
           Chicago, Illinois 60601-9703.

              Re:   <u>Dyson, Inc. v. Maytag Corporation</u>

Dear Lisa:

        This letter responds to your letter of May 23 concerning searches of electronic documents.

        Initially, I note that we are in agreement that the parties should use the keyword searches as a tool to finding relevant and responsive documents in this case, and not as a means of absolving a party from producing relevant and responsive documents that it knows exist. We disagree, however, with your contention that "to the extent hard copies of the electronic documents exist, the parties are required to produce responsive hard copies." As phrased, that might entail a company-wide search of every hard copy document that exists. Per the parties' prior agreement, in addition to a good-faith search of general corporate files, Dyson will search the hard copy files of the individuals previously identified to you in my letter of February 24, 2006. As explained to you in that letter, those are the individuals that Dyson believes are most likely to have information responsive to Maytag's document requests. To the extent any relevant and responsive documents are found in those individuals' hard copy files, they will be produced.

        As to your extensive list of requests concerning our keyword searches, our initial reaction is that we probably can agree to some of your requests, but feel that other requested changes either are inappropriate or may be appropriate only if Maytag is willing to conduct similar searches. Rather than engage in an extensive letter writing campaign, we suggest setting aside two or three hours tomorrow afternoon to discuss

both sides' objections to the proposed keyword searches.  Please let me know if you would be available at that time and, if not, what other date and time would be convenient for such a call.

Sincerely,

Keith McKenna

(Attachments)

cc:    Francis DiGiovanni (by e-mail only)
       (Connolly Bove Lodge & Hutz LLP)

       Ray L. Weber (by e-mail only)
       (Renner, Kenner, Greive, Bobak, Taylor & Weber)

       Steven F. Reich (by e-mail only)
       (Manatt, Phelps & Phillips, LLP)

       C. Barr Flinn (by e-mail only)
       (Young Conaway Stargatt & Taylor, LLP)

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

June 6, 2006

*Via E-Mail and First-Class Mail*

Lisa J. Parker,
    Winston & Strawn LLP,
        35 West Wacker Drive,
            Chicago, Illinois 60601-9703.

Re:     Dyson, Inc. v. Maytag Corporation

Dear Lisa:

As we agreed during our conference call on May 30, 2006, this letter contains Dyson's responses to Maytag's May 23, 2006 objections to Dyson's proposed e-discovery search terms.

As we advised you in our letter of May 15, 2006, and again during our recent conference call, we are still in the process of loading and formatting for review the electronic documents received from our clients. Once that process is completed, if we determine that any of our proposed search terms are ineffective in culling out potentially responsive documents, we will advise you of that fact and propose alternative searches.

**Objection No. 1**

Dyson has products other than the DC7, DC14 and DC15, and also sells its products in markets other than the United States. The limitation "United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC15 or DC 15 or DC 07 or DC 7 or DC07 or DC7" is designed to assist in identifying responsive documents that relate to the subject matter of this lawsuit. As we discussed, we are happy to consider any specific search term proposal that you may have to address your concerns.

**Objection No. 2:**

We objected to Maytag's Document Requests Nos. 2 and 36 in part because they were overbroad. We agreed to produce and/or make available responsive documents to the extent they related to Dyson's claims or Maytag's counterclaims.

Lisa J. Parker                                                                    -2-

Because we have proposed search terms that address those claims and counterclaims, an additional search term is unnecessary.

**Objection No. 3:**

        In response to Maytag's objection, we propose the following:

        (proto* **near2** 4.1-5) **or** (proto* **near2** 2 4.1-9) **or** 164,047 **or** 164047 **or** 628,346 **or** 628346 **or** 452,917 **or** 452917 **or** 274,252 **or** 274252 **or** 4,826,515 **or** 4826515 **or** '515

        (proto* **near2** 4.1-8) **or** 832,370 **or** 832370 **or** 4,643,748 **or** 4643748 **or** '748

        (proto* **near2** 4.1-12) **or** 224,694 **or** 224694 **or** 4,853,008 **or** 4853008 **or** '008

        (notetry **near2** 4.1-29) **or** 850,000 **or** 850000 **or** 5,858,038 **or** 5858038 **or** '038

        The above proposed amendments are intended to include U.S. patent serial numbers and attorney docket numbers that we located when reviewing the prosecution histories of the Patents-in-Suit. We have conferred with Dyson, and it has informed us that it is unaware of any internal Dyson file numbers associated with the Patents-in-Suit at the time of their invention.

        As discussed, we request that Maytag include patent serial numbers in its search terms.

