<u>REDACTED - PUBLIC VERSION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., and DYSON TECHNOLOGY LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | **CONFIDENTIAL -- FILED UNDER SEAL** |
| Defendant. | ) | |

### DYSON'S MOTION FOR REARGUMENT OF THE COURT'S TELEPHONE RULING DENYING DYSON'S REQUEST FOR DISCOVERY REGARDING MAYTAG'S "NO LOSS OF SUCTION" CLAIMS

Plaintiffs-Counterclaim Defendants Dyson, Inc. and Dyson Technology Limited ("Dyson") respectfully seek reargument, pursuant to Local Rule 7.1.5, of the Court's ruling during the December 7, 2006 teleconference that denied discovery on Defendant-Counterclaim Plaintiff Maytag Corporation's ("Maytag") substantiation of its "No Loss of Suction" advertising claim. We respectfully submit that Maytag made significant misstatements of fact and of the applicable legal burden that Maytag faces on its false advertising claims. These misstatements were material and, we submit, led the Court to reach an erroneous ruling on the requested discovery.

Dyson's brief and succinct statement of the grounds for this motion, as required by Local Rule 7.1.5, are as follows:

1. Maytag challenges Dyson's "No Loss of Suction" claims for upright vacuums sold in the United States. During the teleconference, Dyson explained that evidence concerning how Maytag substantiates Maytag's own "No Loss of Suction" claim is probative to refute Maytag's contention that Dyson's claim substantiation is inadequate.

2.  In arguing that the requested discovery is not relevant and should not be allowed, counsel for Maytag represented to the Court that Maytag's "No Loss of Suction" claim is "*entirely different from any of the claims that are being made by Dyson in the current case.*" (Exh. A Tr. at 51:7-8) (emphasis added)[1]. Counsel for Maytag also stated "[t]he claims are different and they haven't demonstrated the claims are the same in any respect whatsoever. There is some similar language, but there are some very vast differences." (*Id.* at 48:17-18). The Court denied the requested discovery after hearing Maytag's counsel argue that the claims were "entirely different."

3.  Maytag's representations were not correct. For example, one Dyson advertising claim that is challenged by Maytag in this case is compared below to one of the two Maytag advertising claims for which Dyson seeks discovery:

> Dyson's claim: The Dyson vacuum "doesn't lose suction." (D.I. 22 at ¶ 21).[2]
>
> Maytag's claim: "No loss of suction." (Exh. B, C).

4.  Far from being "entirely different," these advertising claims are virtually identical. Indeed, Maytag's own expert witness on consumer perception, Dr. Yoram Wind, stated that the ▮▮▮▮▮▮▮▮▮▮ – just 3 days ago. (Exh. D at page 4). And in a critical discovery document, Maytag's business people conceded that Maytag's Fusion product was ▮▮▮▮▮▮▮▮▮▮

---

[1] The transcript for the December 7, 2006 teleconference has not yet been docketed. We, therefore, have attached a copy of the relevant discussion at Exh. A.

[2] Maytag alleges that Dyson also makes the following claims: "The first vacuum cleaner that doesn't lose suction," "Only a Dyson is designed not to lose suction." "Unlike other vacuum cleaners, Dyson doesn't lose suction," "Because a Dyson doesn't clog like other vacuums, its suction power remains constant, room after room," and "Other vacuums can lose up to half their suction power after a small amount of dust. Dyson doesn't – it keeps its suction power room after room." (D.I. 22 at ¶ 21).

2

██████████████████████████████████████ (Exh. E at 2). This information directly contradicts Maytag's counsel's representation during the teleconference.

5. Maytag currently places an asterisk next to the "No Loss of Suction" claims on its advertising, purportedly to qualify the claim. Indeed, counsel for Maytag mentioned in passing that its claims were "qualified" during the teleconference. The alleged qualifier, however, is of no legal significance because it is an asterisk that leads to small, footnoted text far from the claim that states "[s]uction stays constant for up to 10 ounces of dirt, as tested by an independent laboratory using ASTM F558 test method and a dirt composition comprised of 70% mineral dust, 20% cellulose dust and 10% fibrous material." (See Exh. B, C). As a matter of law, a footnote or disclaimer "which is so inconspicuously located or in such fine print that readers tend to overlook it, will not remedy the misleading nature of the claims." *SmithKline Beecham Consumer Healthcare, L.P. v. Johnson & Johnson-Merck Consumer Pharms. Co., Inc.*, 906 F. Supp. 178, 182 (S.D.N.Y. 1995). And, to the extent the *de facto* effect of this disclaimer is important, that effect is typically judged by competent consumer survey evidence, not lawyer argument. *Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 129-30 (3d Cir. 1994).

