# EXHIBIT L

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2148927 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Briefs and Other Related Documents
Ayers v. KearneyD.Del.,2005.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
Andrew AYERS, Petitioner,
v.
Richard KEARNEY, Warden, and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.
**No. Civ.A. 03-281-GMS.**

Sept. 7, 2005.

MEMORANDUM ORDER
SLEET, J.

I. INTRODUCTION

*1 Presently before the court is *pro se* petitioner
Andrew Ayers' motion for re-argument of the court's
memorandum opinion dismissing his federal habeas
corpus petition. (D.I.25.) For the following reasons,
the court will deny his motion.

II. BACKGROUND

In March 2003, Ayers filed in this court a petition for
the writ of habeas corpus pursuant to 28 U.S.C. §
2254, asserting four claims: (1) the witness who
purchased cocaine from Ayers was not a trained DEA
agent; (2) ineffective assistance of counsel for failing
to object to a police officer's reference to Ayers'
involvement in Operation Safe Streets and for failing
to move for a mistrial after this statement; (3) the
State improperly withheld discovery evidence
regarding Ayers' prior criminal history; and (4) police
perjury. (D.I. 1 at 5-6.)

The State's answer asked the court to dismiss Ayers'
habeas petition for two reasons: (1) Ayers
procedurally defaulted claims one, three, and four in
state court without any excuse, therefore precluding
federal habeas review of these claims; and (2) Ayers'
ineffective assistance of counsel claim (claim two)
did not warrant federal habeas relief because the
Delaware Supreme Court's denial of this claim was
neither contrary to, nor an unreasonable application
of, clearly established federal law. (D.I.10.)

In a Memorandum Opinion dated May 6, 2005, the
court denied Ayers' habeas petition. (D.I.24.) In a
motion for re-argument dated May 12, 2005, Ayers
contends that the court erroneously neglected to
consider additional allegations of his counsel's
ineffective assistance.[FN1] (D.I.25.)

FN1. Pursuant to D. Del. L.R. 7.1.5, a
motion for re-argument must be served and
filed within ten days after the filing of the
court's opinion. Pursuant to Fed.R.Civ.P.
59(b), a motion for a new trial must be filed
no later than 10 days after the entry of the
judgment. A motion for reconsideration filed
pursuant to Fed.R.Civ.P. 60(b) must be filed
within a reasonable time. In the
instant situation, the court's Memorandum Opinion
denying Ayers' § 2254 petition was entered
on May 9, 2005, and his motion for re-
argument was filed on May 18, 2005.
Therefore, under the three aforementioned
rules, Ayers' motion is timely.

III. DISCUSSION

The purpose of a motion for reconsideration is to
correct manifest errors of law or fact or to present
newly discovered evidence. *Harsco Corp. v.
Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985).
Accordingly, a court may grant a motion for
reconsideration if the moving party shows one of the
following: (1) an intervening change in the
controlling law; (2) the availability of new evidence
that was not available when the court issued its order;
or (3) the need to correct a clear error of law or fact
or to prevent a manifest injustice. *Max's Seafood
Café v. Quinteros,* 176 F.3d 669, 677 (3d
Cir.1999)(citing *North River Ins. Co. v. CIGNA
Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995).
A motion for reconsideration is not appropriate to
reargue issues that the court has already considered
and decided. *Brambles USA Inc. v. Blocker,* 735
F.Supp. 1239, 1240 (D.Del.1990).

Ayers' motion for re-argument is premised upon his
belief that the court erroneously neglected to consider
seven additional allegations of his counsel's
ineffective assistance. (D.I.25.) Ayers explains that,
after reading the State's answer stating that some of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2148927 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

his claims were unexhausted, he realized that he had filed a "mixed petition." According to Ayers, he then filed a motion to amend his original petition by deleting the unexhausted claims and adding eight ineffective assistance of counsel claims he had exhausted in the state courts. He also filed a document titled "Amended Petition for Writ of Habeas Corpus," which effectuated the amendment explained above. (D.I.23.)

*2 The court reviewed Ayers' "Amended Petition for Writ of Habeas Corpus," and only considered one of the eight additional ineffective assistance of counsel claims. Ayers' motion for re-argument asks the court to consider the other seven exhausted ineffective assistance claims. (D.I.25.)

