**REDACTED – PUBLIC VERSION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) | **CONFIDENTIAL –** |
| Defendant. | ) ) | **FILED UNDER SEAL** |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE THOSE PORTIONS OF THE FOLLOWING PAPERS FILED IN VIOLATION OF LOCAL RULE 7.1.3(C)(2): (1) MAYTAG CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND SUPPLEMENTAL COUNTERCLAIMS (D.I. 196); (2) MAYTAG CORPORATION'S AFFIDAVIT OF JOSH GOLDBERG IN SUPPORT OF MAYTAG'S MOTION FOR LEAVE TO FILE A SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND SUPPLEMENTAL COUNTERCLAIMS AND ACCOMPANYING EXHIBITS (D.I. 197); (3) MAYTAG CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REGARDING IMPROPER ASSET TRANSFERS (D.I. 203), AND (4) MAYTAG CORPORATION'S AFFIDAVIT OF JOSH GOLDBERG IN SUPPORT OF ITS MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REGARDING IMPROPER ASSET TRANSFERS (D.I. 204)**

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
bflinn@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Dated:  December 27, 2006

# **TABLE OF CONTENTS**

**Page No.**

NATURE AND STAGE OF THE PROCEEDING...........................................................1

SUMMARY OF ARGUMENT ...................................................................................3

STATEMENT OF FACTS ........................................................................................4

ARGUMENT ...........................................................................................................5

I.  RESERVATION OF MATERIAL FOR USE IN A REPLY BRIEF IS
    NOT PERMITTED BY LOCAL RULE 7.1.3(C)(2)...........................................5

II. MAYTAG IMPROPERLY RESERVED GREAT VOLUMES OF
    FACTUAL MATERIAL FOR ITS REPLY BRIEF IN SUPPORT OF
    ITS MOTION FOR PRELIMINARY INJUNCTIVE RELIEF...........................7

    A.  Maytag's Reply Brief Relies on Expert Testimony that Maytag Held
        Back Until the Expert Report Due Date. .................................................7

    B.  Maytag's Reply Brief Relies on Factual Materials that Maytag
        Reserved from Its Opening Brief...........................................................8

III. MAYTAG IMPROPERLY RESERVED MAJOR LEGAL AND
     FACTUAL ARGUMENTS FOR ITS REPLY BRIEF IN SUPPORT OF
     ITS MOTION TO AMEND................................................................................9

    A.  Maytag Offers Completely New Grounds in Its Reply Brief in
        Its Attempt to Demonstrate that at least "Some Basis" Exists to
        Exert Personal Jurisdiction over the Proposed New Defendants..............9

    B.  Maytag Attempts to Explain Why It Missed the February 10, 2006
        Deadline for Motions to Amend or Join Parties for the First Time in
        Its Reply Brief.....................................................................................11

    C.  Maytag's Reply Brief Contains Many New Factual Arguments that
        Should Have Been Included in a Full and Fair Opening Brief. ...............12

IV. IN THE ALTERNATIVE, DYSON SEEKS LEAVE TO FILE SUR-REPLY
    BRIEFS FOR EACH MOTION. .......................................................................14

CONCLUSION.......................................................................................................15

i

## TABLE OF AUTHORITIES

**Page No.**

**Cases**

Allergan, Inc. v. Alcon, Inc.,
    C.A. No. 04-968-GMS, Order (D. Del. June 13, 2005)................................................. 5

Jordan v. Bellinger,
    C.A. No. 98-230-GMS, 2000 U.S. Dist. LEXIS 19233 (D. Del. April 28, 2000).......... 5

Novartis Pharms. Corp. v. Abbott Laboratories,
    C.A. No. 00-784-JJF, Order (D. Del. Feb. 20, 2002) ............................................. 11, 13

Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.,
    C.A. No. 00-589-GMS, 2002 U.S. Dist. LEXIS 5180 (D. Del. March 26, 2002).......... 5

Student Finance Corp. v. Royal Indemnity Co.,
    C.A. No. 03-507-JJF, 2004 U.S. Dist. LEXIS 4952 (D. Del. March 23, 2004) ............. 6

