IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., Plaintiffs, v. MAYTAG CORPORATION, Defendant. | ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-434 GMS REDACTED FOR PUBLIC FILING |

**DEFENDANT MAYTAG CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF MAYTAG'S REPLY PAPERS**

Francis DiGiovanni
Connolly Bove Lodge & Hutz
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
 Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

*Attorneys for Defendant
Maytag Corporation*

Dated: January 5, 2007

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDING ........................................................................ 1

SUMMARY OF THE ARGUMENT ........................................................................................... 2

STATEMENT OF FACTS ........................................................................................................... 4

ARGUMENT ................................................................................................................................ 4

   I.   IT IS AXIOMATIC THAT REPLY BRIEFS CAN ADDRESS ARGUMENTS MADE IN ANSWERING PAPERS ........................................................................................... 4

   II.  MAYTAG PROPERLY INCLUDED FACTS IN ITS REPLY BRIEFS THAT RESPONDED TO DYSON ARGUMENTS. ........................................................................ 5

      A.  Maytag's Expert Opinions Were Properly Included. ....................................... 5

      B.

      C.

      D.  Maytag Has Shown Good Cause For the Amendment In Both Its Original And Reply Briefs. ............................................................................................................... 10

      E.  Dyson's Remaining Arguments Are Fallacious. ............................................ 10

   IV. DYSON SHOULD NOT BE GRANTED A SUR-REPLY. ............................................ 11

CONCLUSION ........................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc.*,
   309 F. Supp. 2d 637 (D.N.J. 2004) .................................................................................. 4

*Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*,
   998 F. Supp. 447 (D.N.J. 1998) ....................................................................................... 4

*Foman v. Davis*,
   371 U.S. 178 (1982) ........................................................................................................ 10

*In re Fleming Cos.*,
   316 B.R. 809 (D. Del. 2004) ............................................................................................ 4

*Metex Mfg. Corp. v. Ian Manson and Manson Environmental Corp.*,
   No 05-cv-2948, 2006 U.S. Dist. LEXIS 54891 (D.N.J. Aug. 4, 2006) .......................... 11

*Mylan Pharmaceuticals, Inc. v. Kremers Urban Dev.*,
   C.A. No. 02-1628-GMS, 2003 LEXIS 20665 (D. Del. Nov. 14, 2003) .......................... 9

*Titan Stone, Tile & Masonry, Inc., v. Hunt Construction Group, Inc.*,
   No. 05-3362 (GEB), 2006 U.S. Dist. LEXIS 70569 (D.N.J. Sept. 26, 2006) .................. 4

**Other Authorities**

Local Rule 7.1.3(c)(2) ............................................................................................................ 4, 5

Maytag Corporation ("Maytag") respectfully submits this answering brief in opposition to Plaintiffs' motion to strike portions of Maytag's reply papers.

## NATURE AND STAGE OF THE PROCEEDING

This action includes counterclaims by Maytag for false advertising in connection with the sale of Dyson brand vacuum cleaners. These counterclaims were originally asserted against Dyson, Inc., the entity that distributes and sells these vacuum cleaners in the U.S., as well as the other plaintiff in this patent infringement action, Dyson Technology Limited (collectively, "Dyson US"). During deposition discovery conducted during November and early December, 2006,

Consequently on November 28, 2006, Maytag filed a motion for leave to file an amended pleading,

Similarly, on December 1, 2006, Maytag filed its motion for a temporary restraining order ("TRO") and preliminary injunction,

1

On December 13, 2006, Dyson filed answering papers to both of Maytag's motions. The papers contained an array of arguments attempting to refute the factual and legal contentions set forth in Maytag's two motions. On December 20, 2006, Maytag filed replies in support of their two motions that responded to the arguments Dyson made in their answering papers and further supported the positions in Maytag's initial briefs that Dyson attempted to refute. Contrary to Dyson's assertions, Maytag did not "sandbag" Dyson with new arguments, but properly responded to factual and legal contentions that Dyson made in its responses, and included appropriate evidence to rebut these contentions—including evidence that Dyson did not produce to Maytag until *after* Maytag had filed its motions.

