IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) | |
| Defendant. | ) ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE of the attached subpoena.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated:  January 25, 2007

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO

DYSON TECHNOLOGY LIMITED
and DYSON, INC.

## SUBPOENA IN A CIVIL CASE

V.

CASE NUMBER: [1]  05-434-GMS
United States District Court
for the District of Delaware

MAYTAG CORPORATION

TO:
John Balough
c/o Lisa Parker, Esquire
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois  60601

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| MANATT, PHELPS & PHILLIPS, LLP, 7 Times Square, New York, NY  10036, Attn: Steven F. Reich, Esq., (212) 790-4500 | **forthwith** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) [signature] Attorney for Plaintiffs | DATE January 25, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam W. Poff, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

DB01:2274360.1                                                                                          063753.1002

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## INSTRUCTIONS

1. Documents should be produced as they are kept in the ordinary course of business or organized and labeled to correspond with the requests below. If documents are produced as they are kept in the ordinary course of business, sufficient information should be provided to permit plaintiffs to identify the source of particular document(s).

2. All drafts of responsive documents, as well as non-identical copies, should be produced. Identical copies of a document that is being produced need not also be produced.

3. In construing these requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) masculine, feminine or neuter pronouns shall not exclude other genders; (iii) the conjunctions "and" and "or" shall read either disjunctively or conjunctively so as to bring within the scope of this request all information that might be construed to be outside its scope; and (iv) the word "any" shall include, without limitation, "each and every."

4. If you claim that any document requested is immune from disclosure (in whole or in part) under any claim of privilege or immunity, submit a written statement for each document withheld that: (i) identifies the person(s) who prepared or authored the document and all recipients or addressees, including recipients of copies; (ii) specifies the date on which the document was prepared; (iii) describes the nature of the document (e.g., letter, memorandum, notes, e-mail, etc.); (iv) identifies the subject matter of the document; (v) if the document reflects or refers to a meeting or conversation, identifies all persons who were present at or parties to the meeting or conversation; and (vi) sets forth the nature of the basis for the claim of privilege or immunity asserted.

5. "Document" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, in the actual or constructive possession, custody or control of the party served with these requests, including, but not limited to, records, correspondence, memoranda, handwritten notes, records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, photographs, corporate minutes, diaries, telephone logs, schedules, drawings, statistical statements, work papers, discs, data cards, films, data processing files, computer printouts and other computer records, including email, and all drafts and modifications thereof, and all non-identical copies of any such items. Any such document bearing on any sheet or part thereof, any marks such as initials, stamped indices, comments or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered a separate document.

6. "Dyson" refers to the plaintiffs in this action.

7. "IBR" refers to InterBasic Resources, Inc., including all of its officers, employees, agents, representatives, contractors or consultants.

8. "Maytag" refers to The Maytag Corporation and all of its subsidiaries, affiliates, parents, divisions and joint ventures, including all officers, employees, agents, representatives, contractors or consultants of those entities.

9. "You" or "your" refers to John Balough, and any of his employees, agents, representatives, contractors or consultants in connection with the litigation.

10. "Litigation" refers to *Dyson Technology Limited v. Maytag Corporation,* C.A. No. 05-434 (GMS), now pending in the United States District Court for the District of Delaware.

## DOCUMENTS AND OBJECTS REQUESTED

1. Any and all documents provided to you and/or IBR in connection with the litigation.

2. Any and all documents reviewed by you and/or IBR in connection with the litigation.

3. Any and all documents considered by you and/or IBR in connection with the litigation.

4. Any and all documents relied upon by you and/or IBR in forming any opinion described in the expert report you submitted in this litigation.

5. Any and all documents created by you and/or IBR in connection with the litigation.

6. Any and all documents related to any opinion formed by you and/or IBR in connection with this the litigation, including without limitation drafts, notes, work papers, laboratory notebooks, protocols, methodologies and underlying data.

7. Any and all documents related to any testing performed by you and/or IBR in connection with this litigation, including without limitation drafts, notes, work papers, laboratory notebooks, protocols methodologies, underlying data, and documents concerning the composition of any dust considered or used in such testing.

8. Samples of all types of dust considered or used in connection with any testing performed by you and/or IBR related to the litigation.

9. The vacuum cleaners considered or used in connection with any testing performed by you and/or IBR related to the litigation.

10. All publications by you since January 1, 1997.

11. Any and all transcripts of any prior testimony given by you in a case in which you were designated or qualified as an expert.

12. Any and all transcripts of any prior expert testimony given by any IBR personnel who participated in the testing described in the expert report you submitted in this litigation,

80383389.1

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on January 25, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, Delaware 19801

I further certify that on January 25, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL AND FEDERAL EXPRESS**
>
> Ray L. Weber, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for Dyson Technology Limited*
*and Dyson, Inc.*