# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

**WILMINGTON, DE**

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Francis DiGiovanni
Partner
TEL (302) 888-6316

February 7, 2007

**BY ELECTRONIC FILING**

*REDACTED VERSION*

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

Re:    *Dyson Tech. Ltd., et al. v. Maytag Corp.*, Civ. No. 05-434-GMS

Dear Judge Sleet:

This letter is submitted pursuant to this Court's granting of leave to file written briefs on the issues of (1) whether materials shown to experts by attorneys remain privileged under Fed. R. Civ. P. 26(a)(2)(B) and Third Circuit precedent and (2) whether Dyson, by designating James Widdowson a testifying expert and submitting a report therewith, waived the work product and attorney-client privileges with respect to materials considered by him in forming his opinions.

## 1.    Rule 26(a)(2)(B) Requires Disclosure of All Materials Considered By Experts Whether Privileged or Otherwise Protected

Based upon the broad disclosure requirements mandated by Rule 26(a)(2)(B), "litigants are no longer able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note to the 1993 amendments. Accordingly, Maytag is entitled to all documents and information otherwise subject to attorney-client privilege and attorney work product protection that were provided to or considered by Dyson's testifying experts in forming their opinions. Dyson is resisting such disclosure.

Despite the unambiguous requirements of Rule 26(a)(2)(B), Dyson takes the position that the attorney-client privilege and work product protection are not waived by providing materials that would otherwise be immune from discovery to a testifying expert. In support of this assertion, Dyson relies on the 1984 Third Circuit case, *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir. 1984), wherein the court ruled that certain "core" work product need not be produced. Dyson claims *Bogosian* remains binding precedent. Maytag disagrees.

Although *Bogosian* has never been *expressly* overruled by the Third Circuit, it does not follow that *Bogosian* remains good law. First, *Bogosian* was decided in 1984, prior to the implementation of the 1993 amendments to Rule 26, at a point in time when expert discovery was extremely limited and not widely conducted. *See Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 461-463 (E.D. Pa. 2005) (discussing the differences between pre-1993 and post-1993 expert discovery rules) (citing *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of N.Y., Inc.*, 171 F.R.D. 57, 65-66 (S.D.N.Y. 1997) (*Bogosian* logic is "probably obsolete")); *Karn v. Ingersoll*

The Honorable Gregory M. Sleet
February 7, 2007
Page 2

*Rand*, 168 F.R.D. 633, 638 n.4 (N.D. Ind. 1996) (in light of the 1993 amendments, the court declined to follow *Bogosian*).[1]

As a result of the 1993 amendments to the Federal Rules, the Third Circuit's holding in *Bogosian* was effectively superseded and its conclusion about the sustaining viability of core attorney work product protection as to experts was rendered inapposite. *See Synthes Spine*, 232 F.R.D. at 462 n.2; *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 479 (E.D. Pa. 2002); *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375-76 (Fed. Cir. 2001) (the 1993 amendments to Rule 26 make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party).[2] In this District, Judge Jordan did not follow *Bogosian*, concluding, instead, that the disclosure requirements of Rule 26(a)(2)(B) trump all claims of privilege and work product protection with regard to information furnished to or considered by a testifying expert in formulating his expert opinions. *CP Kelco v. Pharmacia Corp.*, 213 F.R.D. 176, 178-179 (D. Del. 2003). As the Court held in *CP Kelco*:

> It would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively [] when it used the allegedly privileged documents to arm its expert for testimony. Hence the truism that a privilege cannot be used as both a shield and a sword. The non-legal equivalent of that truism is equally to the point: "You can't have it both ways." Having chosen to use the information offensively, any privilege [a party] might have claimed to defend the information from disclosure is, and remains, waived.

213 F.R.D. at 179. Accordingly, because Dyson designated its eleven (11) experts to testify at trial, provided them with documents to inform their opinions, submitted expert reports on their behalf, and submits them for deposition cross-examination, Dyson cannot now shield from discovery the otherwise privileged and protected information and documents with which it chose to arm its experts. Such documents, including drafts of expert reports that the expert reviewed or created, must be produced.

