# CONNOLLY BOVE LODGE & HUTZ LLP

### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Francis DiGiovanni
Partner
TEL (302) 888-6316

February 16, 2007

## BY ELECTRONIC FILING

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

        Re:    *Dyson Tech. Ltd., et al. v. Maytag Corp.*, Civ. No. 05-434-GMS

Dear Judge Sleet:

    In attempting to evade the disclosure requirements of Rule 26(a)(2)(B), Dyson puts forth two arguments: (1) that Rule 26(a)(2)(B) does not apply to James Widdowson; and (2) that *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir. 1984), remains binding precedent in the Third Circuit. Neither of these arguments has any merit.[1]

**1.    Widdowson Is Subject to the Broad Disclosure Requirements of Rule 26(a)(2)(B)**

    Dyson designated Widdowson as a testifying expert either because it was unwilling or unable to locate an expert witness, outside of the Dyson umbrella of companies, willing to testify to the dubious notion that Dyson vacuum cleaners do not lose suction. Now, Dyson is attempting to shield this expert from the same requirements that have been applied to Maytag's seven expert witnesses regarding the mandatory disclosures of Rule 26(a)(2)(B). Dyson's tactics should not be tolerated by this Court.

    First, Widdowson is not an employee of the Plaintiffs Dyson Technology Ltd. or Dyson, Inc. ("Plaintiffs"). He is an employee of Dyson Ltd. (U.K.), which, Dyson has contended in another context, is an entirely distinct legal entity from the Plaintiffs. (Dyson Asset Transfer Opp. (D.I. 188), pp. 6-8.) Dyson does not dispute these facts. Instead, Dyson simply claims that Widdowson "*perform[s] services* for the Dyson plaintiffs." (Reply at 3 n.5.) Thus, by Dyson's own admission, Widdowson acts in a consultative capacity for Plaintiffs. Dyson cannot then credibly assert that Widdowson can be considered an employee of Plaintiffs pursuant to Rule 26(a)(2)(A) as opposed to a "retained or specially employed" consultant. As Widdowson acts in a clearly consultative capacity for Plaintiffs, Widdowson, by being designated as a testifying expert witness pursuant to Rule 26(a)(2), falls subject to the broad disclosure requirements of Rule 26(a)(2)(B).

    Second, even if Widdowson were considered an employee of Plaintiffs, he would nonetheless be subject to the disclosure requirements of Rule 26(a)(2)(B). Dyson argues Rule 26(a)(2)(B) contains a categorical exclusion for employees that offer expert testimony under

---

[1] Further, as Dyson has failed to oppose Maytag's argument that the attorney-client and work-product privileges have been waived as to Dyson's ten other expert witnesses, Dyson may not assert the attorney-client and work-product privileges with respect to those 10 expert witnesses.

The Honorable Gregory M. Sleet
February 16, 2007
Page 2

Rule 702, stating that its "plain language" does not apply to Widdowson because he was not "retained or specially employed" to act as an expert for Dyson. (Reply at 3.) Dyson is incorrect in this respect. As discussed previously, case law among the circuits holds that employees who have been designated as testifying experts pursuant to Rule 26(a)(2) are, in fact, "specially employed" in their capacity as testifying experts. *See, e.g., Prieto v. Malgor*, 361 F.3d 1313, 1318-19 (11th Cir. 2004); *McCulloch v. Hartford Life and Accident Ins. Co.*, 223 F.R.D. 26, 28 (D. Conn. 2004); *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 688-90 (M.D. Ala. 2000); *Minn. Mining and Mfg. Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459, 460-61 (D. Minn. 1997); *Day v. Consolidated Rail Corp.*, No. 95-968 (PKL), 1996 U.S. Dist. LEXIS 6596, at *6-7 (S.D.N.Y. May 15, 1996).[2] This interpretation is clearly consistent with the language of Rule 26(a)(2)(B).

Dyson summarily dismisses the relevance of Widdowson's employment by a distinct entity, arguing that nothing in the rules requires him to be directly employed by the party to the lawsuit. Additionally, Dyson argues that no authority exists demonstrating that the "voluntary submission" of an expert report subjects Widdowson to the requirements of Rule 26(a)(2)(B). These are Dyson's arguments that Dyson must support. Dyson, however, has failed to cite even a single case supporting its dubious theories of "voluntary submission" and that Widdowson can flip-flop between employers when convenient for the sake of arguing he is not retained or specially employed. Maytag, on the other hand, has cited case law for the proposition that Widdowson is considered retained or specially employed under the present circumstances. *See Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 657-60 (D. Kan. 2004).

