IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-434 (GMS) |
| MAYTAG CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

WHEREAS, on February 2, 2007, the court held a discovery teleconference in the above-captioned case;

WHEREAS, one of the issues raised by Dyson Technology Limited and Dyson, Inc. ("Dyson") was the failure of Maytag Corporation ("Maytag") to produce prior testimony from its damages expert, Dr. Rao;

WHEREAS, Maytag asserted that it could not produce the testimony, deposition testimony in two arbitration cases involving a pharmaceutical and a prosthetic device, because it was subject to protective orders in the arbitration cases, and because the testimony contained highly sensitive financial information of companies that are not parties to the present case;

WHEREAS, the court advised the parties that it would research the matter and render a decision;

WHEREAS, on February 12, 2007, the court issued an Order (D.I. 248) directing Maytag to inform the court whether the two arbitration cases in which Dr. Rao testified were patent cases;

WHEREAS, on February 12, 2007, Maytag filed a letter (D.I. 249) with the court advising

that neither of the two cases in which Dr. Rao testified was a patent case or an advertising case;

WHEREAS, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party;"[1]

WHEREAS, other courts that have considered the expert production issue have concluded that a testifying expert must produce prior testimony from other litigation, including administrative proceedings and/or arbitrations, that related to his or her opinions in the underlying action, because it is relevant to a party's claims or defenses;[2] and

WHEREAS, the court finds the cases that it has reviewed persuasive, but concludes that Dr. Rao's prior testimony regarding damages in non-patent and non-advertising cases is irrelevant to his damages calculations and methodologies in the present action, a patent and false advertising action;[3,4]

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *See Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutoy Benefiencia de P.R.*, 248 F.3d 29, 34-35 (1st Cir. 2001); *Western Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2002 WL 1822428, at * 3 (ordering expert to produce testimony from prior proceedings relating to the subject matter of the underlying action); *Expeditors Int'l of Wash., Inc. v. Vastera, Inc.*, No 04-C-0321, 2004 WL 406999, at * 3 (same).

[3] For example, Dr. Rao would not need to consider the *Georgia-Pacific* factors in the context of a non-patent case. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) (setting forth a 15 factor framework for determining a reasonable royalty from a hypothetical negotiation between the patent holder and the infringer).

[4] Several courts have noted that "protective orders should not be used as shields to resist the production of relevant information even when the information is considered to be confidential." *Expeditors*, 2004 WL 40699, at * 4; *Western Res.*, 2002 WL 1822428, at * 5;. However, the court has already determined that the requested transcripts are not relevant to Dr. Rao's damages methodologies in the present case. Accordingly, it need not reach the protective order issue.

IT IS HEREBY ORDERED that:

1. The plaintiff's request to compel production of two transcripts of prior expert testimony given by Dr. Rao in non-patent and non-advertising cases is DENIED.


Dated: February 21, 2007                    /s/ Gregory M. Sleet
                                            UNITED STATES DISTRICT JUDGE