## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED and )
DYSON, INC., )
                                )
               Plaintiffs, )
                                )
           v. )        Civil Action No. 05-434 (GMS)
                                )
                                )
MAYTAG CORPORATION, )
                                )
              Defendant. )
                                )

John W. Shaw, Esquire, C. Barr Flinn, Esquire, and Adam W. Poff, Esquire, of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, Wilmington, Delaware, and Garrard R. Beeney, Esquire, Richard C. Pepperman, Esquire, Keith McKenna, Esquire, David B. Tulchin, Esquire, James T. Williams, Esquire, and Adam R. Brebner, Esquire, of SULLIVAN & CROMWELL LLP, New York, New York, and Steven F. Reich, Esquire, Jeffrey S. Edelstein, Esquire, Monica Y. Youn, Esquire, Tamar Feder, Esquire, Melissa D. Goetz, Esquire, Christopher A. Cole, Esquire, John F. Libby, Esquire, Craig S. Rutenberg, Esquire, and George A. Clarick, Esquire, of MANATT, PHELPS & PHILLIPS, LLP, New York, New York. Attorneys for Plaintiff.

Francis DiGiovanni, Esquire, of CONNOLLY, BOVE, LODGE & HUTZ LLP, Wilmington, Delaware, and Kimball R. Anderson, Esquire, Stephen P. Durchslag, Esquire, Anthony DiSarro, Esquire, Lisa J. Parker, Esquire, and Ronald Y. Rothstein, Esquire, of WINSTON & STRAWN LLP, Chicago, Illinois, and Ray L. Weber, Esquire, and Laura J. Gentilcore, Esquire, of RENNER, KENNER, GREIVE, BOBAK, TAYLOR & WEBER, Akron, Ohio. Attorneys for Defendants.

## MEMORANDUM AND ORDER

March 6, 2007
Wilmington, Delaware

SLEET, District Judge

1.      On February 2, 2007, the court held a discovery teleconference in the above-captioned

action. One of the issues raised by Maytag Corporation ("Maytag") was the discoverability of work-

product and attorney-client privilege information that Dyson Technology Limited and Dyson, Inc.

("Dyson") provided to its experts, specifically James Widdowson ("Widdowson"), an employee of

Dyson Limited (an indirect parent of Dyson, Inc.). After hearing argument, the court ordered the

parties to submit letter briefing on the issue, which it would treat as Maytag's motion to compel.

2.      On February 7, 2007, Maytag filed its opening brief (D.I. 245), framing the issues as

follows: (1) whether materials shown to experts by attorneys remain privileged under Federal Rule

of Civil Procedure 26(a)(2)(B) and Third Circuit precedent; and (2) whether Dyson, by designating

Widdowson a testifying expert and submitting a report on his behalf, waived the work-product and

attorney-client privileges with respect to materials considered by him in forming his opinions. It is

Maytag's position that, based on the broad disclosure requirements of Rule 26(a)(2)(B), it is entitled

to all documents and information otherwise subject to attorney-client privilege and attorney work-

product protection that were provided to or considered by Dyson's testifying experts in forming their

opinions. Maytag further asserts that Dyson has waived the attorney-client privilege and work-

product protection with respect to Widdowson, because Dyson has designated him as an expert,

submitted a report on his behalf, and made him available for an expert deposition.

3.      On February 12, 2007, Dyson filed a responsive letter brief (D.I. 250). Dyson argues that

Rule 26(a)(2)(B) does not apply to Widdowson, because he is not an expert witness that is "retained"

or "specially employed" by Dyson, and is not an employee who "regularly" provides expert

testimony, as the rule requires. Dyson further argues that, even if Widdowson were subject to all of

Rule 26(a)(2)(B)'s requirements, it has not waived all attorney-client or work-product privileges

under *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587 (3d Cir. 1984).

4.      After having considered the parties submissions, the arguments made during the discovery

teleconference, and the relevant law, the court concludes that the requirements of Rule 26(a)(2)(B)

apply to Widdowson, an employee of Dyson Limited, who is designated as an expert witness and

has provided an expert report in this action.  The court further concludes that Rule 26(a)(2)(B)

requires the disclosure of all materials considered by Dyson's experts, regardless of Dyson's claims

of attorney-client privilege or work-product privilege.  Finally, the court concludes that Maytag is

not entitled to information and/or documents that Widdowson may have considered in performing

his general job duties, but did not consider in connection with formulating the opinions expressed

in his expert report.  The court explains its rationale below, first addressing the Rule 26(a)(2)(B)

issue, and then turning to the scope of the waiver.

