IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br> Plaintiffs, <br> v. <br><br> MAYTAG CORPORATION, <br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 05-434 GMS <br> ) <br> ) FILED UNDER SEAL <br> ) REDACTED VERSION <br> ) March 20, 2007 |

### DEFENDANT MAYTAG CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO JOIN PARTIES

Dated: March 13, 2007

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

*Attorneys for Maytag Corporation*

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

II.  STATEMENT OF FACTS ............................................................................................... 2

III. ARGUMENT ..................................................................................................................... 3

# TABLE OF AUTHORITIES

**Cases**

*Basiru Kanaji v. Philadelphia Child's Guidance Center of Children's Hospital,*
   2001 U.S. Dist. LEXIS 8670 (E.D. Pa. 2001) .............................................................. 4

*General Battery Corp. v. Globe Union, Inc.,*
   100 F.R.D. 258 (D. Del. 1989) ................................................................................... 3

*Luxliner P/L Export, Co. v. RDI/Luxliner, Inc.,*
   13 F.3d 69 (3d Cir. 1993) ........................................................................................... 3

*Virgo v. Riviera Beach Assocs., Ltd.,*
   30 F.3d 1350 (11th Cir. 1994) .................................................................................... 3

## I. NATURE AND STAGE OF THE PROCEEDINGS

On June 27, 2005 Dyson Technology Limited and Dyson, Inc. (collectively "Dyson") filed suit against Maytag Corporation ("Maytag") alleging patent infringement regarding the Hoover Fusion vacuum cleaner, which was designed, manufactured and sold by The Hoover Company, which is owned by Maytag.

On August 1, 2005, Maytag filed counterclaims against Dyson for violations of Section 43(A) of the Lanham Act, Delaware's Deceptive Trade Practices Act, and the Delaware common law for unfair competition, for making false and misleading advertising claims concerning the alleged superior performance of Dyson upright vacuum cleaners which are sold in the United States and which compete with vacuums sold by Maytag's subsidiary, The Hoover Company.

Recently, on January 31, 2007, Maytag sold its and its subsidiaries' assets, and assigned certain of their related liabilities

In accordance with Federal Rule 25, a party that has an interest in a lawsuit may be joined to the suit. As such, Maytag moves the Court to join the entities

1

II.   **STATEMENT OF FACTS**

Maytag owns The Hoover Company, which, when this lawsuit was filed, was engaged in the design, manufacture and sale of Hoover brand vacuum cleaners. Prior to January 31, 2007,

Effective January 31, 2007,

*See* Asset Transfer Agreement, attached as Exhibit ("Ex.") A to the Affidavit of Chris Stathopoulos ("Stathopoulos Aff.").

on January 31, 2007,

Consequently, the following parties should be joined as Defendants/Counterclaim-Plaintiffs in this litigation: Hoover Partnership, Hoover General, Hoover Limited and Hoover, Inc.

*See* Affidavit of Robert A. Bugos, attached as Ex. C to Stathopoulos Aff. Notably, the new Hoover entities are not owned by Maytag and have no corporate relationship to Maytag.

### III. ARGUMENT

Under Federal Rule of Civil Procedure 25(c), the Court, upon motion, may direct the person to whom the interest of the litigation is transferred to be substituted in the action or joined with the original party. Simply put, Federal Rule of Civil Procedure 25(c), allows for the joinder of parties with an interest in the litigation. *See Luxliner P/L Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993); *General Battery Corp. v. Globe Union, Inc.*, 100 F.R.D. 258, 262 (D. Del. 1989). As described in the Statement of Facts and the Argument sections,

Courts have held that a transfer in interest occurs when, for example, "one corporation becomes the successor to another by merger or other acquisition of the interest the original party had in the lawsuit," *Luxliner P/L Export, Co.*, 13 F.3d at 72; *General Battery Corp.*, 100 F.R.D. at 262-63 (allowing Rule 25(c) joinder of assignee of interests, which included right to counterclaim raised by original defendant). *See also Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (allowing substitution of one corporate defendant for another after asset purchase); *Basiru Kanaji v. Philadelphia Child's*

3

*Guidance Center of Children's Hospital*, 2001 U.S. Dist. LEXIS 8670 (E.D. Pa. 2001) (allowing Rule 25(c) substitution of parties due to merger) (Exhibit A hereto).

In light of Defendant Maytag Corporation's sale and transfer of assets and liabilities the new Hoover entities should be joined in this lawsuit.

WHEREFORE, for the reasons stated herein, Maytag respectfully requests that this Court grant Maytag's Motion for Leave to Join Parties.

REDACTED VERSION
March 20, 2007

Respectfully submitted,

MAYTAG CORPORATION

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH  44308
Phone (330) 376-1242
Fax (330) 376-9646

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on March 13, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> C. Barr Flinn
> John W. Shaw
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801

I further certify that on March 13, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail and first class mail on the following counsel of record:

> Garrard R. Beeney
> Richard C. Pepperman, II
> James T. Williams
> Keith McKenna
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004

> Steven F. Reich
> Jeffrey S. Edelstein
> Manatt, Phelps & Phillips, LLP
> 7 Times Square
> New York, NY 10004

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)