**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Francis DiGiovanni
Partner

TEL (302) 888-6316
FAX (302) 658-5614
EMAIL fdigiovanni@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

March 29, 2007

**BY ELECTRONIC FILING**
The Honorable Gregory M. Sleet
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

      RE:    *Dyson Tech. Ltd., et al. v. Maytag Corp.;* C.A. No. 05-434 GMS

Dear Judge Sleet:

      Defendant Maytag Corporation ("Maytag") respectfully submits this letter in support of its request for a discovery teleconference.

**A.**    **Defendant Maytag's Issues**

      Maytag requests this discovery teleconference in good faith and believes that good cause exists to warrant the conference. The outstanding discovery issues listed below are critical to the just disposition of this case. All of the issues relate to information regarding the testing of Dyson products, which is critical to Maytag's prosecution of its claims. Issue 1 pertains to Dyson's very recent production of incriminating documents that go to the heart of this case. Issues 2 and 3 were discussed in prior discovery teleconferences. Specifically, issue 2 relates to discovery that this Court has ordered Dyson to produce in this case. Issue 3 was the subject of a commitment to produce that Dyson subsequently refused to honor. Despite Maytag's diligent efforts to reach resolution with Plaintiffs on these issues, the parties have been unable to reach agreement. Consequently, Maytag asks this Court to address the issues outlined below.

1. Maytag's need for discrete follow-up discovery due to Plaintiffs' belated production, on **March 27, 2007,** of documents showing that the Dyson DC-07 is inferior to the Hoover Wind Tunnel vacuum in in-home testing results corresponding to ASTM plush testing.
2. Plaintiffs' Failure to Produce all Documents related to its in-home U.K. testing.
3. Plaintiffs' Failure to Produce Documents related to the differences between its U.K. and U.S. models.
4. Plaintiffs' refusal to produce testing documents related to its DC17 vacuum.
5. Plaintiffs' Failure to Produce all documents identified in recent UK depositions of current and former Dyson employees.

We expect these to be the final discovery issues in the case; the issues that Dyson has recently raised are chiefly non-discovery issues, typically addressed at the pretrial conference.

**B.    Plaintiffs' Position on Further Discovery Dispute Hearings**

Plaintiffs agree that each side has identified discovery disputes that they believe require resolution. Plaintiffs take no position, however, as to whether good cause exists for Your Honor to hear those disputes or whether the present disputes and any future disputes should proceed before a special master. In that regard, however, we note the following points for information.

First, new discovery disputes arise almost daily between the parties – meaning that the current disputes are not likely to be the last. Significant issues have arisen during expert depositions, for example, including that Maytag terminated two expert depositions before the 7 hour time limit expired and gave improper instructions not to answer. Likewise, Maytag's technical expert has stated that he is still conducting tests of Dyson products even though the expert period is nearly over.

Second, Dyson also has several issues that require resolution. These include, but are not limited to:

1.    Maytag's identification of witnesses for trial who appear to be providing expert testimony but for whom no expert reports or disclosures have been made.

2.    Failure to provide 26(a)(2)(B) disclosures for Dan Miller, a designated expert.

3.    22 new advertising claims identified by Maytag for the first time in the pre-trial order but not identified by Maytag in response to Dyson's contention interrogatories.

4.    Missing document production from Maytag.

5.    Identification of previously undisclosed fact witnesses in the pre-trial order, and whether Dyson should be permitted to depose those persons now.

6.    Maytag's termination of two expert depositions before the 7 hour time limit expired and improper instructions not to answer, as noted above.

The resolution of these issues significantly impacts Dyson's trial preparations, including among other things fact gathering that is required for defense of the 22 new advertising claims if they are permitted to remain in the case. Waiting to resolve them – as Maytag suggests – at the pre-trial conference leaves insufficient time to prepare for trial should additional discovery be required or the previously undisclosed advertising claims be permitted to remain in the case.

Third, while Maytag wants substantive resolutions of the issues it has identified, Dyson respectfully submits that Maytag should have raised many of these issues earlier and may have waived any rights to relief. For example, DC17 was not in the complaint and came onto the market before the discovery cut-off, yet Maytag first expressly asked for documents about the DC17 on March 7 of this year. No expert on either side addressed the DC17. Moreover, if discovery is ordered now on the DC17, then additional expert discovery will be required. As to Maytag's issues 2, 3 and 5, we do not believe there has been any meet and confer effort by Maytag.

Respectfully,

| | |
|---|---|
| /s/ Adam W. Poff | /s/ Francis DiGiovanni |
| C. Barr Flinn (#4092) | Francis DiGiovanni (#3189) |
| John W. Shaw (#3362) | James D. Heisman (#2746) |
| Adam W. Poff (#3990) | CONNOLLY BOVE LODGE & HUTZ LLP |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | The Nemours Building – 8th Floor |
| The Brandywine Building, 17th Floor | 1007 N. Orange Street |
| 1000 West Street | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19801 | (302) 658-9141 |
| (302) 571-6000 | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiffs* | |