UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON, INC.,<br>DYSON TECHNOLOGY LIMITED    Plaintiff,<br><br>v.<br><br>MAYTAG CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>) Civil Action No. 05-434 GMS<br>)<br>)<br>)<br>) |

## PROPOSED VOIR DIRE QUESTIONS[1]

Good morning, ladies and gentlemen. I am Judge Sleet, and I will be presiding over the trial for which a jury is about to be drawn in the case captioned Dyson Technology Limited and Dyson Inc. (collectively, "Dyson") v. Maytag Corporation ("Hoover[2]"). This case is an action for patent infringement arising under the patent laws of the United States, with counterclaims for false advertising.

The patent and false advertising claims both relate to vacuum cleaners. Dyson claims that a vacuum cleaner sold by Hoover, the Hoover Fusion, infringed three Dyson patents, and Hoover challenges the validity of certain statements made by Dyson in advertising its vacuum cleaners. I will provide those of you who are sworn in as jurors in this case with more detailed instructions and a fuller overview of the issues you will be considering at each stage of the case.

---

[1] The Proposed Voir Dire Questions are listed in the order in which the parties request that they be asked if they are approved. The questions are identified as "Jointly Submitted," "Objected to by Dyson," or "Objected to by Hoover."

[2] Dyson objects to the reference to "Hoover" as the party throughout this document. Hoover is not a party. Maytag is the only defendant/counterclaimant.

I am now going to ask you a series of questions that we call *voir dire*—the purpose of these questions is to: (1) enable the Court to determine whether or not any prospective juror should be excused for cause; and (2) enable counsel for the parties to exercise their individual judgment with respect to excusing jurors for which no reason need be given by counsel. If any of you answer any question "yes," please raise your hand so I can see it and, upon being recognized by the Court, state your juror number. When I have concluded asking all the questions, we will call you to the bench individually to speak with you and the lawyers in private about your affirmative response or responses. Please be assured that if you answer "yes" to any of the questions, it does not mean that you have said or done anything wrong. My questions are simply part of the normal jury selection process.

These questions are not evidence. They are asked solely for the purpose of aiding in the selection process. You should not regard the questions asked, or any thoughts they might raise in your minds, as having any bearing upon the case itself should you be selected to act as a juror.

Under your oath, you are obligated to give fair and truthful answers to my questions. This case is of great importance to the parties, and thus, if you cannot impartially sit as a juror in this case, you must inform me of this fact. It is your duty to make a full disclosure if there is any reason why you cannot sit as a fair and impartial juror in this case. By that same token, I do not want any of you to make a speech. Do not say anything that might tend to impair the fairness of other potential jurors or that might have a prejudicial effect upon the jurors already seated in the box. It is important that you listen carefully to the questions I ask and keep them in mind in the event that there is any question that might call for an answer on your part.

Now, under our system of law, the jury and the trial judge have separate functions. It is my function to decide all issues of law; to resolve any objections that may be raised in connection with evidence in the case; and to instruct you as to the nature and extent of your duties in the case – which is to decide the issues of fact.

With respect to legal issues, my determination controls, and it is your duty to follow my instructions.

You the jurors will be the sole judges of the issues of fact. You will decide the factual issues in accordance with the law as set forth in my instructions to you that may be given from time to time during the trial and at the close of the trial.

The trial is expected to take [ten] days to try. The schedule that I expect to maintain over those ten days will be as follows: We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On those days, the proceedings might last beyond 4:30 p.m.

### I.    To be asked of the entire panel

1.    (Jointly Submitted)  In the trial of this case, the parties are entitled to have a fair and unbiased jury. If there is any reason why, based on what I have told you up to now about this case, any of you might be biased or prejudiced in any way, please tell me this now.

2.    (Jointly Submitted)  Does the length of this trial or the schedule contemplated by the Court present a special problem to any member of the panel?

3. (Jointly Submitted) Do you have any problems understanding either written or spoken English?

4. (Jointly Submitted) Do you have any physical condition that may interfere with your serving as a juror, such as difficulty hearing or difficulty sitting for long periods?

**Identification of the Parties and Attorneys**

5. I will now identify for you certain companies [and individuals, if appropriate] Please tell me if you know any of these companies [or individuals.] [The parties have agreed to submit a revised Proposed Voir Dire to identify the parties after the Court rules on Maytag's pending motions to add additional counterclaim defendants, and to substitute additional counterclaim plaintiffs in place of Maytag. Dyson has opposed both motions.]

