# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED )
and DYSON, INC., )
)
Plaintiffs, )
v. )            C.A. No. 05-434-GMS
)
MAYTAG CORPORATION, )
)
Defendant. )

## DYSON INC. AND DYSON TECHNOLOGY LIMITED'S
## PROPOSED GENERAL VERDICT FORM AND SPECIAL INTERROGATORIES
## RELATING TO DEFENDANT'S COUNTERCLAIMS

## <u>GENERAL VERDICT FORM</u>

WE, THE JURY, in the above-titled action, answer the following questions as follows:

## I.    MAYTAG'S LANHAM ACT CLAIMS

### A.    AGAINST DYSON INC.

**<u>Question No. 1:</u>**      Do you find, by a preponderance of the evidence and in accordance with the Court's instructions, that Dyson Inc. has violated the Lanham Act? **YES:___NO: ____**.

**<u>Question No. 2</u>**:      If the answer to the prior question is YES, are Maytag's claims barred by any of Dyson Inc.'s affirmative defenses? **YES:___NO: ____**.

**<u>Question No. 3</u>**      If the answer to question 1 is YES and the answer to question 2 is NO, set forth the amount of damages, if any, that Maytag should recover for the period in which Dyson Inc. ran the advertisement or promotion in which the false or misleading claim(s) is made: $_____.

**<u>Question No. 4</u>**:      Do you find that Maytag also is entitled to an amount equal to Dyson Inc.'s profits? **YES:___NO: ____**.

**<u>Question No. 5</u>**      If the answer to Question 4 is YES, set forth the amount of profits Dyson Inc. earned from the advertisement or promotion in which the false or misleading claim(s) is made:  $_____.

### B.    AGAINST DYSON TECHNOLOGY LIMITED

**<u>Question No. 1</u>**:      Do you find, by a preponderance of the evidence and in accordance with the Court's instructions, that Dyson Technology Limited has violated the Lanham Act? **YES:___NO: ____**.

**<u>Question No. 2</u>**:      If the answer to the prior question is YES, are Maytag's claims barred by any of Dyson Technology Limited's affirmative defenses? **YES:___NO: ____**.

**<u>Question No. 3</u>**:      If the answer to question 1 is YES and the answer to question 2 is NO, set forth the amount of damages, if any, that Maytag should recover for the period in which

Dyson Technology Limited ran the advertisement or promotion in which the false or misleading claim(s) is made: $_____ .

**Question No. 4:**       Do you find that Maytag also is entitled to an amount equal to Dyson Technology Limited's profits? **YES:___NO: ____** .

**Question No. 5:**       If the answer to Question 4 is YES, set forth the amount of profits Dyson Technology Limited earned from the advertisement or promotion in which the false or misleading claim(s) is made: $_____ .

## II.    MAYTAG'S DELAWARE DECEPTIVE TRADE PRACTICES ACT CLAIMS

### A.    AGAINST DYSON INC.

**Question No. 1:**       Do you find, by a preponderance of the evidence and in accordance with the Court's instructions, that Dyson Inc. violated the Delaware Deceptive Trade Practices Act? **YES:____NO: _____.**

(Because liability under the Delaware Deceptive Trade Practices Act is the same as liability under the Lanham Act, you must provide the same answer to Section II, Question 1 as you did to Section I, Question 1.)

**Question No. 2**:       If the answer to the prior question is YES, are Maytag's claims barred by any of Dyson Inc.'s affirmative defenses? **YES:___NO: ____.**

### B.    AGAINST DYSON TECHNOLOGY LIMITED

**Question No. 1:**       Do you find, by a preponderance of the evidence and in accordance with the Court's instructions, that Dyson Technology Limited violated the Delaware Deceptive Trade Practices Act? **YES:____NO: _____.**

(Because liability under the Delaware Deceptive Trade Practices Act is the same as liability under the Lanham Act, you must provide the same answer to Section II, Question 1 as you did to Section I, Question 1.)

