IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON, INC., and DYSON TECHNOLOGY LIMITED, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-434-GMS<br>**CONFIDENTIAL – FILED UNDER SEAL** |
| MAYTAG CORPORATION, | ) | **REDACTED VERSION** |
| Defendant. | ) | |

**PLAINTIFFS' ANSWERING BRIEF**
**IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO JOIN PARTIES**

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
Chad S.C. Stover (No. 4919)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
bflinn@ycst.com
jshaw@ycst.com
msquire@ycst.com
cstover@ycst.com
*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated: April 2, 2007

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 7 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*,
13 F.3d 69 (3d Cir. 1993) .......... 7, 8, 9

*PP Inc. v. McGuire*,
509 F.Supp. 1079 (D.N.J. 1981) .......... 9

**Rules**

Fed. R. Civ. P. 25(c) .......... 1, 6, 7, 8

**Other Authorities**

6 *Moore's Federal Practice*, § 25.02
(Matthew Bender 3d ed. 2006) .......... 7

Wright, Miller & Kane, *Federal Practice and Procedure*:
Civil 2d § 1951 (2006) (Rule 25(c) .......... 7

## NATURE AND STAGE OF PROCEEDINGS

Defendant and counterclaim plaintiff Maytag Corporation ("Maytag") seeks to join, pursuant to Fed. R. Civ. P. 25(c), four entities indirectly owned by Techtronic Industries Co., Ltd. ("TTI") as defendants and counterclaim plaintiffs in this litigation. The four entities are:

- Hoover, Inc. (f/k/a THC Acquisition Co., Inc.),
- Hoover General LLC,
- Hoover Limited LLC, and
- Hoover Company I L.P.

(collectively the "TTI Subsidiaries").

1 

[Page contents redacted]

DB01:2359251.1                                                                                                       063753.1001

## STATEMENT OF FACTS



[Text redacted]



4

DB01:2359251.1 063753.1001

[Page contents fully redacted]

[Page content fully redacted]

## ARGUMENT

### MAYTAG CANNOT INJECT INTO THIS LITIGATION VIA ITS RULE 25(C) MOTION TO JOIN THE TTI SUBSIDIARIES ANY INTEREST PREVIOUSLY HELD BY THE HOOVER CORPORATION OR ANY ENTITY OTHER THAN MAYTAG

The substitution of a party due to a transfer in interest is governed by Federal Rule of Civil Procedure 25(c) which provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." "A 'transfer of interest' in a corporate context occurs when one corporation becomes the successor by merger or other acquisition of the interest the original corporate party had in the lawsuit." *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) (citations omitted). Thus, the interest transferred must be an interest the original party had in the litigation. *See also* Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1951 (2006) (Rule 25(c) applies when "a *party* has . . . transferred his interest") (emphasis added); 6 *Moore's Federal Practice*, § 25.02 (Matthew Bender 3d ed. 2006) ("Rule 25 ...provides for substitution in situations when, because of a change in circumstances, a *party* cannot continue in the suit.") (emphasis added). [REDACTED]

Here, Maytag fails to show this Court, and does not explicitly state in its moving papers that it, as the original party in this litigation, has transferred its rights and obligations in this litigation to the TTI Subsidiaries, the entities it now moves to join in this litigation. [REDACTED] Absent proof that a party has transferred an interest in the litigation, there is no basis for joinder pursuant to Rule 25(c), and Maytag's motion should be denied. Dyson believes that

Maytag is making this motion to insert into this litigation, via the joined TTI Subsidiaries, rights previously held only by entities who were not parties to this litigation, namely The Hoover Company. Dyson further believes that Maytag is pursuing this strategy to cure the clear standing and jurisdictional problems that Maytag faces in this litigation, *i.e.* the problems created by its decision to counterclaim for false advertising in the name of Maytag when the law requires that Hoover have brought suit in its own name and on its own behalf.

Public disclosures made by Maytag in connection with the Hoover/TTI transaction reveal that Maytag itself did not own the Hoover floor care business but that other separate corporate entities owned that business. As detailed by Dyson in the JPTO, Maytag therefore has never owned the rights asserted in this litigation; it lacks standing to pursue its counterclaims and the Court lacks subject matter jurisdiction to adjudicate them. *See* JPTO at Schedule 4, Section I.A. As set forth above, upon a Rule 25(c) joinder or substitution, the transferee simply steps into the shoes previously occupied by the transferor with respect to the transferred interest. Thus, Maytag cannot cure these problems by improperly using a Rule 25(c) motion to insert into this litigation rights and liabilities it did not possess at the inception of this litigation but that were possessed by non-parties.

The Third Circuit holds that "joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case." *Luxliner*, 13 F.3d at 71-72. Indeed, Rule 25(c) "does not require a party to take any action after an interest has been transferred." *Id.* at 71 (internal quotation omitted.) A judgment obtained against the original defendant is binding on the successor even if the successor is not a named party. *Id.* ("When a defendant corporation has merged with another corporation, for example, the case may be continued against the original defendant and the

judgment will be on the successor even if the successor is not named in the lawsuit"); *see also PP Inc. v. McGuire,* 509 F.Supp. 1079, 1083 (D.N.J. 1981) (internal citations omitted) (holding that "when an interest has been transferred, the action may properly continue under the name of the transferor without any effect upon the outcome.").

In *Luxliner*, the Third Circuit addressed a situation where the parties submitted competing affidavits concerning the alleged successor liability of two companies. The *Luxliner* decision indicates that a court cannot decide a disputed successor liability fact issue by simply evaluating the parties' affidavits. 13 F.3d at 72. Particularly here, where standing is at issue and the deadline for adding parties passed well over a year ago, Maytag should not be allowed to add parties through the back door that plainly could not be added through the front door.

## CONCLUSION

For the foregoing reasons, and upon the record compiled to date, Maytag's motion to join parties should be denied. Alternatively, substitution of parties should be allowed in accordance with the conditions proposed by Dyson.

Dated: April 2, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
bflinn@ycst.com
jshaw@ycst.com
msquire@ycst.com
cstover@ycst.com
*Attorneys for Plaintiff Dyson, Inc.*

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

**CERTIFICATE OF SERVICE**

I, Chad S.C. Stover, hereby certify that on April 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Francis DiGiovanni, Esquire
James D. Heisman, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, Delaware 19801

I further certify that on April 2, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

Ray L. Weber, Esquire
Laura J. Gentilcore, Esquire
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
400 First National Tower
Akron, OH 44308

Kimball R. Anderson, Esquire
Stephen P. Durchslag, Esquire
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com

*Attorneys for Dyson Technology Limited and Dyson, Inc.*

# EXHIBIT A
# REDACTED IN ITS ENTIRETY

**CERTIFICATE OF SERVICE**

I, Chad S.C. Stover, hereby certify that on April 4, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Francis DiGiovanni, Esquire
James D. Heisman, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, Delaware 19801

I further certify that on April 4, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

Ray L. Weber, Esquire
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
400 First National Tower
Akron, OH 44308

Kimball R. Anderson, Esquire
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
cstover@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*