IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br> Plaintiffs, <br> v. <br><br> MAYTAG CORPORATION, <br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 05-434 GMS <br> ) <br> ) REDACTED VERSION <br> ) FILED APRIL 16, 2007 <br> ) <br> ) |

## DEFENDANT MAYTAG CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO JOIN PARTIES

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

Dated: April 9, 2007

# TABLE OF AUTHORITIES

Page

**Cases**

*Allegheny Intel, Inc., v. Allegheny Ludlum Steel Corp.,*
   40 F.3d 1416 (3d Cir. 1994) ................................................................................. 5

*American Jerez Co. v. Universal Aluminum Extrusions, Inc.,*
   340 F.Supp. 524 (E.D.N.Y. 1972) ......................................................................... 4

*Banjo Buddies Inc. v. Renosky,*
   399 F3d 168 (3d Cir. 2005) ................................................................................... 3

*Centex Corp. v. United States,*
   52 Fed. Cl. 599 (2002) ........................................................................................... 4

*Country Set Division of Evanpicone, Inc. v. Interstyle, Inc. et al.,*
   1978 U.S. Dist. LEXIS 14214 (S.D.N.Y. Nov. 22, 1978) .................................... 4

*Dainippon Screen Manufacturing Co., Ltd. v. CFMT, Inc. and CFM Technologies, Inc.,*
   142 F.3d 1266 (Fed. Cir. 1998) ............................................................................. 4

*General Battery Corp. v. Globe Union, Inc.,*
   100 F.R.D. 258 (D. Del. 1989) ............................................................................ 10

*Gogolin & Stelter v. Karn's Auto Imports, Inc.,*
   886 F.2d 100 (5th Cir. 1989) ................................................................................. 5

*Hefly v. Jones,*
   687 F.2d 1383 (10th Cir. 1982) ............................................................................. 5

*Luxliner P/L Export, Co. v. RDI/Luxliner, Inc.,*
   13 F.3d 69 (3d Cir. 1993) .................................................................................... 10

*Orange County Publications Div v. White,*
   55 Misc.2d 42, 284 N.Y.S.2d 293 (Sup. Ct. 1967) ............................................... 4

*United HealthCare Corp. v. American Trade Ins. Co.,*
   88 F.3d 563 (8th Cir. 1996) ................................................................................... 5

## TABLE OF CONTENTS

Page

ARGUMENT ........................................................................................................................... 1

I.  DYSON'S BELATED ............................................................................. 1

II. DYSON'S BOGUS ............................................. 5

III. JOINDER HERE WOULD MOOT ............................................. 10

NOW COMES Maytag Corporation ("Maytag"), through its undersigned counsel, and respectfully submits its Reply in Support of its Motion For Leave To Join Parties ("Reply").

**ARGUMENT**

**I. DYSON'S BELATED**

For the first time in this nearly two-year-old litigation, Dyson contends to this Court (*see* Joint Pretrial Order, Schedule 4, Sec. I.A., filed April 2, 2007), that

This contention is flatly inconsistent with Dyson's own conduct to date in this case.

When Dyson commenced this lawsuit in June, 2005, alleging patent infringement arising from the distribution and sale of Hoover Fusion vacuums, it sued Maytag, not Hoover Company. *See* Complaint at Docket Index ("D.I.") 1. Although the Fusion was distributed and sold by Hoover Company, Dyson sued Maytag because, at the time of suit,

[1] Significantly, at no time during this suit did Dyson ever seek to amend its complaint

The counterclaims for false advertising against Dyson were filed in the name of Maytag, not Hoover Company. Nowhere in Dyson's Reply to Counterclaims did it assert

to

*See* Plaintiffs' Reply to Counterclaim (August 22, 2005) and Reply to Supplemental Counterclaim (October 16, 2006), at D.I. 27, 137, respectively. Nor

---

[1] of (Declaration of Steve Pollock, attached as Exhibit ("Ex.") A to the affidavit of Chris Stathopoulos ("Reply Aff.")).

did Dyson at any time file a motion under Fed. R. Civ. P. 19

Indeed, when Dyson commenced its own false advertising case in New York ("Dyson II"), it commenced the action against Maytag, and alleged that

Now, with trial less than two months away, Dyson contends

Dyson's complete turnabout on this issue is undoubtedly driven by a desperate plan to raise any issue, no matter how groundless, that could confuse, obscure or delay the trial on the merits of this case. Dyson has no desire to ensure that the proper parties are present in this case so that it can proceed to trial for an adjudication on the merits,

The record plainly reveals that Dyson's patent claim

---

2

Thus, even <u>if</u> Dyson succeeds on the merits of its patent claims, <u>and</u>

In contrast, damages on the false advertising counterclaims,

Even if the damages estimate put forth by Dyson's own expert,

---

[3] As the Third Circuit held in *Banjo Buddies Inc. v. Renosky*, 399 F3d 168, 176–77 (3d Cir. 2005), transfers or allocations of profits by a party found liable for false advertising cannot be used to reduce the profits that must be disgorged to the prevailing party under the Lanham Act.

These circumstances explain why Dyson is suddenly now claiming — after more than twenty months' of hard-fought and vigorously contested litigation —

Unlike the typical plaintiff, Dyson is not interested in a prompt adjudication of claims on their merits, but wants to raise any conceivable, makeweight obstacle in the hope of delaying, confusing or obfuscating the trial.

