IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MAYTAG CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 05-434-GMS |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 4
TO EXCLUDE WRITTEN OPINION BY
THE NATIONAL ADVERTISING DIVISION
<u>AND OPENING BRIEF IN SUPPORT THEREOF</u>**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000


Steven F. Reich
Jeffrey S. Edelstein
John F. Libby
Tamar Feder
Christopher C. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

Dated: April 16, 2007

**TABLE OF CONTENTS**

I.   SUMMARY OF THE ARGUMENT ................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................................ 1

III. ARGUMENT ..................................................................................................................... 3

    A.    The NAD Opinion is Inadmissible Hearsay ............................................................ 3

    B.    Maytag's Attempt to Introduce the NAD Opinion Is an End-Run Around the Foundational Requirements for Expert Opinion Testimony ............................ 4

    C.    The NAD Opinion Is Unduly Prejudicial Under Fed. R. Evid. 403 ....................... 5

IV.  CONCLUSION .................................................................................................................. 5

## TABLE OF AUTHORITIES

*Page(s)*

### CASES

*Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc.*,
   141 F. Supp. 2d 320 (E.D.N.Y. 2001) ................................................................. 5

*Democratic Party v. National Conservative P.A.C.*,
   578 F. Supp. 797 (E.D. Pa. 1983) ....................................................................... 4

*FEC v. National Conservative P.A.C.*,
   470 U.S. 480 (1985) ............................................................................................ 4

*GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*,
   No. 05-4566 197, Fed. Appx. 120 (3d Cir. June 29, 2006) ................................. 2

*In re Japanese Electronic Prods. Antitrust Litig.*,
   723 F.2d 238 (3d Cir. 1983) ................................................................................ 4

*International Land Acquisitions, Inc. v. Fausto*,
   39 Fed. Apex. 751 (3d Cir. 2002) ........................................................................ 3

*McAlester v. United Air Lines, Inc.*,
   851 F.2d 1249 (10th Cir. 1988) ........................................................................... 5

*Nipper v. Snipes*,
   7 F. 3d 415 (4th Cir. 1993) .............................................................................. 3, 5

*Sandoz Pharm. Corp. v. Richardson-Vicks Inc.*,
   902 F.2d 222 (3d Cir. 1990) ................................................................................ 2

*Schneck v. International Business Corp.*,
   No. 92-4370, 1996 WL 885789 (D.N.J. June 25, 1996) ..................................... 4

*Taylor v. Washington Metropolitan Area Transit Authority*,
   922 F. Supp. 665 (D.D.C. 1996) ......................................................................... 3

*Thomas v. Better Business Bureau*,
   79 Fed. Appx. 748 (6th Cir. Oct. 21, 2003) ........................................................ 1

*Thompson v. Glenmede Trust Co.*,
   No. 92-civ-5233, 1996 WL 529693 (E.D. Pa. Sept. 17, 1996) ........................ 3, 5

*Wilmington v. J.I. Case Co.*,
   793 F.2d 909 (8th Cir. 1986) ............................................................................... 5

### OTHER AUTHORITIES

Church & Dwight Co., NAD Case Reports 213, 215 (Nov. 1995) ............................... 2

### RULES

Fed. R. Evid. 403 ...................................................................................................... 4, 5

Fed. R. Evid. 702 ......................................................................................................... 4

Fed. R. Evid. 703 ......................................................................................................... 4

Fed. R. Evid. 803(8)(C) ............................................................................................... 4

## TABLE OF EXHIBITS

*Tab*

April 5, 2006 Decision of National Advertising Division (NAD) of the Council of Better Business Bureaus in Case #4467 Re: Advertising for WindTunnel and Fusion Upright Vacuum Cleaners..................................................................................................A

"How NAD Works"
(http://www.nadreview.org/AboutNAD.asp?SessionID=1145487) .........................................B

Policies & Procedures by the NAD (2005).................................................................................C

Church & Dwight Co., NAD Case No. 3247 (Nov. 1995) .........................................................D

Unreported Opinions...................................................................................................................E

I.  **SUMMARY OF THE ARGUMENT**

Dyson Inc. and Dyson Technology Limited (the "Dyson Parties") hereby move to exclude from evidence Maytag's exhibit DX169 (Tab A), a written opinion of the National Advertising Division of the Council of Better Business Bureaus (the "NAD"), and any evidence regarding its contents. The NAD is a private organization that rules on advertising disputes between competitors through a voluntary, non-binding process. In the written opinion (the "NAD Opinion"), the NAD addressed several challenges by Dyson to advertising by Maytag's subsidiary, the Hoover Company ("Hoover"), for its WindTunnel and Fusion Upright vacuum cleaner models. Maytag presumably seeks to admit the NAD Opinion because the NAD addressed certain product testing standards at issue in this litigation, although it did so with respect to products manufactured by Hoover that are not the subject of the present litigation.

