IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) | **REDACTED -** |
| Defendant. | ) ) ) | **PUBLIC VERSION** |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 2
TO EXCLUDE MAYTAG'S INFLAMMATORY ACCUSATIONS
REGARDING DYSON INC.'S TRANSFER PRICING
AGREEMENT AND RELATED EVIDENCE
AND OPENING BRIEF IN SUPPORT THEREOF**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000


Steven F. Reich
Jeffrey S. Edelstein
John F. Libby
Tamar Feder
Christopher C. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500


Dated: April 16, 2007

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

**TABLE OF CONTENTS**

I.      SUMMARY OF THE ARGUMENT ............................................................................. 1

II.     STATEMENT OF FACTS ........................................................................................ 1

III.    ARGUMENT ........................................................................................................... 3

IV.     CONCLUSION ....................................................................................................... 5

DB01:2368190.1                                                                                      063753.1002

# TABLE OF AUTHORITIES

## CASES

*Bryan v. Thos. Best & Sons, Inc.*,
   453 A.2d 107 (Del. Super. 1982) ........................................................................ 3

*Burke v. Deere & Co.*,
   6 F.3d 497 (8th Cir. 1993) ................................................................................. 4

*Coleman v. Home Depot, Inc.*,
   306 F.3d 1333 (3d Cir. 2002) ............................................................................. 3

*Computer Assocs. Int'l v. American Fundware, Inc.*,
   831 F. Supp. 1516 (D. Colo. 1993) ..................................................................... 3

*Gearhart v. Uniden Corp.*,
   781 F.2d 147 (8th Cir. 1986) .............................................................................. 4

*Gustafson v. Bridger Coal Co.*,
   834 F. Supp. 352 (D. Wyo. 1993) ...................................................................... 3

*Softball Country Club v. Decatur Fed. Sav. & Loan Ass'n*,
   121 F.3d 649 (11th Cir. 1997) ........................................................................... 4

*Union Elec. Light & Power Co. v. Snyder Estate Co.*,
   65 F.2d 297 (8th Cir. 1933) ............................................................................... 3

## STATUTES

26 U.S.C. § 482 ...................................................................................................... 2

26 C.F.R. § 1.482-1 ................................................................................................. 2

## RULES

Fed. R. Evid. 402 ............................................................................................... 3, 5

Fed. R. Evid. 403 ............................................................................................ 3, 4, 5

DB01:2368190.1

063753.1002

# TABLE OF EXHIBITS

*Tab*

Defendant /Counterplaintiff Hoover, Inc.'s Statement of Contested Issues of Fact and Law (D.I. 289).................................................................................................................A

Declaration of John Shipsey in Support of Plaintiffs' Answering Brief in Opposition to Defendant's Motion for Entry of a Temporary Restraining Order and Preliminary Injunction Regarding Improper Asset Transfers (D.I. 189).....................................................B

Declaration of Sean Foley in Support of Plaintiffs' Answering Brief in Opposition to Defendant's Motion for Entry of a Temporary Restraining Order and Preliminary Injunction Regarding Improper Asset Transfers (D.I. 190).....................................................C

Whirlpool Corporation Job Description for Director, Transfer Pricing ...................................D

Techtronic Industries North America, Inc. Job Description for Director of Taxes ................E

Expert Report of Mohan Rao, Ph.D. dated December 18, 2006..............................................F

Defendant/Counterclaim Plaintiff Hoover, Inc.'s Proposed Verdict Form and Special Interrogatory (D.I. 287).................................................................................................................G

DB01:2368190.1                                                                                                                    063753.1002

## I.  SUMMARY OF THE ARGUMENT

Dyson Inc. and Dyson Technology Limited (the "Dyson Parties") hereby move to exclude the evidence and argument offered by Maytag Corporation ("Maytag") to challenge the propriety of Dyson companies' transfer pricing agreement and related evidence.

.

REDACTED

## II.  STATEMENT OF FACTS

REDACTED

Indeed,

Maytag's parent corporation, Whirlpool, uses transfer pricing agreements, as does Hoover's

current owner, Techtronic Industries Co. Ltd.    REDACTED    Tab D; Tab E.

