IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION *IN LIMINE* NO. 3
TO EXCLUDE TESTIMONY OF MAYTAG EXPERT YORAM ("JERRY") WIND
REGARDING CONSUMER SURVEYS/MARKETING RESEARCH
AND OPENING BRIEF IN SUPPORT THEREOF**

OF COUNSEL:
Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
John F. Libby
Tamar Feder
Christopher C. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Dated: April 16, 2007

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

## TABLE OF CONTENTS

**Page**

I. SUMMARY OF THE ARGUMENT ................................................................... 1
II. STATEMENT OF FACTS ................................................................................. 1
III. ARGUMENT ....................................................................................................... 3
IV. CONCLUSION .................................................................................................... 5

DB01:2368273.1                                                                                                                                 063753.1002

# TABLE OF AUTHORITIES

Page

## CASES

*AstraZeneca LP v. Tap Pharm. Prods.*,
   444 F.Supp.2d 278 (D. Del. 2006)........................................................................... 3, 5

*Daubert v. Merrill Dow Pharmaceuticals*,
   509 U.S. 579 (1993)................................................................................................ 3, 4

*Denis v. Pertec Computer Corp.*,
   927 F. Supp 156 (D.N.J. 1996).................................................................................... 4

*In re TMI*,
   193 F.3d 613 (3d Cir. 1999)..................................................................................... 4, 5

*J&J Snack Foods Corp. v. Earthgrains Co.*,
   220 F. Supp. 2d 358 (D.N.J. 2002)............................................................................... 3

*Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer
   Pharm., Inc.*,
   19 F.3d 125 (3d Cir. 1994)........................................................................................... 3

*Pittsburgh Press Club v. United States*,
   579 F.2d 751 (3d Cir. 1978)......................................................................................... 3

*Pizza Hut v. Papa John's Int'l*,
   227 F.3d 489 (5th Cir. 2000) ....................................................................................... 4

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
   614 F. Supp. 1278 (S.D.N.Y. 1985)............................................................................. 3

*Scotts Co. v. United Industries Corp.*,
   315 F.3d 264 (4th Cir. 2002) ....................................................................................... 4

## OTHER AUTHORITIES

Federal Judicial Center, "Reference Guide on Survey Research," Reference
   Manual on Scientific Evidence, 229 *et seq.* (2d ed. 2000) ................................. 3, 4, 5

Manual for Complex Litigation (Third) § 21.493 (1995)................................................. 3

## RULES

Federal Rule of Evidence 403 ..................................................................................... 1, 3

Federal Rule of Evidence 702 ..................................................................................... 1, 3

Federal Rule of Evidence 703 ..................................................................................... 1, 3

DB01:2368273.1                                                                                                             063753.1002

## TABLE OF EXHIBITS

*Tab*

Excerpts from Expert Report of Yoram (Jerry) Wind .................................................. A

Excerpts from Transcript of February 21, 2007 Deposition of Yoram (Jerry) Wind .............. B

Excerpts from Rebuttal Expert Report of Itamar Simonson ........................................ C

Excerpts from Transcript of December 4, 2006 Deposition of Kim Lundgren ................ D

Manual for Complex Litigation (Third) § 21.493 (1995) ........................................ E

Federal Judicial Center, "Reference Guide on Survey Research," Reference Manual on Scientific Evidence, 229 *et seq.* (2d ed. 2000) ................................................ F

Wind Deposition Exhibit 9, Study 3, p 34 ........................................................ G

Wind Deposition Exhibit 16, DYS006656 ........................................................ H

I.  **SUMMARY OF THE ARGUMENT**

Dyson Technology Limited and Dyson Inc. (the "Dyson Parties") move to exclude Maytag expert, Yoram ("Jerry") Wind's opinion testimony regarding the consumer perceptions caused by Dyson advertising.

Wind's testimony utterly fails the requirements for scientific evidence of consumer deception in a false advertising action. Generally, a Lanham Act plaintiff who asserts that a claim is impliedly false must present evidence of deception in the form of a properly conducted consumer survey. Wind's opinion testimony, however, meets none of the established criteria for proper consumer perception evidence. Rather than perform a proper consumer perception survey, Wind prepared a narrative summary of various brand tracking reports prepared for Dyson's own business purposes, none of which were intended to measure implied claims for purposes of Lanham Act litigation, and none of which are remotely reliable for that purpose.

