IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED )
and DYSON, INC., )
                                         )
            Plaintiffs, )
        v. )      C.A. No. 05-434-GMS
                                         )
MAYTAG CORPORATION, )
                                         )      **REDACTED -**
            Defendant. )      **PUBLIC VERSION**
                                         )

## PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF MAYTAG'S IN-HOME TESTS AND OPENING BRIEF IN SUPPORT THEREOF

OF COUNSEL:
Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
John F. Libby
Tamar Feder
Christopher C. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated: April 16, 2007

## TABLE OF CONTENTS

*Page*

I. SUMMARY OF THE ARGUMENT ................................................................................. 1
II. STATEMENT OF FACTS .................................................................................................. 2
III. ARGUMENT ........................................................................................................................ 3
IV. CONCLUSION .................................................................................................................... 5

DB01:2368288.1    063753.1002

## TABLE OF AUTHORITIES

Page

**CASES**

*Daubert v. Merrell Dow Pharm.*,
    509 U.S. 579 (1993) ......................................................................................... 3, 4

*Elcock v. Kmart Corp.*,
    233 F.3d 734 (3d Cir. 2000) ................................................................................ 4

*In re Paoli R.R. Yard PCB Litig.*,
    35 F.3d 717 (3d Cir. 1994) ............................................................................... 4, 5

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*,
    No. 02-148, 2004 WL 2127192 (D. Del. Sept. 15, 2004) .................................. 3

**RULES**

Federal Rule of Evidence 702 .................................................................................. 3
Federal Rule of Evidence 703 .................................................................................. 3

## TABLE OF EXHIBITS

*Tab*

Excerpts from Transcript of February 15, 2007 Deposition of John Balough ........................... A

Resubmitted Expert Report of John Balough dated January 31, 2007 ........................ B

IBR Test Protocol dated January 29, 2007 ........................................................... C

Expert Report of Richard S. Figliola dated January 15, 2007 ................................ D

ASTM F558 ............................................................................................................ E

Excerpts from Transcript of October 27, 2006 Deposition of John Balough ......... F

ASTM F608 at §§ 6.1, 6.3 and A1, 12.6, 12.7, 12.17 ............................................. G

Excerpts from Transcript of February 19, 2007 Deposition of Ronald Battema .... H

Excerpts from Transcript of December 14, 2006 Deposition of Daniel Miller ...... I

Expert Rebuttal Report of R. Figliola dated March 6, 2007 ................................... J

Unreported Opinion ................................................................................................ K

DB01:2368288.1    063753.1002

I.  **SUMMARY OF THE ARGUMENT**

Dyson Technology Limited and Dyson Inc. seek to preclude "in-home" tests of Dyson vacuum cleaners performed by Maytag expert John Balough and any related evidence.

REDACTED

-2-

REDACTED

II.  **STATEMENT OF FACTS**

Maytag's counsel hired John Balough, a longtime Hoover insider, to test whether "in home use" causes Dyson vacuums to lose suction. *See* Balough 2/15/2007 Dep. ("Balough 3rd Dep.") 166:18-21, 174:18-19 (Tab A); Balough Resubmitted Report, Jan. 31, 2007 ("Balough Rep.") (Tab B).

REDACTED

An ASTM F608 pick-up test feeds into the machines an artificial test dust that is "[a]bsolutely not" found in typical American homes. Balough 10/27/2006 Dep. 196:8-15 (Tab F). That test dust includes 120 grams of fine talc.     REDACTED

Talc is a clogging agent that can cause rapid performance failures in vacuums, as Maytag experts and others have acknowledged.

REDACTED

-2-

-3-

REDACTED

III. **ARGUMENT**

Expert scientific testimony "will not be admitted unless it is derived by the scientific method and is supported by 'appropriate validation.'" *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, No. 02-148, 2004 WL 2127192, at *10 (D. Del. Sept. 15, 2004) (Sleet, J.) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 590 (1993)); *see* Fed. R. Evid. 702, 703. The Third Circuit has identified the following *Daubert* factors as relevant to the reliability of novel scientific techniques:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5)

whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 n.8 (3d Cir. 1994).

The burden is on the offering party to prove the test method's reliability by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10. "[A]ny step that renders the analysis unreliable . . . renders the expert's testimony inadmissible." *Paoli*, 35 F.3d at 745. Thus, when an expert's test is a novel combination of accepted protocols, the offering party must independently establish that the adapted method is reliable. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 748-49 (3d Cir. 2000) (expert required to show "novel synthesis" of two established test methods was generally accepted or bore logical relationship to accepted methods).

REDACTED

REDACTED

IV. CONCLUSION

For the foregoing reasons, the Dyson Parties' motion to exclude Balough's in-home tests and any related evidence should be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ 

John W. Shaw (No. 3362)
C. Barr Flinn (No. 4092)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst

Dated: April 16, 2007         *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE  19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH  44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL  60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Monté T. Squire*
C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*