IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED )
and DYSON, INC., )
  )
        Plaintiffs, )
  )
    v. )   C.A. No. 05-434-GMS
  )
MAYTAG CORPORATION, )
  )   **REDACTED -**
        Defendant. )   **PUBLIC VERSION**
  )

**PLAINTIFFS' MOTION IN LIMINE NO. 6**[*]
**TO EXCLUDE MAYTAG'S REPEAT BIN EMPTYING TEST**
**AND OPENING BRIEF IN SUPPORT THEREOF**

| | |
|---|---|
| OF COUNSEL:<br>Garrard R. Beeney<br>Richard C. Pepperman, II<br>James T. Williams<br>Adam R. Brebner<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York 10004<br>(212) 558-4000 | C. Barr Flinn (No. 4092)<br>John W. Shaw (No. 3362)<br>Monté T. Squire (No. 4764)<br>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>msquire@ycst.com |
| Steven F. Reich<br>Jeffrey S. Edelstein<br>John F. Libby<br>Tamar Feder<br>Christopher C. Cole<br>MANATT, PHELPS & PHILLIPS, LLP<br>7 Times Square<br>New York, New York 10036<br>(212) 790-4500 | *Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.* |

Dated: April 16, 2007

---

[*] Filed in accordance with the order permitting Plaintiffs to file of an additional Motion in Limine to address John Balough's Supplemental Report served by Maytag on February 13, 2007 (D.I. 268; Tel. Conf. 2/20/2007 Tr. 23-24.)

# TABLE OF CONTENTS

*Page*

I. SUMMARY OF THE ARGUMENT .......... 1
II. STATEMENT OF FACTS .......... 2
III. ARGUMENT .......... 4
IV. CONCLUSION .......... 5

## TABLE OF AUTHORITIES

*Page*

### CASES

*Daubert v. Merrell Dow Pharm.*,
  509 U.S. 579 (1993) ............................................................................................... 4, 5

*Dennis v. Pertec Computer Corp.*,
  927 F. Supp. 156 (D.N.J. 1996) ................................................................................. 4

*In re Paoli R.R. Yard PCB Litigation*,
  35 F.3d 717 (3d Cir. 1994) ..................................................................................... 4, 5

*Soden v. Freightliner Corp.*,
  714 F.2d 498 (5th Cir. 1983) ..................................................................................... 4

### RULES

Federal Rule of Evidence 702 ............................................................................................ 3-4

Federal Rule of Evidence 703 ............................................................................................... 4

DB01:2368323.1                                                                                                    063753.1002

## TABLE OF EXHIBITS

*Tab*

Supplemental Expert Report of John Balough dated February 13, 2007 ..................A

Supplemental Expert Report of Richard S. Figliola dated April 2, 2007 ...................B

DYS317061.............................................................................................................C

Excerpts from Transcript of February 19, 2007 Deposition of Ronald Battema........D

Battema Exhibit No. 11...........................................................................................E

Excerpts from Transcript of December 14, 2006 Deposition of Daniel Miller.........F

Miller Exhibit No. 12..............................................................................................G

Letter from Lisa Parker dated April 12, 2007.........................................................H

Excerpts from Transcript of March 23, 2007 Deposition of John Balough..............I

DC07 Owners Manual, MAY012296.......................................................................J

DB01:2368323.1                                                                       063753.1002

I.  **SUMMARY OF THE ARGUMENT**

Dyson Technology Limited and Dyson Inc. (the "Dyson Parties") seek to preclude Maytag Corp.'s ("Maytag") February 2007 repeat bin emptying test and any related evidence.

REDACTED

Accordingly, Maytag's Repeat Emptying Test and its anomalous results are not reliable scientific evidence and should be excluded.

-2-

II. **STATEMENT OF FACTS**

On February 13, 2007, two days before the expert deposition of Maytag witness John Balough, Maytag submitted a three-paragraph "Supplemental Report" (Tab A)

REDACTED

Specifically, previous independent lab tests using the same DMT-8 test dust have shown that Dyson cleaners do not lose suction at such dust levels, for example:

REDACTED

-3-

REDACTED on the industry-accepted test standard published by the International Electrotechnical Commission ("IEC"), known as IEC 60312, part 2.9 (hereinafter "IEC 2.9").

REDACTED

ad-hoc protocol that would establish its accuracy or rate of error.

## III. ARGUMENT

The standards for admissibility of expert testing evidence under Federal Rules of Evidence 702 and 703 are well-established and are set forth in greater detail in Plaintiffs' concurrently filed Motion in Limine to Exclude Maytag's In Home Tests. In particular, "novel scientific evidence carries with it concerns over trustworthiness and reliability." *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 743 (3d Cir. 1994). A party cannot shield itself from a *Daubert* challenge by withholding details about how a new methodology was conducted. *See Dennis v. Pertec Computer Corp.*, 927 F. Supp. 156, 160 (D.N.J. 1996). In *Dennis*, the court excluded an expert's testimony primarily for his "failure to enunciate his research technique," noting that the opposing party's "only option is to question the sufficiency of authority supporting the opinion and hope [he] attempts to justify his conclusion." *Id.*

Maytag's test protocol is a collision of unknown variables.

REDACTED

Such circumstances "properly signal a trial judge to make a critical review" of the proffered evidence. *See Soden v. Freightliner Corp.*, 714 F.2d 498, 503 (5th Cir. 1983) (stricter review warranted where expert collected data from defendant's sister company during litigation, and party failed to timely produce underlying documents transmitting such data).

Although Maytag bears the burden of establishing the Repeat Emptying Test's reliability by a preponderance of the evidence, *see Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 n.10

REDACTED

(1993),

REDACTED the "existence and maintenance of standards controlling the technique's operation," *Paoli*, 35 F.3d at 742 & n.8, REDACTED

REDACTED the "potential rate of error," "peer review" or "acceptance in the relevant scientific community"

*Id.* "relationship to established testing protocols." *Id.*

REDACTED

Maytag's Repeat Emptying Test and any related evidence should be excluded.

IV. CONCLUSION

For the foregoing reasons, the Dyson Parties' motion to exclude Maytag's Repeat Emptying Test and any related evidence should be granted.

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                */s/*

                John W. Shaw (No. 3362)
                C. Barr Flinn (No. 4092)
                Monté T. Squire (No. 4764)
                The Brandywine Building, 1000 West Street, 17th Floor
                Wilmington, Delaware 19801
                (302) 571-6600
                msquire@ycst.com
                *Attorneys for Plaintiff*

Dated: April 16, 2007

REDACTED

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Monté T. Squire*
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*