IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED )
and DYSON, INC. )
                                )
            Plaintiffs, )
                                )
    v. )
                                ) C.A. No. 05-434-GMS
MAYTAG CORPORATION, )
                                )
            Defendant. )

**DEFENDANT HOOVER'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1 (REGARDING "MEANS FOR GENERATING AN
AIRFLOW" CLAIM CONSTRUCTION)**

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376–1242

Dated: April 23, 2007

Now comes Defendant, Maytag Corporation ("Hoover"), in opposition to Motion in Limine No. 1 filed by Plaintiffs, Dyson Technology Limited and Dyson, Inc. ("Dyson"). On the eve of trial, and nearly nine months following this Court's Order Construing the Terms of U.S. Patent Nos. 4,643,748, 4,826,515, 4,853,008, and 4,858,038 (D.I. 105) ("Claim Construction Order"), Dyson belatedly requests that the Court "clarify that its construction of [a contested] term applies only to the '515 Patent." Hoover has prepared for trial in this matter with the understanding that the Claim Construction Order means what it says.

I.  **SUMMARY OF ARGUMENT**

In the *Markman* proceedings, Hoover directed its argument for construction of the claim term "means for generating an airflow" to U.S. Patent 4,826,515 ("the '515 Patent"), not withstanding the fact that the same means-plus-function limitation is found in U.S. Patents 4,643,748 ("the '748 Patent") and 4,853,008 ("the '008 Patent"). The Court's Claim Construction Order, however, is unequivocal that the sixteen enumerated constructions apply to the referenced terms "as used in the asserted claims," without reservation or restriction. Because the construction for the term in issue is as appropriate for the '748 and '008 Patents as for the '515 Patent, Hoover accepted the Claim Construction Order as a necessary *sua sponte* ruling by the Court on this issue of law, and proceeded accordingly. Notably, Dyson never challenged nor sought clarification of the Claim Construction Order until this late date. It would be highly prejudicial to Hoover, who, along with its technical expert, relied on the Court's Claim Construction Order for trial preparation, to now be precluded from employing such construction as to a claim limitation common to all of the asserted claims.

## II. ARGUMENT

### A. Consideration of the Patents

The Court's construction of "means for generating an airflow" to be "a motor driven fan unit positioned vertically above and immediately adjacent to the cyclone outlet port" is supported by the '748 and '008 Patents as well as the '515 Patent, which was addressed in the *Markman* proceedings.

#### 1. The '515 Patent

In the '515 Patent (D.I. 1 at Ex. B), the motor fan unit (13 in Fig. 1, 54 in Fig. 3 and 121 in Fig. 5) is positioned vertically above and immediately adjacent to the respective cyclone outlet ports (35 in Fig. 1, 77 in Fig. 3, and 105 in Fig. 5). The Court's construction was clearly appropriate.

#### 2. The '748 Patent

In the '748 Patent (D.I. 1 at Ex. A), reference to Fig. 1 shows that the vacuum motor 18 is positioned vertically above and immediately adjacent to the cyclone outlet port 13j. While the vacuum motor is shown in the drawing to be along side of the remainder of the unit, its actual position is shown, in common draftsman parlance, by the line interconnecting it with the outlet port 13j. Simply stated, the vacuum motor 18 is illustratively shown beside the remainder of the unit simply as a consequence of limitations on drawing sizes set by the Patent Office. Even the most casual inspection of Fig. 1 places the motor fan unit 18 vertically above and immediately adjacent to the outlet port 13j. The Court's construction was clearly appropriate.

3. <u>The '008 Patent</u>

In the '008 Patent (D.I. 1 at Ex. C), reference to Fig. 1 and the specification shows that the motor fan 19 is above and immediately adjacent to the cyclone outlet port, even though the motor fan 19 appears to be near the bottom of the structure shown in the drawing. In the '008 Patent, the cyclone has "an outlet pipe 17 leading to air outlet chamber 18." (Col. 2. ll. 63-66.) As shown in the drawing of Fig. 1, the motor fan unit 19 is within the chamber 18, and clearly vertically above and immediately adjacent to the exhaust or outlet port for the cyclone. The patent specification is clear that the air moves "into the inner cyclone 12 wherein it moves around inner wall 12a out to cone opening 12c and then moves upward to outlet 13d in passage 13e and then exhausts to atmosphere or through tube 17 and chamber 18 to motor fan." (Col. 3, ll. 40-52.) The direction of air flow is shown by the arrows in the drawings. Those moving downwardly on the left side of the structure of Fig. 1 constitute the exhaust from the cyclone just described. As shown in the drawing and described in the specification, the air from the cyclone exhausts to atmosphere below the motor fan unit 19 that is positioned within the air outlet chamber 18 that is in communication with the tube 17. As such, the motor fan unit 19 is vertically above and immediately adjacent the outlet port of the cyclone, and the Court's construction as to the '008 Patent was clearly appropriate.

B. <u>The Court Properly Exercised Its Power To Perform Its Duty To Construe Claim Limitations Under 35 U.S.C. § 112, ¶6</u>

It is fundamental that claim construction is an issue of law to be resolved by the Court. It is also fundamental that the Court has plenary power to address issues of law not otherwise brought before it. The claim term at issue is one that clearly requires construction – a means-plus-function limitation under 35 U.S.C. § 112, ¶6. While it may

3

have been overlooked by the parties, it was not overlooked by the Court, which appears to have ruled *sua sponte*.

      C.    <u>Hoover Will Be Greatly Prejudiced By A *Markman* Change On The Eve Of Trial</u>

Dyson delayed nine months to seek clarification. That time alone should bar relief. Hoover has proceeded in this matter accepting the Claim Construction Order as meaning exactly what it says. To change that Order now, on the eve of trial, would undo much of Hoover's trial preparation and greatly prejudice Hoover, who has focused on claim terms common to all of the claims for effective trial presentation.

## III. <u>CONCLUSION</u>

For the reasons stated above, the Claim Construction Order should remain unchanged, and it requires no clarification.

<u>/s/ Francis DiGiovanni</u>
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower

4

Akron, OH  44308
Phone (330) 376–1242

5

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> C. Barr Flinn
> John W. Shaw
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail and first class mail on the following counsel of record:

> Garrard R. Beeney
> Richard C. Pepperman, II
> James T. Williams
> Keith McKenna
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004
>
> Steven F. Reich
> Jeffrey S. Edelstein
> Manatt, Phelps & Phillips, LLP
> 7 Times Square
> New York, NY 10004

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)