IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br>     Plaintiffs, <br> v. <br><br> MAYTAG CORPORATION, <br>     Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 05-434-GMS <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT HOOVER, INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 4 TO EXCLUDE WRITTEN OPINION BY
THE NATIONAL ADVERTISING DIVISION**

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376–1242

Hoover responds to Plaintiffs' Motion *in Limine* #4 as follows:

I.  FACTUAL BACKGROUND AND ARGUMENT

   A.  Hoover Agrees That The NAD Decision Should Not Be Admitted

Dyson correctly states that, in the NAD Decision it seeks to exclude, "the NAD addressed several challenges by Dyson to advertising by Maytag's subsidiary, the Hoover Company ("Hoover"), for its WindTunnel and Fusion Upright vacuum cleaner models." NAD Motion at 1. Significantly, Dyson also states that product testing standards relating to "products manufactured by Hoover [that] *are not the subject of the present litigation.*" *Id.* (emphasis added.)

Hoover wholeheartedly agrees; Hoover's own advertising and testing substantiation are not at issue in the present litigation. Indeed, Hoover has moved *in Limine* to exclude evidence relating to Hoover's Advertising or Substantiation. Consequently, the NAD Decision itself should not be admitted at trial.

   B.  While The NAD Decision Should Not Be Admitted, Some Evidence Regarding its Contents Can Be

Plaintiffs seek not only to exclude the NAD Decision itself, but also "any evidence regarding its contents." NAD Motion at 1. While Hoover agrees that the NAD's conclusion regarding Hoover's advertising and substantiation should be excluded, general principles and observations made by the NAD without regard to specific products should be admitted at trial, even if they happen to appear in the NAD Decision as well as other NAD Decisions. For example, the NAD has observed that:

- ASTM 608 is "the only recognized industry standard test (that) represent[s] real-life conditions found in American homes. 4/5/06 NAD Case Report. at 26 (attached as Tab A to Dyson's Motion); *The Hoover Company (Vacuum Cleaners)*, NAD Case #3044 (August, 1993) (recognizing the legitimacy of ASTM F608 as a basis for cleaning superiority claims);

1

- The IEC 60312 cleaning test has not been correlated to in-home usage and relies on a carpet (Wilton) that is not representative of those used in American homes. *Id.* at 25;[1]

- Advertising claims regarding suction power have the potential to mislead consumers because they effectively imply a cleaning efficacy that may not exist. *Id.* at 33; *Euro-Pro Corporation (Fantom Twister Vacuum Cleaners)*, NAD Case Report #4217 (8/6/04) (same); *(Euro-Pro Corporation (Shark Bagless Stick Vacuum Cleaner)*, NAD Case Report #4216 (8/6/04) (same).

These observations by a body with significant experience in advertising and testing substantiation with respect to consumer products are unquestionably relevant and would be helpful to jurors. The fact these observations happen to appear in the NAD Decision, as well as other NAD decisions, should not preclude the jury from hearing about them.

The fact that these pronouncements by the NAD arguably constitute hearsay does not preclude Hoover's experts from relying on them and disclosing them to the jury. It is clear that expert witnesses may rely on any information to form the basis for their opinion, whether that information itself is admissible or not. *See* Fed. R. Evid. 703; *Stecyk v. Bell Helicopter Textron, Inc. et al.*, 295 F.3d 408, 414 (3d Cir. 2002) (if facts and data are they type an expert reasonably relies upon, they need not be independently admissible as evidence); *United States v. Genser*, 582 F.2d 292, 298 (3d Cir. 1978) (finding that allowing testimony of expert witness "even if partially based on hearsay, was in compliance with the rule [703]"). Consequently, even assuming *arguendo* that NAD pronouncements are hearsay, Hoover's experts may still properly rely on them to form and express their opinions.

---

[1] In the NAD Case Report, the NAD also stated that it is not of the view that IEC 60312 is on equal footing with ASTM F608 with respect to its validity. *Id.* at 24.

2

### C. NAD Submissions May Be Used For Admissions and For Impeachment.

While the NAD Decision may not be admitted, any admissions by Dyson in that or other NAD proceedings are not hearsay, and may be admitted. Fed. R. Evid. 801(d); *Blackburn v. UPS, Inc.*, 179 F.3d 81, 96 (3d Cir. 1999) (stating that under 801(d)(2)(A), (D), a statement is not hearsay if it is the party's own statement or that of its agent); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 503 (D. Del. 2005) (admission was not hearsay). In addition, the contents of any Dyson submissions in any NAD proceeding may be used at trial for impeachment purposes. *See* Fed. R. Evid. 613(b) (if not considered an admission, extrinsic evidence of a prior inconsistent statement is admissible if "the witness is afforded an opportunity to explain or deny the same..."); *Goodman v. Pennsylvania Turnpike Commission*, 293 F.3d 655, 666-76 (3d Cir. 2002) (citing Fed. R. Evid. 607 and upholding the admission of alleged hearsay testimony as impeachment, rather than for the truth of the matter asserted).

For example, in connection with this and other NAD proceedings, Dyson has conceded that "claims of suction power superiority are likely to be interpreted by consumers as claims of cleaning performance." *See* July 22, 2005 submission letter to the NAD at 6, relevant portions attached hereto as Ex. A to Stathopoulos Affidavit. This statement is not hearsay because it is an admission and can be used at trial. It can also be used to impeach Dyson's fact or expert witnesses who testify to the contrary.

WHEREFORE, for the reasons stated herein, Hoover respectfully requests that this Court deny Plaintiffs' Motion *in Limine* insofar as it seeks to preclude Hoover's experts from testifying regarding general observations of the NAD with respect to vacuum cleaner testing and advertising or to exclude use of written statements submitted by Dyson at this or other NAD proceedings.

3

Respectfully submitted,

HOOVER, INC.

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376–1242

## **CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> C. Barr Flinn
> John W. Shaw
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail and first class mail on the following counsel of record:

> Garrard R. Beeney
> Richard C. Pepperman, II
> James T. Williams
> Keith McKenna
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004

> Steven F. Reich
> Jeffrey S. Edelstein
> Manatt, Phelps & Phillips, LLP
> 7 Times Square
> New York, NY 10004

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)