# EXHIBIT A


manatt | phelps | phillips

Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4533
Direct Fax: (212) 536-1808
E-mail: jedelstein@manatt.com

July 22, 2005

**BY HAND**

David G. Mallen, Esq.
National Advertising Division
Council of Better Business Bureaus, Inc.
70 West 36th Street, 13th Floor
New York, NY 10018

Re: Advertising for Dyson Vacuum Cleaners

Dear David:

We represent Dyson, Inc., the distributor and marketer of the Dyson vacuum cleaners (the "Dyson vacuum") in the United States.

This is in response to the letter dated June 7, 2005 (the "Challenge"), by which Maytag Corporation ("Maytag"), the manufacturer of Hoover vacuum cleaners, has challenged a number of Dyson's claims for the Dyson DC07, DC14, and DC15 vacuum cleaner models.

As a whole, Maytag's Challenge is without merit. While Maytag claims that Dyson has engaged in a "calculated pattern of deception" in advertising the cleaning power of its vacuum cleaners, Challenge at 1, it is Maytag which has resorted to deception and calculated misinformation in bringing its Challenge to NAD. As will be discussed in greater detail below, Maytag has made selective and unacceptably narrow use of the prevailing industry standards for measuring vacuum cleaner cleaning efficacy and suction power by emphasizing only those standards and sections of standards that benefit Maytag while completely ignoring others that do not support Maytag's position. We will address each of Maytag's claims below. Initially, however, we would like to offer NAD some background on vacuum cleaner technology in general and also on the unique Dyson technology which has resulted in an innovative product line that allows Dyson vacuum cleaners to stand apart from the competition.

**I.    BACKGROUND**

The basic purpose of a vacuum cleaner is to remove dust and dirt from various household surfaces using suction. For many years vacuums were designed to accomplish this purpose in one or two ways: by collecting the dust and dirt in a bag or by collecting the dust and dirt in a

7 Times Square, New York, New York 10036   Telephone: 212.790.4500   Fax: 212.790.4545
Albany | Los Angeles | Mexico City | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.

DYS012021



**manatt**
manatt | phelps | phillips

David G. Mallen, Esq.
July 22, 2005
Page 6

- Double the suction of other vacuums. After 10 oz of dust.[4]

- More cyclones give higher suction power.

- Higher volumes of air are spread simultaneously through many cyclones to give higher constant suction power—which means you pick up even more dust.

- When it comes to vacuuming, nothing is more important than suction.

- Wide channel picks up large debris that others can leave behind.

Maytag also objects to the suction power chart which appears on the Dyson vacuum packages and in other materials.

In this regard, Maytag's arguments boil down to essentially two points: (1) NAD precedent dictates that claims of suction power superiority are likely to be interpreted by consumers as claims of superior cleaning performance; and (2) Maytag's Hoover vacuum cleaners offer superior cleaning performance on carpet as compared to Dyson when measured by allegedly the "*only* industry recognized test method for cleaning efficacy of an upright vacuum cleaner." Challenge at 4 (emphasis in the original).

Dyson does not dispute Maytag's first point,[5] and agrees NAD precedent should be applied to the Challenge. As set forth in Section IV, this precedent dooms Maytag's argument regarding Dyson's "doesn't lose suction" claim. However, Dyson firmly disagrees with

---

[4] We are surprised that Maytag has challenged this claim. Dyson has discontinued this claim long ago for reasons unrelated to Maytag's Challenge and does not intend to make this claim in future advertising.
[5] Maytag supports its argument that Dyson's superior suction power claims imply superior cleaning efficacy with the report of a consumer perception survey conducted by Salter Ltd. This consumer perception survey proves absolutely nothing as it has none of the attributes of a well-conducted consumer perception survey. *See, e.g., NBC Advertising Standards, Procedures and Policies; Northland Cranberries, Inc./Cranberry Juice*, NAD Case Reports #3948 (Aug. 2002). Contrary to the standard consumer perception methodology, this survey questioned only 98 consumers (standard methodology requires 200-300 participants), in only one location (standard methodology requires at least four geographically dispersed locations), did not test the appropriate audience (standard methodology requires testing of current or prospective product users; Salter qualified for the survey anyone who makes or influences decisions about the purchase of household items, making its sample incredibly overbroad), and relied on an obviously leading last question (i.e., "Do you think this commercial says or implies that Dyson Vacuums clean better?") that is nothing more than an invitation to "yeasaying." These flaws make the Salter survey fatally flawed. In addition, while Salter draws the conclusion that, in response to the open-ended question, a total of 32% of those surveyed stated that the commercial stated or suggested that Dyson vacuums clean better than other vacuums, Salter only provided a summary table of the verbatims, not the verbatims themselves, making it impossible to evaluate whether its summary is in any way accurate. Lastly, Maytag's Challenge overstates the survey's findings. While the Challenge claims that a total of 32% of those surveyed perceived an express or implied message of superior cleaning efficacy, according to the Salter report, this number is actually 27%.

DYS012026

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>C. Barr Flinn
>John W. Shaw
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

I further certify that on April 23, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail and first class mail on the following counsel of record:

>Garrard R. Beeney
>Richard C. Pepperman, II
>James T. Williams
>Keith McKenna
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, NY 10004

>Steven F. Reich
>Jeffrey S. Edelstein
>Manatt, Phelps & Phillips, LLP
>7 Times Square
>New York, NY 10004

>/s/ Francis DiGiovanni
>Francis DiGiovanni (#3189)