IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., Plaintiffs, v. MAYTAG CORPORATION, Defendant. | ) ) ) ) Civil Action No. 05-434 GMS ) ) REDACTED FOR PUBLIC FILING ) ) ) |

**DEFENDANT HOOVER, INC.'S *CORRECTED* MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF
PLAINTIFFS' EXPERT JOEL H. STECKEL REGARDING CAUSATION**

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

Francis DiGiovanni
James Heisman
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Defendant/Counterclaim Plaintiff Hoover, Inc. ("Hoover") respectfully moves this Court for an order excluding the testimony of Dyson's marketing expert, Joel H. Steckel, Ph.D., relating to the issue of causation.

I.   **FACTUAL BACKGROUND**

Dyson seeks to offer the expert testimony of Dr. Joel Steckel,

1

consumers typically do not know that they have been deceived with respect to a purchase until the truth is revealed by a government announcement or court ruling. *See generally Price v. Philip Morris, Inc.*, 848 N.E.2d 1 (Ill. 2005); *Morris In the Matter of Warner-Lambert Company*, 86 F.T.C. 1398 (F.T.C. Dec. 9, 1975), *aff'd Warner-Lambert Co. v. F.T.C.*, 562 F.2d 749 (D.C. Cir. 1997).

II. **ARGUMENT**

To be deemed reliable, an "expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (*quoting Daubert*, 509 U.S. at 590). The Third Circuit has enunciated the following factors, among others, to evaluate whether proffered expert testimony is reliable: (1) whether the method has been subject to peer review; (2) whether the method is generally accepted; and (3) the non-judicial uses to which the method has been put. *See In re Paoli*, 35 F.3d at 742 n.8 (*citing Daubert*, 509 U.S. at 593-94 *and U.S. v. Downing*, 753 F.2d 1224, 1238-39 (3d Cir. 1985)).

Peer review and general acceptance of the technique or methodology by the relevant scientific community are exceedingly important factors in determining the reliability of expert testimony. "[S]ubmission to the scrutiny of the scientific community is a component of 'good science,' in part because it increases the likelihood that substantive flaws in the methodology will be detected." *Daubert*, 509 U.S. at 593. Further, a technique or method "which has been able to attract minimal [or no] support within the community may properly be viewed with skepticism." *Daubert*, 509 U.S. at 594; *see also*

3

*Downing*, 753 F.3d at 1238. Accordingly, the Third Circuit has held that when a technique or methodology employed by an expert has not been subject to peer review or publication and is not generally accepted within the relevant scientific community, the expert's testimony based upon such technique or methodology is deemed unreliable and merely speculative and, therefore, must be excluded. *See, Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 322 (3d Cir. 2003); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 148, 156, 158 (3d Cir. 2000); *Elcock v. Kmart Corp.*, 233 F.3d 734, 748-49 (3d Cir. 2000); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153-58 (1999).

Most importantly, relevant case law holds that post-purchase satisfaction surveys are not reliable evidence to prove that consumers have not been misled or deceived by a specific advertisements. *See F.T.C. v. 1 Pantron Corp.*, 33 F.3d 1088, 1097-98 (9th Cir. 1994). In *Pantron*, the Ninth Circuit explained that "evidence of consumer satisfaction is most obviously flawed" because consumers are not in a position to tell whether product claims are truthful. *Id.* at 1098. To rule otherwise, the Court reasoned, would encourage advertisers "to foist unsubstantial claims on an unsuspecting public in the hope that the consumers would believe the ads and the claims would be self-fulfilling" and allow "sellers to fleece large numbers of consumers who, unable to evaluate the efficiency of an inherently useless product, make repeat purchases of that product." *Id.* at 1100.

Dr. Steckel's causation opinion is unreliable according to the standards set forth in Rule 702, *Daubert*, and Third Circuit precedent, and must be excluded from trial.

Dated: April 17, 2007

Respectfully submitted,

HOOVER, INC.

*/s/ Francis DiGiovanni*

Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 17, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY AND E-MAIL:**

C. Barr Flinn
John W. Shaw
Adam Poff
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**BY UNITED STATES MAIL AND E-MAIL:**

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

Francis DiGiovanni (#3189)