IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC.,<br>Plaintiffs,<br>v.<br><br>MAYTAG CORPORATION,<br>Defendant. | )<br>)<br>)<br>) Civil Action No. 05-434 GMS<br>)<br>) REDACTED<br>) VERSION<br>)<br>) |

**DEFENDANT HOOVER, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR EVIDENCE FROM DYSON'S EXPERT WITNESS LAURA STAMM, AND ANY REFERENCE TO TRANSFER PRICING**

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

Francis DiGiovanni
James Heisman
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Hoover respectfully moves this Court for an order excluding any evidence relating to the legal assertions and results thereof of Dyson's expert witness Laura Stamm, and any evidence, offered by Ms. Stamm or anyone else from Dyson, regarding transfer pricing arrangements.

I.     BACKGROUND

Dyson retained Laura Stamm

Her opinions and estimates are based, in several respects, on legal assertions.

## II. ARGUMENT

### A. It Is Improper For An Expert Witness To Render Legal Opinions

It is clear that "an expert witness is prohibited from rendering a legal opinion." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). The Third Circuit has "specifically instructed district courts to 'ensure that an expert does not testify as the governing law of the case.'" *Cantor v. Perelman, et al.*, 2006 U.S. Dist. LEXIS 86329, *10 (D. Del. November 30, 2006) (granting the portions of motions *in limine* to exclude the legal opinions of two proposed expert witnesses);[2] *Proctor & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, 2006 U.S. Dist. LEXIS 54260 (D. Del. August 4, 2004) (granting in part motion *in limine* to preclude the testimony of one of plaintiff's experts for containing legal conclusions); *Proctor & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, 2006 U.S. Dist. LEXIS 54300 (D. Del. August 4, 2004) (granting in part plaintiff's motion *in limine* to preclude the testimony of one of defendant's experts because the expert report "is a legal opinion that is inadmissible under Rule 702").

Allowing experts to offer legal opinions at trial "would usurp the District Court's pivotal role in explaining the law to the jury." *Berckeley*, 455 F.3d at 217. It contravenes Federal Rule of Evidence ("F.R.E.") 702, because such opinions do not assist the fact finder, (F.R.E. 702; *Cantor*, 2006 U.S. Dist. LEXIS 86329, *10; *Teva Pharmaceuticals USA.*, 2006 U.S. Dist. LEXIS 54300), and serves to confuse and mislead the jury in violation of F.R.E. 403.

---

[1]

[2] All unpublished and/or non-Third Circuit cases are attached hereto in alphabetical order as Ex. C to Stath Aff.

Thus, even if the legal conclusions relied upon by Ms. Stamm are correct—and, as explained below, they are not—she cannot testify as to them or as to how they affect

### B. Ms. Stamm's Legal Conclusions Are Incorrect.

The legal opinions relied upon by Ms. Stamm are incorrect. Contrary to Ms. Stamm's assertion, The Third Circuit flatly rejected that argument in *Banjo Buddies v. Renosky*, 399 F.3d 168, 178 (3d Cir. 2005).

The full sentence in the damages provision of the Lanham Act is: "if the court shall find that the amount of the recovery based on profits is *either inadequate or* excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances to the case." 15 U.S.C. § 1117(a) (emphasis added).

There is no requirement that an award based on the profits attributable to false advertising approximate the plaintiff's actual damages. *Banjo Buddies*, 399 F.3d at 177. The Third Circuit affirmed an award of profits in *Banjo Buddies* even though the plaintiff could not prove any damages. *Id.* at 178. The limitation on *actual damages* (*i.e.*, that they may be increased, but not to exceed three times the *actual damage* amount), has no application to an award based on *profits*. *Thompson v. Haynes*, 305 F.3d at 1369, 1380 (Fed. Cir. 2002).

To recover profits, Hoover need only prove Dyson's sales; then, the

3

burden shifts to Dyson to prove all elements of cost or deduction claimed. 15 U.S.C. § 1117(a). Dyson can only seek to deduct *bona fide* expenses. *See Banjo Buddies*, 399 F.3d at 176-78.

*Banjo Buddies*, 399 F.3d at 176-77; *see also Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 914 F. Supp. 210, 211 (N.D. Ill. 1995).

Any reference to transfer pricing arrangements by Ms. Stamm, or anyone else at Dyson, would not be relevant to any issue in this case, and will only serve to unnecessarily confuse the jury. *See* F.R.E. 402 and 403, respectively.

WHEREFORE, for the reasons stated herein, Hoover respectfully requests that this Court grant Hoover's Motion *in Limine*.

Respectfully submitted,

HOOVER, INC.

_____
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
  Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 16, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY AND E-MAIL:**

C. Barr Flinn
John W. Shaw
Adam Poff
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**BY UNITED STATES MAIL AND E-MAIL:**

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

_____
Francis DiGiovanni (#3189)