IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., Plaintiffs, v. MAYTAG CORPORATION, Defendant. | ) ) ) ) ) ) ) ) ) | Civil Action No. 05-434 GMS<br><br>REDACTED VERSION |

**DEFENDANT HOOVER, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO BAR EVIDENCE RELATING TO HOOVER ADVERTISING AND SUBSTANTIATION**

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

Francis DiGiovanni
James Heisman
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Hoover respectfully moves this Court for an order precluding all reference to, and all evidence of, any advertising by Hoover (or its predecessors) and any evidence relating to substantiation of advertising claims made by Hoover.

I.  **FACTUAL BACKGROUND**

   A.  Discovery Rulings

Despite the fact that it filed a separate action now pending before this Court

When Hoover objected to the requested discovery on relevance grounds, Dyson moved the Court for an order compelling the discovery. (*See* Exhibit A to the Affidavit of Chris Stathopoulos in Support of Hoover's Motion to Bar Evidence of Hoover's Advertising, at 2) (hereafter, "Stathop Aff.")

At a teleconference on December 7, 2006, the Court, after hearing extensive argument from both sides

The Court agreed with Hoover

Following this ruling, Dyson filed a written motion to have the Court reconsider its ruling.

1

(Stathop Aff. Ex. C (Standing Order), D at 3-5, respectively)

Dyson then sought to reargue this issue during another discovery dispute teleconference with the Court on February 16, 2007. (Stathop Aff. Ex. E at 1) (*Id.*) Although the Court indicated that it was "not in the habit of reconsidering my rulings" on discovery disputes (Stathop Aff. Ex. F, February 20-21, 2007 teleconference transcript at 73:8-10), it allowed Dyson to reargue the matter.

(*Id.*)

    B.    <u>Dyson's Proposed Trial Evidence</u>

Notwithstanding these clear rulings, Dyson's pretrial filings demonstrate

2

In addition, several of Dyson's experts have indicated in their reports that they intend to

## II. ARGUMENT

Under Federal Rule of Evidence 402, evidence which is not relevant is not admissible. Fed. R. Evid. 402; *Barker v. Deere and Co.*, 60 F.3d 158, 163 (3d Cir. 1995). In repeatedly rejecting Dyson's motions to compel discovery

Court necessarily concluded that any such evidence was irrelevant. Indeed, it went even further by concluding that, under the far more lenient standard of Federal Rule of Procedure 26, the requested discovery was not even "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Finch v. Hercules, Inc.*, 149 F.R.D. 60, 63 (D.Del 1993). Thus, any such evidence cannot be admitted at trial for any purpose.

*See Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173-74 (3d Cir. 2001) (rejecting UPMC's argument that Highmark had used the same term in Highmark's own advertising that the District Court found false in UPMC's advertising, and stating "Highmark's inappropriate use of a term in its 1999 advertisement does not excuse current deceptive and misleading advertisements to the public [by UPMC]").

Dyson's advertisements and substantiation are at issue in this case, not Hoover's. This Court has ruled multiple times

Consequently, to prevent any further waste of the Court's time on this issue, the Court should enter an order *in limine* prohibiting any references to, or the submission of any evidence relating to, any advertising of Hoover (or its predecessors) and any evidence relating to substantiation of advertising claims by Hoover, and any other information (*e.g.*, consumer complaints or Helpline data) relating to the veracity of Hoover's own advertising claims.

WHEREFORE, for the reasons stated herein, Hoover respectfully requests that this Court grant Hoover's Motion *in Limine*.

Respectfully submitted,

HOOVER, INC.

_____
Francis DiGiovanni (#3189)
James Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 16, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

BY HAND DELIVERY AND E-MAIL:

C. Barr Flinn
John W. Shaw
Adam Poff
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

BY UNITED STATES MAIL AND E-MAIL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

Francis DiGiovanni (#3189)