IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4
TO EXCLUDE WRITTEN DECISION BY THE NATIONAL ADVERTISING DIVISION**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000


Steven F. Reich
John Libby
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

Dated: April 26, 2007

-i-

# TABLE OF AUTHORITIES

**Page**

### CASES

*Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*,
   576 F. Supp. 107 (D. Del. 1983) ................................................................................ 2

*United States v. Grey Bear,*
   883 F.2d 1382 (8th Cir. 1989) ................................................................................... 2

### STATUTES

Federal Rule of Evidence 403 ............................................................................................. 3
Federal Rule of Evidence 703 ........................................................................................ 1, 2
Federal Rule of Evidence 703 Comm. Notes, 2000 Amdts. ............................................... 2
Federal Rule of Civil Procedure 26 .................................................................................... 2

Maytag now concedes that the NAD Opinion, a document Maytag listed and maintained on its exhibit list over Dyson's objection, is inadmissible and should be excluded.

In its Opposition Brief, however, Maytag asserts that the jury should nonetheless hear the "general principles and observations made by the NAD" because the NAD has "significant experience in advertising and testing substantiation" (Opp. 1, 2) (D.I. 335)  Maytag never addresses the numerous ways in which such evidence would run afoul of the Federal Rules of Evidence, including that the NAD Opinion, in its entirety (1) is hearsay for which no exception applies; (2) amounts to expert opinion testimony and would violate the procedural and foundational requirements for such testimony; (3) would introduce quasi-legal principles that directly contradict the Lanham Act and interfere with the Court's instructions on the law; and (4) would carry a false imprimatur of a "judicial finding" that impairs the jury's independent review of the evidence.  (Dyson Opening Br. at 1-5) (D.I. 314)  In other words, despite conceding the numerous and serious grounds for inadmissibility of the NAD Opinion, Maytag contends without citation to legal authority that the Court should admit those portions that are favorable to it because such an outcome would advance Maytag's position before the jury.  That is not the law.

Maytag obviously cites no authority for its far-fetched proposition that the Court should discard hearsay rules where the declarant is "a body with significant experience." (Opp. 2)  The law is clear that there is no hearsay exception for the findings of private entities, such as the NAD, regardless of their level of expertise. (Dyson Opening Br. at 3-4)

In further support of its position, Maytag cites Federal Rule of Evidence 703 and asserts that Maytag's experts "may still properly rely on [the NAD Opinion] to form and express their opinions." (Opp. 2)  There are two obvious flaws with Maytag's position.  First, whether any

expert theoretically "*may*" rely on a published NAD decision, none of Maytag's witnesses *has* claimed – either in any reports submitted pursuant to Federal Rule of Civil Procedure 26 or in deposition testimony – to have formed any opinion because he read it in an NAD decision. Maytag's argument is based on a mere theoretical possibility.

Second, the NAD Opinion may not be "backdoored" through an expert. Indeed, the 2000 amendments to Rule 703 closed the very loophole that Maytag now tries to exploit: "Rules 703 has been amended to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted." Fed. R. Evid. 703 Comm. Notes, 2000 Amdts. Rule 703 now makes clear that otherwise inadmissible material relied upon by an expert "*shall not be disclosed to the jury* by the proponent of the opinion" unless its "probative value in assisting the jury to evaluate the expert's opinion substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703 (emphasis added).

For all of the uncontested reasons set forth in Dyson's Opening Brief, the NAD Opinion is entirely prejudicial and would impair, rather than assist, the jury's determination of the relevant issues. *See United States v. Grey Bear,* 883 F.2d 1382, 1392-93 (8th Cir. 1989) ("Fed. R. Evid. 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views"). Maytag should not be permitted to use an expert as a conduit by which to admit unfairly prejudicial hearsay statements from the NAD Opinion. *See Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 576 F. Supp. 107, 158 (D. Del. 1983) (expert's reliance on hearsay "does not magically render the hearsay evidence admissible").

Finally, Maytag's request that the Court rule *in limine* on the admissibility of the parties'

written submissions to the NAD is premature. Maytag does not explain how the parties or the Court are supposed to assess one month before trial whether the parties' NAD submissions are appropriate "impeachment" material. Moreover, the NAD submissions, even assuming *arguendo* they were party admissions, would be inadmissible under Rule 403 because they contain and address quasi-legal principles applicable in the NAD proceeding that directly contradict the federal statute that governs this case. (Dyson Opening Br. at 2-3, 5) Maytag's request for this ruling is premature. However, to the extent the Court may choose to address the issue, Maytag's request should be denied.

For the foregoing reasons, Dyson's motion to exclude the NAD Opinion and any evidence regarding its contents should be granted.

Respectfully Submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs*

Dated: April 26, 2007

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 26, 2007, I caused to be electronically filed a sealed version of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Francis DiGiovanni, Esquire
>   James D. Heisman, Esquire
>   CONNOLLY BOVE LODGE & HUTZ LLP
>   The Nemours Building – 8th Floor
>   1007 N. Orange Street
>   Wilmington, DE 19801

I further certify that on April 26, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>   **BY E-MAIL ON APRIL 26, 2007 AND**
>   **FEDERAL EXPRESS ON APRIL 27, 2007**
>
>   Ray L. Weber, Esquire
>   Laura J. Gentilcore, Esquire
>   RENNER, KENNER, GREIVE, BOBAK,
>     TAYLOR & WEBER
>   400 First National Tower
>   Akron, OH 44308
>
>   Kimball R. Anderson, Esquire
>   Stephen P. Durchslag, Esquire
>   WINSTON & STRAWN LLP
>   35 W. Wacker Drive
>   Chicago, IL 60601-9703

>   YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>   /s/
>   _____
>   C. Barr Flinn (No. 4092)
>   John W. Shaw (No. 3362)
>   Monté T. Squire
>   1000 West Street, 17th Floor
>   Wilmington, Delaware 19801
>   (302) 571-6600
>   msquire@ycst.com
>   *Attorneys for Dyson Technology Limited and Dyson, Inc.*