IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED )
and DYSON, INC., )
     Plaintiffs, )
  )
v. )   Civil Action No. 05-434 GMS
  )
MAYTAG CORPORATION, )  **REDACTED FOR PUBLIC FILING**
     Defendant. )
  )

**DEFENDANT HOOVER, INC.'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE EVIDENCE OF
MAYTAG'S REPEAT BIN EMPTYING TEST AND OPENING BRIEF IN SUPPORT THEREOF**

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376–1242

Defendant Counterclaim Plaintiff Hoover, Inc. ("Hoover")[1] respectfully submits this answering brief in opposition to the motion *in limine* by Plaintiff Counterclaim Defendants Dyson Technology Limited and Dyson, Inc. (collectively "Dyson") to exclude evidence of Hoover's repeat bin emptying test.

I.    FACTUAL BACKGROUND

Dyson claims that Dyson-brand vacuum cleaners never lose suction ("no loss of suction" claim).

----

[1]

2

II.    ARGUMENT

"The Rules of Evidence embody a strong and undeniable preference for admitting any evidence which has the potential for assisting the trier of fact." *Kannankeril v. Terminix Intern, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). "Rule 702, which governs the admissibility of expert testimony, has a liberal policy of admissibility." *Id.*

3

Where a consumer can be expected to reasonably perceive that a defendant's advertising claim of superiority applies to the real world, the defendant must demonstrate a correlation between its laboratory tests and the real world. *See Church & Dwight Co., Inc. v. S.C. Johnson & Son, Inc.*, 873 F. Supp. 893, 905 (D.N.J. 1994) (*citing Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm. Inc.*, 19 F.3d 125, 127 (3d Cir. 1994).

Where no recognized industry standard exists, novel methodologies may be employed by experts with sufficient expertise and experience if such novel methodologies are reliable. *See Kannankeril*, 128 F.3d at 806. "Admissibility decisions focus on the expert's methods and reasoning." *Kannankeril*, 128 F.3d at 806.

4

5

WHEREFORE, for the foregoing reasons, Defendant Counterclaim Plaintiff Hoover respectfully requests that this Court deny Dyson's Motion *in Limine* No. 6.

Dated: April 23, 2007

Respectfully submitted,

HOOVER, INC.

*/s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Of Counsel:

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242

6

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 23, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY AND E-MAIL:**

C. Barr Flinn
John W. Shaw
Adam Poff
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**BY UNITED STATES MAIL AND E-MAIL:**

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

*/s/Francis DiGiovanni*
Francis DiGiovanni (#3189)