IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | REDACTED – PUBLIC VERSION |
| Defendant. | ) ) | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* TO BAR EVIDENCE FROM
DYSON'S EXPERT WITNESS LAURA STAMM
AND ANY REFERENCE TO TRANSFER PRICING**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Steven F. Reich
John Libby
Jeff Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

Dated:  April 23, 2007

-i-

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE ARGUMENT ................................................................................... 1
II. STATEMENT OF FACTS .................................................................................................. 1
III. ARGUMENT ....................................................................................................................... 3
    A. Stamm Is Not Offering Legal Opinions ................................................................. 3
    B. The Transfer Pricing Agreement Is Relevant ........................................................ 4
IV. CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

Page

### CASES

*Banjo Buddies, Inc. v. Renosky*,
  399 F.3d 168, 178 (3d Cir. 2005) ................................................................................ 5

*Berckeley Investment Group, Ltd. v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006) ....................................................................................... 3

*Brookfield v. Novelty Glass Mfg. Co.*,
  170 F. 960 (3d Cir. 1909) ........................................................................................... 3

*Cantor v. Perlman*,
  No. 97-586, 2006 WL 3462596 at *4 (D. Del. Nov. 30, 2006) .................................. 3

*Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*,
  914 F. Supp. 210 (N.D. Ill. 1995) ............................................................................... 5

*United Tech. Corp. v. American Home Assur. Co.*,
  118 F. Supp. 2d 174 (D. Conn. 2000) ........................................................................ 4

*Warner Bros., Inc. v. Gay Toys, Inc.*,
  598 F. Supp. 424 (S.D.N.Y. 1984) ............................................................................. 4

### STATUTES

26 C.F.R. § 1.482-1 ....................................................................................................... 4, 5

26 U.S.C. § 482 ............................................................................................................... 4, 5

### OTHER AUTHORITIES

10 Mertens, *Law of Federal Income Taxation* § 38B:50 (updated Apr. 2007) .................. 5

IRS Rev. Proc. 2006-9 ....................................................................................................... 4

DB01:2373983.1        063753.1002

## TABLE OF EXHIBITS

|  | Tab |
|---|---|
| Expert Rebuttal Report of Laura B. Stamm (Corrected) | A |
| Excerpts from Transcript of December 11, 2006 Deposition of John Shipsey | B |
| Declaration of John Shipsey | C |
| Declaration of Sean F. Foley | D |
| Whirlpool Job Listing | E |
| TTI Job Listing | F |
| Excerpts from Transcript of November 30, 2006 Deposition of Maria A. Tryan | G |
| Unreported Opinion | H |
| IRS Rev. Proc. 2006-9 | I |

DB01:2373983.1    063753.1002

I.  **SUMMARY OF THE ARGUMENT**

Maytag's motion in limine to exclude certain testimony by damages expert Laura Stamm and to bar "any reference" to transfer pricing rests on an erroneous description of Stamm's expert testimony and of relevant law.

Maytag contends that certain aspects of Stamm's testimony should be excluded as legal opinion. In fact, Stamm expressly disavowed any opinion about the accuracy of certain legal limitations that she assumed for purposes of her calculations. Stamm will not give any opinion on what the law is or should be, and this aspect of Maytag's motion is a non-issue.



The evidence is critically relevant. Moreover, contrary to Maytag's unsupported contentions, transfer pricing allocations are not shareholder distributions, but are properly considered in calculating a party's profits. Maytag's motion to exclude any reference to the Dyson TPA should be denied.

II.  **STATEMENT OF FACTS**

Laura Stamm is an expert in the field of damages analysis in complex business litigation. For purposes relevant here, Stamm will testify as to her calculations of the Dyson Inc.'s and Dyson Technology Limited's ("DTL," collectively, the "Dyson Parties") incremental profits attributable to any alleged false advertising.

-2-



Transfer pricing methods are regularly used by multinational companies to determine profits of subsidiaries in different countries, including by Maytag's parent corporation Whirlpool and the Hoover Company's current owner, Techtronic Industries Co. Ltd ("TTI").

---

[1] The declarations of John Shipsey and Sean Foley were submitted with Plaintiffs' Opposition to Defendants' TRO (Dec. 13, 2006) (D.I. 189, 190) and are attached hereto as Tabs C and D, respectively, and are incorporated herein by reference. The Dyson TPA is addressed more fully in Plaintiff's Motion in Limine (No. 2) to Exclude Maytag's Inflammatory Accusations Regarding Dyson Inc.'s Transfer Pricing Agreement and Related Evidence (D.I. 312).

