IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) ) | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO BAR EVIDENCE RELATING TO HOOVER ADVERTISING AND SUBSTANTIATION**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Steven F. Reich
John Libby
Jeff Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

Dated:  April 23, 2007

C. Barr Flinn  (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

-i-

## TABLE OF CONTENTS

Page

I. SUMMARY OF THE ARGUMENT ................................................................... 1
II. ARGUMENT ......................................................................................................... 2
    A. Hoover's Advertising Is Relevant and Admissible to Prove Dyson's Patent Case and Affirmative Defenses ............................................................... 2
    B. Hoover's Advertising Substantiation Practices Are Relevant and Admissible ................................................................................................ 4
III. CONCLUSION ..................................................................................................... 5

## TABLE OF AUTHORITIES

Page

### CASES

*Castrol Inc. v. Pennzoil Co.*,
    987 F.2d 939 (3d Cir. 1993) ........................................................................................... 5

*Ciba-Ceigy Corp. v. Bolar Pharm. Co.*,
    747 F.2d 844 (3d Cir. 1984) ........................................................................................... 4

*Compaq Computer Corp. v. Packard Bell Elec., Inc.*,
    163 F. R. D. 329 (N.D. Cal. 1995) ................................................................................. 5

*Conopco, Inc. v. Campbell Soup Co.*,
    95 F.3d 187 (2d Cir. 1996) ............................................................................................. 4

*Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*,
    441 F. Supp. 2d 695 (M.D. Pa. 2006) ......................................................................... 3, 4

*Emco, Inc. v. Obst*,
    No. CV03-6432-R, 2004 WL 1737355 (C.D. Cal. July 29, 2004) ............................. 3, 4

*Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*,
    493 F. Supp. 73 (S.D.N.Y. 1980) ............................................................................... 3, 4

*Highmark, Inc. v. UPMC Health Plan, Inc.*,
    276 F.3d 160 (3d Cir. 2001) ........................................................................................... 4

*Hot Wax, Inc. v. Turtle Wax, Inc.*,
    191 F.3d 813 (7th Cir. 1999) ......................................................................................... 3

*Merisant Co. v. McNeil Nutritionals, LLC*,
    No. 04-5504, 2007 WL 707359 (E.D. Pa. Mar. 3, 2007) ...................................... 1, 4, 5

*Pharmacia Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.*,
    292 F. Supp. 2d 594 (D.N.J. 2003) ................................................................................ 4

DB01:2374102.1                                                                                                              063753.1002

## TABLE OF EXHIBITS

    **Page**

Excerpts from Transcript of December 7, 2006 Discovery Teleconference ...................... A

Excerpts from Transcript of February 20-21, 2007 Discovery Teleconference ................. B

Hecht Deposition Exhibit 31................................................................................................C

Excerpts from Transcript of November 9, 2006 Deposition of Russell H. Boyer, Jr..........D

Boyer Deposition Exhibit 61 ............................................................................................. E

Excerpts from Transcript of November 21, 2006 Deposition of David Baker................... F

Excerpts from Transcript of December 8, 2006 Deposition of Ralph Hake......................G

Expert Report of Daniel Miller..........................................................................................H

Expert Report of Ronald D. Battema, dated December 18, 2006........................................ I

Excerpts from Transcript of October 31, 2006 Deposition of John Balough ..................... J

Excerpts from Transcript of November 17, 2006 Deposition of Susan H. Goldsmith.......K

Unreported Opinions.......................................................................................................... L

DB01:2374102.1     063753.1002

I.  **SUMMARY OF THE ARGUMENT**

Maytag Corporation's ("Maytag") motion in limine to exclude evidence relating to the advertising and substantiation of its then-subsidiary Hoover is a stealth motion for summary judgment filed in the face of a Court order – that no summary judgment motions would be filed in this case. ███████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████

A recent district court decision within this Circuit makes clear that a Lanham Act plaintiff's advertising and claim substantiation is not only vitally relevant to prove the defendant's affirmative defenses, but also "on the issues of damages, impeachment of witnesses, and marketing and advertising practices [in the] industry." *Merisant Co. v. McNeil Nutritionals, LLC*, No. 04-5504, 2007 WL 707359 at *25 (E.D. Pa. Mar. 3, 2007).

