IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED ) 
and DYSON, INC., )
 )
Plaintiffs, )
 )
v. ) C.A. No. 05-434-GMS
 )
MAYTAG CORPORATION, ) **REDACTED –**
 ) **PUBLIC VERSION**
Defendant. )
 )

### PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT JOEL H. STECKEL REGARDING CAUSATION

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Steven F. Reich
John Libby
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York  10036
(212) 790-4500

Dated:  April 23, 2007

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

TABLE OF EXHIBITS ..................................................................................................... iii

I.    SUMMARY OF THE ARGUMENT ........................................................................... 1

II.   FACTUAL BACKGROUND .................................................................................... 1

III.  ARGUMENT........................................................................................................ 2

IV.   CONCLUSION.................................................................................................... 5

DB01:2374116.1                                                                                      063753.1002

# TABLE OF AUTHORITIES

Page

## CASES

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)..................................................................................................1, 3, 5

*FTC v. Pantron I Corp.*,
   33 F.3d 1088 (9th Cir. 1994) ...................................................................................4

*In re Paoli Railroad Yard PCB Litig.*,
   35 F.3d 717 (3d Cir. 1994).......................................................................................3

*Playtex Products, Inc. v. Procter & Gamble Co.*,
   126 Fed. Appx. 32 (2d Cir. 2005)............................................................................3

*Schneider ex rel. Estate of Schneider v. Fried*,
   320 F.3d 396 (3d Cir. 2003)......................................................................................3

*United States v. Trala*,
   162 F.Supp.2d 336 (D. Del. 2001)...........................................................................3

## OTHER AUTHORITIES

R. Oliver, *A Cognitive Model of the Antecedents & Consequences of
   Satisfaction Decisions*, J. Marketing Research, pp. 460-61 (Nov. 1980) ...............1

**TABLE OF EXHIBITS**

Tab

Richard L. Oliver, *A Cognitive Model of the Antecedents and Consequences of Satisfaction Decisions*, J. Marketing Research, pp. 460-69 (Nov. 1980) ................................A

J. Paul Peter & Jerry C. Olson, *Consumer Behavior & Marketing Strategy*, 402 *et seq.* (6th ed.) ....................................................................................................................B

Philip Kotler & Kevin L. Keller, *Marketing Management*, Part 3 *et seq.* (12th ed.) .....................C

David M. Szymanski & David H. Henard, *Customer Satisfaction: A Meta-Analysis of the Empirical Evidence*, J. Acad. Marketing Science, pp. 16-35 (2001) ........................................D

Peggy Choong, *Preventing or fixing a problem: a marketing manager's dilemma revisited*, J. Servs. Marketing, Vol. 15 No. 20, pp. 99-112 (2001) ...........................................E

Roland T. Rust, et al., *Return On Quality (ROQ): Making Service Quality Financially Accountable*, J. Marketing, Vol. 59, pp. 58-70 (1995). ......................................................... F

Richard L. Oliver, *Satisfaction: A Behavioral Perspective on the Consumer*, pp. 98-134. ...........G

Corrected Expert Report of Joel H. Steckel ...............................................................................H

Excerpts from Equifax Marketing Survey, dated April 25, 2005 ...................................................I

Excerpts from Transcript of February 12, 2007 Deposition of Itamar Simonson ...........................J

Expert Report of Itamar Simonson ...........................................................................................K

Excerpts from Transcript of February 27, 2007 Deposition of Joel Steckel ..................................L

Unreported Opinions..............................................................................................................M

DB01:2374116.1                063753.1002

## I.    SUMMARY OF THE ARGUMENT

Maytag Corporation's ("Maytag") motion to exclude certain testimony of Dr. Joel

Steckel, Dyson's causation expert should be denied. ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

## II.    FACTUAL BACKGROUND

Dr. Joel Steckel is a Professor of Marketing at New York University Stern School of

Business, and former Chair of its Marketing Department.  He has over 25 years of experience in

marketing theory, strategy and consumer choice.  He has published three books and over 30

articles on these topics. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████[1]

---

[1] *See* R. Oliver, "A Cognitive Model of the Antecedents & Consequences of Satisfaction Decisions," *J. Marketing Research*, 460-61 (Nov. 1980) (Tab A) ("As applied to satisfaction decisions, one's level of expectation about product performance, however created, can be seen as an adaptation level. . .  Postdecision deviations from the adaptation level are thought to be caused by the degree to which the product exceeds, meets, or falls short of one's expectations"); *see also* Tabs B to G (relevant excerpts from widely-used marketing textbooks and well-respected marketing journals attesting to the direct relationship between unmet pre-purchase expectations and dissatisfied consumers).



## III.   ARGUMENT

Courts must screen expert testimony to determine whether "the 'particular opinion is based on valid reasoning and reliable methodology'", but "'[t]he analysis of the conclusions themselves'" is left to the trier of fact "'when the expert is subject to cross-examination.'"

---

*United States v. Trala*, 162 F. Supp. 2d 336, 345-46 (D. Del. 2001) (internal citations omitted);

*see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993); *In re Paoli R.R. Yard*

*PCB Litig.*, 35 F.3d 717, 745-46 (3d Cir. 1994). *Daubert* and its progeny expressly state that

expert testimony does not have to obtain general acceptance or be subject to peer review to be

admitted, *see Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 406 (3d Cir. 2003)*,*

particularly on the issue of causation for purposes of assessing damages, *see Playtex Prods, Inc.*

*v. Procter & Gamble Co.*, 126 Fed. Appx. 32, 35 (2d Cir. 2005) ("In the absence of sufficient

data to conduct a regression analysis . . . [damages expert's method] sufficed as a reliable proxy

for the jury to evaluate in order to calculate lost profit[s]"). Where other factors demonstrate the

reliability of the expert's methodology, an expert opinion should not be excluded simply because

there is no literature on point." *Schneider*, 320 F.3d at 406 (internal citations omitted).





Maytag also misstates the Ninth Circuit's evidentiary holding in *FTC v. Pantron I Corp.*,

33 F.3d 1088 (9th Cir. 1994),



## IV.    CONCLUSION

For the foregoing reasons, Maytag's motion to exclude certain testimony of Dyson's

expert witness Dr. Joel Steckel regarding causation should be denied.[5]

YOUNG CONAWAY, STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*



- 5 -

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on April 30, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on April 30, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Monté T. Squire
> C. Barr Flinn (No. 4092)
> John W. Shaw (No. 3362)
> Monté T. Squire
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> msquire@ycst.com
> Attorneys for Dyson Technology Limited and Dyson, Inc.