IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) | **REDACTED –** |
| Defendant. | ) ) ) | **PUBLIC VERSION** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO.2
TO EXCLUDE MAYTAG'S INFLAMMATORY ACCUSATIONS
REGARDING DYSON INC.'S TRANSFER PRICING
<u>AGREEMENT AND RELATED EVIDENCE</u>**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
John Libby
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

Dated: April 26, 2007

## TABLE OF CONTENTS

                                                                                                  **Page**

A.    The Court Should Exclude the TPA Accusations ................................................... 1

B.    James Dyson's Personal Wealth and Corporate Control Is Inadmissible .............. 2

# TABLE OF AUTHORITIES

Page

**CASES**

*Banjo Buddies v. Renosky,*
  399 F.3d 168 (3d Cir. 2005) ............................................................................................. 2

*Dorr-Oliver, Inc. v. Fluid,*
  914 F. Supp. 210 (N.D. Ill. 1995) .................................................................................... 2

**STATUTES**

26 U.S.C. § 482 ....................................................................................................................... 1

26 C.F.R. § 1.482-1 ................................................................................................................. 1

26 C.F.R. § 1.482-5(b) ............................................................................................................ 2

**RULES**

Federal Rules of Evidence 402 ............................................................................................... 1

Federal Rules of Evidence 403 ........................................................................................... 1, 3



**A.** <u>The Court Should Exclude the TPA Accusations</u>





███ *See* 26 C.F.R. § 1.482-5(b) (transfer pricing regulation setting forth "comparable profits method" which is "based on the amount of operating profit that the tested party would have earned on related party transactions if [it were] . . . uncontrolled"). Maytag's arguments are designed to mislead the jury, are unfairly prejudicial and should be excluded.

**B.    James Dyson's Personal Wealth and Corporate Control Is Inadmissible**

███

---

[1] Maytag's reliance on *Banjo Buddies v. Renosky,* 399 F.3d 168 (3d Cir. 2005) and *Dorr-Oliver, Inc. v. Fluid,* 914 F. Supp. 210 (N.D. Ill. 1995) is misplaced, as neither of those cases purport to address transfer prices. *See* Plaintiffs' Answering Brief in Opposition to Defendant's Motion *in Limine* to Bar Evidence From Dyson's Expert Witness Laura Stamm, at pp. 4-5 (D.I. 337).

███



This meager theory of relevance, even if credited, cannot overcome the evidence's unfair prejudice.

That evidence of personal wealth and compensation is routinely excluded as unduly prejudicial is black letter law. *See* Dyson Opening Br. 3-4.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

Dated: April 26, 2007

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

# CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on May 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE  19801

I further certify that on May 3, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and to be served on May 2, 2007 on the following in the manner indicated:

>**BY E-MAIL**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH  44308
>
>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL  60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Monté T. Squire*
>C. Barr Flinn  (No. 4092)
>John W. Shaw (No. 3362)
>Monté T. Squire
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>msquire@ycst.com
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*