IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC.,<br>        Plaintiffs,<br><br>v.<br><br>MAYTAG CORPORATION,<br>        Defendant. | )<br>)<br>)<br>) Civil Action No. 05-434-GMS<br>)<br>)    REDACTED FOR PUBLIC FILING<br>)<br>) |

DEFENDANT HOOVER, INC.'S REPLY IN SUPPORT OF ITS
MOTION *IN LIMINE* TO BAR EVIDENCE RELATING TO HOOVER
ADVERTISING AND SUBSTANTIATION

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
Chicago, IL 60601
Phone (312) 558-5600
Fax (312) 558-5700

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
  Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242
Fax (330) 376-9646

Dyson's latest attempt to inject Hoover's advertising and substantiation into this case should fail for the same reasons as the previous attempts have, and Hoover's Motion to exclude the evidence of Hoover's advertising and substantiation should be granted.

I.     **FACTS AND ARGUMENT**

      A.    <u>This Court Has Ruled Numerous Times That Evidence Of Hoover's Advertisements and Substantiation Are Not Relevant To This Case</u>

B.    Dyson's Affirmative Defenses Do Not Apply

Dyson's arguments regarding their affirmative defenses are specious. First, laches and unclean hands are equitable defenses that have no application to a jury trial on claims for false advertising and damages. *See Barnes et al. v. The American Tobacco Co. et al.*, 161 F.3d 127, 146, 151 (3d Cir. 1998); *Conopco Inc. v. Campbell's Soup Co.*, 95 F.3d 187, 193 (2d Cir. 1996) (a false advertising case).

Second, with regard to Dyson's defense of unclean hands, Dyson cannot defend its own advertising by pointing to the advertising of the challenging party. *See Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173-74 (3d Cir. 2001) (rejecting unclean hands defense that challenging party had used the same term in its own advertising). Dyson contends that Highmark did not exclude evidence of alleged unclean hands. This contention is a red herring. *Highmark* involved a bench hearing on a preliminary injunction motion, so the admissibility of evidence was not a concern because there was no jury. The admissibility of such evidence is a concern in a jury trial due to the potential for confusion, and such evidence should not be admitted here since the Third Circuit in *Highmark* has squarely held that the defense cannot succeed when it is based on alleged similarities between the plaintiff's and defendant's advertising.

Dyson's reliance on *Merisant Co. v. McNeil Nutricionals*, LLC, 2007 WL 707359, *22 (E.D. Pa. Mar. 3, 2007) (Ex. B hereto) is misplaced. In that case, the court actually granted summary judgment, dismissing an unclean hands defense. It held that unclean hands requires "clear, convincing evidence of egregious misconduct," and that such a showing could not be made where the defendant was simply claiming that the plaintiff had made similar claims, *particularly* where the defendant was maintaining that its own claim is truthful.

2

Finally, Dyson has specifically argued that unclean hands is not a defense to false advertising.[1] Dyson should not be allowed to flip-flop on its position regarding unclean hands, simply depending on whether it is asserting the defense, or defending against it.

Similarly, Dyson's laches argument is baseless. Dyson does not contend that Hoover's damages claim are barred by any statute of limitations.

Furthermore, Dyson's cited cases do not support a defense of laches here. *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 824 (7th Cir. 1999) (laches allowed because plaintiff waited almost 20 years to bring its claim); *Emco, Inc. v. Obst*, 2004 U.S. Dist LEXIS, (C.D. Cal., May 7, 2004) (not even a false advertising case).

    C.    <u>Hoover's Advertising Substantiation Practices Are Not Relevant.</u>

WHEREFORE, for the reasons stated herein, Hoover respectfully requests that this Court grant Hoover's Motion *in Limine*.

---

[1] Dyson specifically made this argument in the other case pending before this Court, in which Dyson sued Hoover for false advertising. *See* Hoover's Answering Brief in Opposition to Dyson's Motion for Reargument, Docket Item 221 at 9-10, Goldberg Aff. Ex. A at 13-14. Dyson argued then: "Irrespective of whether Dyson's own suction claim is true, the Court would act in the public interest by enjoining a false advertising claim by Maytag directed to the consuming public." (citing cases) "Therefore, whether Dyson's own suction claim is true need not be addressed by this Court in order to resolve the dispute placed before it.") *Id.* Dyson cannot have it both ways.

HOOVER, INC.

Dated:  April 26, 2007

Respectfully submitted,

*/s/ Francis DiGiovanni*

Francis DiGiovanni (#3189)
James D. Heisman (#2746)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
Fax (302) 658-5614

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601
Phone (312) 558–5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
 Taylor & Weber
400 First National Tower
Akron, OH  44308
Phone (330) 376–1242

4

# EXHIBITS A-B
# HAVE BEEN REDACTED

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on April 26, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY AND E-MAIL:**

C. Barr Flinn
John W. Shaw
Adam Poff
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**BY UNITED STATES MAIL AND E-MAIL:**

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

*/s/Francis DiGiovanni*
Francis DiGiovanni (#3189)