IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO EXCLUDE TESTIMONY OF MAYTAG EXPERT YORAM ("JERRY") WIND REGARDING CONSUMER SURVEYS/MARKETING RESEARCH**


OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
John Libby
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*


Dated: April 26, 2007

## TABLE OF AUTHORITIES

**Page**

### CASES

*Church & Dwight Co., Inc. v. S.C. Johnson & Son*, 873 F. Supp. 893 (D.N.J. 1994) .......... 2

*Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208 (S.D.N.Y. 1994) .......... 2

*Johnson & Johnson-Merck Cons. Pharms. v. Smithkline Beecham*, 960 F.2d 294 (2d Cir. 1992) .......... 2

*Merisant Co. v. McNeil Nutritionals, LLC*, 2007 WL 1170635 (E.D. Pa. Apr. 12, 2007) .......... 1, 3

*Pharmacia Corp. v. GlaxoSmithKline Cons. Healthcare, L.P.*, 292 F. Supp. 2d 594 (D.N.J. 2003) .......... 2

*Pizza Hut v. Papa John's Int'l*, 227 F.3d 489 (5th Cir. 2000) .......... 1

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 614 F. Supp. 1278 (S.D.N.Y. 1985) .......... 1

## TABLE OF EXHIBITS

**Tab**

Excerpts from Transcript of November 3, 2006 Deposition of Caroline Errington .......................A

Excerpts from Transcript of February 12, 2007 Deposition of Itamar Simonson ..........................B

Excerpts from Transcript of December 4, 2006 Deposition of Kim Lundgren ..............................C

Unreported Opinion ..........................................................................................................D

Dr. Yoram ("Jerry") Wind's testimony radically departs from all accepted standards of admissible consumer deception evidence in Lanham Act cases. [redacted] Wind's *ad hoc* interpretation of such material, which would plainly be inadmissible to prove implied deception, is completely ungrounded in any articulated scientific principles or discernible methodology.

Maytag baselessly asserts that Wind's underlying data is "reasonably relied on by experts in the field" [redacted]

Consistent with a long line of cases,[1] a district court within this Circuit recently rejected expert consumer perception testimony based on third-party brand tracking studies, focus groups, Internet surveys, and other market research similar to the Dyson Brand Tracking Studies. *See Merisant Co. v. McNeil Nutritionals, LLC*, No. 04-5504, 2007 WL 1170635 at *11-18 (E.D. Pa. Apr. 12, 2007). Indeed, Wind has himself criticized the work of other litigation experts who sought to rely on survey research which, like the Studies, did not measure causality, lacked

---

[1] *See, e.g.*, *Pizza Hut v. Papa John's Int'l*, 227 F.3d 489, 503 (5th Cir. 2000); *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 614 F. Supp. 1278, 1313-14 (S.D.N.Y. 1985).

controls, and used leading questions, etc. *See, e.g.*, *Pharmacia Corp. v. GlaxoSmithKline Cons. Healthcare, L.P.*, 292 F. Supp. 2d 594 (D.N.J. 2003) (Wind criticized lack of showing of causality); *Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208 (S.D.N.Y. 1994) (Wind criticized closed-ended questions); *Johnson & Johnson-Merck Cons. Pharms. v. Smithkline Beecham*, 960 F.2d 294 (2d Cir. 1992) (criticized leading questions and lack of control group).

Maytag's argument that all requirements of proper consumer perception evidence can be ignored if the surveys were purchased and conducted for business purposes is unsupported and nonsensical. There is no "business records" exception to *Daubert* scrutiny, and surveys that use methodologies and seek conclusions that do not fit the proposed testimony must be excluded.

[redacted]

Maytag's citation to *Church & Dwight Co., Inc. v. S.C. Johnson & Son*, 873 F. Supp. 893, 910 (D.N.J. 1994), for a contrary proposition is misleading and meritless. There, the district court faced a survey prepared for the litigation to measure the implied claims at issue and that bore all the hallmarks of a properly conducted deceptive-advertising survey. *Id.* at 900-901, 907-908. The court admitted the survey despite the use of a single closed-ended question, which the defendant's expert criticized. The court based its decision, *in part* on the fact that closed-ended questions are sometimes used in business-related market research. *More importantly*, the court conducted a thorough analysis of the survey and the challenged question and concluded that the

---

[redacted]

survey as a whole was properly conducted and specifically tailored to the implied claim at issue. *See id.* at 910-911. The court did not carve out a "business study" exception to *Daubert.* [REDACTED]

[REDACTED] *Merisant Co.*, in which the court specifically rejected the proponent's argument that third-party market research was admissible merely because it was "conducted by a reputable research company that [the defendant] frequently uses." 2007 WL 1170635 at *15 ("consumer []beliefs . . . are irrelevant to this lawsuit unless the questions asked establish a nexus to [specific] advertising and marketing"). [REDACTED] any testimony based on them, should be excluded.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiffs*

Dated: April 26, 2007

**CERTIFICATE OF SERVICE**

I, Monté T. Squire, hereby certify that on May 3, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Francis DiGiovanni, Esquire
James D. Heisman, Esquire
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, DE 19801

I further certify that on May 3, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

Ray L. Weber, Esquire
Laura J. Gentilcore, Esquire
RENNER, KENNER, GREIVE, BOBAK, TAYLOR & WEBER
400 First National Tower
Akron, OH 44308

Kimball R. Anderson, Esquire
Stephen P. Durchslag, Esquire
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Monté T. Squire*
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*