IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) | **REDACTED –** |
| Defendant. | ) ) ) | **PUBLIC VERSION** |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO.5
TO EXCLUDE EVIDENCE OF MAYTAG'S IN-HOME TESTS**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
John Libby
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

Dated: April 26, 2007

## TABLE OF EXHIBITS

                                                                                                                                                     **Tab**

Excerpts from Transcript of February 15, 2007 Deposition of John Balough ............................... A

Excerpts from Transcript of April 4, 2007 Deposition of Richard S. Figliola ............................... B

Excerpts from Transcript of December 14, 2006 Deposition of Daniel Miller ............................... C



This contention is absurd. By logical extension, Maytag's experts could opine that Dyson vacuum cleaners lose suction based on their performance after vacuuming a large quantity of wet cement or after the vacuum was thrown off the roof of a building. Dyson does not claim its cleaners are indestructible (and, indeed, any such claim would be unactionable puffery).

DB01:2377282.1    063753.1002

███ They are unreliable and should be excluded.

*Second*, although Maytag contends that "novel methodologies" may be admissible (Opp. at 4), Balough's in-home tests were not merely "novel"; they were poorly run and lacked any indicia of objective protocols or good procedures. Maytag does not argue otherwise, and, in fact, there is nothing Maytag can say. ███

███ Maytag has presented no evidence to rebut the overwhelming indications of shoddy test execution, and the results should be excluded as unreliable.

*Third*, Maytag's suggestion that it is excused from offering affirmative evidence of reliability because its in-home tests are "the best we've got" is legally frivolous.[2] ███



DB01:2377282.1                                                063753.1002



What the law requires is a preponderance of the evidence that Maytag's tests are reliable. Maytag cites no such evidence, and none exists.

For all the reasons stated herein, and for the reasons set forth in Dyson's Opening Brief, Dyson's motion to exclude any evidence relating to Maytag's in-home tests should be granted.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated: April 26, 2007

DB01:2377282.1                                                                063753.1002

# CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on May 3, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE  19801

I further certify that on May 3, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
>400 First National Tower
>Akron, OH  44308
>
>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL  60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Monté T. Squire*
>C. Barr Flinn  (No. 4092)
>John W. Shaw (No. 3362)
>Monté T. Squire
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>msquire@ycst.com
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*