IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 6
TO EXCLUDE EVIDENCE OF MAYTAG'S REPEAT BIN EMPTYING TEST**

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology
Limited and Dyson, Inc.*

Steven F. Reich
John Libby
Jeffrey S. Edelstein
Tamar Feder
Christopher A. Cole
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Dated: April 26, 2007

## TABLE OF EXHIBITS

                                                                                                                              **Tab**

Excerpts from Transcript of December 14, 2006 Deposition of Daniel Miller ............................... A

Excerpts from Transcript of February 19, 2007 Deposition of Ronald D. Battema ....................... B

Exhibit No. 5 from Battema Expert Report ............................................................................................ C

FIGLIOA00546 (Photograph) ................................................................................................................. D

FIGLIOA00589 (Photograph) ................................................................................................................. E

DYS528253-55 ........................................................................................................................................... F

Maytag's principal response to Dyson's motion in limine is *not* that its Repeat Emptying Test is reliable, but merely that *no other* test method was suitable, and therefore Maytag's test "had to be employed." (Opp. at 5) (D.I. 353) A test that "had to be employed," surely, would not have made its debut months after the close of expert discovery or years after Maytag contends it knew Dyson's claims were false. ███████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████ The test, and any related testimony, should be excluded.

## ARGUMENT

Maytag's core defense of its Repeat Emptying Test – that there was no other lab test available – is revisionist history. ███████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

-2-



Only after years of competition from Dyson and months past the end of expert discovery did Maytag feel compelled to devise a new test.

Most importantly, Maytag now fails to offer *any* evidence that its new Repeat Emptying Test is reliable. Despite numerous references to "correlation to home use," Maytag has not demonstrated that its Repeat Emptying Test is remotely meaningful to the consumer experience.



For the foregoing reasons, Dyson's motion to exclude Maytag's Repeat Emptying Test and any related evidence should be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Monté T. Squire*

Monté T. Squire (No. 4764)
The Brandywine Building, 1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Plaintiffs*

Dated: April 26, 2007

# CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on May 3, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>James D. Heisman, Esquire
>CONNOLLY BOVE LODGE & HUTZ LLP
>The Nemours Building – 8th Floor
>1007 N. Orange Street
>Wilmington, DE  19801

I further certify that on May 3, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL**
>
>Ray L. Weber, Esquire
>Laura J. Gentilcore, Esquire
>RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
>400 First National Tower
>Akron, OH  44308
>
>Kimball R. Anderson, Esquire
>Stephen P. Durchslag, Esquire
>WINSTON & STRAWN LLP
>35 W. Wacker Drive
>Chicago, IL  60601-9703

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Monté T. Squire*
>C. Barr Flinn  (No. 4092)
>John W. Shaw (No. 3362)
>Monté T. Squire
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>msquire@ycst.com
>*Attorneys for Dyson Technology Limited and Dyson, Inc.*