UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 05-434-GMS |
| MAYTAG CORPORATION, | ) ) |
| Defendant. | ) |

MOTION FOR LETTERS OF REQUEST TO THE JUDICIAL AUTHORITY
IN THE UNITED KINGDOM

**TO THE HONORABLE COURT:**

**NOW APPEARS** Defendant/Counterclaim Plaintiff Maytag Corp.[1], through its undersigned counsel, and respectfully moves this Court to issue Letters of Request directed to the appropriate judicial authority in the United Kingdom, The Masters' Support Unit, Royal Courts of Justice, Strand London WCA 2LL, England, for the production of documents and giving of testimony from Matthew ("Mat") Burgess. This application is made pursuant to, and in conformity with, The Hague Convention on the Taking of Evidence in Civil or Commercial Matters, T.I.A.S. 7444, 23 Z.U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781 (the "Hague Evidence Convention"), which is in force between the United States and the United Kingdom.

At a discovery hearing held on April 19, 2007, this Court granted Maytag permission to take the deposition of Mr. Burgess. *See* Apr. 19, 2007 Tr. at 21-22. At that time, Dyson's counsel represented to Maytag and the Court that Mr. Burgess was employed by Dyson in the

---

[1] Subsequent to the filing of the complaint and counterclaims in this case, substantially all of the assets and liabilities of The Hoover Company, which was operated as a division of The Maytag Corporation at the time of suit, were sold to a newly formed corporation called "Hoover, Inc." and to entities owned by Hoover, Inc., including Hoover General LLC, Hoover Limited LLC and Hoover Partnership L.P. On March 13, 2007, Hoover filed a motion seeking leave to join these additional entities to whom its interest in the floor care business (along with the interest of its subsidiaries) was transferred, effective January 31, 2007.

1

process improvement department. *See id.* at 28. Subsequent to that hearing, as Maytag was attempting to arrange the deposition, Maytag learned that Mr. Burgess was no longer employed by Dyson, and that Mr. Burgess would not voluntarily submit to a deposition. Accordingly, this motion became necessary.

Counsel for Maytag has conferred with counsel for Dyson. Counsel for Dyson has indicated that it will file a memorandum with the Court in response to this Motion.

In support of this Motion, Maytag states as follows:

1. As the Court is aware, Maytag seeks an injunction and damages against Dyson related to the packaging and advertising of certain models of its upright vacuum cleaners. Maytag claims that Dyson, through various marketing campaigns, has made false and misleading statements as to the suction power, cleaning efficiency, and design and performance capabilities of certain models of its upright vacuums.

2. Maytag seeks the aid of this Court in obtaining the evidence and testimony of Mr. Burgess, a former Dyson employee. It is believed that Mr. Burgess has documents and information that are relevant to the issues at hand. Mr. Burgess has knowledge regarding the testing of Dyson's U.S. vacuum cleaners, a central issue in this litigation that will shed light on Dyson's vacuum cleaners' suction power, cleaning efficiency, and design and performance capabilities.

3. On December 6, 2006, this Court granted Maytag's unopposed motion to issue letters of request to Matthew Kitchin. On October 20, 2006, this Court allowed Maytag's requests for foreign discovery to the following United Kingdom entities: BSI, HI Europe, Frazer Nash Consultancy Ltd., Miles Calcraft Briginshaw, and Walker Media. This Court has also previously allowed foreign discovery under 28 U.S.C. § 1781 following a showing of the

necessity of the discovery. *See also Tulip Computers Intl B.V. v. Dell Computers Corp.*, 254 F.Supp.2d 469, 474 (D. Del. 2003) (relating to foreign discovery pursuant to Hague Evidence Convention).

    4.    Mr. Burgess was identified during discovery in this litigation, including in the deposition testimony of Matthew Kitchin.

    5.    Maytag believes that the information and testimony requested will be critical to proving the allegations it has proffered in these proceedings in that they will show, among other things, that Dyson's statements regarding its vacuum cleaners' suction power, cleaning efficiency, and design and performance capabilities are false or misleading.

**THEREFORE, MAYTAG RESPECTFULLY REQUESTS:**

    A.    That the Court issue, and cause to be certified by the Clerk of the U.S. District Court for District of Delaware, Letters of Request addressed to the "Appropriate Judicial Authority in the United Kingdom," The Masters' Support Unit, Royal Courts of Justice, Strand, London WCA 2LL, England;

    B.    That said Letters of Request be issued in the form attached herewith as Exhibit A, requesting the summoning of Mr. Mat Burgess, by said United Kingdom's proper and usual process for summoning of production of documents and providing testimony, and that Maytag be permitted to proceed with the summoning of production of documents and the taking of the deposition.

Respectfully submitted,

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141

*Attorneys for Maytag Corporation*

Dated: May 15, 2007

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on May 15, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>C. Barr Flinn
>John W. Shaw
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

I further certify that on May 15, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail on the following counsel of record:

>Richard C. Pepperman, II
>James T. Williams
>Keith McKenna
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, NY 10004
>
>Steven F. Reich
>Jeffrey S. Edelstein
>Manatt, Phelps & Phillips, LLP
>7 Times Square
>New York, NY 10004

>/s/ Francis DiGiovanni
>Francis DiGiovanni (#3189)