# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DYSON TECHNOLOGY LIMITED** and **DYSON, INC.**, | ) ) |
| Plaintiffs, | ) ) |
| | ) **Civil Action No. 05-434-GMS** |
| **MAYTAG CORPORATION,** | ) ) |
| Defendant. | ) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

1. This Request is being made by the United States District Court for the District of Delaware, the Honorable Gregory M. Sleet, presiding. The United States District Court for the District of Delaware is located at 844 N. King Street, Wilmington, DE 19801.

2. This Request is being made to the Central Authority of the United Kingdom, The Masters' Support Unit, Royal Courts of Justice, Strand, London WCA 2LL, England.

3. A copy of the executed Request should be returned to the English Solicitors for Maytag Corporation ("Maytag").

> Jamie Harrison
> Winston & Strawn London
> 99 Gresham Street
> London EC2V 7NG
> United Kingdom

4. In conformity with Article 3 of the Hague Convention: of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention").

   (a) The requesting judicial authority is the United States District Court for the District of Delaware, the Honorable Gregory Sleet, presiding (the "Requesting Authority.")

(b) The competent authority is the Masters' Support Unit Royal Courts of Justice, Strand, London WC2A 2LL, England ("The Competent Authority.")

5. This case is a civil proceeding pending before the Requesting Authority. The Requesting Authority seeks the assistance of the High Court to obtain oral testimony and documentary evidence for use at the trial of this action, from the following individual known to be residing in the United Kingdom.

> Matthew Burgess
> Solarcentury
> 91-94 Lower Marsh
> Waterloo
> London SE1 7AB
> United Kingdom

6. The Plaintiff, Dyson Technology Limited, is located at Tetbury Hill, Malmesbury, England, Wilshire SN16 ORP and is represented by the following counsel:

> Garrard R. Beeney
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004
>
> Steven F. Reich
> Manatt, Phelps, Phillips LLP
> 7 Times Square
> New York, NY 10004
>
> C. Barr Flinn
> Young Conaway Stargatt & Taylor LLP
> 1000 West Street
> Wilmington, DE 19899

7. The Defendant, Maytag, is located at 240 Edwards Street, Cleveland, TN 37311, and is represented by the following counsel:

> Stephen P. Durchslag
> Winston & Strawn LLP
> 35 West Wacker Drive
> Chicago, IL 60601

Ray L. Weber
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, OH 44308

Francis DiGiovanni
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899

**Nature and Purpose of the Proceedings**

8.    This is a proceeding originally brought by the plaintiff/counter-defendant, Dyson Technology Limited, and Dyson, Inc. ("Dyson") as a patent infringement action on June 27, 2005. The defendant/counter-plaintiff, Maytag Corporation ("Maytag") filed a counterclaim on August 1, 2005, asserting that the plaintiff engaged in false packaging and advertising relating to certain models of its upright vacuum cleaners. A copy of the complaint and counterclaims is attached hereto as Exhibit 1. The parties are currently engaged in discovery proceedings.

9.    In its counterclaims, Maytag asserts that Dyson has made false and misleading statements in connection with its packaging and advertising of the DC07, DC14, and DC15 upright vacuum cleaners. Specifically, Maytag claims that plaintiffs marketing campaigns make false and misleading claims as to the suction power, cleaning efficacy and design and performance capabilities of its upright vacuums. Maytag further claims that Dyson's advertising is false and misleading because in fact, plaintiffs vacuum cleaners do not have the suction power, cleaning efficacy or design and performance capabilities claimed in its advertising and marketing campaigns.

10.    Additionally, Maytag claims that Dyson's packaging and advertising, claiming that other vacuums do not work properly is false and misleading. Maytag claims that Dyson's

3

marketing campaign in this regard falsely communicates to consumers that other vacuum cleaners, including Maytag's Hoover WindTunnel upright vacuum cleaner, do not work properly.

**The Evidence to be Obtained**

11.  The evidence requested herein consists of oral testimony under oath or affirmation of the following witness who is a former Dyson employee in relation to the matters set out below in paragraph 13 and the production by him of documents for inspection and photocopying in relation to the matters set out below in paragraph 14.

12.  The witness, Mr. Burgess was identified during discovery in this litigation, including in the testimony of Matthew Kitchin, who was the subject of a prior request for international judicial assistance to the Central Authority of the United Kingdom.  The testing of Dyson's U.S. vacuum cleaners is a central issue in this litigation in that it will shed light on Dyson's vacuum cleaners' suction power, cleaning efficiency, and design and performance capabilities.

