2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., <br><br>　　　　　Plaintiffs, <br><br>　　　v. <br><br> HOOVER, INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P. AND MAYTAG CORPORATION, <br><br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 05-434 (GMS)

## VOIR DIRE

Good morning, ladies and gentlemen, I am about to ask you a series of questions that we call *voir dire*. The purpose of the *voir dire* examination is:

(a)　to enable the court to determine whether or not any prospective juror should be excused for cause;

(b)　to enable counsel for the parties to exercise their individual judgment with respect to peremptory challenges – that is, challenges for which counsel need not give a reason.

- **Staff introduced.**

- **Panel sworn.**

If any of you would answer "yes" to any of these questions, I would ask you to stand up and, upon being recognized by me, to state your number. At the end of the questions, I will ask those who have responded "yes" to any of the questions to come to sidebar (that is, up to the bench next to me) with counsel for the parties to discuss your answers.

This case is expected to take 5 days to try. The schedule that I expect to maintain over those 5 days will be as follows:

We will normally begin the day at 9:00 a.m. promptly. We will go until 1:00 p.m. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 p.m. There will be a fifteen minute break at 11:00 a.m. and another fifteen minute break at 3:15 p.m. One exception to this schedule may occur when the case is submitted to those of you who are selected to serve as jurors for your deliberation. On that day, the proceedings might last beyond 4:30 p.m. We will post a copy of this schedule for the jury's convenience in the jury deliberation room.

1. Does the length of this trial or the schedule contemplated by the court present a special problem to any member of the panel?

**DESCRIPTION OF THE CASE**

This case is an action for patent infringement arising under the patent laws of the United States. The plaintiffs in this case are Dyson, Inc. and Dyson Technology Ltd~~Co~~. (or simply Dyson). The defendants in this case are Maytag Corp., Hoover, Inc., Hoover General, LLC, Hoover, Ltd. LLC, or Hoover Co., IPC (or simply Hoover). For those of you selected to serve as jurors, I will give you more detailed instructions regarding the meaning of the word infringement once you are sworn-in as jurors and again at the conclusion of the trial. For now, I will simply tell you that Dyson is accusing Hoover of infringing three~~wo~~ of Dyson's patents by making, using, selling or offering for sale in the United States certain vacuum cleaners under the brand name ~~the Hoover WindTunnel and~~ the Hoover Fusion. Dyson seeks damages for this alleged infringement. Hoover denies that it infringes Dyson's patents.

2. Has any member of the panel heard or read anything about this case?

3. Have you or any member of your immediate family (spouse, child, parent or sibling) ever been employed by the parties – the, plaintiffs, Dyson, Inc. or Dyson Technology Ltd., or the defendants Maytag Corp., Hoover, Inc., Hoover General, LLC, Hoover, Ltd. LLC, or Hoover Co., IPC?

4. Have you or any member of your immediate family ever owned stock or had any financial~~a~~ interest in any of these companies?

5. Have you or any member of your immediate family ever had a business relationship of any kind with any of these companies?

6. Have you or any member of your immediate family had any negative or positive experience with the products of any of these companies~~—including, but not limited to, Dyson or Hoover vacuum cleaners—specifically, the Dyson Animal, Dyson Ball, Dyson DC07, 14, 15 or 17, the Hoover WindTunnel or Hoover Fusion~~?

• **Counsel will be asked to introduce themselves, their firms, etc.**

7. Does any member of the panel, or your immediate family, know any of the attorneys involved in the case or have you or any of your immediate family had any business dealings with or been employed by any of these attorneys or their respective law firms?

- **Counsel will be asked to read names of potential witnesses.**

8. Does any member of the panel know or is any member of the panel familiar with any of the prospective witnesses?

9. Have you or any member of your immediate family ever been employed by the United States Patent and Trademark Office ~~or the United States Department of Commerce~~?

10. Do you hold any opinions about the U.S. Patent and Trademark Office ~~or the U.S. Department of Commerce~~ that might keep you from being a fair and impartial juror?

11. Do you have any opinions about the relationship between patents and the public interest that might keep you from being a fair and impartial juror?

12. Have you or any member of your immediate family ever had an experience with patents or the patent system that has resulted in feelings that might keep you from being a fair and impartial juror?

~~13. Do you or any member of your immediate family work or have you or any member of your immediate family worked in advertising or marketing?~~

~~13. Do you have a belief, one way or the other, that all advertising is either true or false or do you have other beliefs about advertising that might keep you from being a fair and impartial juror?~~

~~14. Do you have any negative feelings about companies that advertise or market generally or those that advertise and market vacuum cleaner products in particular?~~

~~16.~~ ~~Have you or any member of your immediate family been trained as an economist or accountant?~~

~~17.~~13. Would th~~at~~e fact that there are foreign companies involved in this case prevent you from being a fair and impartial juror?

~~18.~~14. Do you have any opinions or views of the British or companies that are headquartered in England that might prevent you from being a fair and impartial juror?

~~19.~~15. Would the extent of negative publicity currently and in the recent past concerning the honesty and integrity of corporations prevent you from being a fair and impartial juror?

~~20.~~16. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

~~21.~~ 17. Have you or has anyone in your immediate family ever participated in a lawsuit as a party or in any other capacity (such as a plaintiff, defendant, or witness)?

~~22.~~ 18. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law you may have or that you may have encountered in reaching your verdict?

~~23.~~ 19. Is there any member of the panel who has any special disability or problem that would make serving as a member of the jury difficult or impossible?

~~24.~~ 20. Having heard the questions put to you by the court, does any other reason suggest itself to you as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?