IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED<br>and DYSON, INC.,<br>　　　Plaintiffs,<br>v.<br><br>MAYTAG CORPORATION, et al.,<br>　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 05-434 GMS<br>)<br>) REDACTED FOR PUBLIC FILING<br>)<br>) |

**DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO DYSON'S MOTION FOR
LIMITED RELIEF FROM THE PROTECTIVE ORDER**

Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
Chicago, IL 60601
Phone (312) 558-5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
　Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

Table of Authorities..................................................................................ii

INTRODUCTION.....................................................................................1

BACKGROUND.......................................................................................1

ARGUMENT.............................................................................................3

      A.    Hoover relied on the Protective Order and Dyson failed to seek modification of the Protective Order during the time the litigation was pending..............................................................3

      B.    Dissemination of Hoover confidential information will unquestionably harm Hoover........................................................4

      C.    Confidential non-public information related to testing standard committees should be protected from disclosure...................7

      D.    Dyson's motion does not promote fairness and efficiency in this case; rather, Dyson's motion is an abuse of the discovery process..................................................................................8

      E.    Dyson's motion does not promote a public interest............................8

CONCLUSION..........................................................................................9

## TABLE OF AUTHORITIES

                                                                                 **Page**

**Cases**

*Arnold v. Pennsylvania Dept. of Transportation*, 477 F.3d 105 (3rd Cir. 2007)...................... 6, 11

*Pansy v. Borough of Stoudsburg*, 23 F.3d 772 (3rd Cir. 1994) ....................................................... 7

I.  **INTRODUCTION**

Defendants/Counter-Claim Plaintiffs (collectively "Hoover") submit this Answering Brief in opposition to the Motion for Limited Relief from the Protective Order filed by Plaintiffs/Counter-Claim Defendants (collectively "Dyson").

Hoover's basis for opposition is straightforward. While Hoover does not oppose limited relief from the Protective Order, it opposes the breadth of relief sought by Dyson in its current motion. Under Dyson's proposed Order, Hoover would needlessly be required to de-designate documents containing, among other things, Hoover's highly confidential advertising, testing, and litigation strategy. Disclosure of these documents would undoubtedly cause Hoover competitive injury. Additionally, Dyson's motion seeks carte blanche authority to disseminate confidential documents to whomever it chooses. Under settled precedent, the Court should deny Dyson's motion as it is overly broad and unreasonable.

II.  **BACKGROUND**

In its Opening Brief, Dyson asks the Court to modify the Protective Order and remove the confidentiality designation from certain documents that Dyson alleges it needs to disclose to "Dyson personnel." *See* Dyson's Opening Brief at 7. According to Dyson, this disclosure is necessary in order to assess whether Mr. Grahame Capron-Tee, Hoover's former consultant and expert, has damaged Dyson by allegedly violating ethical and fiduciary duties to Dyson. *See* Dyson Opening Brief at 1. Specifically, Dyson asserts that it needs to de-designate the documents "in order to assess the potential harm it has suffered, the potential remedies available to Dyson, and the impact on Mr. Capron-Tee's role in regulatory bodies before which Dyson appears." *Id.* at 2.

In response to Dyson's motion, Hoover contacted Dyson's counsel and offered to agree to expand the scope of the Protective Order so that Dyson could share the documents at issue with Dyson personnel. Hoover offered the following:

> We [Hoover] suggest that instead of de-designating certain documents, the parties instead agree to broaden the scope of who may see the documents at issue. Specifically, paragraph 11 of the Confidentiality Stipulation and Protective Order permits the parties to broaden the scope of disclosure upon agreement. As such, we would agree to permit specific Dyson personnel, whom Dyson would need to first identify, to review the documents at issue. These individuals would then be permitted to see the documents, provided that any information concerning Hoover internal strategy be redacted.

*See* Affidavit of Lisa J. Parker ("Parker Aff.") at Ex. A, Ltr. from S. Durchslag to S. Reich, dated June 8, 2007. In response, Dyson asserted that Hoover's proposal was "unacceptable." *Id.* at Ex. B, E-mail from J. Shaw to L. Parker, dated June 14, 2007. Further, in responding, Dyson for the first time admitted that it sought to show de-designated documents not only to Dyson personnel, but also to unidentified third-parties. *Id.* ("Those proposals are unworkable, because they do not permit usage of documents at issue with third parties, and because we do not yet know the universe of persons who may need to see the documents at issue, among other things.") In addition to the above proposal, Hoover pointed out to Dyson that the individuals Dyson cites to in its Opening Brief—Dyson's in-house counsel, outside counsel, and Dyson's standards-and-testing employee, James Widdowson—already have access to the documents. *Id.* at Ex. A, Ltr. from S. Durchslag to S. Reich, dated June 8, 2007. Further, in an effort to reach compromise, Hoover agreed to de-designate the Hoover documents requested by Dyson, providing that Dyson redact Hoover confidential information. Dyson ignored Hoover's proposal.

