IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| HOOVER, INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P. AND MAYTAG CORPORATION, | ) ) ) ) ) | **REDACTED – PUBLIC VERSION** |
| Defendant. | ) ) ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY
IN OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED RELIEF
FROM THE PROTECTIVE ORDER**

Plaintiffs Dyson Technology Limited and Dyson Inc. (collectively, "Dyson") respectfully

oppose Defendants' ("Hoover") Motion for Leave to File a Sur-Reply[1] on the following grounds:

1.      A sur-reply is not warranted because Dyson did not improperly raise new

arguments in its Reply Brief. *Mansoori v. Lappin*, 2007 WL 401290 at *1 (D. Kan. Feb. 1,

2007) (sur-reply only appropriate under "rare circumstances" where moving party improperly

raises new arguments in reply brief).  Rather, Dyson's Reply Brief simply responded to the

arguments in Hoover's Answering Brief.  *Lightfoot v. District of Columbia*, 2006 WL 54430 at

---

[1] Hoover's motion violates Local Rule 7.1.2(b) because it attaches Hoover's proposed sur-reply without leave of the Court. *See, e.g., Novartis Pharmaceuticals Corp. v. Abbot Laboratories*, Case No. 00-784-JJF (D. Del. Order dated February 20, 2002). (Exh. A.)

*1 n.2 (D.D.C. Jan. 10, 2006) (sur-reply not warranted when a reply brief "merely respond[s] to the [opposing party's] arguments contained in his opposition"). Moreover, Hoover could have reasonably anticipated any of the alleged new "facts and circumstances" raised by Dyson and could have included an appropriate argument when it filed its Answering Brief. This is not a situation where Hoover has been unfairly prejudiced by any of Dyson's arguments. Rather, it is a situation in which Hoover, contrary to the Court's rules, simply seeks the last word.

2.      Hoover complains of three specific arguments in Dyson's Reply Brief, all of which are direct responses to Hoover's Answering Brief. In particular, Dyson noted that Hoover's Answering Brief only addresses 14 of the subject documents, and that third parties Grahame Capron-Tee and Compliance Consulting, Inc. ("CCI") failed to file any procedurally proper opposition to Dyson's Motion. Dyson obviously could not have addressed either of these issues in its Opening Brief, as they had yet to occur.[2]

3.      At their core, Hoover's complaints arise from its stubborn refusal to acknowledge that it bore the burden to establish – with particularity as to each document – that disclosure of the subject documents would work a "clearly defined and serious injury to" Hoover, as discussed in Dyson's Opening Brief. *Arnold v. Pennsylvania Dept. of Trans.*, 477 F.3d 105, 108 (3d Cir.

---

[2] In any event, both Mr. Capron-Tee and CCI both received notice of Dyson's Motion, as evidenced by the procedurally insufficient letters that Mr. Capron-Tee sent to Mr. Dyson and CCI filed with the Court.

2007); *Pansy v. Borough of Stoudsburg,* 23 F.3d 722, 786-87 (3d Cir. 1994); *see* Opening Br., pp. 7-8; Reply Br., pp. 5-6; Protective Order, ¶ 15. While afforded the opportunity to oppose de-certification with respect to *each* document, Hoover instead chose to *specifically* address only 14 documents in its Answering Brief "by way of example." Motion for Leave to File Sur-reply, ¶ 5. Third Circuit law clearly required that Hoover make its arguments on a document-by-document basis; the law makes no provision for a party in Hoover's position to carry its burden by arguing "by example," and indeed, Hoover's approach would deprive the Court of important information necessary for the Court to reach an informed decision. Dyson fairly pointed out Hoover's failure to comply with the law in its Reply Brief. Hoover should not be allowed to argue in a Sur-reply that it has further proposed redactions. Any objections to the documents identified in Dyson's Motion should have been made at the time Hoover filed its Answering Brief.

4.      Hoover's argument that it needs a sur-reply to claim its proposed redactions were merely a "starting point" for further proposed redactions is belied both by common sense, as well as the unambiguous June 18, 2007 email from Hoover's counsel Lisa Parker to Dyson's counsel John Shaw, which plainly states, "Per our discussions and correspondence on Friday, attached please find Hoover's suggested reactions to the Maytag/Hoover documents that Dyson seeks to have de-designated. *We have redacted portions of the documents that relate to Hoover's confidential information.*" Motion for Leave to File a Sur-Reply, ¶ 4; Reply Appendix Ex. B (emphasis added). Ms. Parker's email makes no mention of further redactions and at no time since has Hoover proposed specific additional redactions.

5.      Finally, no grounds exist for Hoover to file a Sur-reply to advance arguments regarding the meet-and-confer process – arguments that lack merit, but in any event should have been raised in its Answering Brief. There is no requirement to meet and confer with non-parties

under Local Rule 7.1.1. Furthermore, both Mr. Capron-Tee and CCI are *Hoover's experts*, and

all communications with them have gone through Winston & Strawn in the past. Dyson met and

conferred with Winston & Strawn on this precise issue for several hours on Friday, June 1, 2007

before filing its Motion. That satisfied all meet and confer requirements imposed by Local Rule

7.1.1.

      For the foregoing reasons, Dyson respectfully requests that the Court deny Hoover's

Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion for Limited Relief from

the Protective Order.

Dated: July 19, 2007           Respectfully submitted,

                        YOUNG CONAWAY STARGATT & TAYLOR, LLP

                        C. Barr Flinn (No. 4092)
                        John W. Shaw (No. 3362)
                        Monté T. Squire (No. 4764)
                        The Brandywine Building,
                        1000 West Street, 17th Floor
                        Wilmington, Delaware 19801
                        (302) 571-6600
                        msquire@ycst.com

                        *Attorneys for Plaintiffs Dyson Technology Limited*
                        *and Dyson, Inc.*

OF COUNSEL:

Steven F. Reich
Jeffrey S. Edelstein
John F. Libby
Tamar Feder
Christopher C. Cole
MANATT, PHELPS & PHILLIPS,
LLP
7 Times Square
New York, New York 10036
(212) 790-4500

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000


41136096.2

<u>**CERTIFICATE OF SERVICE**</u>

I, Monté T. Squire, hereby certify that on July 25, 2007, I caused to be electronically filed

a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF,

which will send notification that such filing is available for viewing and downloading to the

following counsel of record:

> Francis DiGiovanni, Esquire
> James D.  Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE  19801

I further certify that on July 25, 2007, I caused a copy of the foregoing document to be

served by e-mail on the above-listed counsel of record and on the following in the manner

indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH  44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL  60601-9703

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ *Monté T. Squire*
> C. Barr Flinn  (No. 4092)
> John W. Shaw (No. 3362)
> Monté T. Squire (No. 4764)
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> msquire@ycst.com
> *Attorneys for Dyson Technology Limited and Dyson, Inc.*