UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED<br>and DYSON, INC.,<br>                Plaintiffs,<br><br>v.<br><br>HOOVER, INC., HOOVER GENERAL,<br>L.L.C., HOOVER LIMITED L.L.C.<br>HOOVER COMPANY I., L.P. and<br>MAYTAG CORPORATION,<br>                Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 05-434 GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LIMITED RELIEF FROM THE PROTECTIVE ORDER**

Francis DiGiovanni (#3189)
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19899
Phone (302) 658-9141
fdigiovanni@cblh.com

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
Chicago, IL  60601
Phone (312) 558-5600

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH  44308
Phone (330) 376-1242

Dated:  July 26, 2007

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
|     Dyson's Reply Brief Includes Topics Not Addressed In Dyson's Opening Brief and Egregious Factual Inaccuracies | 1 |
| CONCLUSION | 4 |

Case 1:05-cv-00434-GMS Document 453 Filed 07/26/2007 Page 3 of 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Flanagan v. Wyndham Int'l Inc.*,
  231 F.R.D. 98 (D.C. 2005) ............................................................................................. 2

*Webloyalty Corn, Inc. v. Consumer Innovations, LLC*,
  C.A. No. 04-90-KAJ, 2005 WL 121796 (D. Del. Jan. 13, 2005) ................................... 2

**Rules**

Local Rule 7.1.1 ................................................................................................................ 1, 2

Local Rule 7.1.2(b) ............................................................................................................... 1

Local Rule 7.1.3(c)(2) ....................................................................................................... 1, 2

## INTRODUCTION

Defendants (collectively "Hoover") file this reply brief in support of their Motion for Leave to File a Sur-Reply In Opposition to Plaintiffs' Motion for Limited Relief From the Protective Order. Notwithstanding Plaintiffs' arguments to the contrary, the reply brief filed by Dyson includes topics not addressed in Dyson's opening brief, as well as factual inaccuracies, many of which are now repeated in its Opposition to Defendants' Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion for Limited Relief From the Protective Order.[1]

## ARGUMENT

**Dyson's Reply Brief Includes Topics Not Addressed In Dyson's Opening Brief and Egregious Factual Inaccuracies**

Dyson contends that, in its reply brief, it was merely responding to arguments raised in Hoover's answering brief. This is inaccurate. First, in its reply brief Dyson claims for the first time that Hoover agreed not to oppose Dyson's motion as part of the settlement. In accordance with Local Rule 7.1.3(c)(2), "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." If Hoover had agreed to Dyson's motion, then Dyson surely would have stated this in its opening brief and not waited until its reply brief. In fact, such a statement is required by Local Rule 7.1.1. However, Dyson knows that Hoover never agreed to its unbounded motion which seeks dissemination of thousands of pages of documents containing Hoover's highly confidential information. Hoover never agreed to this proposition because it would cause irreparable harm to Hoover's business interests. Consequently, Hoover should be permitted to file a sur-reply to address Dyson's

---

[1] Consistent with Local Rule 7.1.2(b), Hoover requested leave of Court to file a sur-reply. The proposed sur-reply was attached as Exhibit A to Hoover's Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion for Limited Relief From the Protective Order.

1

statement in its reply that Hoover agreed to Dyson's motion, which if accurate, easily could have been included in Dyson's opening brief.

Second, the fact remains that Dyson belatedly and misleadingly claimed in its reply that Grahame Capron-Tee and Compliance Consulting Inc. ("CCI") did not properly oppose Dyson's motion. Dyson failed to make an effort to contact these third parties or their counsel in an effort to reach agreement prior to filing its motion as required by Local Rule 7.1.1. If Dyson had done so, these facts could have been included in Dyson's Opening Brief and Hoover could have responded in its Answering Brief. Instead, Dyson waited until its reply to address whether Capron-Tee and CCI opposed its motion. In inserting these arguments into its reply, Dyson raised new information that should have been raised in its opening brief. Accordingly, Hoover should be permitted a sur-reply to address these new issues. *See Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.C. 2005) (stating a sur-reply may be filed by leave of court to "address new matters raised in a reply, to which a party would otherwise be unable to respond") (citations omitted); *Webloyalty Corn, Inc. v. Consumer Innovations, LLC*, C.A. No. 04-90-KAJ, 2005 WL 121796, at *6 (D. Del. Jan. 13, 2005) (citing to Local Rule 7.1.3 (c)(2)).