**Objection No. 4:**

        In response to Maytag's objection, we propose adding the following search term:

        disc **or** separator **or** dual cyclone technology

**Objection No. 5:**

        Maytag's Document Requests Nos. 20 and 21 asked for "documents sufficient to show" certain sales information. We will provide such information. Accordingly, an e-search of all documents relating to the subject matter of these documents requests is not required.

        Maytag's Document Request No. 19 asked for certain profit and loss information. Dyson said that it will produce and/or make available documents sufficient to show income, profits and/or losses derived from any licenses granted by Dyson for the patents-in-suit or any U.S. products made by Dyson that employ technologies protected by the patents-in-suit. Accordingly, an e-search of all documents relating to the subject

Lisa J. Parker                                                                         -3-

matter of this document request is not required.  Dyson objected to Maytag's Document
Request No. 23 in its entirety.

**Objection No. 6:**

Maytag's Document Requests Nos. 28, 29 and 20 ask for "documents
sufficient to show" certain information.  We will provide such documents.  Accordingly,
an e-search of all documents relating to the subject matter of these documents requests is
not required.

**Objection No. 7:**

Maytag's Document Request No. 37 sought certain profit and sales
information.  Dyson has said that it will produce and/or make available documents
sufficient to show that information.  Accordingly, an e-search of all documents relating to
the subject matter of this document request is not required.

**Objection No. 8:**

Maytag's Document Request No. 31 asks for "documents sufficient to
show" certain information.  Accordingly, an e-search of all documents relating to the
subject matter of this document request is not required.

**Objection No. 9:**

In response to Maytag's objection, we propose to add the following search
term, which is identical to the search term we requested that Maytag add to its e-search in
our letter of May 23, 2006:

> (((Hoo* or Sprint) **near10** U5025-900) or ((Hoo* or Elite) **near10**
> U5061-900) **or** ((Hoo* or Tempo) **near10** U5150-900) or ((Hoo*
> or FoldAway) **near10** U5175-900) or ((Hoo* or Fusion) **near10**
> U5180-900) or ((Hoo* or EmPower) **near10** U5262-900) or
> ((Hoo* or EmPower) **near10** U5262-910) or ((Hoo* or
> Windtunnel or WT) **near10** U6425-920) or ((Hoo* or Windtunnel
> or WT) **near10** U6432-900) or ((Hoo* or Windtunnel or WT)
> **near10** U6439-900) or ((Hoo* or Windtunnel or WT) **near10**
> U6446-900) or ((Hoo* or Windtunnel or WT) **near10** U6616-
> 900) or ((Hoo* or Windtunnel or WT) **near10** U6616-900) or
> ((Hoo* or Windtunnel or WT) **near10** U6630-900) or ((Hoo* or
> Windtunnel or WT) **near10** U8120-900) or ((Hoo* or Savvy)
> **near10** U8145-900)) **and** (market* or strateg* or business*)
> **near10** (plan* or proposal* or projection* or analy* or strateg*
> or response*)

Lisa J. Parker                                                                      -4-

### Objection No. 10:

Maytag's Document Requests Nos. 43 and 44 seek certain revenue-related information. Dyson has said that it will produce and/or make available documents sufficient to address those requests. Accordingly, an e-search of all documents relating to the subject matter of these document requests is not required.

### Objection No. 11:

In response to Maytag's objection, we propose to add the following search term:

(Mike or Michael) near3 Rutter

### Objection No. 12:

Maytag Document Request Nos. 55 and 63 ask for documents that substantiate certain advertising claims concerning the DC07, DC14, and DC15 and that relate to certain testing submitted to the NAD. Dyson's previously-proposed search terms already address testing of and substantiation of claims regarding the DC07, DC14, and DC15. Accordingly, an additional search term is unnecessary.

### Objection No. 13:

Maytag Document Request No. 54 asks for documents substantiating any claim in advertising concerning the DC07, DC14, and DC15. Because we have already proposed search terms that address testing of and substantiation of claims regarding the DC07, DC14, and DC15, an additional search term is unnecessary.

In our conference call, you said that this objection also is based on Maytag's Document Request No. 52. As we told you, Dyson will undertake reasonable efforts to search for relevant advertising in the United States for the DC07, DC14, and DC15, and, at your suggestion, we also will undertake reasonable efforts to search for relevant internet advertising.

### Objection to No. 14:

Maytag's Document Request No. 58 seeks sales and revenue information attributable to the DC07, DC14 and DC15. Dyson has said that it will produce and/or make available documents sufficient to show total annual sales and gross revenues attributable to the DC07, DC14 and DC15 in the United States since January 1, 2000. Accordingly, an e-search of all documents relating to the subject matter of this document request is not required.