6. Dyson also seeks discovery on the substantiation for Maytag's claim that: "Cyclonic technology offers powerful cleaning *with no loss of suction*." (Exh. C) (emphasis added). Dyson's vacuum cleaners also employ cyclonic technology. Evidence that Maytag can substantiate this claim could also substantiate Dyson's "no loss of suction" claim for its own cyclonic vacuums or

demonstrate that Dyson's substantiation methods are reasonable and reliable.[3] How Maytag substantiates that claim goes directly to the reasonableness of Dyson's substantiation for its own cyclonic products.

7.   Reargument of Dyson's request for discovery also is appropriate because Maytag incorrectly advised the Court that "it's Dyson's burden to prove that they have got appropriate substantiation for their own advertising claims." (Exh. A Tr. at 50:1-4). That statement presumably was designed to lead the Court to believe that this case should narrowly focus only on Dyson's testing, and that any issues outside of Dyson's own testing have no bearing on the issues in dispute.

8.   Nothing could be further from the truth. The burden here is on Maytag to prove that Dyson's advertising is false, and not the other way around. *Santana Prods. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005). The only exception to the rule requiring affirmative proof of falsity by a Lanham Act plaintiff is when an advertiser's claims are "completely unsubstantiated." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 590 (3d Cir. 2002). In those limited circumstances, advertising may be deemed *per se* false and no further proof of falsity by the plaintiff is required. *Id.* Dyson has substantiation in this case, and Maytag therefore carries the burden of proving falsity. *Id.*

9.   In accord, other judges in this district have held that discovery of a false advertising

---

[3]   In the wake of an NAD decision that Maytag failed to substantiate its "No Loss of Suction" claim, even with the footnoted qualifier, Maytag very recently added a qualifier *next* to its claim, which qualifier states that "[v]acuum cleaner suction tests do not represent carpet cleaning ability." The NAD since has ruled that this added qualifier does not cure the defects the NAD previously found to exist in Maytag's "No Loss of Suction" claim. In any event, this additional qualifier has no legal significance to the issue raised by this motion. First, Maytag made its "No Loss of Suction" claim without this qualifier for a significant period of time, thus Maytag's substantiation of that claim still is probative. Second, the fact remains that Maytag's "No Loss of Suction" claim, with or without the recently added qualifier, conveys the same performance characteristic – the virtue of cyclonic technology – that is conveyed by Dyson's "No Loss of Suction" claims.

4

plaintiff's substantiation for its own advertising claims is directly relevant to the reasonableness of a defendant's own substantiation efforts. *Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 260-61 (D. Del. 1979) (manufacturer of athlete's foot remedy sued by competitor for false advertising is "entitled to discover whether the criteria employed" by competitor in studies comparing its own product to defendant's product "are consistent with those employed in [competitor's] comparisons of [its product] with other athlete's foot products") (Schwartz, J.). Discovery on Maytag's "No Loss of Suction" claims also is probative and relevant to Dyson's unclean hands defense. *See Haagen-Dazs, Inc. v. Frusen Gladje, Ltd.*, 493 F. Supp. 73, 76 (S.D.N.Y. 1980) (evidence that a Lanham Act plaintiff has made advertising claims similar to those it challenges will serve as a basis for an unclean hands defense). Here, if Maytag used its "No Loss of Suction" claim to ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Exh. E), that would be the kind of evidence sufficient to establish unclean hands and bar relief sought by Maytag in this case.

10. Granting the requested discovery will not impact the trial date for this action. For that reason, and for those set forth above, Dyson respectfully requests that the Court reconsider its prior decision and allow discovery regarding Maytag's "No Loss of Suction" claims.

Respectfully submitted,

*/s/ John W. Shaw*
C. Barr Flinn (#4092)
John W. Shaw (#3362)
YOUNG CONAWAY STARGATT &
  TAYLOR LLP
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
jshaw@ycst.com

*Attorneys for Dyson, Inc. and
Dyson Technology Limited*

DB01:2257193.1                                                     063753.1002

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL, LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Dated: December 21, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on January 3, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE 19801

I further certify that on January 3, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL AND FEDERAL EXPRESS**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH 44308
>
>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL 60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>C. Barr Flinn (No. 4092)
>John W. Shaw (No. 3362)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jshaw@ycst.com
>
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*