The court interprets Ayers' instant motion for re-argument as asserting that the court based its dismissal on an error of fact. Ayers apparently believes that the court's refusal to consider the other seven "added" ineffective assistance of counsel claims was due to the fact the court did not have a copy of his actual motion requesting the amendment; rather, the court only had the actual "amended petition."

Contrary to his belief, however, the court's refusal to add the other seven ineffective assistance of counsel claims to his original petition was not due to Ayers' apparent failure to actually request permission from the court to amend. Rather, the court refused to add those claims because those seven claims did not relate back to the originally asserted ineffective assistance of counsel claims, and AEDPA's limitations period had expired during the pendency of his habeas petition. The Memorandum Opinion states, in relevant part:
the court will consider only one of the additional assertions of ineffective assistance of counsel contained in his amended petition, namely, that his counsel provided ineffective assistance by failing to move for a mistrial. This allegation further supplements his ineffective assistance of counsel claim regarding his counsel's failure to object to testimony regarding Operation Safe Streets.[FN2] However, "Ayers did not request leave from the court prior to raising these additional claims and the State has not granted its written consent to this amendment. Given that a year has passed since he filed his reply to the State's answer, the court concludes that justice does not require granting the amendment. *See* Fed.R.Civ.P. 15(a)."

FN2. In its answer, the State speculated that Ayers really intended to argue that his counsel's failure to move for a mistrial constituted ineffective assistance of counsel, and it addressed this issue. (D.I. 11 at 14). The court viewed the State's discussion as implicit consent for Ayers' subsequent addition of this claim.

Accordingly, even if the court had been presented with a copy of Ayers' "motion to amend" when reviewing Ayers' § 2254 petition, it still would have denied the amendment for the same reason: more than one year had passed since the State filed its answer, Ayers was attempting to add new ineffective assistance of counsel claims, and Ayers presented no explanation for such a delay in making the amendment.[FN3] *See United States v. Duffus,* 174 F.3d 333, 336-37 (3d Cir.1999)(finding that a new ineffective assistance of counsel claim asserted in a motion to amend after AEDPA's limitations period had already expired did not relate back to an ineffective assistance of counsel claim asserted in the original timely habeas petition); *U.S. v. Thomas,* 221 F.3d 430, (3d Cir.2000)("Under Fed.R.Civ.P. 15(c), an amendment ... clarif [ying] or amplif[ying] a claim or theory in the petition may, in the District Court's discretion, relate back to the date of the petition if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case"). Thus, the court will deny Ayers' motion for re-argument.

FN3. The court also notes that Ayers' purported reason for amending the petition is incorrect. Ayers has attached a copy of his "motion to amend" to his motion for re-argument. His "motion to amend," dated March 13, 2005, asks to delete unexhausted claims one and four, and add eight additional ineffective assistance of counsel claims, because he presented the court with a mixed petition. (D.I.25, Attachment.) To briefly summarize the applicable law, under *Rose v. Lundy,* a federal court cannot review a timely filed mixed petition. *Rose v. Lundy,* 455 U.S. 509 (1982). Rather, the court should dismiss the petition without prejudice to permit exhaustion of the unexhausted claims, or give the petitioner a chance to delete the unexhausted claims.
Contrary to Ayers' assertion, his petition was not mixed; it contained exhausted claims

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 2148927 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

and procedurally defaulted claims, and the procedurally defaulted claims were precluded from further state court review. A mixed petition contains exhausted claims and unexhausted claims, and the unexhausted claims can still be reviewed by a state court. Regardless, even if his original petition was mixed, the *Rose v. Lundy* doctrine only permits the deletion of unexhausted claims; it does not authorize the addition of new exhausted claims. *See Rose, 455 U.S. 509.* In short, Fed.R.Civ.P. 15(c) would still have precluded the court from reviewing the additional seven ineffective assistance of counsel claims.

## IV. CONCLUSION

**\*3** For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner Andrew Ayers' motion for re-argument is DENIED. (D.I.25.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2005.
Ayers v. Kearney
Not Reported in F.Supp.2d, 2005 WL 2148927 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00281 (Docket) (Mar. 13, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**H**
Briefs and Other Related Documents
Sanderson v. Continental Cas. Corp.D.Del.,2003.Only the Westlaw citation is currently available.