Webloyalty.com, Inc. v. Consumer Innovations, LLC,
    C.A. No. 04-90-KAJ, 2004 U.S. Dist. LEXIS 791 (D. Del. Jan. 13, 2005) ................... 6

**Rules**

District of Delaware Local Rule 7.1.3(c)(2) ............................................................ passim

DB01:2259192.1                                                                                           063753.1002

## NATURE AND STAGE OF THE PROCEEDING

This motion to strike concerns two separate reply briefs (with supporting papers) recently filed by Defendant/Counterclaim-Plaintiff Maytag Corporation ("Maytag"). The first filing at issue is Maytag's reply brief in support of a motion for leave to file a second amended answer, affirmative defenses and supplemental counterclaims. D.I. 166. Maytag filed this motion on November 28, 2006 and supported its motion with a 12 page opening brief, D.I. 167, and an affidavit containing five exhibits of evidentiary materials collected by Maytag in discovery, D.I. 168.

The second filing at issue is Maytag's reply brief in support of a motion for a TRO and preliminary injunction. D.I. 171. Maytag filed this motion on December 1, 2006, along with a 26 page opening brief to support its motion. D.I. 172. Maytag also supported its motion with an affidavit containing 25 exhibits of evidentiary materials. D.I. 173.

Plaintiffs/Counterclaim-Defendants Dyson, Inc. and Dyson Technology Limited (collectively "Dyson") filed their answering briefs and supporting papers opposing these two motions on December 13, 2006. See D.I. 186-191. In each answering brief, Dyson addressed the evidentiary materials Maytag had cited or discussed in its opening briefs, and explained in detail why Maytag's evidentiary materials and case law authorities did not support the relief requested by Maytag.

Maytag filed its reply briefs in support of its two motions on December 20, 2006. D.I. 196, 203. Contrary to established practice, Maytag was not content to limit its reply briefs to explaining why (at least in Maytag's view) Dyson's answering briefs were wrong and why, based on the record presented in the opening and answering briefs,

Maytag should prevail. Rather, Maytag accompanied each brief with a new, voluminous appendix of evidentiary materials (35 new exhibits, including many with multiple new documents – 2¾ inches of new materials all told), the contents of which were almost entirely in Maytag's possession, custody, and control <u>before</u> Maytag filed its opening briefs. All of these materials could and should have been included in a full and fair statement of Maytag's position, rather than being reserved for use in reply. Because Maytag chose to withhold this information, the Court does not have the benefit of a complete record, and Dyson has not had a full and fair opportunity to create that record or respond to all of Maytag's arguments.

Accordingly, because Maytag chose to reserve for reply arguments and evidence that should have been included in a full and fair opening brief, Maytag's new arguments and evidence should be stricken pursuant to Local Rule 7.1.3(c)(2). This is Dyson's opening brief in support of its motion.

2

## SUMMARY OF ARGUMENT

1.    Local Rule 7.1.3(c)(2) prohibits the reservation of evidentiary materials or legal arguments that could and "should have been included in a full and fair opening brief." The rule serves to avoid prejudice to the Court and the non-moving party by ensuring a fair chance to respond to all arguments made and all evidence presented. In so doing, the rule assures that the Court's decisions are informed by a full and complete record. When a movant violates this rule, the new evidence should be stricken or a sur-reply brief permitted.

2.    Maytag's reply briefs contain numerous new exhibits and deposition citations that Maytag had in its possession weeks before it filed its motions and opening briefs. Maytag offers no reason why these evidentiary materials were not included in its opening briefs. These materials, and the discussion of them, should be stricken.

3.    Maytag's reply briefs contain two new legal arguments that Maytag could and should have included in a full and fair opening brief. Maytag offers no reason why these legal arguments were not included in its opening briefs. Because Maytag reserved these arguments for its reply, they should be stricken.

## STATEMENT OF FACTS

The facts necessary to adjudicate this motion are set forth in the Nature and Stage of the Proceedings and in the Argument below.

.

DB01:2259192.1

063753.1002

## ARGUMENT

### I.    RESERVATION OF MATERIAL FOR USE IN A REPLY BRIEF IS NOT PERMITTED BY LOCAL RULE 7.1.3(C)(2).

Local Rule 7.1.3(c)(2) provides, in part:

> Reply Briefs.  The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief. . . .