On December 27, 2006, Dyson filed a motion to strike portions of both of Maytag's reply briefs, and the majority of exhibits referenced therein. Sensing that the evidentiary materials and legal arguments in Maytag's reply papers have thoroughly disproved the specious contentions in Dyson's opposition papers, Dyson essentially asks this Court to strike the entire substance of Maytag's reply briefs. Realizing it cannot meet the high burden required to have the virtual entirety of two reply briefs along with almost all of the exhibits stricken, Dyson requests in the alternative that it be allowed to file sur-reply papers.

Maytag submits this response to Dyson's motion to strike before the 10 day response time allotted for answering briefs.

### SUMMARY OF THE ARGUMENT

1. All arguments in Maytag's reply briefs, and all exhibits and deposition excerpts that Maytag included in its reply papers, were made and submitted in response to assertions made in Dyson's answering briefs. They are, therefore, entirely proper.

2.	It was Dyson that contended that there was no basis under the Lanham Act

The evidentiary materials and arguments in Maytag's reply papers address these and other assertions made by Dyson. The reply papers fully comply with the Court's Local Rules and court decisions.

3.	In addition to having its motion to strike denied, Dyson should not be allowed to file sur-reply papers because the issues are fully briefed, additional briefing will only prejudice Maytag, and Dyson has not shown any extraordinary circumstances that would warrant sur-reply papers. These motions have been briefed on an expedited basis in light of the allegations therein and the upcoming May 29, 2007 trial date. Finally, Dyson's motion to strike improperly contains substantive argument that constitutes an end-run around the Court's established practices and rules regarding sur-replies.

## STATEMENT OF FACTS

The facts necessary to rule on Dyson's motion are set forth in the Nature and Stage of the Proceeding section, above, and in the Argument section, below.

## ARGUMENT

### I. IT IS AXIOMATIC THAT REPLY BRIEFS CAN ADDRESS ARGUMENTS MADE IN ANSWERING PAPERS

Contrary to Dyson's assertions in its motion to strike, Maytag did not violate Local Rule 7.1.3(c)(2)'s prohibition against reserving material for a reply brief that should have been included in the opening brief. As courts in the Third Circuit have held, "it is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *See Elizabethtown Water Co. v. Hartford Casualty Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998). When reply briefs respond to the respondent's arguments and/or explain positions that the respondent has refuted, then motions to strike those briefs, or portions of those reply briefs will be denied. *See In re Fleming Cos.*, 316 B.R. 809, 815 n.3 (D. Del. 2004) (denying motion to strike for failure to demonstrate that "new matter, new authorities and new evidence" were included for first time in reply brief); *Titan Stone, Tile & Masonry, Inc. v. Hunt Construction Group, Inc.*, No. 05-3362 (GEB), 2006 U.S. Dist. LEXIS 70569, *19 (D.N.J. Sept. 26, 2006) (denying plaintiff Titan's motion to strike references to prior proceedings in defendant Hunt's reply brief because "Hunt's argument was proper, since Titan had addressed these prior proceedings in its Opposition Brief")[1]; *CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc.*, 309 F. Supp. 2d 637, 645 (D.N.J. 2004) (finding that defendant's citation to a new statute in its reply brief did not violate the rule regarding reply briefs because it was not a

---

[1] Unpublished cases are attached to the Affidavit of Chris Stathopoulos ("Stathopoulos Aff.") filed herewith, at Exhibit A.

4

"newly minted argument," but rather "explained a position in the initial brief that the respondent had refuted").

What Dyson has labeled "sandbagging" is actually a thorough and decisive response by Maytag to Dyson's factual and legal arguments. Dyson cannot both attempt to refute arguments that Maytag made in its opening briefs, and seek to deny Maytag its right to respond to those arguments. By seeking to have almost all of Maytag's reply briefs' arguments and exhibits stricken, Dyson, if successful, would render the whole reason for reply briefs a nullity. In effect, under Dyson's logic, Maytag would be limited to reiterating all of its opening briefs' arguments more or less verbatim in a reply, which would violate the portion of Local Rule 7.1.3(c)(2) that states "[t]here shall not be repetition of materials contained in the opening brief." As discussed below, the arguments that Dyson seeks to strike were made in Maytag's opening briefs, and the evidence included in Maytag's reply briefs properly responded to Dyson's arguments and supported the positions in the initial briefs that Dyson attempted to refute.