## 2. By Designating James Widdowson a Testifying Expert, Dyson Waived the Work Product Protection and Attorney-Client Privilege

Dyson has submitted the expert report of James Widdowson and is making him available for deposition. Dyson designated Widdowson a testifying expert on seven topics, including the

---

[1] In 1993, subsequent to *Bogosian*, Rule 26 was amended to include Rule 26(a)(2)(B), which requires all testifying experts to submit an expert report which discloses, among other things, all "data or other information considered by the witness" in forming his opinions, even if such data and information would have been previously "privileged or otherwise protected from disclosure." Fed. R. Civ. P. 26(a)(2)(B), Advisory Comm. notes to 1993 amendments.

[2] *See also, Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 712-16 (6th Cir. 2006); *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 479 (E.D. Pa. 2002); *Mfg. Admin. and Mgmt. Sys., Inc. v. ICT Group, Inc.*, 212 F.R.D. 110, 113-18 (E.D.N.Y. 2002); *Suskind v. Home Depot Corp.*, No. 99-10575-NG, 2001 WL 92183, at *3 (D. Mass. Jan. 2, 2001); *Johnson v. Gmeinder*, 191 F.R.D. 638, 646 (D. Kan. 2000); *Oneida, Ltd. v. U.S.*, 43 Fed. Cl. 611, 619 (Fed. Cl. 1999); *F.D.I.C. v. First Heights Bank, F.B.*, No. 95-72722, 1998 WL 34363723, at *3 (E.D. Mich. Apr. 13, 1998); *B.C.F. Oil*, 171 F.R.D. at 65-66; *Karn v. Ingersoll Rand*, 168 F.R.D. 633, at 638 n.4, 639 (N.D. Ind. 1996).

The Honorable Gregory M. Sleet
February 7, 2007
Page 3

most hotly contested issue in this case, namely, whether Dyson has any scientific support for it broad advertising claim that its vacuums never lose suction, ever. Widdowson also provides extensive rebuttal of Maytag's expert on this issue.

While Widdowson is an employee of Dyson Ltd.[3] (a U.K. entity), Dyson claims that he is an employee of the plaintiffs in this case, Dyson Technology Ltd. and Dyson, Inc. (U.S. entities) for the purpose of preserving privilege. On this basis, Dyson argues he is not subject to the broad requirements of Fed. R. Civ. P. 26(a)(2)(B). This is in stark contrast to the position Dyson has taken in opposing Maytag's Motion to Enjoin Dyson From Improper Asset Transfers. In opposing Maytag's motion, Dyson argued that the U.K. companies (including Dyson Limited) have separate legal existences from the U.S. holding company that owns the plaintiffs in this lawsuit. Dyson Asset Transfer Opp. (D.I. 188), pp. 6-8. Dyson cannot have it both ways. If, as Dyson argues, the U.K. entities are not parties to this lawsuit and are separate companies, Dyson cannot argue that Widdowson is an employee of the current defendants merely to preserve a privilege. Indeed, Dyson is guilty of the very thing it accuses Maytag of, namely, "lump[ing] all of the Dyson entities under the heading 'Dyson' without distinguishing between the Dyson entities that are before the Court and those that are not." *Id.* at 8. Accordingly, as with the other ten (10) testifying experts designated by Dyson, Maytag is entitled to all documents and information provided to or considered by Widdowson related to the subject matter of the expert opinions contained in his expert report, regardless of claims to the attorney-client privilege and work product protection. *See Super Film of Am., Inc. v. UCB Films, Inc.,* 219 F.R.D. 649, 658-59 (D. Kan. 2004) (finding expert subject to full disclosure requirements under Rule 26(a)(2)(B), including documents exchanged with counsel, where witness was employee of related company).