As Dyson has designated Widdowson as a testifying expert witness and has submitted an expert report on his behalf, the disclosure requirements of Rule 26(a)(2)(B) apply with full force.[3] Maytag is accordingly entitled to all documents, not just self-selected documents supportive of his opinions, considered by Widdowson before or in connection with his expert opinions, regardless of claims of attorney-client privilege and work-product protection. *See Super Film*, 219 F.R.D. 649, 657-60; *see also Western Resources, Inc. v. Union Pacific Railroad Co.*, No. 00-2043-CM, 2002 WL 181494, at *36 (D. Kan. Jan. 31, 2002).

---

[2] Dyson asserts that one of the cases relied upon by Maytag, *Day v. Consolidated Rail Corp.*, No. 95-968 (PKL), 1996 WL 257654 (S.D.N.Y. May 15, 1996), does not survive the Second Circuit's decision in *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171 (2d Cir. 2004). (Reply at 2.) This assertion is meritless. *Bank of China* does not mention the *Day* decision, nor does the Second Circuit's ruling in *Bank of China*—that the district court committed reversible error by allowing a lay witness employee to testify on expert topics without being designated as an expert witness pursuant to Rule 702 and Rule 26(a)(2)—have any bearing on the legal principles enunciated in *Day. Id.* at 18.

[3] "When a party designates a witness for the purpose of providing an expert opinion for use in litigation, disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) apply." *Super Film of Am., Inc.*, 219 F.R.D. at 658. Notably, Dyson fails to respond to Maytag's assertion that its submission of an expert report on behalf of Widdowson subjects him to the same disclosure requirements applicable to all expert witnesses under Rule 26(a)(2)(B).

The Honorable Gregory M. Sleet
February 16, 2007
Page 3

**2.**     **By Designating James Widdowson and the Other Ten Experts as Testifying Expert Witnesses Pursuant to Rule 26(a)(2), Dyson Has Waived the Attorney-Client and Work-Product Privileges**

Dyson contends, erroneously, that *Bogosian* remains good law in this Circuit. In support of this proposition, Dyson primarily relies on *In re Cendant Sec. Litig.*, 343 F.3d 658 (3d Cir. 2003). Dyson's reliance on *Cendant* is entirely misplaced. In *Cendant*, the Third Circuit was asked to determine whether the work-product generated by a *non-testifying* trial consultant remained privileged from disclosure pursuant to Rule 26. *See In re Cendant*, 343 F.3d at 659 (emphasis added). Pursuant to Rule 26(b)(4)(B), Cendant sought to obtain "work-product" generated by a non-testifying trial consultant. *Id.* at 664. Citing *Bogosian*, the Third Circuit acknowledged that attorney opinion work-product shown to non-testifying experts is not discoverable pursuant to Rule 26(b)(4)(B). *Id.* at 664-65. Thus, *Cendant* involved the issue of whether, pursuant to Rule 26(b)(4)(B), work-product generated by non-testifying trial consultants is protected from disclosure. *Id.* at 668. Accordingly, *Cendant* bears no relevance to the issue of whether the attorney-client and work-product privileges are waived with regard to *testifying* expert witnesses pursuant to Rule 26(a)(2)(B), and it certainly did not re-affirm *Bogosian* for this proposition. Dyson's reliance on *U.S. v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 155-56 (D. Del. 1999) is similarly misguided. *Dentsply* involved work-product protection with regard to fact witnesses, not expert witnesses. *Id.* at 155-56. Thus, Dyson has failed to submit any authority showing that *Bogosian* remains good law in this Circuit with regard to testifying expert witnesses.

The language of Rule 26(a)(2)(B) and the majority of courts, including the District of Delaware, mandate the disclosure of attorney work-product shown to or considered by testifying experts. *See Synthes Spine Co. v. Walden*, 232 F.R.D. 460 462-63 (E.D. Pa. 2005); *CP Kelco U.S. v. Pharmacia Corp.*, 213 F.R.D. 176, 178-179 (D. Del. 2003); *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 479 (E.D. Pa. 2002). These cases recognize that *Bogosian* is obsolete in light of post-1993 Rule 26(a)(2)(B). Maytag is, therefore, entitled to all information and documents otherwise protected by attorney-client and work-product privileges shown to or considered by Dyson's eleven (11) testifying expert witnesses, including Widdowson.

Respectfully submitted,

Francis DiGiovanni

cc:     Clerk of the Court (by electronic filing)
C. Barr Flinn, Esq. (by hand and e-mail)
John W. Shaw, Esq. (by hand and e-mail)
Kimball R. Anderson, Esq. (by e-mail)
Stephen P. Durchslag, Esq. (by e-mail)
Anthony DiSarro, Esq. (by e-mail)
Ronald Y. Rothstein, Esq. (by e-mail)
Ray L. Weber, Esq. (by e-mail)

The Honorable Gregory M. Sleet
February 16, 2007
Page 4

       Keith McKenna, Esq. (by e-mail)
       Richard C. Pepperman II, Esq. (by e-mail)
       Steven R. Reich, Esq. (by e-mail)