5.      Rule 26(a)(2)(B) provides that expert disclosure "with respect to a witness who is retained

or specially employed to provide expert testimony in the case or whose duties as an employee of the

party regularly involve giving expert testimony [shall] be accompanied by a written report prepared

and signed by the witness, [which] . . . shall contain a complete statement of all opinions to be

expressed and the basis and reasons therefor; the data or other information considered by the witness

in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions,"

among other things.  Fed. R. Civ. P. 26(a)(2)(B).  This court has not had occasion to consider the

application of Rule 26(a)(2)(B) to an employee-expert witness.  However, courts in the Southern

District of New York, the District of Minnesota, and the Middle District of Alabama have rejected

the argument that Dyson advances in the present case.  *See KW Plastics v. United States Can Co.*,

199 F.R.D. 687 (M.D. Ala. 2000); *Minnesota Mining & Mfg. Co. v. Signtech USA, Ltd.*, 177 F.R.D.

459 (D. Minn. 1998); *Day v. Consol. Rail Corp.*, No. 95 CIV. 968 (PKL), 1996 WL 257654

(S.D.N.Y. May 15, 1996).

6.      The court finds persuasive the rationale and decision reached by the Southern District of

New York in *Day v. Consolidated Rail Corp.*  Specifically, the *Day* court stated:

> The argument [that the federal rule governing expert witness discovery does
> not apply to] Mr. Heide is premised on the fact that he is an employee of [the
> defendant]. . . .  According to the defendant, Mr. Heide's job duties . . . do not
> "regularly involve giving expert testimony" and he was not "retained or specially
> employed to provide expert testimony in the case. . . ."
>
> [T]he reading [of Rule 26(a)(2)(B)] proposed by the defendant would create
> a distinction seemingly at odds with the evident purpose of promoting full pre-trial
> disclosure of expert information.  The logic of the defendant's position would be to
> create a category of expert trial witness for whom no written disclosure is required
> – a result plainly not contemplated by the drafters of the current version of the rules
> and not justified by any articulable policy.
>
> Although rule 26(b)(4)(a), governing depositions of experts, appears to imply
> that some category of experts may be exempt from the report requirement, that
> exemption is apparently addressed to experts who are testifying as fact witnesses,
> although they may also express some expert opinions – for example, treating
> physicians. . . .  In such an instance, we may infer that the reasons for requiring an
> expert's report are far less compelling and may unfairly burden a non-party who is
> appearing principally because he or she witnessed certain events relevant to the
> lawsuit.
>
> In a case such as this, in which it appears that the witness in question . . .
> although employed by the defendant is being called solely or principally to offer
> expert testimony, there is little justification for construing the rules as excusing the
> report requirement.   Since his duties do not normally involve giving expert
> testimony, he may be fairly viewed as having been "retained" or "specially
> employed" for that purpose.

1996 WL 257654, at * 1-3.  *See KW Plastics v. United States Can Co.*, 199 F.R.D. 687 (M.D. Ala.

2000) (citing *Day* with approval and adopting its rationale); *Minnesota Mining & Mfg. Co. v.*

*Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998) (discussing *Day* decision and finding its

rationale "instructive and compelling").   Given the circumstances in the present case and the

3

rationale of *Day*, the court concludes that Widdowson is not analogous to a "treating physician," at least with respect to the information contained in his report.[1]  This is because the information contained in Widdowson's report is not a recitation of the facts of the case with some expert opinions expressed.  Instead it is, in Widdowson's own words, "an expert report regarding various advertising claims by [Dyson] for its vacuum cleaners that have been challenged by [Maytag] in pending litigation."  (D.I. 250 Ex. A, at 1.)