6. (Jointly Submitted) I am going to identify the attorneys and law firms. Have you, any member of your family, or any close personal friend, been employed at, represented by, or had business dealings or any relationship with any of these attorneys or law firms?

1. Young Conaway Stargatt & Taylor, LLP
   C. Barr Flinn
   John W. Shaw
   Monte T. Squire

2. Sullivan & Cromwell, LLP
   Garrard R. Beeney
   Richard C. Pepperman, II
   James T. Williams
   Adam R. Brebner

3. Manatt Phelps & Phillips, LLP
   Steven F. Reich
   Jeffrey S. Edelstein
   John F. Libby

       Tamar Feder
       Christopher A. Cole

  4.  Connolly Bove Lodge & Hutz, LLP
     Francis DiGiovanni
     Stephanie O'Byrne
     James D. Heisman

  5.  Renner, Kenner, Greive, Bobak, Taylor & Weber
     Ray L. Weber
     Laura J. Gentilcore

  6.  Winston & Strawn, LLP
     Kimball R. Anderson
     Anthony DiSarro
     Stephen P. Durchschlag
     Ronald Y. Rothstein
     Lisa J. Parker

  7.  (Jointly Submitted)  Have any of you, or any member of your family, had any significant experiences that have given you strong or definite feelings, either positive or negative, concerning any of the corporate entities, lawyers or law firms I have just listed?

  8.  (Jointly Submitted)  Do you know any officer, director, or employee of any of [the parties identified in Paragraph 4]?

  9.  (Jointly Submitted)  Do any of you, any member of your family, or any close personal friend, own, or have you, any family member, or any close personal friend, ever been employed at, or owned, any stocks or bonds in any of [the companies identified in paragraph 4]?

  10.  (Objected to by Hoover)  Aside from possibly purchasing their products, have any of you, or any member of your family, or any close personal friend, had any business dealings with, or relied financially in any way on, any of [identified in paragraph 4]?

5

11. (Jointly Submitted) Are any of you related to, or personally acquainted with, any of these individuals who might appear as witnesses for plaintiffs or defendant?

    James Dyson
    Gareth Evan Lyn Jones
    John C. Jarosz
    Kurt D. Harsh
    Robert Hecht
    Russell H. Boyer
    Nick M. Bosyj
    John W. Morrison
    David Baker
    John Balough
    Ronald D. Battema
    Alex L. Constable
    Charles D. DeGraff
    Daniel R. Miller
    Mohan Rao, Ph.D.
    Yoram (Jerry) Wind, Ph.D.
    Caroline Errington
    Emma Jane Heatley
    Kim Ludgren
    Lewis Migliore
    Clare Mullen
    Chris Perrin
    Steve Pollock
    Andrew Samways
    Alex Simonson, Ph.D.
    Marya Tryan
    Gordon Thom
    Ralph Hake
    Laura Stamm
    Joel Steckel, Ph.D.
    Itamar Simonson
    Richard Figliola
    Charles Parham
    Victor Polansky
    Steve Harrison
    James Widdowson

**Prior Involvement in Litigation and Experience as Jurors**

12.	(Jointly Submitted)  Have you served as a juror in any other case? If so, was it a civil or criminal case? In what court?  Did the jury reach a verdict? Was there anything about that experience that will make it difficult for you to sit as a juror in this case?

13.	(Jointly Submitted)  Have you, any member of your family, or close friend ever sued anyone or been sued?  What kind of case was it? How was it resolved? By settlement? By going through a trial? Was there anything about that experience that will make it difficult for you to sit as a juror in this case?

14.	(Jointly Submitted)  Have you ever been a witness in a case? What kind of case was it? What did your testimony concern? Was there anything about that experience that will make it difficult for you to sit as a juror in this case?

15.	(Jointly Submitted)  Are you or is anyone close to you presently considering filing a lawsuit?  If so, please provide details.

16.	(Jointly Submitted)  Have you heard about or read any news reports about this lawsuit? If so, please provide details.  As a result of anything you may have heard or read, have you formed any opinion about the case or any of the parties that would interfere with your ability to decide this case impartially and based only on the evidence presented at trial?

**Past Experience with Relevant Products**

17.	(Objected to by Hoover)  Have any of you, any family member, or any close personal friend, ever owned a Hoover or Dyson vacuum cleaner?