**Question No. 2**:        If the answer to the prior question is YES, are Maytag's claims barred by any of Dyson Technology Limited's affirmative defenses?  **YES:___NO: ____.**

## III.    MAYTAG'S DELAWARE COMMON LAW UNFAIR COMPETITION CLAIMS

### A.    AGAINST DYSON INC.

**Question No. 1:**        Do you find, by a preponderance of the evidence and in accordance with the Court's instructions, that Dyson Inc. violated the Delaware common law of unfair competition?  **YES:____NO: _____.**

(Because liability for unfair competition is the same as liability under the Delaware Deceptive Trade Practices Act, you must provide the same answer to Section III, Question 1 as you did to Section II, Question 1.)

**Question No. 2**:        If the answer to the prior question is YES, are Maytag's claims barred by any of Dyson Inc.'s affirmative defenses?  **YES:___NO: ____.**

**Question No. 3:**        If the answer to question 1 is YES and the answer to question 2 is NO, set forth the amount of damages that Maytag should recover for the period in which Dyson Inc. unfairly competed:  $_____.

(If you already set forth an amount of damages for liability under the Lanham Act, you may not award damages again here.)

### B.    DYSON TECHNOLOGY LIMITED

**Question No. 1:**        Do you find, by a preponderance of the evidence and in accordance with the Court's instructions, that Dyson Technology Limited violated the Delaware common law of unfair competition?  **YES:____NO: _____.**

(Because liability for unfair competition is the same as liability under the Delaware Deceptive Trade Practices Act, you must provide the same answer to Section III, Question 1 as you did to Section II, Question 1.)

**Question No. 2**:        If the answer to the prior question is YES, are Maytag's claims barred by any of Dyson Technology Limited's affirmative defenses?  **YES:___NO: ____**.

**Question No. 3:**        If the answer to question 1 is YES and the answer to question 2 is NO, set forth the amount of damages that Maytag should recover for the period in which Dyson Technology Limited unfairly competed:   $_____.

(If you already set forth an amount of damages for liability under the Lanham Act, you may not award damages again here.)


## IV. WILLFULNESS

### A.    AGAINST DYSON INC.

**Question No. 1**:        Do you find, by clear and convincing evidence and in accordance with the Court's instructions, that Dyson Inc. acted willfully and in bad faith? **YES:___ NO:___**.

(Answer this question only if you find that Dyson Inc. is liable for false advertising under either Sections I, II or III above, and that Maytag's claims are not barred by any of Dyson Inc.'s affirmative defenses.)


### B.    AGAINST DYSON TECHNOLOGY LIMITED

**Question No. 1**:        Do you find, by clear and convincing evidence and in accordance with the Court's instructions, that Dyson Technology Limited acted willfully and in bad faith? **YES:___ NO:___**.

(Answer this question only if you find that Dyson Technology Limited is liable for false advertising under either Sections I, II or III above, and that Maytag's claims are not barred by any of Dyson Technology Limited's affirmative defenses.)

## SPECIAL INTERROGATORIES FORM

WE THE JURY, in the above-titled action, find the following special verdict on the questions submitted to us contained herein.

### Section I

## LITERAL CLAIMS

Below are questions regarding the advertisements for Dyson vacuums in the United States that Maytag contends contain literally false claims that violate the Lanham Act and Delaware state laws. Based on the preponderance of the evidence and in accordance with the Court's instructions, answer the questions that follow.

**Section I – Literal Claims**
(continued)

**Part A: Claims About Dyson Cleaners Having Constant Suction**

1.  Has Dyson Inc. or Dyson Technology Limited made claims that its vacuum
    cleaners have constant suction in advertisements in the United States that
    constitute "commercial advertising or promotion," as that term has been defined
    to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:_____   NO:_____**
    **As to Dyson Technology Limited:  YES:_____  NO: ___**
    **(If "NO" to both, skip to Part B.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context
    of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:_____ NO:_____.   (If "No", skip to Part B.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false
    claim appeared, is any such claim "material," that is, likely to influence a
    consumer's purchasing decision?

    **YES:_____ NO:_____.   (If "No", skip to Part B.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements
    cause harm to Maytag?