In any event, Courts have recognized the right of a corporation to assert claims on behalf of its divisions. *See Country Set Division of Evanpicone, Inc. v. Interstyle, Inc. et al.*, 1978 U.S. Dist. LEXIS 14214, *3-4 (S.D.N.Y. Nov. 22, 1978) (denying motion to dismiss and recognizing that a domestic corporation is empowered to sue and seek redress on behalf of its division). Indeed, if anything, claims filed in the name of corporate divisions have been the subject of dismissal motions by opposing parties, albeit unsuccessful ones. *See, e.g., American Jerez Co. v. Universal Aluminum Extrusions, Inc.*, 340 F.Supp. 524, 527-28 (E.D.N.Y. 1972); *Orange County Publications Div v. White*, 55 Misc.2d 42, 284 N.Y.S.2d 293 (Sup. Ct. 1967).

Moreover, the fact that

*See Dainippon Screen Manufacturing Co., Ltd. v. CFMT, Inc. and CFM Technologies, Inc.*, 142 F.3d 1266, 1272-73 (Fed. Cir. 1998) (finding that parent corporation could maintain the action though wholly-owned subsidiary owned patents at issue; the subsidiary was not an indispensable party); *Centex Corp. v. United States*, 52 Fed. Cl. 599, 606-07 (2002) (denying government's motion to dismiss parent corporation for lack of standing despite the fact that subsidiary, and not the parent corporation, was signatory on contract). Thus,

Furthermore, any argument

. *See United HealthCare Corp. v. American Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996) (defendant waived right to require subsidiary be substituted for plaintiff parent corporation where defendant waited until the pre-trial conference, nearly two years after action, to make argument); *Allegheny Intel, Inc., v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1431 (3d Cir. 1994) (defendant waived right to require successor to seller to be substituted as plaintiff where defendant waited until filing of motion for summary judgment); *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 102-03 (5th Cir. 1989) (holding that defendant waived real-party-in-interest defense by untimely assertion, where the defendant raised it for the first time in a motion for directed verdict), *cert. denied*, 494 U.S. 1031 (1990); *Hefly v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982) (finding real party-in-interest-argument waived because it was not discussed until sixteen days prior to trial).

## II.   DYSON'S BOGUS

In any event,

As a result of this transaction, Maytag has moved to join the four buying entities (the "New Hoover Entities") as defendants and counterclaimants in this case. The motion serves two salutary purposes. First, it reflects the commercial reality

the New Hoover Entities that are at stake here. Second, it serves to eliminate any dispute

Either way, the New Hoover Entities have been assigned the rights and have assumed the liabilities of this litigation and are the proper parties on a going-forward basis.

Any such "finding" would be demonstrably untrue.

Thus, contrary to Dyson's contention

Dyson's contentions regarding

are

unavailing.

Moreover, Dyson's

### III.  **JOINDER HERE**

Dyson also seeks a condition

This condition is nonsensical. The purpose of adding parties under F.R.C.P. 25 is to eliminate the need to resolve disputes

*See Luxliner P/L Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993); *General Battery Corp. v. Globe Union, Inc.*, 100 F.R.D. 258, (D. Del. 1989) (allowing joinder of assignee of interests, which included right to counterclaim raised by original defendant).[5]

Dyson is flatly wrong contending

Such an argument defeats the whole purpose of Rule 25 joinders or substitutions. Rule 25 substitutions or joinders are precisely intended

*See General Battery Corp.*, 100 F.R.D. at 262-63 (the purpose of Rule 25 joinder is to "place the real party in interest before the Court").

---

[5] holds that when one corporation becomes the successor to another by merger or other acquisition, the acquirer obtains all litigation rights and interests of the acquired company.

Finally, Fed. R. Civ. P. 17 makes it crystal clear that joinder or substitution of parties is designed

That Rule provides that "no action shall be dismissed on the ground that it is not prosecuted by the real party in interest until a reasonable time has been allowed for the joinder or substitution of the real party in interest." F.R.C.P. 17(a). Consequently,

Moreover, the joinder motion seeks only to add parties to the case, it does not seek to dismiss Maytag as a defendant or counterclaimant. Consequently, Dyson cannot be prejudiced in any way if the motion is granted. Indeed, if anything, it will simply have a greater number of entities against whom it can enforce any judgment it obtains in this case.

WHEREFORE, for the reasons stated herein, and in Maytag's Opening Motion and Brief, Maytag respectfully requests that this Court grant Maytag's Motion For Leave to Join Parties.

Respectfully submitted,

MAYTAG CORPORATION

/s/ James D. Heisman

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

**CERTIFICATE OF SERVICE**

I, James Heisman, hereby certify that on April 9, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>C. Barr Flinn
>John W. Shaw
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

I further certify that on April 9, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail and first class mail on the following counsel of record:

>Garrard R. Beeney
>Richard C. Pepperman, II
>James T. Williams
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, NY 10004
>
>Steven F. Reich
>Jeffrey S. Edelstein
>Manatt, Phelps & Phillips, LLP
>7 Times Square
>New York, NY 10004

>/s/ James D. Heisman
>James D. Heisman (#2746)

13

CHI:1888040.6