For several reasons, the NAD Opinion is not admissible evidence. First, the decision is blatant hearsay, an out-of-court statement on behalf of a private entity. Second, the NAD Opinion sets forth the NAD's own opinions and inferences, but does not satisfy the Federal Rules of Evidence requirements for expert opinion testimony. Third, the NAD Opinion bears the false and prejudicial imprimatur of a "judicial" finding and states quasi-legal principles that will confuse a jury. Admission of the NAD Opinion would grossly compromise the jury's independent review of the evidence and irreparably confuse the court's instructions on the law. The NAD Opinion and any evidence about its content should be excluded.

II.  **STATEMENT OF FACTS**

The NAD is a division of the Council of Better Business Bureaus, a private non-profit corporation.[1] The NAD resolves disputes between national advertisers in a "self-regulation"

---

[1] *Thomas v. Better Business Bureau*, 79 Fed. Appx. 748, 748-49 (6th Cir. Oct. 21, 2003) (unpublished) (noting that the Better Business Bureau does "not act under color of state law").

process that it touts as a fast, low-cost alternative to court litigation. *See* "How NAD Works," http://www.nadreview.org/AboutNAD.asp?SessionID=1145487 (Tab B); *see also Policies & Procedures by the NAD* (2005) ("*NAD Rules*") (Tab C). Procedurally, an NAD challenge generally consists of a written complaint challenging an advertising claim (*NAD Rules* at ¶ 2.2), a submission by the advertiser that "provides substantiation" for the challenged claim, *id.* at ¶ 2.5, and one additional paper submission from each side, *id.* at ¶¶ 2.6, 2.7. The parties have no right to discovery or a hearing; the NAD has discretion to request additional materials or have a "meeting" or phone call with one or both parties. *Id.* at ¶ 2.8(A), (B). The NAD's written decision, which is due 15 days after the last submission, *id.* at ¶¶ 2.9(A), is non-binding, and compliance is voluntary. *See GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, No. 05-4566, 197 Fed. Appx. 120, 121-22 (3d Cir. June 29, 2006) (unpublished).

Substantively, principles governing NAD disputes are very different from false advertising principles under the Lanham Act. The NAD chiefly evaluates whether the challenged claims have substantiation; the advertiser has the burden to show that its claims have a "reasonable basis." *See* NAD Op. at 27-28 & n.29. In a Lanham Act case, in contrast, the plaintiff "bears the burden of showing that a challenged advertisement is false or misleading, not merely that it is unsubstantiated." *Sandoz Pharm. Corp. v. Richardson-Vicks Inc.*, 902 F.2d 222, 227-28 (3d Cir. 1990). Under NAD principles, the advertiser must substantiate any claim that an ad "reasonably communicates to consumers" without regard to consumer perception evidence. *See* NAD Op. at 33-34; *see also* Church & Dwight Co., NAD Case No. 3247, at 4 (Nov. 1995) (Tab D). Under the Lanham Act, in contrast, the plaintiff cannot prevail on an "implied claim" without offering evidence of actual consumer deception, generally a consumer perception

survey. *See Sandoz*, 902 F.2d at 228-29. Thus, NAD proceedings involve a different body of legal principles and burdens of proof, inconsistent with those that govern this case.

Commencing in July 2005, Dyson challenged Hoover's advertising claims for its WindTunnel and Fusion products before the NAD. Dyson's own vacuum cleaners and advertising were not at issue. In April 2006, the NAD issued a thirty-seven page decision[2] that touched on various issues implicated in the instant litigation, including testing standards issued by ASTM International ("ASTM") and the International Electrotechnical Committee ("IEC"). The NAD found, for example, that Hoover adequately substantiated its claim that ASTM 608 was "the only recognized industry standard test representing real-life conditions found in American homes" (*id.* at 24-26), a contention that Dyson vigorously disputes. In the instant case, it is for the jury to resolve that issue (and other issues) based on its own review of the evidence.