The crucial purpose of a TPA is to ensure that transactions between related corporations

(such as Dyson Inc. and DEL) have financial terms similar to what unrelated parties would have

negotiated in arms-length transactions.    REDACTED    The tax code and relevant

regulations reinforce this principle. *See* 26 U.S.C. § 482; 26 C.F.R. § 1.482-1 ("the standard to

be applied in every case is that of a *taxpayer dealing at arm's length with an uncontrolled*

*taxpayer*") (emphasis added).  Generally, a TPA also helps avoid inconsistent tax liabilities in

different countries. ,

REDACTED

---

[2] The declarations of John Shipsey and Sean Foley were submitted with Plaintiffs' Opposition to
Defendants' TRO (Dec. 13, 2006) (D.I. 189, 190) and are attached hereto as Tabs B and C,
respectively, and are incorporated herein by reference.

REDACTED

These allegations are referred to hereafter, collectively, as Maytag's "TPA Accusations."

## III.     ARGUMENT

Rule 403 permits the Court to exclude relevant evidence whose probative value is significantly outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also* Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). Under Rules 402 and 403, evidence that is more conclusory than factual in nature has a low probative value. *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002). Under Rule 403, courts also consider the extent to which the introduction of evidence will require rebuttal by the opposing party, thereby lengthening the trial. *See id.*

Courts routinely exclude a defendant's financial condition, mindful that evidence of personal or corporate wealth can cause severe prejudice. *See Union Elec. Light & Power Co. v. Snyder Estate Co.*, 65 F.2d 297, 303 (8th Cir. 1933); *Gustafson v. Bridger Coal Co.*, 834 F. Supp. 352, 358 (D. Wyo. 1993); *Computer Assocs. Int'l Inc. v. American Fundware, Inc.*, 831 F. Supp. 1516, 1526-28 (D. Colo. 1993). A defendant's financial condition is generally irrelevant where no punitive damages are claimed. *See Bryan v. Thos. Best & Sons, Inc.*, 453

-3-

A.2d 107, 108 (Del. Super. 1982); *see also Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993) (jury considering wealth when setting compensatory damages "is improper, irrelevant, prejudicial, and clearly beyond the legally established boundaries"). Even if relevant, courts carefully circumscribe admission of a defendant's financial condition, particularly as it relates to non-party affiliates. *See Softball Country Club v. Decatur Fed. Sav. & Loan Ass'n*, 121 F.3d 649, 653 (11th Cir. 1997) (Georgia law) (party's parent company's financial condition excluded); *Gearhart v. Uniden Corp.*, 781 F.2d 147, 153 (8th Cir. 1986) (Missouri law) (same).

Finally, under Rule 403, in cases that relate to international companies, courts will exclude arguments that "could prejudicially appeal to xenophobia." *See Gearhart*, 781 F.3d at 153 (holding lower court should not have permitted trial counsel's gratuitous emphasis on "Far Eastern" parent corporation's "foreign goods" during closing arguments).

Maytag's inflammatory TPA Accusations should be excluded. There is no sincere dispute regarding the TPA's appropriateness.

REDACTED

On what basis could a jury find that the TPA is improper? Maytag does not argue that the Dyson entities are alter egos or dispute that Dyson Inc. purchases vacuums from DEL. It offers no expert testimony that Dyson Inc.'s limited role as a distributor warrants a higher profit margin.[3] Even on their face, Maytag's TPA Accusations lack any probative value at all.

Maytag's TPA Accusations are intended to sidetrack these proceedings with unfairly prejudicial evidence and arguments.

---

REDACTED

-4-

Additionally, Maytag's TPA Accusations implicate complex matters of corporate finance and governance. The Dyson Parties' compelled response will consume additional trial time, lengthen the proceedings and divert attention from real issues. The TPA Accusations should be excluded.

In particular, the Court should exclude any evidence

REDACTED

These matters have no probative value at all.


REDACTED



IV.    **CONCLUSION**

For the above reasons, the Court should grant the Dyson Parties' motion to exclude Maytag's TPA Accusations and all related argument and evidence. In particular, the Court should completely exclude all evidence concerning Mr. Dyson's personal wealth, compensation, return on investment, and family members.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiffs*

Dated:  April 16, 2007

REDACTED

DB01:2368190.1                                                      063753.1002

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Monté T. Squire
> C. Barr Flinn (No. 4092)
> John W. Shaw (No. 3362)
> Monté T. Squire
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> msquire@ycst.com
> Attorneys for Dyson Technology Limited and Dyson, Inc.