Making matters worse, Wind's summary of these brand tracking studies follows no discernible methodology and is highly misleading to the jury. Because the underlying materials did not measure implied claims, Wind draws his own personal inferences and conclusions from snippets of data scattered throughout the reports. None of Wind's inferences can be tested or verified objectively. Such an opinion and supporting materials fail under Federal Rules of Evidence 403, 702 and 703, and Wind's testimony should be excluded.

II.  **STATEMENT OF FACTS**

Wind was engaged by Maytag's counsel as a testifying expert regarding consumer perceptions of Dyson advertising. Wind Rep. at 1 (Tab A).

REDACTED

1

REDACTED

DB01:2368273.1                    063753.1002

REDACTED

## III. ARGUMENT

Proper consumer survey evidence is crucial for a Lanham Act plaintiff asserting that an advertisement contains "implied" false claims. *See Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 129-130 (3d Cir. 1994). Federal courts impose strict requirements on the admissibility of consumer-perception evidence under Federal Rules of Evidence 403, 702, 703 and *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993); *J&J Snack Foods Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358, 369 (D.N.J. 2002) (requiring "objective surveying and statistical techniques") (quoting *Pittsburgh Press Club v. United States*, 579 F.2d 751, 758 (3d Cir. 1978)); *see also* Manual for Complex Litigation (3d) § 21.493 (1995) (Tab E); Federal Judicial Center, "Reference Guide on Survey Research," Reference Manual on Scientific Evidence (2d ed. 2000) ("Manual Sci. Evid.") (Tab F).

The survey evidence should evaluate the specific advertisements challenged in the litigation, presenting the full ad to respondents. *See AstraZeneca LP v. Tap Pharm. Prods.*, 444 F.Supp.2d 278, 296 (D. Del. 2006) (survey regarding television commercial cannot prove other advertisements were misleading). Courts have specifically rejected one party's reliance on the other's marketing study "[i]nstead of conducting a proper confusion survey." *See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 614 F. Supp. 1278, 1313-1314 (S.D.N.Y. 1985).

An expert's "personal opinion is not the legal standard by which the courts must determine whether consumers were misled." *Johnson & Johnson-Merck Consumer Pharm. Co.*

*v. Rhone-Poulenc Rorer Pharm., Inc.*, 19 F.3d 125, 136 (3d Cir. 1994). Moreover, under *Daubert*, courts have rejected various forms of expert opinion testimony that is supported only by "a subjective methodology." *In re TMI*, 193 F.3d 613, 704 n. 145 (3d Cir. 1999); *Denis v. Pertec Computer Corp.*, 927 F. Supp 156, 161 (D.N.J. 1996) (expert's "unrecorded mental methodology amounts to nothing more than unsupported speculation").

In light of these principles, Wind's testimony must be excluded as failing admissibility standards for consumer perception evidence. *First*, the studies were tests of Dyson's brand image and did not test whether implied messages are *caused* by a particular Dyson advertisement. Manual Sci. Evid. 256-57 (consumer's perception "may be the result of information or misinformation from sources other than...the commercial").

REDACTED

Such studies are irrelevant to the ultimate issue of how consumers react to a particular Dyson ad in its full context. *See Scotts Co. v. United Industries Corp.*, 315 F.3d 264, 280) (4th Cir. 2002) (test of "isolated part of the packaging" irrelevant; relevant Lanham Act issue is "consumer's reaction to the advertisement as a whole and in context").

REDACTED

---

2    REDACTED    *also Pizza Hut v. Papa John's Int'l*, 227 F.3d 489, 503 (5th Cir. 2000) (rejecting tracking studies that "failed to indicate whether the conclusions resulted from the advertisements at issue, or from personal eating experiences, or from a combination of both").

*See* Manual Sci. Evid. 251-53 (such questions are impermissibly leading); *AstraZeneca LP*, 444 F.Supp.2d at 292 (closed-ended questions were "so lacking in reliability as to be effectively meaningless").

REDACTED

Wind Dep. at 124:22-125:15; *see In re TMI*, 193 F.3d at 704 n. 145 ("it is impossible to test a hypothesis generated by a subjective methodology because the only person capable of testing or falsifying the hypothesis is the creator of the methodology.").

## IV. CONCLUSION

For the foregoing reasons, the Dyson Parties' request to exclude the testimony of Yoram ("Jerry") Wind regarding consumer perceptions should be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs*

Dated: April 16, 2007

REDACTED

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308

> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Monté T. Squire*
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*