[redacted]

[redacted]

### III. ARGUMENT

#### A. Stamm Is Not Offering Legal Opinions

As made clear by her report, Stamm does not intend to opine on the law of Lanham Act damages. Although Stamm mentions certain limitations on damages she assumed to be true, she explicitly disavowed any legal opinion on those matters. *See* Stamm Rep. 26, ¶ 74 ("however, *I express no opinion on these limitations*") (emphasis added). The cases on which Maytag relies expressly acknowledge that an expert is free to explain how she takes account of any limits that are assumed to apply, including limits under the law.[2] Moreover, the limitations identified by Stamm did not affect her calculations and she will have no reason to mention them at trial.[3]

[redacted]

[redacted] under well-established principles of limited liability, the profits of non-party corporate affiliates are not relevant for damages purposes.[4]

[redacted]

---

[2] *Cantor v. Perlman*, No. 97-586, 2006 WL 3462596 at *4 (D. Del. Nov. 30, 2006) (excluding expert "legal opinion" but permitting expert to explain "how any limit that Delaware law places on the ability of a board to dilute a majority shareholder would play a role in the negotiations" and noting Court would determine "whether any such limitation actually exists under [the] law"). In the cases cited by Maytag, the precluded testimony was an affirmative opinion about the legal obligations of the parties, not merely a reference to the expert's assumptions. *See, e.g., Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006) (excluding opinion that party did not violate federal securities laws).

[redacted]

[4] *See Brookfield v. Novelty Glass Mfg. Co.*, 170 F. 960 (3d Cir. 1909) (plaintiff shareholder could

-3-

B. The Transfer Pricing Agreement Is Relevant

Maytag's argument that the Dyson TPA is irrelevant to damages is demonstrably wrong.

 See IRS Rev. Proc. 2006-9 (setting forth voluntary submission procedure for IRS to "giv[e] taxpayers greater certainty regarding their transfer pricing methods"). ▓▓▓ see also 26 U.S.C. § 482; 26 C.F.R. § 1.482-1 ("the standard to be applied in every case is that of a taxpayer dealing at arm's length with an uncontrolled taxpayer"). ▓▓▓

Nor is there any basis for Maytag's contention that transfer pricing methods are irrelevant

---

not assert "lost profits" of his corporation); *see also Warner Bros., Inc. v. Gay Toys, Inc.,* 598 F. Supp. 424, 429 (S.D.N.Y. 1984) (in Lanham Act trademark action, absent basis for piercing corporate veil, plaintiff was entitled only to "defendant's own profits," not profits of "a corporation controlled by defendant"); *United Tech. Corp. v. American Home Assur. Co.,* 118 F. Supp. 2d 174, 180-81 (D. Conn. 2000) ("parent company's net worth" not a proper measure for exemplary damages).

-4-

to calculations of *bona fide* expenses. Maytag cites two cases that stand for the unremarkable proposition that shareholder distributions cannot be deducted from profits for damages purposes. *See Banjo Buddies*, 399 F.3d 168, 178 (3d Cir. 2005); *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 914 F. Supp. 210, 211 (N.D. Ill. 1995). However, Maytag's contention that all "inter-company transfers to owners" (Maytag Br. 4) are excluded from *bona fide* expenses is legally incorrect and completely misses the point. The IRS endorses transfer pricing methods only because, when properly calculated, they replicate the expenses of an arms length transaction, where shareholder distributions are plainly absent. *See* 26 U.S.C. § 482; 26 C.F.R. § 1.482-1; *see also* 10 Mertens, *Law of Federal Income Taxation* § 38B:50 (updated Apr. 2007) ("The [IRS] and the courts may determine whether a transfer of consideration is bona fide according to whether an independent party would have paid a similar amount in an arm's length transaction."). Maytag's legal contentions are profoundly incorrect, and its motion to exclude references to the Dyson TPA should be denied.

## IV. CONCLUSION

For the foregoing reasons, Maytag's motion to bar evidence from Dyson's expert witness Laura Stamm, and any reference to the Dyson TPA should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_/s/_

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 30, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE 19801

I further certify that on April 30, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH 44308

>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL 60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Monté T. Squire*
>C. Barr Flinn (No. 4092)
>John W. Shaw (No. 3362)
>Monté T. Squire
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>msquire@ycst.com
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*