Maytag argues that the Court should simply issue a blanket order of inadmissibility based on a discovery ruling made months ago. ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████ Indeed, Maytag's motion would preclude Dyson from using at trial documents and testimony that Maytag *has already voluntarily*

-1-

*produced* both before and after the Court's discovery ruling. Maytag's broad attempt to avoid accountability for its inequitable conduct should be rejected.

Maytag's advertising is critically relevant to this case. ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████

Moreover, Hoover's claims substantiation practices are relevant, powerful admissions that similar substantiation practices by Dyson are reliable. ███████████████

███████████████████████████████████

███████████████████████████████████

████████████ Thus, since the Court's ruling, Maytag has squarely placed Hoover's substantiation practices in issue.

## II.     ARGUMENT

### A.     Hoover's Advertising Is Relevant and Admissible to Prove Dyson's Patent Case and Affirmative Defenses

Maytag's advertising claims for Hoover products and substantiation for such claims establish that Maytag's Lanham Act claims are barred ███████████████

███████████████████████████████████

███████████████████████████████████

██████ [1] Moreover, a plaintiff's claims are barred by laches when it delays filing suit in order to engage in the very same conduct that is later the subject of its suit. *See, e.g., Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 824 (7th Cir. 1999) (laches applied where plaintiff marketed product with same misleading claim prior to suing).



---

[1] *See, e.g., Haagen-Dazs, Inc. v. Frusen Gladje Ltd.*, 493 F. Supp. 73, 75-76 (S.D.N.Y. 1980) (barring plaintiff's claim that defendant's advertising deceived customers into believing it was of Scandinavian origin because plaintiff did the same thing); *Emco, Inc. v. Obst*, No. CV03-6432-R, 2004 WL 1737355 at *5 (C.D. Cal. July 29, 2004) (barring Lanham Act claim where plaintiff was guilty of same conduct complained of); *see also Diamond Triumph Auto Glass, Inc. v. Safelite Glass Corp.*, 441 F. Supp. 2d 695, 709 (M.D. Pa. 2006).

[REDACTED] *See Ciba-Ceigy Corp. v. Bolar Pharm. Co.*, 747 F.2d 844, 855 (3d Cir. 1984); *Emco, Inc. v. Obst*, No. CV03-6432-R, 2004 WL 1737355 at *5 (C.D. Cal. July 29, 2004); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2d Cir. 1996); *Merisant,* 2007 WL 707359 at *11, 12, 19-25.

No court has held, as Maytag suggests, that a Lanham Act plaintiff's advertising is irrelevant. In the lone case cited by Maytag, *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160 (3d Cir. 2001), the court did not rule the evidence *inadmissible,* but instead admitted and considered evidence of the plaintiff's advertising. The court simply held that the evidence was not sufficient to bar a preliminary injunction. *Id.* at 174. *Highmark*, like numerous cases, stands for the proposition that a plaintiff's advertising is relevant to affirmative defenses (whether or not the defenses ultimately prevail).[3] Accordingly, Hoover's advertising is relevant and Maytag's motion should be denied.

**B.    Hoover's Advertising Substantiation Practices Are Relevant and Admissible**



---

[3] *See, e.g., Ciba-Ceigy Corp.*, 747 F.2d at 855; *Diamond Triumph*, 441 F. Supp. 2d at 709; *Emco,* 2004 WL 1737355 at *5; *Pharmacia Corp. v. GlaxoSmithKline Consumer Healthcare, L.P.*, 292 F. Supp. 2d 594, 610 (D.N.J. 2003); *Haagen-Dazs,* 493 F. Supp. at 75-76.

DB01:2374102.1    063753.1002



*See, e.g., Merisant*, 2007 WL 707359 at * 25;

*See Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F. R. D. 329, 336 (N.D. Cal. 1995); *see also Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993).

### III. CONCLUSION

For the reasons stated above, Maytag's motion to exclude evidence relating to Hoover advertising and substantiation should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

John W. Shaw (No. 3362)
C. Barr Flinn (No. 4092)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

-5-

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 30, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE 19801

I further certify that on April 30, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH 44308
>
>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL 60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>*/s/ Monté T. Squire*
>C. Barr Flinn (No. 4092)
>John W. Shaw (No. 3362)
>Monté T. Squire
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>msquire@ycst.com
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*