**Subject matter about which this witness will be examined**

13.  Maytag requests that Mr. Burgess be examined on the following topics for use at trial:

> (1) the efficacy of Dyson upright vacuum models DC07, DC14 and DC15 that were sold in the United States, including but not limited to cleaning effectiveness and suction ability;
>
> (2) the comparison of Dyson upright vacuums sold in the United States with other upright vacuums sold in the United States;

(3) testing requested by, performed by, or supervised by, Mr. Burgess at the request of Dyson related to Dyson's DC07, DC14 and DC15 upright vacuums sold in the United States OR related to any Maytag or Hoover upright vacuum sold in the United States, including without limitation the tests themselves, the protocols used, all correspondence between Mr. Burgess and other Dyson employees or any party performing the test; any internal memoranda addressing, discussing, or commenting in any way upon the study, test, or protocol, underlying data, laboratory notebooks, reports, or notes;

(4) information concerning the accuracy, validity, reliability, repeatability, reproducibility, benchmarking or measurement error of any testing process or procedure for upright vacuums sold in the United States and used in any testing done at the request of Dyson for upright vacuums sold in the United States; and

(5) information related to International Electrotechnical Committee ("IEC") or ASTM International ("ASTM") protocols for testing upright vacuum cleaners as related to Dyson upright vacuums sold in the United States.

**Documentary evidence to be produced by the witness**

14. Given the relevance to the proceedings of the testing of Dyson's US vacuum cleaners, and his direct involvement with the same, Maytag also requests that Mr. Burgess produce for inspection and photocopying all documents in his possession, custody or power relating to each of the matters set out in paragraph 13 (1) to (5) above, for the period January 1, 2002 through August 21, 2005.

**Procedures to be Followed**

15. It is respectfully requested, with respect to the examination of Mr. Burgess:

      (a)    An examiner or other appropriate judicial officer of England direct that the witness be duly sworn and/or given an oath a affirmation in accordance with the applicable procedure under English law and that his testimony be taken orally and be recorded verbatim and transcribed in writing and that the transcript of the testimony be authenticated. It is also requested that the witness sign the transcript of his testimony and that the signed, transcribed testimony together with any documents marked as exhibits be transmitted to Dyson's representative at the examination or as soon as possible thereafter;

      (b)    It also be requested that such Counsel for the parties to the action, their agents, and/or English Counsel on behalf of the witness as are agreed between the parties be permitted to attend the examination.

16.    With regard to the documents requested in paragraph 14 above, if Mr. Burgess contends that the contents of a document requested to be produced for inspection and copying are protected from disclosure by virtue of a privilege, it is intended and requested that he shall nevertheless provide a description of the document in question which shall include, with respect to each document:

    i.   Each privilege he contends protects the document from disclosure;

    ii.   The facts upon which he relies to support the claim of privilege;

    iii.  An identification of the type of document (e.g., letter, memorandum, telegram, telefax, notes or memoranda of telephone conversations, etc.);

    iv.  The date of each document or when it was created;

    v.   The author(s) of each document;

    vi.  The person or persons to whom each document was directed;

    vii. The person or persons to whom copies of each document were supplied;

      viii.    The person or persons who received or obtained copies of each document; and

      ix.    The general subject matter of each document.

**Request for notification of the times and place for execution of the Requests**

17.    It is requested that Mr. Burgess give his testimony within 10 days of service of this Letter of Request at such place and at such time as shall be agreed between Mr. Burgess and the parties, at the address below:

> Winston & Strawn London
> 99 Gresham Street
> London
> EC2V 7NG
> United Kingdom

18.    It is requested that the documents be produced or made available by Mr. Burgess to the attention of the following within 10 days of the service of this Letter of Request:

> Jamie Harrison
> Winston & Strawn London
> 99 Gresham Street
> London EC2V 7NG
> United Kingdom

**Fees**

19.    The fees and costs incurred which may be reimbursable under the second paragraph of Article 14 of the Hague Evidence Convention and the fees and costs occasioned by the use of the special procedure requested in Article 26 of the Hague Evidence Convention being the fees and costs in connection with the execution of this Letter of Request, for the service of process necessary to secure the testimony and documents requested will be borne by the defendant.

20.     This Letter of Request is made this _____ day of _____, 2007 by the undersigned requesting court, the United States District Court for the District of Delaware, Delaware, United States.

 

> _____
> The Honorable Gregory M. Sleet
> United States District Judge