Dyson's request is unreasonable and overly broad. Dyson's motion seeks unlimited authority to disseminate confidential documents to whomever it chooses. Dyson has made no effort to identify the parties to whom it wishes to disclose the confidential documents. Dyson

has not responded to Hoover's proposal to redact Hoover's confidential information from the documents at issue. Dyson has not even considered the different factors at issue when seeking to modify a Protective Order. For these reasons and those set forth herein, Dyson's motion should be denied.

## ARGUMENT

Dyson's Opening Brief discusses in detail the various reasons why Dyson believes Hoover's former consultant and expert, Grahame Capron-Tee, may have violated any fiduciary and ethical obligations to Dyson. However, Dyson wholly fails to come forward with a reason (besides its interest in possibly prosecuting Mr. Capron-Tee) for the Court to modify the Protective Order as outlined by the Third Circuit. *Arnold v. Pennsylvania Dept. of Transportation*, 477 F.3d 105, 108-09 (3rd Cir. 2007). Dyson has failed to explain why the Court, after weighing a variety of factors, should de-designate thousands of pages of documents and permit them to be disclosed to the general public. In reviewing the factors to be addressed by the Court, it is clear that Dyson's motion must fail.

### A. Hoover relied on the Protective Order and Dyson failed to seek modification of the Protective Order during the time the litigation was pending

During the 21 months this case was pending, Dyson never requested that the Court de-designate documents containing Hoover's confidential information, even though many of the documents at issue were produced early on in the litigation. As such, Hoover relied on the fact that the confidential documents it produced during the litigation would be protected from disclosure. Now that the instant litigation has concluded and Dyson wants to potentially pursue claims against Hoover's former consultant and expert, Mr. Capron-Tee, Dyson seeks to discount the long-standing Protective Order. Dyson's desire to side-step the Protective Order and use Hoover's confidential documents as a launching pad for a potential new lawsuit is completely

3

inappropriate. The Court, in making its decision, should take into account that Hoover and other parties relied on the Protective Order, which Dyson never questioned for almost two years. *See Pansy v. Borough of Stoudsburg*, 23 F.3d 772, 789-90 (3rd Cir. 1994) ("In determining whether to modify an already-existing confidentiality order, the parties' reliance on the order is a relevant factor.")

### B. Dissemination of Hoover confidential information will unquestionably harm Hoover

In its motion, Dyson for the first time asserts to the Court that the Hoover documents at issue do not contain Hoover confidential information and all confidentiality designations should be removed. *See* Dyson Opening Brief at 2. Simply put, Dyson's assertion is wrong and a grant of the relief sought by Dyson would cause great harm to Hoover. The documents Dyson seeks de-designation of are replete with confidential and sensitive information. The following are representative samples of such types of documents.

For example, the documents include internal Hoover correspondence concerning advertising, research and development, product pricing, and marketing strategy aimed at competing against Dyson in the U.S. marketplace. *See* Aff. of L. Parker at Ex. C, MAY073463



Ex. D, MAY032137

Ex. E, MAY031780    REDACTED

Ex. F, MAY032506

Ex. G, MAY002755

4

Ex. H, MAY002067

The documents also include discussions of Hoover highly confidential testing and high-level meetings. *Id.* at Ex. I, MAY061309 and Ex. J, MAY028602

*Id.* at Ex. K, MAY031282

**REDACTED**

*Id.* at Ex. L, MAY023407

Ex. M, MAY021565

Dyson's motion also seeks disclosure of communications between Mr. Capron-Tee and Winston & Strawn (Hoover's litigation counsel) related to this litigation. Such documents contain

**REDACTED**

For obvious reasons, Dyson's motion, which seeks to make the information outlined above publicly available, is completely out of line. In other words, Dyson's motion would make Hoover's confidential commercial information, competitive strategy and legal analysis available to the general public. Such disclosure will cause Hoover competitive injury and potential embarrassment as Hoover's impressions and strategic response concerning its competition would be made available to Dyson employees and unknown third-parties.

Significantly, Dyson is not even able to tell Hoover or the Court who would have access to the documents if they were de-designated. *Id.* at Ex. B, E-mail from J. Shaw to L. Parker, dated June 14, 2007 ("... we do not yet know the universe of persons who may need to see the documents at issue..."). Regardless, in an effort to compromise, Hoover agreed that it would consent to de-designation if Dyson redacted Hoover confidential information. As a starting point, Hoover sent Dyson the "Maytag" documents at issue with Hoover confidential information redacted. Dyson ignored Hoover's suggested redactions.