Third, the fact remains Dyson incorrectly claims in its reply that "Hoover chose to specifically oppose de-designation of only 14 of the 174 challenged documents." Dyson Reply at 7. Simply put, this is a false statement. Hoover should be permitted a sur-reply in order to respond to this new and incorrect allegation. Because Dyson's motion seeks de-designation of thousands of pages of documents which are replete with Hoover's confidential information, Hoover stated in its Answering Brief at page 7 that the "[14 examples] are representative samples of such types of documents." If Hoover had addressed the thousands of pages to be de-designated in great detail, Hoover's answering brief and appendixes would have been hundreds

2

of pages long. Hoover was attempting to respond to Dyson's opening brief in an efficient and practical manner, while illustrating to this Court that Dyson's motion seeks carte balance authority to disseminate documents containing Hoover's highly confidential advertising, testing, and litigation strategy. Hoover should be granted a sur-reply to set the record straight concerning the new and false allegation in Dyson's reply that Hoover only contests 14 of the 174 challenged documents.

Finally, Dyson attempts in its reply to turn Hoover's attempts to negotiate with Dyson concerning resolution of Dyson's motion into evidence that Hoover somehow only seeks redactions to the Maytag/Hoover documents, bearing the bates stamp "MAY" and seeks no redactions of Hoover confidential information contained in other documents. Again, this is another example of Dyson's reply including new and incorrect information. Contrary to Dyson's position, Hoover told Dyson from the very beginning that it would be willing to attempt to work out a compromise if it could redact its confidential information from all of the documents Dyson seeks to de-designate. Dyson seeks de-designation of "MAY," "CCI," and "TEE" documents, as well as deposition transcripts. To this end, Hoover attempted to contact Dyson's counsel on numerous occasions to seek to resolve any open issues related to the motion. In fact, counsel for Hoover spoke with counsel for Dyson on Friday June 15, 2007, and the substance of that conversation was that the Hoover/Maytag documents (those bearing the MAY prefix) would be a starting point for redactions. Subsequently, on June 18 Hoover's counsel sent an email to Dyson's counsel which further confirmed the earlier discussion. The e-mail specifies Hoover's proposed redactions were to "*Maytag/Hoover*" documents, meaning those documents listed on Exhibit A to Plaintiffs' Motion for Limited Relief From The Protective Order bearing the Maytag/Hoover or "MAY" Bates stamp prefix. It defies logic that counsel for Hoover would

intend there to be no redactions on any of the other documents that are the subject of Plaintiffs' Motion, such as those containing highly confidential legal strategy discussions in the "TEE" production. Significantly, Dyson never responded to Hoover's attempt to reach resolution prior to filing its reply brief which contains new and incorrect information related to Hoover's suggested redactions. Hoover should be permitted to file its sur-reply to respond to Dyson's new and incorrect statements.

## CONCLUSION

For the reasons set forth above, in addition to those reasons set forth in Hoover's Answering Brief in Opposition to Plaintiffs' Motion for Limited Relief from the Protective Order and its Motion for Leave to File a Sur-Reply and Sur-Reply in Opposition to Plaintiffs' Motion for Limited Relief from the Protective Order, Hoover respectfully request that the Court grant its Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion for Limited Relief from the Protective Order and deny Plaintiffs' Motion for Limited Relief from the Protective Order.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
fdigiovanni@cblh.com

Kimball R. Anderson
Stephen P. Durchslag
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
Phone (312) 558-5600

|  |  |
|---|---|
| Dated: July 26, 2007 | Ray L. Weber<br>Renner, Kenner, Greive, Bobak,<br>  Taylor & Weber<br>400 First National Tower<br>Akron, OH  44308<br>Phone (330) 376-1242 |

## CERTIFICATE OF SERVICE

I Francis DiGiovanni hereby certify that on July 26, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>C. Barr Flinn
>John W. Shaw
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801

I further certify that on July 26, 2007, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by e-mail on the following counsel of record:

>Richard C. Pepperman, II
>James T. Williams
>Keith McKenna
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, NY 10004

>Steven F. Reich
>Jeffrey S. Edelstein
>Manatt, Phelps & Phillips, LLP
>7 Times Square
>New York, NY 10004

>/s/ Francis DiGiovanni
>Francis DiGiovanni (#3189)
>fdigiovanni@cblh.com

554855v1