Lisa J. Parker                                                              -5-

## Objection No. 15:

        In response to Maytag's objection, we propose to add the following search term, which is identical to the search term we requested that Maytag add to its e-search in our letter of May 23, 2006:

        (Maytag **or** Hoover) **and** (market\* **or** compet\*) **and** (vacuum\* **or** upright\*) **and** Dyson

## Objection No. 16:

        As we stated during our conference call, Dyson's proposed e-search terms already cover the subject matter of the stated claims.  They are:

        (10 **or** ten) **near10** (dust **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7))

        (double **near10** suction **near10** vacuum\*) **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7)

## Objection No. 17:

term:        In response to Dyson's objection, we propose to add the following search

        Root8Cyclone **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7)

## Objection No. 18:

term:        In response to Maytag's objection, we propose to add the following search

        vacuum\* **near5** nothing **near5** important **near5** suction

## Objection No. 19:

term:        In response to Maytag's objection, we propose to add the following search

        (higher volumes) **near10** cyclone\* **near10** (suction power) **near10** dust

Lisa J. Parker                                                              -6-

## Objection No. 20:

In response to Maytag's objection, we propose to add the following search term:

dirt **near5** dust **near10** airflow **near15** bin filter* bag*

## Objection No. 21:

During our conference call, you agreed to propose a search term to address the concerns raised in your objection no. 21.

## Objection No. 22:

Dyson already has proposed a search term to pick-up documents related to its past "Liquid Steel" claims:

Liquid Steel **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S.
**or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7
**or** DCo7 **or** DC o7)

To the extent available, Dyson also will produce and/or make available documents sufficient to show the composition of the plastic material described as "Liquid Steel" on certain Dyson vacuum cleaners sold in the past.

## Objection No. 23:

In response to Maytag's objection, we propose to add the following search term:

invent* **near5** cyclon* **near5** technology

## Objection No. 24:

We respond to your suggested additional search terms as follows:

| Proposed Search Term | Dyson's Response |
|---|---|
| a.  vac* **near10** (work properly **or** work effectively) | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>vac* **near10** (work properly **or** work effectively) **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |

Lisa J. Parker                                                                 -7-

| Proposed Search Term | Dyson's Response |
|---|---|
| b.   clog* **near10** (bag* or filter*) | The following search term already addresses the subject matter of your proposed search term:<br><br>(filter* filtration) and (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DCo7 **or** DC o7) |
| c.   (integral **or** hose **or** cyclone*) **near50** invent* | Dyson will replace its current search term, below, with the proposed search term:<br><br>integral hose **near50** invent* |
| d.   (perform* **or** data) **near50** test* **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7) | Dyson is amenable to the proposed search term. |
| e.   Maytag **or** Hoover **near25** vac* | As stated in our response to objection no. 2, above, this additional search term is unreasonably broad. |
| f.   More **near10** (dirt **or** dust) | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>More **near10** (dirt **or** dust) **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| g.   Power* **near10** upright | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>Power* **near10** upright **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| h.   Perform **near10** better | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows: |

Lisa J. Parker                                                                                    -8-

| Proposed Search Term | Dyson's Response |
|---|---|
|  | Perform **near10** better **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| i.  More **near10** suction | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>More **near10** suction **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| j.  (pre-motor **or** motor) **near10** filter | The following search term already addresses the subject matter of the proposed search term:<br><br>(Filter* filtration) **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| k.  (Home **or** field) **near10** test | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>(Home **or** field) **near10** test **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| l.  (more **near10** use) **near10** (less **near10** work) | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>(more **near5** use) **near5** (less **near5** work) **and** (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7 **or** DCo7 **or** DC o7) |
| m.  kill* **near10** bacteria **or** mold **or** allergen* | Dyson already has a search term on the subject of Dyson's advertising claim that the DC7, DC14 and DC15 are "Approved for allergy sufferers." It reads as follows<br><br>approv* **near10** allerg* **and** (United States |

Lisa J. Parker                                                                                                   -9-

| Proposed Search Term | Dyson's Response |
|---|---|
|  | or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC07 or DC7 or DCo7 or DC o7) |
| n.  clean* near10 effect* | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>clean* near10 effect* and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC07 or DC7 or DCo7 or DC o7) |
| o.  training near10 material | Dyson is amenable to this proposed search term, if it is limited to the models at issue, as follows:<br><br>training near10 material and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC07 or DC7 or DCo7 or DC o7) |

**Objection No. 25:**

Your proposed modifications to the Dyson search terms set out in (a) and (b) of objection no. 25 of your letter would unreasonably broaden those searches and require the review of many irrelevant documents. Dyson is amenable to your proposed modification of the Dyson search term set out in (c) of objection no. 25 of your letter.