United States District Court,D. Delaware.
Kimberly N. SANDERSON, Plaintiff,
v.
CONTINENTAL CASUALTY CORPORATION, et al., Defendants.
**No. Civ.A. 01-606GMS.**

Aug. 19, 2003.

Herbert G. Feuerhake, Law Office of Herbert G. Feuerhake, for plaintiff.
Robert D. Goldberg, Biggs & Battaglia, Richard G. Elliott, Jr., Jennifer C. Bebko Jauffret, Richards, Layton & Finger, Wilmington, DE, for defendants.

*MEMORANDUM AND ORDER*
SLEET, J.

I. INTRODUCTION

***1** On September 7, 2001, the plaintiff, Kimberly N. Sanderson ("Sanderson") filed the above-captioned action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Through this action, she sought to recover long-term disability benefits which she claimed were due under a policy of insurance issued by Continental Casualty Company ("Continental") to her employer, Rhodia, Inc. On February 25, 2003, the court concluded that Continental's decision to deny Sanderson's disability benefits was arbitrary and capricious. It thus remanded the case to Continental. ("Remand Order").[FN1]

FN1. For a complete recitation of the facts and procedural history of this case, please see *Sanderson v. Continental Ins. Co.*, 2003 WL 470539 (D.Del. Feb.25, 2003).

Presently before the court is Continental's motion for reconsideration and a stay of the remand order. For the following reasons, the court will deny this motion.

II. STANDARD OF REVIEW

As a general rule, motions for reconsideration should be granted only "sparingly." *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991). In this district, these types of motions are granted only if appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See, e.g., Shering Corp. v. Amgen, Inc.,* 25 F.Supp.2d 293, 295 (D.Del.1998); *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.,* 99 F.R.D. 101 (E.D.Va.1983)); *see also Karr,* 768 F.Supp. at 1090 (citing same).

In addition, the Third Circuit has explained that a district court should also grant a motion for reconsideration which alters, amends, or offers relief from a judgment when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (relying on *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)).

III. DISCUSSION

The basis for Continental's current motion is the United States Supreme Court's May 27, 2003 decision in *Black & Decker Disability Plan v. Nord,* 538U.S. 822, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). Specifically, Continental argues that the holding in *Nord* supercedes the holding and rationale underlying the Remand Order of February 25, 2003. Because a change in controlling law is an appropriate ground upon which to base a motion for reconsideration, the court will now address Continental's allegations.

Continental first contends that the Remand Order requires it to give special deference to the opinions of Sanderson's treating physicians. According to Continental, this is in contravention of the Supreme

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22078075 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Court's recent holding that "... plan administrators are not obliged to accord special deference to the opinions of treating physicians." *Nord*, 538 U.S. at ---, 123 S.Ct. at 1967. While Continental's point is well-taken, it is apparent that Continental bases its argument both on a misreading of the court's Remand Order and an unduly narrow reading of *Nord.*

**\*2** As an initial matter, the court's Remand Order did not rely on the treating physician rule as the basis for its decision.[FN2] Indeed, the issue here is not whether Continental should have given the treating physician's opinions "substantial weight," but instead, why Continental decided to give multiple other forms of evidence no consideration at all, or conflicting consideration. *See e.g.* Remand Order at 13, n. 4 (questioning the veracity of Continental's claims that it had placed reliance on Dr. Matsumoto's findings in making its decision, when it later questioned Dr. Matsumoto's credentials); Remand Order at 14 (describing Continental's selective parsing of medical conclusions from the same doctor); Remand Order at 15, n. 6 (recognizing that Continental may have disregarded relevant evidence due to an improper reading of the Policy's requirements). Moreover, the court found that Continental had summarily dismissed Sanderson's own subjective complaints of pain and her allegations of the independently disabling condition fibromyalgia. The court's concerns are clearly in accord with the Supreme Court's admonition in *Nord* that, "[p]lan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Id.* at 1972.

> FN2. Were this case to turn solely on the application of the treating physician rule, as Continental suggests, there would have been no need for the court to order a remand because an application of this rule would certainly have resulted in summary judgment being awarded in Sanderson's favor.