Under Local Rule 7.1.3(c)(2), reply briefs should not be used to marshal brand-new facts or make brand-new arguments such that the non-movant does not have a chance to respond.

The Court thus has condemned litigants who engage in "impermissible sandbagging" as prohibited by Local Rule 7.1.3(c)(2).  In Allergan, Inc. v. Alcon, Inc., for example, the Court struck arguments about a document raised for the first time in reply because the document was available at the time the movant filed its opening brief. Allergan, Inc. v. Alcon, Inc., C.A. No. 04-968-GMS, Order at 3 (D. Del. June 13, 2005) (describing this tactic as "impermissible sandbagging").  Likewise, in Jordan v. Bellinger, C.A. No. 98-230-GMS, 2000 U.S. Dist. LEXIS 19233 (D. Del. April 28, 2000), the Court "decline[d] to address" arguments raised for the first time in a reply brief. Id. at *18. See also id. (describing the new arguments as a "tactic" and "impermissible 'sandbagging'"); see generally Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc., C.A. No. 00-589-GMS, 2002 U.S. Dist. LEXIS 5180, *17-*18  (D. Del. March 26, 2002) (declining to address arguments on an issue where party's "tactic of reserving new arguments for its reply brief" amounted to "impermissible sandbagging").

Other judges from this district have reached the same result.  See, e.g., Student Finance Corp. v. Royal Indemnity Co., C.A. No. 03-507-JJF, 2004 U.S. Dist. LEXIS

4952, * 9 n.4 (D. Del. March 23, 2004) (applying Local Rule 7.1.3 and rejecting new arguments made for the first time in reply brief); Webloyalty.com, Inc. v. Consumer Innovations, LLC, C.A. No. 04-90-KAJ, 2004 U.S. Dist. LEXIS 791 (D. Del. Jan. 13, 2005) (denying motion for summary judgment on unfair competition claim pursuant to Local Rule 7.1.3 where defendant's entire argument was saved for the reply brief).

*    *    *

Maytag's reply briefs on the two pending motions marshal a large number of additional facts and legal arguments that Maytag could and should have discussed in its two opening briefs, and Maytag for the most part ignores the facts and legal arguments raised in its opening briefs. Indeed, Maytag's reply briefs spend hardly any time explaining why, based on the record presented in the opening and answering briefs, Maytag should prevail.

These brief-writing tactics prejudice both Dyson and the Court. Dyson is prejudiced because it has not had the opportunity to explain why Maytag's newly marshaled facts and newly cited case law is inapplicable or incorrectly described in Maytag's papers. The Court, in turn, is prejudiced in two ways. First, it must decide Maytag's motions without the benefit of the adversarial process on all of Maytag's arguments. Second, precious time and judicial resources are being expended to adjudicate this motion, something that would not have been necessary had Maytag followed the rules.

As a result, Maytag's newly marshaled facts and case law discussions should be stricken from the record.

6

II.    **MAYTAG IMPROPERLY RESERVED GREAT VOLUMES OF
FACTUAL MATERIAL FOR ITS REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR PRELIMINARY INJUNCTIVE RELIEF.**

Dyson's answering brief opposing Maytag's motion for preliminary injunction

explained in great detail why the facts and legal arguments raised by Maytag in its

opening brief failed to establish that Maytag was likely to succeed on the merits and

failed to establish Maytag's assertion that it had suffered $300 million in damages.

Apparently recognizing these fatal flaws, Maytag's reply brief relies upon a thick

appendix full of evidence that Maytag had no reason to exclude from its opening papers.

In all, Maytag relies upon fifteen additional exhibits, ten of which were in Maytag's

possession when it filed its motion and the remaining five of which were in Maytag's

possession before Dyson filed its answering brief.