## II. MAYTAG PROPERLY INCLUDED FACTS IN ITS REPLY BRIEFS THAT RESPONDED TO DYSON ARGUMENTS

### A.  Maytag's Expert Opinions Were Properly Included

Dyson argues that Maytag should not have included expert opinions in its replies. This argument lacks merit. The opinions were properly included in the replies in order to respond to the arguments set forth in Dyson's answering briefs.

Dyson attempted to *refute* this claim in its answering brief,

In direct response to these arguments, Maytag submitted the report of its expert

Maytag argued in its opening brief that it was likely to succeed on the merits of its false advertising claims. (TRO Opening Br. at 12-19)

In direct response to these arguments, and to further

---

[2] Maytag's reply papers only responded to arguments that Dyson made in its answering papers.

support the arguments in Maytag's initial brief as to why these claims are false,

**B.**

Indeed, there can be no serious dispute on these issues.

These incontrovertible facts must not be stricken. They provide ample basis for the relief requested in both motions.

**C.**

This was entirely proper for Maytag's reply.

### D. Maytag Has Shown Good Cause For the Amendment In Both Its Original And Reply Briefs

This accusation is baseless.

As Maytag discussed both in its opening brief and in its reply brief the factors that determine whether a court should grant a motion to amend are found in *Foman v. Davis*, 371 U.S. 178, 182 (1982). (Mot. to Amend Opening Br. [D.I. 167] at 9; Reply [D.I. 196] at 9-11)

This assertion is nonsense.

It sets forth Maytag's reasons for bringing the motion at the time it did,

In its reply, *as a response* to Dyson's argument, Maytag further established that it had amply satisfied the *Foman* factors for obtaining leave to amend. (Mot. to Amend Reply at 9)

### E. Dyson's Remaining Arguments Are Fallacious

Dyson's remaining arguments are fallacious.

This assertion is untrue.

Dyson also posits that all additional deposition excerpts included in the reply papers constituted "new matter" and are therefore improper. This is pure sophistry. Maytag's initial

10

papers cited to deposition testimony of

In its answering papers, Dyson took issue with that testimony, arguing that it was being misinterpreted or taken out of context. Maytag has every right to defend its position on the meaning and significance of that testimonial evidence by citing to additional portions of the depositions.

## IV.  DYSON SHOULD NOT BE GRANTED A SUR-REPLY

Finally, in an attempt to hedge its bets regarding the motion to strike, Dyson proposes that this Court allow it to file a sur-reply in the event its motion to strike is denied. While the motion to strike should be denied, Dyson should not be allowed to further delay resolution of these issues and burden this Court with an unnecessary sur-reply. The issues are fully briefed, and this Court has the relevant facts and law upon which to base its decision. In addition, Dyson has not demonstrated any extraordinary circumstances that would justify a sur-reply here. *See Metex Mfg. Corp. v. Ian Manson and Manson Environmental Corp.*, No 05-cv-2948, 2006 U.S. Dist. LEXIS 54891, *27-29 (D.N.J. Aug. 4, 2006) (denying plaintiff's request for leave to file a sur-reply, finding that "[p]laintiff has demonstrated no extraordinary circumstances justifying the proposed sur-reply") (Stathopoulos Aff. at Ex. A)

As discussed above, Maytag properly responded to Dyson's arguments that Dyson raised in its responsive briefs, as allowed under the case law and the local rules. Dyson's motion to strike improperly contains substantive argument that constitutes an end-run around the Court's established practices and rules regarding sur-replies. For example,

Besides being an astonishing specimen of *post-hoc* misconstruction

11

it is a substantive argument, which Dyson itself recognized as being inappropriate in a motion to strike. (*Id.*) There is no need for any further briefing on these motions.

## CONCLUSION

For the reasons stated herein, Maytag respectfully requests that this Court deny plaintiffs' motion to strike exhibits and portions of Maytag's reply briefs, and deny plaintiffs' alternative request for leave to file sur-reply papers.

Respectfully submitted,

MAYTAG CORPORATION

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on January 5, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY AND E-MAIL:**

C. Barr Flinn
John W. Shaw
Adam Poff
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**BY UNITED STATES MAIL AND E-MAIL:**

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

/s/ *Francis DiGiovanni*
Francis DiGiovanni (#3189)