Nonetheless, even if Widdowson were deemed an employee of the current Dyson plaintiffs, Dyson's argument that he is not subject to the disclosure requirements of Rule 26(a)(2)(B) lacks merit. Dyson has acknowledged that Widdowson's submission of an expert report was done to avoid being subject to a motion to exclude because there is authority indicating that Rule 26(a)(2)(B) applies to all persons giving expert testimony under Rules 701 and 702. However, Dyson takes the irreconcilable position that providing a report and making him available, as an expert witness, for deposition does not subject Widdowson to the disclosure requirements of 26(a)(2)(B) because the Rule contains an exception for some types of employee testimony.

The exception on which Dyson relies is inapplicable here. Cases from numerous jurisdictions have held that testifying employee-experts should be treated as Rule 26(a)(2)(B) experts and be subject to its disclosure requirements.[4] These courts have concluded that

---

[3] At his deposition, Widdowson confirmed his employer: "Q: Do you work for any particular Dyson entity. A: I work for Dyson Limited." Deposition of James Widdowson at 6-7.

[4] *See, e.g., McCulloch v. Hartford Life and Accident Ins. Co.,* 223 F.R.D. 26, 28 (D. Conn. 2004) (holding that Defendant's employee-experts were not exempt from the disclosure requirements of Rule 26(a)(2)(B) based solely on the fact that Defendant's expert witnesses were also employees and thereby ordered the employee-expert to produce an expert report in compliance with Rule 26(a)(2)(B)); *Minn. Mining and Mfg. Co. v. Signtech USA, Ltd.,* 177 F.R.D. 459, 460-61 (D. Minn. 1997) (characterizing employee-expert as "specially employed" and requiring employee-expert to produce expert report in compliance with disclosure requirements of Rule 26(a)(2)(B)).

The Honorable Gregory M. Sleet
February 7, 2007
Page 4

employees who have been designated as testifying experts should be viewed as "retained" or "specially employed" under Rule 26(a)(2)(B). *See Day v. Consolidated Rail Corp.*, No. 95-968 (PKL), 1996 WL 257654, at *3 (S.D.N.Y. May 15, 1996). The court in *Day* reasoned that the exemption on which Dyson relies is limited and is "apparently addressed to experts who are testifying as fact witnesses, although they may also express some expert opinions—for example, treating physicians." *Id.* at *2. The court in *KW Plastics* determined that the Advisory Committee's notes to 1993 amendments state that the term "expert," as used in Rule 26(a)(2), refers to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. *KW Plastics v. U.S. Can Co.*, 199 .R.D. 687, 690 (M.D. Ala. 2000). There, the court held that every Rule 702 witness must make disclosures regardless of whether the expert is an employee of the corporation. *Id.* Indeed, Dyson has admitted that Widdowson is being offered under Rule 702 for this very purpose. In light of this existing authority, Dyson voluntarily chose to designate Widdowson as a testifying expert, submit an expert report for Widdowson, and make him available for deposition on the subject matters contained in his expert report.

The facts in the present case mirror the facts in *Super Film of Am., Inc. v. UCB Films, Inc.* 219 F.R.D. 649, 658-59 (D. Kan. 2004). In *Super Film*, the plaintiff designated an employee of a related company, Mr. Selbasti, as an expert witness and, just like Dyson, voluntarily provided an expert report for Mr. Selbasti, "out of an abundance of caution . . . in order to preserve those opinions for this case." *Id.* at 659. Despite this designation, plaintiff refused to tender full disclosures pursuant to the Rule for its employee. *Id.* at 658. In ordering plaintiff to comply with the disclosure requirements of Rule 26(a)(2)(B), the court stated:

> The plaintiff designated Mr. Selbasti as an expert to preserve its right to call him as [an] expert at trial. . . . [I]t appears that the plaintiff intends to call Mr. Selbasti as an expert at trial, in which case the defendant would be entitled to attempt to explain and rebut Mr. Selbasti's testimony. *Rule 26 requirements exist to enable litigants to best prepare their side for trial. These requirements are not voluntary. As a result of Mr. Selbasti's designation as an expert, UCB is entitled to the disclosures required by Fed. R. Civ. P. 26(a)(2)(B).*