7.       Moreover, it appears in the present case that Widdowson has gone even further than the expert in *Day*, who was disclosed to the plaintiff, but had not produced a report.  *See Day*, 1996 WL 257654, at *1.  That is, as previously mentioned, Dyson designated Widdowson as an expert under Rule 26(a)(2)(A), and had him submit an expert report.  (See D.I. 250 Ex. A, at 1.)  Maytag contends that the submission of the report subjects Widdowson to the same disclosure requirements applicable to all expert witnesses under rule 26(a)(2)(B).  The court agrees.  It seems as though Dyson is attempting to "have its cake and eat it too."  Put another way, Dyson has designated Widdowson as an expert and submitted an expert report on his behalf, presumably because it wants to call him as an expert at trial, but does not want Maytag to have access to all of the information Widdowson used to formulate his opinions.  What Dyson is trying to accomplish is not in accord with Rule 26, which exists to avoid expert disclosure that is "sketchy and vague," so that litigants can be prepared for trial.  Fed. R. Civ. Pro. 26(a)(2)(B) Advisory Committee's Note.  Accordingly, Widdowson is

---

[1] Dyson points out that Widdowson has already been deposed as both a fact and 30(b)(6) witness.  The court's conclusion with respect to the information provided in Widdowson's expert report does not apply to the factual information previously provided by Widdowson in his capacity as a fact and 30(b)(6) witness.  That is, it applies only to the opinions expressed by Widdowson in his expert report.

subject to the requirements of Rule 26(a)(2)(B).[2]

8.      The court now turns to the second issue presented in Maytag's motion, i.e. the scope of the

disclosure.  Maytag contends that Dyson must produce all information and documents otherwise

protected by attorney-client and work-product privileges shown to, or considered by, Dyson's

testifying experts.  Conversely, Dyson asserts it has not waived all attorney-client and work-product

privileges, citing *Bogosian v. Gulf Oil Co.*, 738 F.2d 587 (3d Cir. 1984), as support.  After having

considered the relevant law, the court concludes that Rule 26(a)(2)(B) requires disclosure of all

information considered by a testifying expert in formulating his or her report, without regard to

asserted privilege.  In reaching its conclusion, the court relies on the text of Rule 26(a)(2)(B), the

Advisory Committee Notes to Rule 26, and persuasive authority from courts in this circuit.

9.      In *Bogosian*, a case decided in 1984, the issue presented to the Third Circuit was whether

Rule 26(b)(4)(A) overrides the work-product privilege of Rule 26(b)(3) as to all documents shown

to an expert who is identified as an intended trial witness, even though the documents may contain

the mental impressions and thought processes of counsel.  738 F.2d at 590-91.  The court concluded

---

[2]  The District of Kansas, in a case with facts similar to those in the present case, ordered
production of disclosures required by Rule 26(a)(2)(B). *See Super Film of Am. v. UCB Films,
Inc.*, 219 F.R.D. 649 (D. Kan. 2004).  In *Super Film*, the plaintiff designated one of its employees
as an expert pursuant to Rule 26(a)(2)(A) and furnished the defendant with an expert report from
the employee. *Id.* at 658.  When the defendant requested Rule 26(a)(2)(B) disclosures, the
plaintiff objected, stating that the expert was not retained, specially employed, or regularly
involved in providing expert testimony. *Id.*  The defendant moved to compel production of the
materials and the plaintiff responded by stating that it designated the employee as an expert "'out
of an abundance of caution . . . in order to preserve those opinions for this case.'" *Id.* at 659
(citation to record omitted).  Dyson advanced a similar, if not identical, rationale for its
designation of Widdowson during the oral presentation of the issue to the court.  The court in
*Super Film* reached the same conclusion that this court reaches today.  The court concludes that,
as a result of the employee's designation as an expert and submission of a report, the defendant is
entitled to the disclosures required by Rule 26(a)(2)(B).

that Rule 26(b)(3), which protects an attorney's legal theories, opinions, and mental impressions, did not "give way" to Rule 26(b)(4), authorizing discovery relating to expert witnesses. *Id.* at 594-96 ("When Rules 26(b)(3) and 26(b)(4) are viewed as set forth here [under the 1984 version of the Federal Rules of Civil Procedure], we believe they do not present the 'tension' that the district court saw, and that the policies underlying each section can be satisfied.")[3]

10.     Subsequent to the Third Circuit's decision in *Bogosian*, Rule 26 was amended to broaden the scope of discovery, particularly with respect to experts. Specifically, Rule 26(a)(2)(B) was amended to provide that a testifying expert shall submit an expert report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor," and "the data or other information considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). Courts have defined the term "considered" broadly to include materials that an expert reviews, reflects upon, reads, and/or uses. *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 463 (E.D. Pa. 2005); *Vitalo v. Cabot Corp.*, 212 F.R.D. 472, 474 (E.D. Pa. 2002). Thus, putting privilege considerations aside, a testifying expert must disclose all information that he or she reviewed, reflected upon, read and/or used in formulating his or her opinions.