18.	(Objected to by Dyson)  Have you or anyone close to you ever purchased or used any Dyson or Hoover vacuum cleaners, including, but not limited to, the following vacuum cleaners?

Hoover WindTunnel
Hoover Fusion
Dyson DC07, DC14, DC15, DC17
The Dyson Animal
The Dyson Ball

If so, please provide details

**Experience or Knowledge of Relevant Subject Matters**

19.     (Jointly Submitted)  Do you, any member of your family, or close friend, work in the vacuum cleaner industry, including manufacturing, designing, marketing, distributing or selling vacuum cleaner products?  If so, please provide details.

20.     (Jointly Submitted)  Have you or anyone close to you been involved in obtaining a patent?  If so, please provide details.

21.     (Objected to by Hoover)  Have you, any member of your family, or any close personal friend, had any employment, education, training or experience in intellectual property licensing, or patents?

22.     (Objected to by Hoover)  Do any of you believe that patents should not exist?

23.     (Objected to by Hoover)  Do any of you have strong views about patents or laws intended to protect intellectual property?

24.     (Jointly Submitted)  Do you, any member of your family, or close friend, work in advertising or marketing?

25.     (Jointly Submitted)  Do you have a belief, one way or another, that all advertising is either true or false or do you have any other beliefs about advertising that may make it difficult for you to sit as a juror in this false advertising case?

26. (Jointly Submitted) Do you have any negative feelings about companies that advertise or market products generally or those that advertise and market vacuum cleaner products in particular, or against the people who create such advertising?

27. (Objected to by Hoover) Do you have any strong views about whether advertising is generally truthful?

28. (Jointly Submitted) Have you or anyone close to you ever started or owned their own business? Was the business successful or unsuccessful?

29. (Jointly Submitted) Have you or has any member of your family been trained or worked as an economist or accountant?

30. (Objected to by Hoover) Have you, or has any member of your family, ever been involved in research and development work?

### Foreign Corporations

31. (Jointly Submitted) Some of the parties are foreign companies. Is there anyone who cannot be fair to foreign companies or individuals?

32. (Objected to by Hoover) Do any of you have any favorable or unfavorable opinions of people of English or British nationality or businesses headquartered in England?

33. (Objected to by Hoover) Do you think that allowing foreign products into the American market greatly helps or hurts the American economy?

34. (Objected to by Hoover) Do you think that severe restrictions should be placed on the importation of foreign products into the American market?

**Corporate Conduct**

35.     (Jointly Submitted)  There often are things said in the press about corporate behavior. Who here has a strong opinion, about the honesty and integrity of corporations today? What is it?

36.     (Objected to by Hoover)  Do you have any strong views as to whether companies generally compete fairly or unfairly with other companies?

**Function of the Jury**

37.     (Jointly Submitted)  Do you have any strong views as to the amount of damage awards in lawsuits?

38.     (Jointly Submitted)  The function of those persons selected for the jury will be to determine the facts; in other words, what actually happened here.  My function as judge will be to determine the legal principles applicable to this case.  After all testimony has been given and all evidence has been put in, I will instruct you as to what the law is, and it will be your job to apply that law to the facts as you find them.  Is there any reason you can think of why you would not be able to follow my instructions as to the law even though you might not agree with them?

39.     (Jointly Submitted)  Has anything occurred during this questioning period that gives you doubt as to whether you can sit as a fair and impartial juror in this case?

40.     (Jointly Submitted)  Do any of you know of any other matter that you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit as a juror, or that you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?

## II.    To be asked of individual jurors[3]

41.    Please give your name, your current occupation and employer. Also, tell us briefly where you grew up and the types of jobs you have held in the past.

42.    If you are married, please give your spouse's name, occupation and employer. If you have children, please tell us their names and ages, and, if they are adults, please tell us what they are doing now, for example, still in school or working at a particular job.

43.    Please tell us what your highest level of education degree is (high school, college, graduate or professional degree). If you obtained a degree after high school, please tell us from what school, what you majored in, and whether you graduated, and, if so, when.

---

[3] Dyson objects to the questions in Section II as duplicative of the questions contained in the Juror Questionnaire prepared by Dyson, and attached hereto. Hoover objects to the use of a questionnaire prepared by Dyson because it is not contemplated in the Model Pretrial Order on the Court's website.