    **YES:_____ NO:_____.**

**Section I – Literal Claims**
(continued)

**Part B: Claims About Suction Power of Dyson Cleaners**

1.  Has Dyson Inc. or Dyson Technology Limited made claims that its vacuum
    cleaners have superior suction power in advertisements in the United States that
    constitute "commercial advertising or promotion," as that term has been defined
    to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:_____   NO:_____**
    **As to Dyson Technology Limited:   YES:_____   NO: ___**
    **(If "NO" to both, skip to Part C.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context
    of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:_____ NO:_____.   (If "No", skip to Part C.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false
    claim appeared, is any such claim "material," that is, likely to influence a
    consumer's purchasing decision?

    **YES:_____ NO:_____.   (If "No", skip to Part C.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements
    cause harm to Maytag?

    **YES:_____ NO:_____.**

**Section I – Literal Claims**
(continued)

**Part C: Claims About Reliance on Filters**

1. Has Dyson Inc. or Dyson Technology Limited  made claims that its vacuum cleaners do not rely on filters in advertisements in the United States that constitute "commercial advertising or promotion," as that term has been defined to you (hereafter referred to as "advertisements")?

     **As to Dyson Inc.:   YES:_____   NO:_____**
     **As to Dyson Technology Limited:  YES:_____   NO: ___**
     **(If "NO" to both, skip to Part D.)**

2. If "Yes", based on the specific language of the claim or claims and in the context of the entire advertisement in which it appeared, is any such claim literally false?

     **YES:_____ NO:_____.   (If "No", skip to Part D.)**

3. If "Yes", in the context of the entire advertisement in which such a literally false claim appeared, is any such claim "material," that is, likely to influence a consumer's purchasing decision?

     **YES:_____ NO:_____.   (If "No", skip to Part D.)**

4. If "Yes", did any such material literally false claim in any of those advertisements cause harm to Maytag?

     **YES:_____ NO:_____.**

**Section I – Literal Claims**
(continued)

**Part D: Claims About Dyson Cleaners Not Clogging**

1.  Has Dyson Inc. or Dyson Technology Limited  made claims that its vacuum cleaners do not clog in advertisements in the United States that constitute "commercial advertising or promotion," as that term has been defined to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:____   NO:____**

    **As to Dyson Technology Limited:  YES:____  NO: ___**

    **(If "NO" to both, skip to Part E.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____ NO:____.   (If "No", skip to Part E.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false claim appeared, is any such claim "material," that is, likely to influence a consumer's purchasing decision?

    **YES:____ NO:____.   (If "No", skip to Part E.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements cause harm to Maytag?

    **YES:____ NO:____.**

**Section I – Literal Claims**
(continued)

**Part E: Claims About Dyson Cleaners' Pick-Up of "Larger Dirt and Debris"**

1.  Has Dyson Inc. or Dyson Technology Limited  made claims that its vacuum cleaners pick up larger dirt and debris in advertisements in the United States that constitute "commercial advertising or promotion," as that term has been defined to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:____   NO:____**
    **As to Dyson Technology Limited:  YES:____  NO: ___**
    **(If "NO" to both, skip to Part F.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____ NO:____.   (If "No", skip to Part F.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false claim appeared, is any such claim "material," that is, likely to influence a consumer's purchasing decision?

    **YES:____ NO:____.   (If "No", skip to Part F.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements cause harm to Maytag?

    **YES:____ NO:____.**

**Section I – Literal Claims**
(continued)

**Part F: Claims About Whether Other Vacuums Work Properly**

1.  Has Dyson Inc. or Dyson Technology Limited  made claims that other vacuum
    cleaners do not work properly in advertisements in the United States that
    constitute "commercial advertising or promotion," as that term has been defined
    to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:  YES:____  NO:____**

    **As to Dyson Technology Limited:  YES:____  NO: ___**

    **(If "NO" to both, skip to Part G.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context
    of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____ NO:____.   (If "No", skip to Part G.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false
    claim appeared, is any such claim "material," that is, likely to influence a
    consumer's purchasing decision?

    **YES:____ NO:____.   (If "No", skip to Part G.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements
    cause harm to Maytag?

    **YES:____ NO:____.**

**Section I – Literal Claims**
(continued)

**Part G: Claims About Allergies**

1. Has Dyson Inc. or Dyson Technology Limited  made claims that its vacuum cleaners are approved for allergy sufferers in advertisements in the United States that constitute "commercial advertising or promotion," as that term has been defined to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:____   NO:____**

    **As to Dyson Technology Limited:  YES:____   NO: ___**

    **(If "NO" to both, skip to Part H.)**

2. If "Yes", based on the specific language of the claim or claims and in the context of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____ NO:____.   (If "No", skip to Part H.)**

3. If "Yes", in the context of the entire advertisement in which such a literally false claim appeared, is any such claim "material," that is, likely to influence a consumer's purchasing decision?

    **YES:____ NO:____.   (If "No", skip to Part H.)**

4. If "Yes", did any such material literally false claim in any of those advertisements cause harm to Maytag?

    **YES:____ NO:____.**

**Section I – Literal Claims**
(continued)

**Part H: Force-of-Gravity Claims**

1.  Has Dyson Inc. or Dyson Technology Limited  made claims regarding the

    spinning force of its vacuum cleaners, with comparisons to the force of gravity, in

    advertisements in the United States that constitute "commercial advertising or

    promotion," as that term has been defined to you (hereafter referred to as

    "advertisements")?

    > **As to Dyson Inc.:   YES:____   NO:____**
    > **As to Dyson Technology Limited:  YES:____  NO: ___**
    > **(If "NO" to both, skip to Part I.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context

    of the entire advertisement in which it appeared, is any such claim literally false?

    > **YES:____ NO:____.   (If "No", skip to Part I.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false

    claim appeared, is any such claim "material," that is, likely to influence a

    consumer's purchasing decision?

    > **YES:____ NO:____.   (If "No", skip to Part I.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements

    cause harm to Maytag?

    > **YES:____ NO:____.**

**Section I – Literal Claims**
(continued)

**Part I: Claims About Dyson's Dirt Cups Being "Hygienic"**

1.  Has Dyson Inc. or Dyson Technology Limited  made claims about its vacuum cleaner dirt cups being "hygienic" in advertisements in the United States that constitute "commercial advertising or promotion," as that term has been defined to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:____   NO:____**

    **As to Dyson Technology Limited:  YES:____   NO: ___**

    **(If "NO" to both, skip to Part J.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____  NO:____.   (If "No", skip to Part J.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false claim appeared, is any such claim "material," that is, likely to influence a consumer's purchasing decision?

    **YES:____  NO:____.   (If "No", skip to Part J.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements cause harm to Maytag?

    **YES:____  NO:____.**

**Section I – Literal Claims**
(continued)

**Part J: Claims About Invention of Cyclone Technology and the Integral Hose**

1. Has Dyson Inc. or Dyson Technology Limited  made claims about the invention of cyclone technology or the integral hose in advertisements in the United States that constitute "commercial advertising or promotion," as that term has been defined to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:____   NO:____**
    **As to Dyson Technology Limited:  YES:____   NO: ___**
    **(If "NO" to both, skip to Part K.)**

2. If "Yes", based on the specific language of the claim or claims and in the context of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____ NO:____.   (If "No", skip to Part K.)**

3. If "Yes", in the context of the entire advertisement in which such a literally false claim appeared, is any such claim "material," that is, likely to influence a consumer's purchasing decision?

    **YES:____ NO:____.   (If "No", skip to Part K.)**

4. If "Yes", did any such material literally false claim in any of those advertisements cause harm to Maytag?

    **YES:____ NO:____.**

**Section I – Literal Claims**
(continued)

**Part K: Claims About United Kingdom Patent Proceeding**

1.  Has Dyson Inc. or Dyson Technology Limited  made claims about patent

    proceedings in the United Kingdom in advertisements in the United States that

    constitute "commercial advertising or promotion," as that term has been defined

    to you (hereafter referred to as "advertisements")?

    **As to Dyson Inc.:   YES:____   NO:____**

    **As to Dyson Technology Limited:  YES:____  NO: ___**

    **(If "NO" to both, skip to Section II.)**

2.  If "Yes", based on the specific language of the claim or claims and in the context

    of the entire advertisement in which it appeared, is any such claim literally false?

    **YES:____ NO:____.   (If "No", skip to Section II.)**

3.  If "Yes", in the context of the entire advertisement in which such a literally false

    claim appeared, is any such claim "material," that is, likely to influence a

    consumer's purchasing decision?

    **YES:____ NO:____.   (If "No", skip to Section II.)**

4.  If "Yes", did any such material literally false claim in any of those advertisements

    cause harm to Maytag?

    **YES:____ NO:____.**

**Section II**

**IMPLIED CLAIMS**

Below are questions regarding the advertisements for Dyson vacuums in the United States that Maytag contends contain impliedly false claims that violate the Lanham Act and Delaware state laws. Based on the preponderance of the evidence and in accordance with the Court's instructions, answer the questions below.

1.  Has Dyson Inc. or Dyson Technology Limited made "commercial advertisements or promotions," as that term has been defined to you (hereafter referred to as "advertisements"), that contain claims about the design, suction and performance of its vacuum cleaners?

    **As to Dyson Inc.:   YES:____   NO:____**
    **As to Dyson Technology Limited:  YES:____  NO: ___**
    **(If "NO" to both, skip to Section III.)**

2.  From any of those advertisements, do a substantial number of consumers perceive an implied claim about Dyson vacuum cleaners having superior overall cleaning abilities compared to other vacuum cleaners?

    **YES:_____ NO:_____. (If "No", skip to Section III.)**

3.  "If Yes", in the context of the entire advertisement from which such a claim is implied, do you find that any such implied claim is false?

    **YES:_____ NO:_____. (If "No", skip to Section III.)**

4.  If Yes", in the context of the entire advertisement in which it appears, is any such implied false claim "material," that is, likely to influence a consumer's purchasing decision?

    **YES:____ NO: _____. (If "No", skip to Section III.)**

[Dyson's Proposed] Special Interrogatories, p. 13

5. If "Yes", did any such material implied false claim in any of those advertisements cause harm to Maytag?

   **YES:_____ NO: _____.**

**Section III**

**DYSON INC.'S AFFIRMATIVE DEFENSES**

Below are questions regarding the affirmative defenses raised by Dyson Inc. and Dyson Technology Limited in response to Maytag's contention that Dyson violated the Lanham Act and Delaware state laws.  Based on the appropriate evidentiary standard and in accordance with the Court's instructions, answer the questions below.

1.  Do you find by a preponderance of the evidence that Maytag's claims are barred by the equitable doctrine of laches?

    **YES:_____ NO:_____.**

2.  Do you find by clear and convincing evidence that Maytag's claims are barred by the equitable doctrine of unclean hands?

    **YES:_____ NO:_____.**

3.  Do you find by a preponderance of the evidence that Maytag's claims are barred by the doctrine of equitable estoppel?

    **YES:_____ NO:_____.**

4.  Do you find by a preponderance of the evidence that Maytag's claims are barred by the equitable doctrine of waiver?

    **YES:_____ NO:_____.**

5.  Do you find by a preponderance of the evidence that Maytag's claims are barred by the equitable doctrine of acquiescence?

    **YES:_____ NO:_____.**

80389735.1

## CERTIFICATE OF SERVICE

I, Adam W. Poff, hereby certify that on April 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>  Francis DiGiovanni, Esquire
>  James D. Heisman, Esquire
>  CONNOLLY BOVE LODGE & HUTZ LLP
>  The Nemours Building – 8th Floor
>  1007 N. Orange Street
>  Wilmington, Delaware 19801

I further certify that on April 2, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>  **BY E-MAIL**
>
>  Ray L. Weber, Esquire
>  RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
>  400 First National Tower
>  Akron, OH 44308
>
>  Kimball R. Anderson, Esquire
>  WINSTON & STRAWN LLP
>  35 W. Wacker Drive
>  Chicago, IL 60601-9703

>  YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>  _____
>  C. Barr Flinn (No. 4092)
>  John W. Shaw (No. 3362)
>  Adam W. Poff (No. 3990)
>  The Brandywine Building
>  1000 West Street, 17th Floor
>  Wilmington, Delaware 19801
>  (302) 571-6600
>  apoff@ycst.com
>  *Attorneys for Dyson Technology Limited*
>   *and Dyson, Inc.*