## III.   ARGUMENT

### A.   The NAD Opinion is Inadmissible Hearsay

It is well established that another court's findings or published decisions are hearsay and inadmissible. *See International Land Acquisitions, Inc. v. Fausto*, 39 Fed. Appx. 751, 756 (3d Cir. 2002) (unpublished decision); *Thompson v. Glenmede Trust Co.*, No. 92-civ-5233, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996); *see also Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993); *Taylor v. Washington Metro. Area Transit Auth.*, 922 F. Supp. 665, 675-76 (D.D.C. 1996) ("While the fact of the existence of another case may be admissible, *but see* Fed. R. Evid. 403, any findings of fact issued from those cases are hearsay.").

---

[2] The NAD found, *inter alia*, that (i) Hoover lacked substantiation for its superior cleaning claims to the extent they referred to surfaces other than carpet; (ii) one of Hoover's advertisements falsely disparaged Dyson's vacuum cleaners; and (iii) Hoover's constant suctions claims for the Fusion cleaner were not adequately substantiated. *See* NAD Op. at 36-37.

DB01:2368166.1                                                                                                                          063753.1002

In the instant case, the NAD Opinion is plainly an out-of-court statement and does not fall within any hearsay exception. The NAD is a division of a private corporation and its opinion is certainly not a report of an investigation made by "public office[] or agenc[y]" or "pursuant to authority granted by law." Fed. R. Evid. 803(8)(C); *see also In re Japanese Electronic Prods. Antitrust Litig.*, 723 F.2d 238, 272 (3d Cir. 1983) (investigation by private party not admissible). The NAD Opinion is hearsay and should be excluded.

**B.     Maytag's Attempt to Introduce the NAD Opinion Is an End-Run Around the Foundational Requirements for Expert Opinion Testimony**

Courts in this Circuit have excluded exhibits that contain opinions or conclusions normally reserved for expert testimony subject to Fed. R. Evid. 702 and 703. *See Schneck v. International Business Machines Corp.*, No. 92-4370, 1996 WL 885789, at *37 (D.N.J. June 25, 1996) (excluding other companies' written warnings as hearsay where admission "would in effect excuse" offering party from satisfying Fed. R. Evid. 702 and 703); *Democratic Party v. National Conservative P.A.C.*, 578 F. Supp. 797, 827-28 (E.D. Pa. 1983) (three-judge panel) (article excluded as hearsay and because it "include[d] the opinion of a person who has not been qualified to render an expert opinion on such a matter"), *aff'd in part, rev'd in part on other grounds sub nom., FEC v. National Conservative P.A.C.*, 470 U.S. 480 (1985).

Maytag's offer of the NAD Opinion is an attempt to evade the foundational and procedural requirements for expert opinion testimony. The NAD's attorneys have not been designated as experts or subject to expert discovery in this action. No witness can establish that the NAD's conclusions are "based upon sufficient facts" or the "product of reliable principles and methods" as required by Fed. R. Evid. 702. The NAD Opinion is unvalidated, untestable opinion testimony and should be excluded.

### C. The NAD Opinion Is Unduly Prejudicial Under Fed. R. Evid. 403

Courts have excluded the rulings of prior tribunals as unduly prejudicial under Rule 403 because juries are highly likely to assign them undue weight. *See Nipper*, 7 F. 3d at 418 (judicial findings of fact "would likely be given undue weight"); *Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323-25 (E.D.N.Y. 2001); *Thompson*, 1996 WL 529693, at *3. This is true even where the opinion issues from a private tribunal, such as an arbitration panel. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1259 (10th Cir. 1988); *Wilmington v. J.I. Case Co.*, 793 F.2d 909, 919 (8th Cir. 1986).

The NAD Opinion is not probative evidence and would fatally impair the jury's fact-finding function. The NAD's own conclusions are superfluous in light of the direct testimony that the jury will consider, including properly admitted expert opinion testimony. Faced with the NAD's "findings," however, there is a real risk the jury would defer to the NAD's conclusions. Moreover, the NAD Opinion expresses quasi-legal principles and burdens of proof that conflict with Lanham Act doctrines and that could confuse the jury over the Court's legal instructions. The NAD Opinion is unduly prejudicial and should be excluded in its entirety.

### IV. CONCLUSION

For the above reasons, Dyson's motion to exclude the NAD Opinion and any evidence regarding its contents should be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ _____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiff*

Dated: April 16, 2007

# CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on April 16, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE 19801

I further certify that on April 16, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL ON APRIL 16, 2007 AND**
>**FEDERAL EXPRESS ON APRIL 17, 2007**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH 44308
>
>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL 60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_/s/ John W. Shaw_____
>C. Barr Flinn (No. 4092)
>John W. Shaw (No. 3362)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jshaw@ycst.com
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*