Clearly, Dyson's motion is vastly overbroad and the relief it seeks could readily be tailored to balance both Dyson's stated interest in possibly pursuing action against Mr. Capron-Tee along with Hoover's interest in protecting its sensitive documents. The current breadth of Dyson's proposed Order wholly fails to accomplish any such balancing.

### C. Confidential non-public information related to testing standard committees should be protected from disclosure

In addition to Hoover's confidential documents, Dyson also seeks to de-designate documents produced by a third-party, Compliance Consulting Inc. *See* Exhibit C to Dyson's Opening Brief. Dyson also seeks to de-designate all exhibits to Mr. Capron-Tee's depositions, some of which include documents produced by Compliance Consulting as well as actual standards group meeting minutes. *See* Aff. of L. Parker at Ex. P, CCI013809 (also Ex. 32 to Grahame Capron-Tee 4/5/07 deposition). These documents include communications by members of committees that develop testing standards for vacuums both domestically and internationally. These internal communications among committee members were not intended for general public use, but were part of the committee members' efforts to develop various testing standards. If these types of communications are publicly disseminated, it may have a chilling effect on committee members freely speaking their minds in developing and discussing the standards. Dyson's desire to share these documents with unknown third-parties should not outweigh the interest of these committees to develop testing protocols used by vacuum cleaner companies and relied on by consumers. Moreover, Compliance Consulting and other third-parties submitted their documents in reliance on the Protective Order, which prevented their documents from public disclosure. Now that the litigation has ended, Dyson seeks to reverse that order and use the confidential documents for their own purposes. This is inappropriate.

### D. Dyson's motion does not promote fairness and efficiency in this case; rather, Dyson's motion is an abuse of the discovery process

When a case has settled, as is the situation in this instance, there is no benefit to the court or to the litigants in modifying the Protective Order. *See Arnold*, 477 F. 3d at 110. Rather, only Dyson would benefit from the unfettered disclosure of the documents it seeks to have de-designated, while Hoover and other parties would be harmed. Moreover, Dyson's motion is an abuse of the discovery process. If Dyson ultimately files a lawsuit against Mr. Capron-Tee, it should seek information through discovery or subpoenas for documents. However, Dyson refuses to take the standard route and instead seeks to use documents from this litigation which have nothing to do with whether Mr. Capron-Tee breached a duty to Dyson. Dyson's motion is an abuse of discovery and does not promote efficiency or fairness.

### E. Dyson's motion does not promote a public interest

A court in deciding whether to modify a Protective Order must consider various factors related to the public interest. *See Arnold*, 477 F. 3d at 108. Namely, the Court should consider: whether the information sought is important to public health or safety; whether the party benefiting from the order is a public entity or official; and whether the case involves issues important to the public. *Id.* In this instance, none of the parties are public entities and Dyson has made no arguments that its motion will serve the public good. To the contrary, Dyson's Opening Brief outlines how Dyson, and Dyson alone, would benefit from the Court granting the motion. *See* Dyson Opening Brief at 9. There is absolutely no benefit to the public interest by granting Dyson's motion.

## CONCLUSION

In sum, Dyson has presented to the Court a motion which is incorrectly titled as a Motion for *Limited* Relief from the Protective Order. In reality, Dyson's motion seeks broad relief from the Protective Order. Dyson seeks relief that, if granted, would permit Dyson to share Hoover's confidential information with whomever it chooses. This information includes competitive intelligence, marketing strategies, and litigation analyses, which if disclosed would cause harm to Hoover and other parties. Despite Hoover's efforts, Dyson has failed to tailor its request by either identifying to whom the documents would be shared or by permitting Hoover to redact confidential information from the documents at issue. While the relief sought in the motion potentially may benefit Dyson, the motion is an abuse of the discovery process, will cause great harm to Hoover and other parties, will have no benefit to the public and surely does not create greater efficiency for the Court. For the above reasons, Hoover respectfully requests that the Court deny Dyson's motion.

Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600

                                                 Ray L. Weber
                                                 Renner, Kenner, Greive, Bobak, \
                                                     Taylor & Weber
                                               400 First National Tower
                                               Akron, OH  44308
                                               Phone (330) 376-1242

                                               *Attorneys for Defendants*

Dated:  June 20, 2007

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on June 20, 2007, copies of the foregoing document were served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY AND E-MAIL:**

C. Barr Flinn
John W. Shaw
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**BY UNITED STATES MAIL AND E-MAIL:**

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Steven F. Reich
Jeffrey S. Edelstein
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10004

Francis DiGiovanni (#3189)