**Objection No. 26:**

We respond to your suggested expansion of certain search terms as follows:

a.      As agreed during our call, Dyson will add "or imitat*"

b.      Dyson will add "or Maytag"

c.      Dyson will add suction "or defect* or carpet* or bag* or cyclon*) and (United States or USA or U.S.A. or US or U.S. or DC14 or DC 14 or DC 15 or DC15 or DC 07 or DC07 or DC7). Because every e-mail sent by a Dyson employee contains the words "doesn't lose suction," we cannot add the term "los*" as it will make the search unreasonably broad, defeating the purpose of search terms.

Lisa J. Parker                                                                                    -10-

     d.     Dyson's search term (filter* filtration) and (United States **or** USA **or** U.S.A. **or** US **or** U.S. **or** DC14 **or** DC 14 **or** DC 15 **or** DC15 **or** DC 07 **or** DC07 **or** DC7) already covers the subject matter of the proposed addition.

     e.     Dyson will add the proposed term, subject to its inclusion in a parenthetical phrase: force **near10** (gravit* **or** centrifugal **or** g-force **or** 100,000)

     f.     Maytag's suggested term of "design **near10** flaw" is unreasonably broad. Dyson suggests that its current search term of "design flaw near10 (bag* bin* *clog* filter*)" remain as-is.

     g.     Dyson will add the words "consumer research" to the identified search.

     h.     Dyson will add the word "Maytag" to the identified search.

## Relevance of Maytag's "sport utility" vacuum cleaner

     As promised during our conference call, we also have followed-up regarding Dyson's document request and corresponding search term concerning Maytag's sport utility vacuum cleaners. The request and search term arise from a press release issued by Maytag on January 11, 2006, wherein Maytag discussed the changing needs of the U.S. vacuum cleaner market and U.S. consumers, a topic that is relevant to this litigation.

## Relevant Hoover Vacuum Cleaners

     Lastly, during our conference call last week, you mentioned that the Hoover product name string crafted by Dyson seemed overly inclusive, based on your view that the advertising claims at issue in this litigation affect only Hoover's WindTunnel and Fusion vacuum cleaners. Please let us know if Maytag is willing to limit both its damages claim and its challenges to Dyson's superiority claims to the WindTunnel and the Fusion. If it is, both parties will be able to limit their document review to the two identified Hoover products and can avoid having to cull through voluminous documents relating to other Hoover vacuum cleaner models.

Sincerely,

Keith McKenna

cc:    Francis DiGiovanni (by e-mail only)
       (Connolly Bove Lodge & Hutz LLP)

       Ray L. Weber (by e-mail only)
       (Renner, Kenner, Greive, Bobak, Taylor & Weber)

Lisa J. Parker                                                    -11-

    Steven F. Reich (by e-mail only)
    (Manatt, Phelps & Phillips, LLP)

    C. Barr Flinn (by e-mail only)
    (Young Conaway Stargatt & Taylor, LLP)

# WINSTON & STRAWN LLP

<table>
<tr>
<td>
43 RUE DU RHONE<br>
1204 GENEVA, SWITZERLAND<br><br>
BUCKLERSBURY HOUSE<br>
3 QUEEN VICTORIA STREET<br>
LONDON EC4N 8NH<br><br>
333 SOUTH GRAND AVENUE<br>
LOS ANGELES, CALIFORNIA 90071-1543
</td>
<td>
35 WEST WACKER DRIVE<br>
CHICAGO, ILLINOIS 60601-9703<br><br>
(312) 558-5600<br><br>
FACSIMILE (312) 558-5700<br><br>
www.winston.com
</td>
<td>
200 PARK AVENUE<br>
NEW YORK, NEW YORK 10166-4193<br><br>
21 AVENUE VICTOR HUGO<br>
75116 PARIS, FRANCE<br><br>
101 CALIFORNIA STREET<br>
SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>
1700 K STREET, N.W.<br>
WASHINGTON, D.C. 20006-3817
</td>
</tr>
</table>

WRITER'S DIRECT DIAL NUMBER
312/558-3203
Lparker@winston.com

June 15, 2006

**VIA FACSIMILE & U.S. MAIL**

Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004-2498

Attention: Keith McKenna

Re:     **Dyson Technology Ltd., et al. v. Maytag Corporation**

Dear Keith:

This letter is in follow-up to our May 30, 2006 conference call and your letter of June 6, 2006 regarding the parties' proposed keyword search terms. As discussed during our teleconference, the keyword searches are only a tool to be used by both parties for the purpose of finding responsive documents and are not a means of absolving the parties from conducting a reasonable and diligent search for documents.

Search Term Operators: As discussed during our teleconference, Maytag will agree to use "and", instead of "+" in conducting its searches. Additionally, the parties are in agreement as to the meaning of the search term operators as explained in your May 15, 2006 letter. In addition to the search term operators described in that letter, we should clarify that words enclosed in parentheses designate one search which encompasses all words within those parentheses.

Maytag's Response to Dyson's Objections: Attached as appendices A and B are Maytag's responses to Dyson's objections to Maytag's keyword searches. Appendix A responds to Dyson's proposed terms to be added to Maytag's keyword searches. Appendix B responds to Dyson's revisions to Maytag's proposed keyword searches. Appendix C is Maytag's revised keyword search term list. This list takes into consideration issues discussed during our teleconference and attempts to formulate uniformity between the parties regarding keyword search terms.

# WINSTON & STRAWN LLP

Sullivan & Cromwell LLP
K. McKenna
June 15, 2006

　　　Dyson's Response to Maytag's Objections:　During our phone discussion on May 30, Dyson's attorneys stated that they were incapable of formulating keyword searches in response to some of Maytag's requests.　In an effort to assist Dyson, Maytag has proposed some searches in response to its objections.　*See* Appendix D.　This list of proposed searches is not all-inclusive, but is provided in an effort to move this process forward.　Finally, in response to your letter of June 6, Maytag has included Appendix E, which specifically addresses Dyson's responses to Maytag's objections to Dyson's proposed keyword searches.

　　　Discovery Cut-Off Date:　As I am sure you are aware, the fact discovery cut-off date for this case is September 1, 2006.　In light of the magnitude of the e-discovery, Maytag proposes that we ask the Court to extend our fact discovery cut-off date by one month until October 2, 2006.　Please let us know if you would be amenable to joining us in requesting this additional time for fact discovery.

Sincerely,

Lisa J. Parker

LJP:caj

Enclosure

cc:　　Kimball R. Anderson
　　　Stephen P. Durchslag
　　　Ray L. Weber
　　　Brian D. Fergemann
　　　Richard C. Pepperman II
　　　Steven F. Reich

# APPENDIX A

## PROPOSED ADDITIONS TO MAYTAG'S E-DISCOVERY SEARCH TERMS

| | Proposed Terms to Be Added | Maytag's Response |
|---|---|---|
| 1. | Dyson and (airflow* or bin* or clog* or (pet hair) or (Wide channel) or gravit* or Root8* or power* or (higher volumes of air) or ((use them) near10 (less they work))) | Maytag agrees to this search. |
| 2. | Dyson near50 (damag* or hurt* or injur* or impact* or diminish*) near50 (Hoover or Maytag) near50 product | Maytag agrees to this search. |
| 3. | (nozzle* or hose*) ~~and~~ near 50 suction and Dyson | Maytag agrees to this search as modified. |
| 4. | (upright* or vacuum*) near50 (basic design flaw*) | Maytag agrees to this search. |
| 5. | (upright or vacuum or ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900)) and (share* or percent* or %) near10 (sales or market) | Maytag objects to this search to the extent the burden or expense of this search outweighs the benefit. Subject to such objection, Maytag agrees to this search. Maytag will notify Dyson if this search is unduly burdensome or expensive. |

| | | |
|---|---|---|
| 6. | (((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near 10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900)) and (market* or strateg* or business*) near10 (plan* or proposal* or projection* or analy* or strateg* or response*) **and financ* and Dyson** | Maytag objects to this search to the extent the burden or expense of this search outweighs the benefit.  Subject to such objection, Maytag agrees to this search as modified.  Maytag will notify Dyson if this search is unduly burdensome or expensive. |
| 7. | (Maytag or Hoover) and (market* or compet*) and (vacuum* or upright*) **and Dyson** | Maytag agrees to this search as modified. |
| 8. | **ASTM or (American Society for Testing) and F558 or F608 and Dyson or (DC07 or (DC 07) or (DCO7) or (DC O7) or (DCo7) or (DC o7) or DC7 or (DC 7)) or (DC14 or (DC 14)) or (DC15 or (DC 15))** or ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432- 900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900))** | Maytag agrees to this search as modified. |
| 9. | (consumer or buyer) near50 (decision* or buy* or understand* or prefer* or choose* or chose* or choice*) near50 (factor* or consider*) | Maytag agrees to this search. |

| 10. | (consumer or buyer) and (upright* or vacuum* or clean*) and (carpet* ~~or hard* or *wood or bare or floor* or tile*~~) | Maytag agrees to this search as modified and objects to the remaining search terms based on relevancy. Maytag requests that Dyson provide further explanation as to why this search is relevant to this lawsuit. If this search is relevant to the claims at issue, Maytag will conduct the search. |
| 11. | (sport utility vacuum) or (Harris Interactive) or (HI near10 survey) near50 (press release) | Maytag objects to this search as irrelevant to the claims at issue in this litigation. Maytag will provide Dyson with the press release. |

| 12. | ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900)) and (hard* or *wood or bare or floor* or tile) | Dyson claims that this search is related to its Document Request No. 61, which seeks documents related to Hoover's advertising claims. Because Hoover's advertising is not at issue in this case, Maytag objects to this search as irrelevant. If Dyson explains why this search is relevant, Maytag will revisit this issue. |
| --- | --- | --- |
| 13. | (Maytag or Hoover) and (patent* or infring* or *suit or litigation or copy* or copie* or knock-off or High Court) **and Dyson** | Maytag agrees to this search as modified. |
| 14. | (upright* or vacuum*) near10 per near10 (household* or home*) | Dyson claims that this search is related to its Document Request No. 45. Maytag objects to this search as irrelevant to the claims at issue in this litigation. Maytag requests that Dyson provide further explanation as to why this search is relevant to this lawsuit. If this search is relevant to the claims at issue, Maytag will conduct the search. |

| | | |
|---|---|---|
| 15. | (((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900)<br>or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo*<br>or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy)<br>near10 U8145-900)) and (income* or profit* or expense* or<br>projection*) | In an effort to have uniform searches, like Dyson, Maytag will not run a search for this type of information. However, in accordance with Dyson's Document Request No. 51, Maytag will produce documents "sufficient to show" the information requested. |
| 16. | (Maytag or Hoover) and (tv or (t.v.) or television* or broadcast* or network* or station*) and Dyson | Maytag agrees to this search. |

| 17. | (((Bissell or Lift-Off) near10 6595) or ((Bissell or Cleanview) near10 3575-5) or ((Eureka or Ultra Smart) near10 4870-A) or ((Eureka or Ultra Whirlwind) near10 4885) ((Fantom or Twister) near10 FM760) or ((Fantom or Twister) near10 FM780) or ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900) or ((Ken* or Progressive) near10 116-31723-100) or ((Ken* or Progressive) near10 116-31912-100) or ((Ken* or Progressive) near10 116-31912-103) or ((Ken* or Progressive) near10 116-34612-305) or (Oreck near10 XL2) or ((Pan* or Dual Sweep) near10 MC-V7515) or ((Royal or (Dirt Devil) or Platinum Vision) near10 091210) or ((Royal or (Dirt | Dyson asserts that this search is responsive to its Document Request No. 28. In an effort to have uniform searches, like Dyson, Maytag will not search for images and will not search for diagrams or photographs via an electronic search. As for searching for testing results and analyses, Maytag will conduct this search as modified. Additionally, Maytag objects to this search to the extent the burden or expense of this search outweighs the benefit. Subject to such objection, Maytag agrees to this search as modified. Maytag will notify Dyson if this search is unduly burdensome or expensive. Further, to the extent Dyson asserts that this search is in response to its Document Request No. 7, numerous other searches cover this request. |
|---|---|---|

| | | |
|---|---|---|
| | Devil) or Vision) near10 091210) or ((Royal or (Dirt Devil) or Cruiser) near10 091700) or (Shark near10 UV219CS0) or ((Sharp or Multi Floor*) near10 EC-T5180A) or (Vax near10 X5) or ((Westing* or whs or Wired or WST) near10 1500) or ((Westing* or whs or Unplugged or WST) near10 1600) or (Biss* near10 3575) or (Eureka near10 4870) or (Eureka near10 4885) or (Hoo* near10 Empower) or (Hoo* near10 6439) or (Hoo* near10 Savvy) or (Ken* near10 912-103) or (Ken* near10 612-305) or (Pan near10 Dual) or (Vax near10 X5) or (WHs near10 Unplug*)) and (suction or dirt* or dust or (pet hair) or debris or cyclon* or clog* or filt*) **and test* or analys* and Dyson** | |
| 18. | 4,853,008 or 4853008 or 008 | Maytag agrees to this search. |
| 19. | Dyson near50 (patent* or technol* or invent*) | Maytag agrees to this search. |
| 20. | Patent near3 515 or 748 or 008 or 038 | Maytag agrees to this search. |

**APPENDIX B**

**PROPOSED REVISIONS TO MAYTAG'S E-DISCOVERY SEARCH TERMS**

| | Original Term | Proposed Revision | Maytag's Response |
|---|---|---|---|
| 1. | +<br><br>Reason for revision: The operator "+" may not pick up relevant documents | and | Maytag agrees to this revision. |
| 2. | **WindTunnel**<br><br>Reason for revision: Searches should include all U.S. Hoover upright vacuum cleaners. | ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900) | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |

| | | | |
|---|---|---|---|
| 3. | **ad\***<br><br>Reason for revision:<br>Searches for ad\*<br>likely<br>will produce very<br>broad results. | (~~ad or~~ advert\*) | Maytag agrees to this revision as modified. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
| 4. | **DC07**<br><br>Reason for revision:<br>DC07 does not<br>account for different<br>spelling or spacing. | (DC07 or (DC 07) or (DCO7) or (DC O7) or (DCo7) or (DC o7) or DC7 or (DC 7)) | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
| 5. | **DC14**<br><br>Reason for revision:<br>DC 14 does not<br>account for different<br>spacing. | (DC14 or (DC 14)) | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
| 6. | **DC15**<br><br>Reason for revision:<br>DC 15 is does not<br>account for different<br>spacing. | (DC15 or (DC 15)) | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists |
| 7. | **filter**<br><br>Reason for revision:<br>"filter" does not pick<br>up "filtration." | filt\* | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists |

| 8. | **floor**<br><br>Reason for revision: "floor" does not pick up "flooring." | floor* | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list.  See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
|---|---|---|---|
| 9. | **"Good Housekeeping" (from June to October 2005)**<br><br>Reason for revision: The date range should<br>be broadened to ensure that all documents concerning Maytag's role in the consumer research undertaken by Good Housekeeping Magazine from June to October 2005, are included. | [Please perform this search for the period March through December 2005.]<br><br>"Good Housekeeping" **(from March through December 2005) and Dyson or Hoover and f11.93.05** | Maytag agrees to this revision as modified. |
| 10. | **vacuum**<br><br>Reason for revision: The word "vacuum" may not pick up references to "upright" vacuum cleaners. | (vacuum* or upright*) | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list.  See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
| 11. | **upright**<br><br>Reason for revision: The word "upright" may not pick up references to "vacuum" cleaners | (vacuum* or upright*) | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list.  See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |

| 12. | **4,643,748**<br><br>Reason for revision: Use of commas may not pick up other variations of the patent number. | 4,643,748 or 4643748 or 748 | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
| --- | --- | --- | --- |
| 13. | **4,826,515**<br><br>Reason for revision: Use of commas may not pick up other variations of the patent number. | 4,826,515 or 4826515 or 515 | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |
| 14. | **5,858,038**<br><br>Reason for revision: Use of commas may not pick up other variations of the patent number. | 5,858,038 or 5858038 or 038 | Maytag agrees to this revision. Please note, however, that Maytag has revised its search terms list. See Appendix C. This list is subject to further change until the parties have agreed upon final lists. |

**APPENDIX C**

**MAYTAG'S REVISED KEYWORD SEARCH LIST**

- Fusion

- Nova

- 4,643,748 or 4643748 or 748

- 4,826,515 or 4826515 or 515

- 5,858,038 or 5858038 or 038

- cyclone

- cyclonic

- cone

- vortex

- separator

- Dyson or (DC07 or (DC 07) or (DC07) or (DC 07) or (DCo7) or (DC 07) or DC7 or (DC 7)) or (DC14 or (DC 14)) or (DC15 or (DC 15)) AND
  - advert*; or
  - allerg*; or
  - analy*; or
  - bags; or
  - carpet*; or
  - centrifug*; or
  - challenge; or
  - clean*; or
  - clog; or
  - compet*;or
  - consumers; or
  - cyclon*; or
  - debris; or
  - dirt; or
  - dust; or
  - empty; or
  - filt*; or
  - floor*; or
  - gravit*; or
  - hygien*; or
  - "integral hose"; or

- o "liquid steel"; or
- o  market; or
- o reputation; or
- o strateg*; or
- o suction

- ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or
  ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or
  ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or
  ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10
  U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or
  Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10
  U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or
  Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10
  U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or
  Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900)**AND**
    - o Dyson or (DC07 or (DC 07) or (DC07) or (DC 07) or (DCo7) or(DC 07)
      or DC7 or (DC 7)) or (DC14 or (DC 14)) or (DC15 or (DC 15)); **or**
    - o market **and** Dyson or (DC07 or (DC 07) or (DC07) or (DC 07) or (DCo7)
      or(DC 07) or DC7 or (DC 7)) or (DC14 or (DC 14)) or (DC15 or (DC
      15)); **or**
    - o test* near 50 NAD near 50 Dyson or (DC07 or (DC 07) or (DC07) or
      (DC 07) or (DCo7) or(DC 07) or DC7 or (DC 7)) or (DC14 or (DC 14)) or
      (DC15 or (DC 15))

- (((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or
  ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or
  ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or
  ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10
  U6425-920) or ((Hoo* or Windtunnel or WT) near 10 U6432-900) or ((Hoo* or
  Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10
  U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or
  Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10
  U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy)
  near10 U8145-900)) and (market* or strateg* or business*) near0 (plan* or proposal*
  or projection* or analy* or strateg* or response*) and financ* and Dyson

- (upright or vacuum or ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10
  U5061 900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10
  U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10
  U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or
  WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or
  ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT)
  near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or
  Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10
  U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or

Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900)) and (share* or percent* or %) near10 (sales or market)

- (((Bissell or Lift-Off) near10 6595) or ((Bissell or Cleanview) near10 3575-5) or ((Eureka or Ultra Smart) near10 4870-A) or ((Eureka or Ultra Whirlwind) near10 4885) ((Fantom or Twister) near10 FM760) or ((Fantom or Twister) near10 FM780) or ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy) near10 U8145-900) or ((Ken* or Progressive) near10 116- 31723-100) or ((Ken* or Progressive) near10 116-31912-100) or ((Ken* or Progressive) near10 116-31912-103) or ((Ken* or Progressive) near10 116-34612-305) or (Oreck near10 XL2) or ((Pan* or Dual Sweep) near10 MC-V7515) or ((Royal or (Dirt Devil) or Vision) near10 091210) or ((Royal or (Dirt Devil) or Cruiser) near10 091700) or (Shark near10 UV219CS0) or ((Sharp or Multi Floor*) near10 EC-T5180A) or (Vax near10 X5) or ((Westing* or whs or Wired or WST) near10 1500) or ((Westing* or whs or Unplugged or WST) near10 1600) or (Biss* near10 3575) or (Eureka near10 4870) or (Eureka near10 4885) or (Hoo* near10 Empower) or (Hoo* near10 6439) or (Hoo* near10 Savvy) or (Ken* near10 912-103) or (Ken* near10 612- 305) or (Pan near10 Dual) or (Vax near10 X5) or (WHs near10 Unplug*)) and (suction or dirt* or dust or (pet hair) or debris or cyclon* or clog* or filt*) and test* or analys* and Dyson

- Dyson and (airflow* or bin* or clog* or (pet hair) or (Wide channel) or gravit* or Root8* or power* or (higher volumes of air) or ((use them) near10 (less they work)))

- Dyson near50 (damag* or hurt* or injur* or impact* or diminish*) near50 (Hoover or Maytag) near50 product

- (Maytag or Hoover) and (market* or compet*) and (vacuum* or upright*) and Dyson

- (consumer or buyer) near50 (decision* or buy* or understand* or prefer* or choose* or chose* or choice*) near50 (factor* or consider*)

- (Maytag or Hoover) and (patent* or infring* or *suit or litigation or copy* or copie* or knock-off or High Court) and Dyson

- (Maytag or Hoover) and (tv or (t.v.) or television* or broadcast* or network* or station*) and Dyson

- Instruction and Model No. U6616-900 or U5753-900 or U8163-900 or U5402-900 or 5453-900

- (nozzle* or hose*) near 50 suction and Dyson

- (upright* or vacuum*) near50 (basic design flaw*)

- "Good Housekeeping" (from March to December 2005) and Dyson or Hoover and f11.93.05

- "International Electrotechnical Committee" or IEC and 60312

- ASTM or American Society for Testing and F558 or F608 and Dyson or (DC07 or (DC 07) or (DCO7) or (DC O7) or (DCo7) or (DC o7) or DC7 or (DC 7)) or (DC14 or (DC 14)) or (DC15 or (DC 15)) or ((Hoo* or Sprint) near10 U5025-900) or ((Hoo* or Elite) near10 U5061-900) or ((Hoo* or Tempo) near10 U5150-900) or ((Hoo* or FoldAway) near10 U5175-900) or ((Hoo* or Fusion) near10 U5180-900) or ((Hoo* or EmPower) near10 U5262-900) or ((Hoo* or EmPower) near10 U5262-910) or ((Hoo* or Windtunnel or WT) near10 U6425-920) or ((Hoo* or Windtunnel or WT) near10 U6432-900) or ((Hoo* or Windtunnel or WT) near10 U6439-900) or ((Hoo* or Windtunnel or WT) near10 U6446-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6616-900) or ((Hoo* or Windtunnel or WT) near10 U6630-900) or ((Hoo* or Windtunnel or WT) near10 U8120-900) or ((Hoo* or Windtunnel or WT) near10 U8130-900) or ((Hoo* or Savvy)near10 U8145-900))