Likewise, Continental's next argument that the court has impermissibly placed upon it an undue burden of explanation in contravention of *Nord* must also fail. *See* 123 S.Ct. at 1972. Importantly, the Supreme Court found that ERISA plan administrators must provide the notice of denial in writing and wherein they set forth the specific reasons for the denial in an easily understandable manner. *See Nord* 538 U.S. at ----, 123 S.Ct. at 1970. Thus, although Continental appears to be contending that *Nord* releases plan administrators from any duty of explanation whatsoever, that is simply not the case. Indeed, as the court discussed above, the Supreme Court in *Nord* specifically recognized that, "[p]lan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." 123 S.Ct. at 1972. At no time did the Court hold that plan administrators need not provide any justification for rejecting evidence supporting a claimant's disability, particularly when it is clear, as it is here, that the administrators were engaged in a selective and self-serving review of the evidence.[FN3]

> FN3. It bears repeating that, through its Remand Order, the court is not suggesting that Continental must find Sanderson disabled. Rather, the court merely directs Continental to reach its decision on her disability after a review of the entire record before it.

### IV. CONCLUSION

Because the issues in the present case far exceed the scope of the Supreme Court's holding with regard to the treating physician rule in *Nord,* the court concludes that reconsideration of its remand order is not warranted.

For the foregoing reasons, IT IS HEREBY ORDERED that:
1. Continental's Motion for Reconsideration and Stay of Order of Remand (D.I.69) is DENIED.

D.Del.,2003.
Sanderson v. Continental Cas. Corp.
Not Reported in F.Supp.2d, 2003 WL 22078075 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:01CV00606 (Docket) (Sep. 07, 2001)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 345463 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

**H**
Briefs and Other Related Documents
Kerr-McGee v. OyD.Del.,2004.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
KERR-MCGEE CHEMICAL, LLC, a Delaware
limited liability company, and Kerr-McGee Chemical
Worldwide, LLC, as successor to Kerr-McGee
Corporation, a Delaware Corporation, Plaintiffs,
v.
Kemira Pigments OY, a Finnish private limited
liability company and Kemira Oyj, a Finnish public
limited liability company, Defendants.
**No. Civ.A. 03-191-GMS.**

Feb. 24, 2004.

*MEMORANDUM*
SLEET, J.

### I. INTRODUCTION

**\*1** Presently before the court is the plaintiffs' motion
for reconsideration of the court's decision to compel
arbitration. The plaintiffs, Kerr-McGee Chemical,
LLC, and Kerr-McGee Chemical Worldwide, LLC,
(collectively "Kerr-McGee"), argue that
reconsideration and vacatur are appropriate for two
reasons: one, Kerr-McGee claims that the defendants,
Kemira Pigments OY and Kemira OYJ (collectively
"Kemira"), have repudiated their prior position that
the fraud claim is arbitrable; and, two, the court failed
to analyze the "Jurisdiction and Consent to Service"
clause in the contract. (D.I.54). For the reasons stated
below, the court concludes that there is no basis for
reconsideration.

### II. STANDARD OF REVIEW

As a general rule, motions for reconsideration should
be granted only "sparingly." *Karr v. Castle, 768
F.Supp. 1087, 1090 (D.Del.1991)*. In this district,
these types of motions are granted only if it appears
that the court has patently misunderstood a party, has
made a decision outside the adversarial issues
presented by the parties, or has made an error not of
reasoning, but of apprehension. *See, e.g., Shering
Corp. v. Amgen, Inc., 25 F.Supp.2d 293, 295
(D.Del.1998); Brambles USA, Inc. v. Blocker, 735*

*F.Supp. 1239, 1240 (D.Del.1990)* (citing *Above the
Belt, Inc. v. Mel Bonhannan Roofing, Inc., 99 F.R.D.
99 (E.D.Va.1983)); see also Karr, 768 F.Supp. at
1090* (citing same). Moreover, even if the court has
committed one of these errors, there is no need to
grant a motion for reconsideration if it would not
alter the court's initial decision. *See Pirelli Cable
Corp. v. Ciena Corp., 988 F.Supp. 424, 455
(D.Del.1998)*. Finally, motions for reconsideration
"should not be used to rehash arguments already
briefed." *TI Group Automotive Systems, (North
America), Inc. v. VDO North America L.L.C., 2002
U.S. Dist. LEXIS 1018, 2002 WL 87472
(D.Del.2002)* (citation omitted); *see also Quaker
Alloy Casting v. Gulfco Industries, Inc., 123 F.R.D.
282, 288 (N.D.Ill.1988)* ("This Court's opinions are
not intended as mere first drafts, subject to revision
and reconsideration at a litigant's pleasure.").

### III. BACKGROUND

The present action arose out of a stock purchase
transaction of a chemical plant in Savannah, Georgia,
between the plaintiffs as purchasers and the
defendants as sellers. The contract, memorialized by
a Stock Purchase Agreement (the "Agreement"), was
dated February 13, 2000, and signed by both parties.
The Agreement contained, inter alia, a broad
arbitration clause, a "Jurisdiction and Consent to
Service" clause, and an "Exclusive Remedies"
clause. In dispute is the interpretation of these
provisions, and their effect on the scope of the
arbitration clause.

Almost one-and-one-half years after the closing of
the Agreement, on September 28, 2001, the plaintiffs
Kerr-McGee, then represented by both in-house
counsel and an outside law firm, sent a letter to the
defendants alleging various breaches of warranties
and representations. The parties attempted to resolve
the dispute and engaged in an informal exchange that
took place over the course of the next year-and-one-
half.

**\*2** The informal negotiations were unsuccessful and,
ultimately, on February 11, 2003, Kerr-McGee
initiated arbitral proceedings against Kemira alleging
claims for indemnification and breach of contract at
the London Court of International Arbitration
("LCIA") pursuant to the arbitration clause. On

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 345463 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

February 12, 2003, fearful that the statute of limitations would preclude any breach of contract claims, Kerr-McGee also filed a complaint in this court alleging substantially the same. However, Kerr-McGee's then counsel acknowledged that it filed the complaint merely as a precaution to avoid the running of the statute of limitations. Counsel also indicated that out of courtesy and a genuine desire to resolve the dispute amicably Kerr-McGee would not effectuate service at that time. Continued negotiations proved unsuccessful and the parties began to discuss how to proceed with the arbitration.

On June 4, 2003, Kerr-McGee, under new representation, filed an amended complaint. In the amended complaint, Kerr-McGee reaffirmed its claims for indemnification and of breach of contract, and added an additional count alleging fraudulent misrepresentation. This time, the plaintiffs served the complaint.

The defendants filed a motion to compel arbitration and to dismiss or stay the case. Upon careful review of the Agreement and the relevant law, the court determined that the arbitration clause governed the fraud claim and compelled arbitration accordingly.

### III. DISCUSSION

Kerr-McGee now moves for reconsideration claiming that Kemira has reversed its prior position that the fraud claim is arbitrable and represents to the LCIA that the fraud claim is not properly before it. Kerr-McGee also argues that reconsideration is appropriate because the court omitted from its analysis the relevancy of the Jurisdiction and Consent to Service clause. Kerr-McGee asserts that should the court reconsider the clause and its effect on the Agreement, the outcome would be different. The court disagrees for the following reasons.

The court's opinion and order of October 7, 2003, resolved the issue of whether the fraud claim was arbitrable. The court determined that in this case, the arbitration agreement governed the fraud claim. As a result, the court declined to consider the substantive validity of the fraud claim. The issue is properly before the LCIA. Thus, the defendants may exercise their right to challenge the validity of the claim before the arbitral panel. It is not inconsistent to argue that the fraud claim is arbitrable, and then to challenge its validity before the LCIA on other grounds. Such a challenge does not constitute a repudiation of the position Kemira took in support of

its motion to compel arbitration.

The court also disagrees with Kerr-McGee's second argument that a more probative evaluation of the Jurisdiction and Consent to Service clause would yield a different understanding of the scope of the arbitration agreement. Were the court to reconsider this clause in more depth within the context of the contract as a whole, the outcome would be the same. In deciding to compel arbitration, the court deemed the jurisdiction clause to have little relevance on the issue of whether the fraud claim was arbitrable. The court reasoned that the purpose of the clause was to provide the parties an exclusive forum in the event that the arbitral proceedings or award were challenged. The clause also anticipated the parties' potential need to seek injunctive relief or judicial intervention in support of the arbitration. Further analysis of the jurisdiction clause would not support a different conclusion. Moreover, given that the contract contained a merger clause, the court may not consider the progression of negotiations that Kerr-McGee argues are key to an accurate understanding of the parties' intent.

### IV. CONCLUSION

*3 For the foregoing reasons, the court will deny the plaintiffs' motion for reconsideration.

### ORDER

IT IS HEREBY ORDERED that:

1. The plaintiffs' motion for reconsideration is DENIED.

D.Del.,2004.
Kerr-McGee v. Oy
Not Reported in F.Supp.2d, 2004 WL 345463 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00191 (Docket) (Feb. 12, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 57217 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Briefs and Other Related Documents
Waters Technologies Corp. v. Applera
Corp.D.Del.,2004.Only the Westlaw citation is
currently available.
United States District Court,D. Delaware.
WATERS TECHNOLOGIES CORPORATION,
Waters Investments Ltd., Micromass UK Ltd., and
Micro Mass Inc., Plaintiffs,
v.
APPLERA CORPORATION, Defendant.
**No. C.A. 02-1285 GMS.**

Jan. 13, 2004.

Richard K. Herrmann, Blank Rome, LLP.,
Wilmington, DE, for Plaintiffs/Counter-Defendant.
Mary Matterer, Wilmington, DE, for Plaintiffs.
Jack B. Blumenfeld, Julia Heaney, Morris, Nichols,
Arsht & Tunnell, Wilmington, DE, for
Defendant/Counter-Claimant.

*ORDER*
SLEET, J.
**\*1 IT IS HEREBY ORDERED that:**

1. The defendant's motion for reargument and/or
reconsideration is DENIED.

*MEMORANDUM*

I. INTRODUCTION

The plaintiffs, Waters Technologies Corporation,
Waters Investments Ltd., Micromass UK Ltd., and
Micromass, Inc. (collectively "Waters"), filed the
above-captioned suit against the defendant Applera
Corporation ("Applera") on July 11, 2002, alleging
patent infringement. Following a Markman hearing
on June 3, 2003, the court issued an order construing
the term "directly" to mean " 'without undergoing
adiabatic expansion in a vacuum chamber." '
(D.I.72). Presently before the court is the defendant's
motion for reargument and/or reconsideration of the
court's order. For the reasons that follow, the court
will deny the motion.

II. DISCUSSION

As a general rule, motions for reconsideration should
be granted only "sparingly." *Karr v. Castle,* 768
F.Supp. 1087, 1090 (D.Del.1991). In this district,
these types of motions are granted only if it appears
that the court has patently misunderstood a party, has
a made a decision outside the adversarial issues
presented by the parties, or has made an error not of
reasoning, but of apprehension. *See, e.g., Shering
Corp. v. Amgen, Inc.,* 25 F.Supp.2d 293, 295
(D.Del.1998); *Brambles USA, Inc. v. Blocker,* 735
F.Supp. 1239, 1240 (D.Del.1990) (citing *Above the
Belt, Inc. v. Mel Bonhannan Roofing, Inc.,* 99 F.R.D.
99 (E.D.Va.1983)); *see also Karr,* 768 F.Supp. at
1090 (citing same). Moreover, even if the court has
committed one of these errors, there is no need to
grant a motion for reconsideration if it would not
alter the court's initial decision. *See Pirelli Cable
Corp. v. Ciena Corp.,* 988 F.Supp. 424, 455
(D.Del.1998). Finally, motions for reconsideration
"should not be used to rehash arguments already
briefed." *TI Group Automotive Systems, (North
America), Inc. v. VDO North America L.L.C.,* 2002
U.S. Dist. LEXIS 1018, 2002 WL 87472
(D.Del.2002) (citation omitted); *see also Quaker
Alloy Casting v. Gulfco Industries, Inc.,* 123 F.R.D.
282, 288 (N.D.Ill.1988) ( "This Court's opinions are
not intended as mere first drafts, subject to revision
and reconsideration at a litigant's pleasure.").

The defendant argues that reargument or
reconsideration is necessary because the court "
'made an error of ... apprehension' fostered by a
misleading argument made by Waters to which [the
defendant] had no opportunity to respond." (D.I. 84,
Defendant's Brief in support of its Motion for
Reargument and/or Reconsideration of the Court's
Construction of the Term "Directly" (citing *TI Group
Automotive Systems (North America), Inc. v. VDO
North America L.L.C.,* 2002 U.S. Dist. LEXIS 1018,
at \*2 (D.Del. Jan. 22, 2002)). Specifically, the
defendant believes that the court was misled by a
misstatement made by counsel for Waters in its
rebuttal at the Markman hearing. The passage from
Waters's argument that Applera contends confused or
misled the court went as follows:
\*2 Now, Mr. Hanley-if we could go to Slide 76,
please-Mr. Hanley makes the point that there's
discussion here first of a chamber and of a skimmer
in Chowdhury.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 57217 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Maybe we could put up Chowdhury, David.
All that discussion is doing is laying out the structure
which confirms that there is a vacuum chamber there.
It's not saying it's not directly because there's an
interchange chamber and intervening skimmer. It's
simply saying, and I will show,-- I'm sorry. I need
Allen.
[Transcript of Markman Hearing, June 3, 2003, p.
141, lines 6-15 .]

However, it is clear from the context that counsel for
Waters simply misspoke. His mistake was
inadvertent and immediately corrected. The court
understood the parties' presentations and, after
considering the arguments, was persuaded that the
proper construction of the term "directly" is as was
stated in its order. Applera has failed to demonstrate
that the court's construction is reflective of an error of
apprehension based on Waters's misstatement.
Therefore, the court denies the defendant's motion for
reargument and/or reconsideration.

D.Del.,2004.
Waters Technologies Corp. v. Applera Corp.
Not Reported in F.Supp.2d, 2004 WL 57217 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01285 (Docket) (Jul. 10, 2002)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEXSEE 2002 US DIST LEXIS 1018



Warning
As of: Jan 05, 2007

**TI GROUP AUTOMOTIVE SYSTEMS, (NORTH AMERICA), INC., Plaintiff, v.
VDO NORTH AMERICA L.L.C., Defendant.**

**C.A. No. 00-432-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2002 U.S. Dist. LEXIS 1018**

**January 22, 2002, Decided**

**PRIOR HISTORY:** VDO N. Am., L.L.C. v. TI Group Auto. Sys., 2001 U.S. Dist. LEXIS 19971 (D. Del. Dec. 3, 2001)

**DISPOSITION:** [*1] Motion for Reconsideration filed by the Plaintiff, TI Group Automotive Systems (North America), Inc. DENIED.

**COUNSEL:** For TI GROUP AUTOMOTIVE SYSTEMS (NORTH AMERICA), INCORPORATED, plaintiff: Douglas E. Whitney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For VDO NORTH AMERICA L.L.C., MANNESMANN AG, ATECS MANNESMANN AG, VODAFONE AIRTOUCH PLC, ROBERT BOSCH GMBH, SIEMENS AG, MANNESMANN VDO AG, defendants: Arthur G. Connolly, III, Connolly, Bove, Lodge & Hutz, Wilmington, DE.

For TI GROUP AUTOMOTIVE SYSTEMS (NORTH AMERICA), INC., counter-claimant: Douglas E. Whitney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For VDO NORTH AMERICA L.L.C., counter-defendant: Arthur G. Connolly, III, Connolly, Bove, Lodge & Hutz, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory Moneta Sleet .

**OPINION:**

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

On December 3, 2001, the court issued a *Markman* order construing the disputed claim terms in the above-captioned case. The plaintiff, TI Group Automotive Systems (North America), Inc. ("TI"), filed a motion for reconsideration on December 17, 2001. The court will now deny TI's motion because it has [*2] failed to demonstrate that the court erred in reaching its decision.

**II. DISCUSSION**

As a general rule, motions for reconsideration should be granted only "sparingly." *See Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991). In this district, motions for reconsideration are only granted if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See e.g., Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Moreover, even if the court had committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. *See Pirelli Cable Corp. v. Ciena Corp.*, 988 F. Supp. 424, 445 (D. Del. 1998).

Furthermore, motions for reconsideration "should not be used to rehash arguments already briefed." *See Dentsply Int'l. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). A guiding principle in applying the [*3]

limitations on reargument under Local Rule 7.1.5 is that a motion for reargument will only be allowed when it is patently clear the judge has committed error. Any lesser constraint would only serve to encourage "a never ending polemic between litigants and the court." *See Schering Corp.* 25 F. Supp. 2d at 295. Thus, "it follows that a motion for reargument should be denied where the proponent simply rehashes material and theories already briefed, argued and decided." *Id.*

### A. Claim 2: "Means For Routing"

TI proffers three reasons why it believes reconsideration is necessary with respect to the "means for routing" claim limitation: (1) the claimed function in the "means for routing" clause was not recited verbatim in the court's claim construction order; (2) the court's order ignores the embodiment shown in Figure 1; and (3) the order improperly identified structures unnecessary to perform the claimed function.

Insofar as TI requests that the court modify its order to recite the verbatim function described in the claim, the court will do so. Accordingly, Paragraph 6 of the December 3, 2001 order will be amended to read as follows:

> 6. Claim 2: "means [*4] for routing a first portion of the output of the high pressure fuel to the supply port and a second portion of the output of high pressure fuel to the pumping means..."

> This language is construed pursuant to 35 U.S.C. § 112 P 6. The function is to "route a first portion of the output of high pressure fuel to the supply port and a second portion of the output of high pressure fuel to the pumping means." The structure corresponding to the "means for routing" to perform the function encompasses main housing 140, check valve 38, supply nozzle 134 and the associated structure leading to jet pump 30.

TI's second and third arguments merely reiterate arguments the court has already considered and rejected. Therefore, its motion for reargument of this claim term is denied.

### B. Claim 2: "Pumping Means"

TI requests reargument with regard to the "pumping means" construction on four grounds: (1) the court's claim construction did not take into account the structure shown in Figure 1; (2) connecting tube 164 is not part of the pumping means; (3) the court's construction improperly includes structures not necessary to perform the recited function; and [*5] (4) "pumping means" is not a means-plus-function claim limitation.

None of TI's arguments demonstrate that the court patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See Schering Corp.*, 25 F. Supp. 2d at 295. Instead, TI seeks to reargue points the court has already considered and rejected. Accordingly, TI's motion for reconsideration of the court's "pumping means" construction is denied.

### C. Claim 2: "Fuel Reservoir"

TI takes exception with the court's construction of the term "fuel reservoir." Again, TI merely attempts to reargue its original position. Thus, the court finds that this argument is not a proper one on which to base a motion for reargument. TI's motion for reconsideration of the court's "fuel reservoir" construction is denied.

### D. Claim 2: "Opening is Located At The Bottom Of The Reservoir"

TI's final argument for reconsideration is that the court's construction of "at the bottom of the reservoir" is "directly contrary to the only use of this phrase in the '714 patent specification." In support of its argument, TI simply [*6] repeats its argument that "at the bottom" should mean "near the bottom." The court rejected that argument in its December 3, 2001 order. Thus, the court will not grant TI's motion for reargument on this ground.

### III. CONCLUSION

TI has simply listed a number of reasons why it disagrees with the court's order. In all of these instances, it has essentially argued that a second look at the facts would convince the court that it has reached the wrong conclusion. However, this is not a proper argument to raise in a motion for reconsideration. Even if it were, the court did not make its decision lightly. It carefully considered the propriety of its ruling before issuing it. While TI may not be pleased with the conclusion which the court reached, its displeasure is not an appropriate ground for reargument.

For these reasons, IT IS HEREBY ORDERED that:

2002 U.S. Dist. LEXIS 1018, *

1. The Motion for Reconsideration (D.I. 98) filed by the Plaintiff, TI Group Automotive Systems (North America), Inc. is DENIED.

2. The court will issue an Amended Order reflecting the modification to Paragraph 6 of its December 3, 2001 Order (D.I. 96).

Date: January 22, 2002

Gregory M. Sleet

UNITED STATES [*7]  DISTRICT JUDGE