A.    **Maytag's Reply Brief Relies on Expert Testimony that
Maytag Held Back Until the Expert Report Due Date.**

Most significantly, Maytag's reply relies upon the reports of expert witnesses

Ronald Battema, Mohan Rao, and Jerry Wind to belatedly provide evidence allegedly

showing that Maytag is likely to succeed on the merits.  For example, Maytag admits that

it is relying on its late-filed expert reports supposedly to show that Dyson vacuums lose

suction.  D.I. 203 at 12 (last paragraph), 13 (second paragraph), 14 (first full paragraph)

and D.I. 204 Exh. M.  Maytag also relies – in the last paragraph of page 15 and

continuing to page 16 – on the report of Dr. Rao to show Maytag's purported likelihood

of success on the merits.  D.I. 203 and 204 Exh. B.

On pages 14-15, Maytag relies on its experts in an effort to show consumer

perceptions of Dyson vacuum cleaners.  On page 18, Maytag relies on an expert report

for the first time in an effort to substantiate its claim of damages and on page 3, paragraph 2, relies on the same expert's analysis of Dyson's supposed profitability.

There is no justification for Maytag's failure to submit declarations from any experts on which it intended to rely when it filed its opening brief. The only plausible explanation for Maytag's initial failure to supply any expert testimony is that it did not want to preview its experts' views before the opening expert report deadline. This deadline, however, provides no excuse for Maytag. Nothing prevented Maytag from providing this information before the deadline (indeed, Local Rule 7.1.3(c)(2) required Maytag to do so), and it is common practice in Delaware (and elsewhere) to submit expert declarations where necessary to support applications for extraordinary injunctive relief.[1] Indeed, there is no prudential or other reason sounding in judicial economy to allow a party seeking extraordinary injunctive relief to hold back factual support for its motion simply because of a later expert report deadline. Maytag's tactical decision to withhold its experts' views in support of its opening motion flies in the face of the rules of this District.

### B. Maytag's Reply Brief Relies on Factual Materials that Maytag Reserved from Its Opening Brief.

Maytag also reserved factual materials from what should have been a full and fair opening brief. For example, Maytag relies on a tracking study performed by Hall & Partners that was produced well before Maytag filed its opening in brief. D.I. 203 at 14 and D.I. 204 Exh. O. The bulk of Maytag's reply in the first full paragraph on page 5 relates to a financial statement for Dyson Technology Group that has been in Maytag's possession for months. D.I. 2-4 Exh. E. In the last paragraph of page 4, Maytag

---

[1]      Dyson has done so in this case. See D.I. 16.

discusses the publicly available financial statement for Dyson James Limited. <u>Id.</u> Exh. D. In the first full paragraph on page 6, Maytag relies upon an internal Dyson marketing report which was in Maytag's possession when it filed its opening brief. <u>Id.</u> Exh. I. Maytag also reserved deposition testimony of James Widdowson taken on November 10, 2006, for use in its reply. D.I. 203 at 12.

Dyson never had an opportunity to address any of this evidence in its answering brief, and, as a result, the Court is left with an incomplete record. For that reason, these portions of Maytag's reply should be stricken.

## III.    MAYTAG IMPROPERLY RESERVED MAJOR LEGAL AND FACTUAL ARGUMENTS FOR ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND.

### A.    Maytag Offers Completely New Grounds in Its Reply Brief in Its Attempt to Demonstrate that at least "Some Basis" Exists to Exert Personal Jurisdiction over the Proposed New Defendants.

Maytag's opening brief spends just one and one-half pages of text supporting its assertion of "jurisdiction over the new counter-defendants," D.I. 167 at 11-12, apparently in acknowledgement of its obligation to show at least "some basis" for personal jurisdiction over these defendants before its motion could be granted. <u>See</u> Dyson Answering Brief at 23-24 (citing requirement to show at least "some basis" for personal jurisdiction to prevail on motion to amend, as opposed to conclusively establishing personal jurisdiction before motion can be granted) (D.I. 186).

Rather than discussing why it should prevail based on the record established in the opening and answering briefs, Maytag's reply spends 8 pages of text discussing new cases and raising new facts that (according to Maytag) demonstrate the existence of personal jurisdiction over the proposed new counterclaim defendants. D.I. 196 at 11-18.

9

Indeed, in no portion of these 8 pages does Maytag raise or discuss the arguments and

evidence marshaled in its opening brief. Maytag's completely new arguments include:

- Four new appendix exhibits (many of them containing multiple documents) allegedly demonstrating contacts between Delaware, Dyson James Limited, and Dyson Limited, D.I. 196 at 12;

- New evidentiary support for Maytag's bare assertion in the opening brief that this litigation is (according to Maytag) controlled by Dyson James Limited and Dyson Limited, id. at 12-14;

- A new argument that Dyson James Limited and Dyson Limited "Operated Throughout Discovery As If It Were A Party," id. at 14 (Argument II.C);

- Maytag's first reference to or discussion of the Delaware long-arm statute, including new evidence that allegedly supports this discussion, id. at 14-17 (Argument II.D);

- Maytag's first reference to or discussion of the fiduciary shield doctrine, including new evidence that allegedly supports this discussion, id. at 16-17;

- Maytag's first reference to or discussion of a "stream of commerce" theory of personal jurisdiction, including new evidence that allegedly supports this discussion, id. at 17-18;

- Maytag's first reference to or discussion of personal jurisdiction based on an alter ego theory, id. at 18-19.[2]

Had Maytag raised these arguments and this evidence in a full and fair opening

brief, Dyson could have given a full and fair response in its answering brief. There is,

indeed, much to say about Maytag's assertions, as they are wrong – factually and legally

– but to do so in this motion itself is a violation of the Local Rules. Cf., e.g., Novartis

---

[2]    This last argument (and Maytag's footnote 10) is even more interesting because it completely contradicts other parts of Maytag's reply brief. Compare id. at 1-2 ("These simple facts do not lead to issues of alter ego or veil piercing . . . . Maytag seeks to hold Dyson UK and James Dyson responsible *for their own acts*.") (emphasis in original) with id. at 19 n.10 ("Dyson UK's alter ego status . . . renders it . . . liable for any tortuous [sic] acts of its subsidiary").

Pharms. Corp. v. Abbott Laboratories, C.A. No. 00-784-JJF, Order (D. Del. Feb. 20, 2002) (noting that it was a violation of L.R. 7.1.2(c) to attach the proposed sur-reply brief as an exhibit to the motion for leave to file such a brief).[3]  Because Maytag chose to reserve these new facts and new legal arguments for use in its reply brief, the Court is left without any adversarial presentation on these issues.  Accordingly, these newly-raised arguments and facts should be stricken.

> **B.    Maytag Attempts to Explain Why It Missed the February 10, 2006 Deadline for Motions to Amend or Join Parties for the First Time in Its Reply Brief.**

The second legal argument not made in Maytag's opening brief is short, but significant.  In its opening brief Maytag never mentioned the Scheduling Order's February 10, 2006 deadline for motions to amend or join parties under Rule 16, and it never explained why it filed its first discovery requests at a time so late that, after Dyson's responses were due, only fifteen days remained before the cut-off.

In reply, Maytag for the first time cites the correct legal standard and gives a completely unsupported explanation of the February 10, 2006 deadline for motions to amend and join parties.[4]  Again, had Maytag included this information in its opening brief, Dyson could have responded on the merits, thereby avoiding this motion to strike or sur-reply briefing, should the Court decide to consider Maytag's new facts and arguments and grant permission to Dyson to file a sur-reply to address them.

---

[3]    Should the Court desire a full factual sur-reply, Dyson has requested that relief and will file such a brief upon order of the Court.  See *infra* text at 14.

[4]    Maytag's assertion in footnote 4 is also completely wrong, as we would have explained if this issue had been raised in Maytag's opening brief in accord with the rules.

11

C.    **Maytag's Reply Brief Contains Many New Factual Arguments that Should Have Been Included in a Full and Fair Opening Brief.**

Maytag claims in its reply brief that the "opening brief set forth more than sufficient evidence showing good cause" for its motion. D.I. 196 at 2. Maytag goes on, however, to ignore almost all of the record it created and discussed in its opening brief and instead marshals page after page of evidence that Maytag apparently reserved for reply.

For example, Maytag's newly-cited evidence includes 17 new documents about television advertising and an advertisement (D.I. 197 Exhs. B, C) from which Maytag argues that "[t]he record reflects no role by Dyson subsidiary Dyson, Inc. in placing these ads in the U.S." D.I. 196 at 5. The newly cited documents, however, mention only "Dyson, Inc," and do not mention any of the proposed new parties. Had these documents and this argument been included in a full and fair opening brief, Dyson could have responded to this argument and the exhibits.

Likewise, in the first full paragraph on page 5, Maytag cites and discusses seven third party documents produced on August 6, 2006 (D.I. 197 Exh. D) to support a claim that "Dyson UK buys airtime for its commercials" in Philadelphia. D.I. 196 at 5. Maytag never notes the production date of the document (which, if the document shows advertising by Dyson James Limited and Dyson Limited, contradicts Maytag's statements about first learning these facts in November) or that the documents themselves never mention Dyson James Limited, Dyson Limited or "Dyson UK." Similarly, on page 6 of its reply Maytag discusses an e-mail allegedly between a Dyson James Limited or Dyson Limited employee and Dyson, Inc.'s President as alleged support for its motion.

Had Maytag mentioned this document in its opening brief, Dyson could and would have noted that this alleged UK employee was, in fact, seconded to Dyson, Inc. at the time.

More, of course, can be said about these evidentiary materials, but we do not wish to be accused of filing a "stealth sur-reply" by Maytag. Cf., e.g., Novartis Pharms. Corp. v. Abbott Laboratories, C.A. No. 00-784-JJF, Order (D. Del. Feb. 20, 2002). The other new factual arguments made by Maytag in reply are as follows:

- A new discussion of additional documents in Maytag's possession when it filed its opening brief to support Maytag's arguments about taking assets from the United States, D.I. 196 at 8;

- A new discussion of additional portions of James Dyson's deposition, id. at 6-7;

- A new discussion of deposition testimony given by Caroline Errington several weeks before Maytag filed its motion, D.I. 196 at 4;

- A new discussion of deposition testimony given by Clare Mullin several weeks before Maytag filed its motion, D.I. 196 at 4 and 6 n.2 (Ms. Mullin's testimony on page 4 was cited in Maytag's TRO brief but was not discussed or cited in support of its motion to amend; Ms. Mullin's testimony discussed in footnote 2 was not discussed anywhere before); and

- A new discussion of deposition testimony given by Martin McCourt several weeks before Maytag filed its motion that Maytag could have cited earlier to support the opening brief's arguments about taking assets from the United States, D.I. 196 at 8 n.3.

Dyson never had an opportunity to address any of this evidence in its answering brief, and as a result of Maytag's violation of Local Rule 7.1.3(c)(2), the Court is left with an incomplete record following Maytag's violation of the rules. Had Maytag followed Local Rule 7.1.3(c)(2), Dyson would have been able to explain in its answering brief why this newly-marshaled evidence does not support Maytag's motion or was

13

cumulative of the few pieces of evidence that Maytag did cite. For that reason, the reply should be stricken.

## IV. IN THE ALTERNATIVE, DYSON SEEKS LEAVE TO FILE SUR-REPLY BRIEFS FOR EACH MOTION.

The relief sought in this motion is the striking of large portions of Maytag's reply briefs and the newly-filed evidence in support of them. However, in the alternative, if the Court chooses not to strike the portions of Maytag's papers filed in violation of Local Rule 7.1.3(c)(2), Dyson seeks leave to file a sur-reply brief in order to complete the record on both motions. Dyson would use its sur-reply, if allowed, to explain why Maytag's newly-marshaled evidence and legal arguments do not support its motion.

14

## CONCLUSION

For the reasons discussed in detail above, Dyson, Inc. and Dyson Technology Limited respectfully request the Court to grant this motion to strike and to enter the order attached to Dyson's motion, which precisely specifies the offending portions of Maytag's papers.

WHEREFORE, Dyson, Inc. and Dyson Technology Limited respectfully request the Court to grant this motion and to enter the order attached hereto.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


_C. Barr Flinn by Andrew A. Lolyen (No. 4429)_
C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
bflinn@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

DB01:2259192.1                                          063753.1002

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Dated:  December 27, 2006

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on January 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on January 10, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

### BY E-MAIL AND FEDERAL EXPRESS

> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308

> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Dyson Technology Limited
  and Dyson, Inc.*

2