*Id.* at 659 (emphasis added). Dyson's attempt to designate Widdowson as a testifying expert without having to subject Widdowson to the broad disclosure requirements of Rule 26(a)(2)(B) violates what several courts have rejected as effectively "creat[ing] a category of expert trial witness for whom no [] disclosure is required—a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulable policy." *Day*, 1996 WL 257654, at *2.[5] To allow parties to designate employee-experts without subjecting those experts to the disclosure requirements and mandates of Rule 26(a)(2)(B) "would risk encouraging corporate defendants to attempt to evade the [disclosure] requirement by designating its own employees first as fact witnesses and then asking them to offer some related expert opinion." *McCulloch*, 223 F.R.D. at 28. As Dyson has voluntarily designated Widdowson as an expert

---

[5] *See also, Prieto v. Malgor*, 361 F.3d 1313, 1318-19 (11th Cir. 2004) ("allowing a blanket exception for all employee expert testimony would 'create a category of expert trial witness for whom no written disclosure is required' and should not be permitted").

The Honorable Gregory M. Sleet
February 7, 2007
Page 5

under Fed. R. Evid. 702, and has submitted an expert report on his behalf, the disclosure requirements of Rule 26(a)(2)(B) apply with full force.

**3.    The Privilege Waiver Should Be Construed To Include *All* Materials Considered**

While Dyson will surely argue that any privilege waiver should be narrowly construed, this Court should instead follow the guidance provided by Widdowson himself:

***REDACTED***

Widdowson Expert Report, at 2.

An expert is deemed to have considered materials for purposes of Rule 26(a)(2)(B) if such expert "has read or reviewed the privileged materials before or in connection with formulating his or her opinion." *Western Resources, Inc. v. Union Pacific Railroad Co.*, No. 00-2043-CM, 2002 WL 181494, at *36 (D. Kan. Jan. 31, 2002) (*citing Johnson v. Gmeinder*, 191 F.R.D. 638, 647 (D. Kan. 2000)). In *Western Resources*, the court found that materials "considered" by plaintiff's expert in his consultative capacity, prior to his designation as a testifying expert, from 1990 through 1999, were discoverable by defendant, regardless of claims of privilege or work product protection, if those materials were related to the opinions expressed by the expert in his report. *See Western Resources*, 2002 WL 181494, at *36; *see also Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545, 547 (E.D. Mo. 2002); *Gmeinder*, 191 F.R.D. at 647. "Any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." *B.C.F. Oil*, 171 F.R.D. at 62. Accordingly, Maytag is entitled to all information and documents considered by Widdowson *before or in connection* with the formulation of his expert opinions, regardless of any claims of attorney-client privilege, work product protection, or time limitations before or after his designation as a testifying expert.

On the basis of the foregoing facts, Maytag respectfully requests that the Court order Dyson to produce all documents and information, including draft expert reports, otherwise protected by attorney-client privilege or work product protection that were provided to or considered by its testifying experts, including Mr. Widdowson.

Respectfully submitted,

Francis DiGiovanni

cc:    Clerk of the Court (by electronic filing)
       C. Barr Flinn, Esq. (by hand and e-mail)
       John W. Shaw, Esq. (by hand and e-mail)

The Honorable Gregory M. Sleet
February 7, 2007
Page 6

    Kimball R. Anderson, Esq. (by e-mail)
    Stephen P. Durchslag, Esq. (by e-mail)
    Anthony DiSarro, Esq. (by e-mail)
    Ronald Y. Rothstein, Esq. (by e-mail)
    Ray L. Weber, Esq. (by e-mail)
    Keith McKenna, Esq. (by e-mail)
    Richard C. Pepperman II, Esq. (by e-mail)
    Steven R. Reich, Esq. (by e-mail)