11.     With respect to privilege, the Advisory Committee's notes to the 1993 amendments to Rule 26(a)(2) state: "[g]iven [the] obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately

---

[3] Dyson also relies on the Third Circuit's decision in *In re Cendant Corp.*, 343 F.3d 658 (3d Cir. 2003) to support its contention that it is not required to produce materials protected by the work-product privilege. *Cendant* is distinguishable, however, because the issue there was whether Rule 26(b)(4)(B) required production of work-product generated by a *non-testifying* expert, and not a *testifying* expert as in the present case. 343 F.3d at 659 ("At issue on appeal is whether the 'work product' of a non-testifying trial consultant in this case is privileged and subject to only limited discovery.") As such, Dyson's reliance on that authority is misplaced.

relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26 Advisory Committee's Note. By its plain terms, the note states that the attorney-client and work-product privileges once relied upon by litigants to prevent disclosure of certain materials furnished to experts no longer exist. *See* Wright, Miller & Marcus, Federal Practice and Procedure § 2016.2, at 252 (2d ed. 1994) ("At least with respect to experts who testify at trial, the disclosure requirements of Rule 26(a)(2), adopted in 1993, were intended to pretermit further discussion and mandate disclosure despite privilege.") Accordingly, the court interprets Rule 26(a)(2)(B) as requiring the disclosure of all materials considered by Dyson's experts, including Widdowson, regardless of Dyson's claims of attorney-client or work-product privilege.[4]

12.     Finally, Maytag contends that it is entitled to all information and documents considered by Widdowson before or in connection with the formulation of his expert opinions, regardless of any claims of attorney-client privilege, work-product protection, or time limitations before or after his designation as a testifying expert. The court disagrees and will limit production to only the information and documents considered by Widdowson in connection with formulating his expert

---

[4] In ruling as it does today, the court finds persuasive and follows authority in this district, and several other districts, requiring production of all documents considered by the testifying expert. *See Synthes Spine*, 232 F.R.D. at 463-64 (noting that the "overwhelming majority of courts addressing this issue [the scope of disclosure required by an expert witness] have adopted a pro-discovery position, concluding that, pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its testifying expert for consideration in the expert's report, including information otherwise protected by the attorney-client privilege or the work product privilege" and citing cases); *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176, 178-79 (D. Del. 2003) (ordering production of documents considered by testifying expert, even though the documents were claimed as privileged, because "[i]t would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively . . . when it used the allegedly privileged documents to arm its expert for testimony"); *Vitalo v. Cabot Corp.*, 212 F.R.D. 478, 479 (E.D. Pa. 2002) (same).

opinions expressed in his report. Widdowson is an employee of Dyson Limited who also is being offered as an expert. Thus, he possesses general information regarding his ordinary job duties, as well as the specialized knowledge contained in his expert report. Under these circumstances, the court finds that it would be burdensome and unjust to order the production of information and documents not considered by Widdowson in connection with his expert report.

Therefore, IT IS HEREBY ORDERED that:

1.      Maytag's Motion to Compel (D.I. 245) is GRANTED in part and DENIED in part.

2.      Maytag's motion is GRANTED in that Dyson shall produce all information and documents considered by Widdowson in connection with formulating the opinions expressed in his January 15, 2007 expert report.

3.      Dyson shall produce the information and documents that are the subject of this Order within five (5) days of Widdowson's expert deposition.

4.      Maytag's motion is DENIED in that the court will not order production of information and/or documents that Widdowson may have considered in performing his general job duties, but did not consider in connection with formulating the opinions expressed in his January 15, 2007 expert report.

Dated: March 6, 2007

UNITED STATES DISTRICT JUDGE

FILED

MAR - 6 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE