REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 05-434-GMS |
| HOOVER INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P., and MAYTAG CORPORATION, | ) ) ) ) ) ) | ▮▮▮▮▮▮▮▮ |
| Defendants. | ) | |

### PLAINTIFFS' MOTION TO ENFORCE THE TERMS OF THE PROTECTIVE ORDER AND THE PARTIES' AGREEMENTS REGARDING THE DESTRUCTION OF DOCUMENTS

Dyson Inc. and Dyson Technology Limited (collectively, "Dyson") respectfully move the Court for an order compelling Hoover to comply with the terms of the Court's December 19, 2005 Protective Order (D.I. 49) entered in this case (the "Protective Order") and the parties' subsequent agreement, memorialized in a June 14th, 2007 letter from Hoover's counsel, Lisa Parker, to Dyson's counsel, Craig Rutenberg (the "Letter Agreement"), with respect to the parties' obligations to destroy documents at the conclusion of this litigation. In support of its motion, Dyson states as follows:

1. A trial in this matter commenced on May 29, 2007. Following the start of trial, the parties agreed to settle their dispute.  On June 6, 2007, Dyson filed a Motion for Limited Relief from the Protective Order (D.I. 425). Dyson now brings the instant motion.

2. Per the terms of the Protective Order, each party is required to destroy all documents containing or referring to the opposing party's Confidential and Highly Confidential Information. The Letter Agreement further obligates each party to destroy all deposition transcripts. Although Hoover has acknowledged these obligations in writing, it has refused to instruct court reporting services that recorded and transcribed depositions in this case to destroy all deposition transcripts in their possession even after the reporting services confirmed that they would do so upon instruction by counsel for both Hoover and Dyson. Many of the transcripts contain testimony and exhibits previously designated by Dyson as Confidential or Highly Confidential under the terms of the Protective Order, and thus are subject to a dual obligation of destruction. Hoover's failure to cause the destruction of documents in the possession of court reporters within Hoover's control is a violation of the terms of the Protective Order and the parties' agreement. As a result, the Court should order compliance with the terms of the Protective Order and the parties' agreement.

3. The Protective Order in this case states in relevant part:

> "The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days after the final determination of this action and any and all appeals therefrom, *Confidential and Highly Confidential Information and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information . . . . shall either be returned to the producing party or person or, at the request of the producing party or person, destroyed* . . . All parties or persons that received Confidential or Highly Confidential Information shall certify compliance with this section . . ."

Protective Order, attached as Exhibit A to the Declaration of Craig Rutenberg, dated August 22, 2007 ("Rutenberg Decl."), at ¶ 21 (emphasis added).

4. █████████████████████████████████████████████

REDACTED VERSION – PUBLICLY FILED



5. In compliance with its obligation to destroy all deposition transcripts, Dyson contacted several of the court reporting services that recorded and transcribed depositions taken in this case. All of the court reporters confirmed that they would destroy the deposition transcripts upon instruction by counsel for both parties. Rutenberg Decl. at ¶¶ 6-7. Hoover has refused Dyson's request to join Dyson in instructing the court reporters to destroy the deposition transcripts, notwithstanding the fact that many of these transcripts contain testimony and exhibits designated by Dyson in accordance with the Protective Order as Confidential and Highly Confidential and therefore are subject to two separate requirements of destruction. Rutenberg Decl. at ¶¶ 4-5.[1]

**The Parties' Obligation to Destroy Documents Extends to All Documents Within its Possession, Custody, or Control.**

6. Both the Protective Order and the Letter Agreement reflect the parties' explicit intent that neither side should preserve any of the other's Confidential or Highly Confidential Information, in whatever form, after this case is over, and that all deposition transcripts should be destroyed. Hoover's obligation to destroy the specified documents extends to all documents in

---

[1] Specifically exempted from the parties' document destruction obligations are all documents relating to Graham Capron-Tee, which are the subject of Dyson's currently pending Motion for Relief from the Protective Order (D.I. 425). Letter Agreement at fn.1, fifth bullet point.

3

its possession, custody, or control, and includes deposition transcripts in the possession of court reporting services hired and paid for by either Hoover or Dyson.

7. To exempt court reporters under Hoover's control from Hoover's obligation to destroy deposition transcripts, including testimony and exhibits containing Confidential or Highly Confidential information would undermine the intent of the Protective Order ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ All Hoover would have to do, after destroying all deposition transcripts and exhibits in its immediate possession – and thereafter certifying to Dyson the destruction of these materials – is call the court reporters at some later date and request additional copies of the depositions and exhibits to which the reporters retained access. It would make no sense for the parties specifically to have agreed to the destruction of deposition transcripts and exhibits in their immediate possession, in a manner that allowed that agreement to be subverted by a mere call to the court reporter for additional copies. Hoover's refusal to instruct court reporters to destroy deposition transcripts (which the court reporters are willing to do upon instruction from Hoover and Dyson) is no different than if Hoover refused to destroy deposition transcripts in its immediate possession.

**Hoover is in Control of Deposition Transcripts in the Possession of the Court Reporters Hired by Either Hoover or Dyson.**

8. For purposes of complying with the Protective Order ▉▉▉▉▉▉▉▉▉▉▉▉▉ court reporting services plainly are within Hoover's control. Not only can Hoover call the reporter at any time and demand another copy of any deposition transcript, it also has the authority to instruct the reporters to destroy copies of the deposition materials, when that request is accompanied by a similar request from Dyson. In this respect, Hoover's control over the documents in the possession of the court reporters *exceeds* that which is necessary for a finding that documents are in the possession, custody or control of a party for purposes of responding to

REDACTED VERSION – PUBLICLY FILED

a document request or third-party subpoena. *Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue*, 839 F.2d 131, 140 (3d Cir. 1988) (stating that "control" is defined as the legal right to obtain the documents on demand) (citing 8 C.A. Wright & A.R. Miller, *Federal Practice & Procedure* § 2210); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005) ("Control is defined as the legal right to obtain the documents required on demand"); *see also US v. Int'l Trade Comm'n v. ASAT Inc.*, 411 F.3d 245 (D.C. Cir. 2005) ("control" defined as the legal right, authority or ability to obtain documents upon demand); *Preservation Products v. Nutraceutical Clinical Labs Intern.*, 214 F.R.D. 494 (N.D. Ill. 2003) (defendant deemed to have control over prior statement given to the SEC under oath in a securities fraud investigation when all he has to do is request a copy); *In re Legato Systems Inc. Securities Litigation*, 204 F.R.D. 167 (N.D. Cal. 2001) (former CEO deemed to have control of transcript of his testimony before the SEC in a formal proceeding when all that is necessary is for him to request a copy); *Soto v. City of Concord*, 162 F.R.D. 603, 619 (C. D. Cal. 1995) (Psychiatric reports of police officers in control of city defendant, even though the evaluations were performed by non-employee doctors before the officers were hired, because they were conducted at the request of the city as part of the hiring process); *cf. Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129 (D. Del. 1986) ("If a party has control over or shares control of documents with a third person, then a court can order production by means of its power over the party litigant.").

9.  For purposes of complying with its document destruction obligations, Hoover's ability to request a copy of the deposition transcripts and its right to jointly request that all deposition transcripts be destroyed is ample evidence of control of deposition transcripts in the possession of the court reporting services hired by either Hoover or Dyson. As the Rutenberg

REDACTED VERSION – PUBLICLY FILED

Declaration submitted in support of this motion makes clear, the court reporters have confirmed that they will honor a joint request from the parties to destroy deposition transcripts and exhibits. Thus, the only reason the required destruction of Confidential and Highly Confidential Information and deposition transcripts in the possession of the court reporters cannot be completed is because of Hoover's improper refusal to honor the Protective Order and Letter Agreement.

WHEREFORE, Dyson respectfully requests that the Court grant its Motion to Enforce the Terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents and enter an order in the form attached hereto.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building,
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

OF COUNSEL:
Garrard R. Beeney
Richard C. Pepperman, II
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated: August 24, 2007

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC. <br><br> Plaintiffs, <br><br> v. <br><br> HOOVER INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P., and MAYTAG CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. 05-434-GMS ) ) ) ) ) ) ) |

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I, Monté T. Squire, Esquire, hereby certify pursuant to Local Rule 7.1.1, that counsel for plaintiffs has made a reasonable effort to reach agreement with counsel for defendants on the matters set forth in the foregoing motion.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building,
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Plaintiffs Dyson Technology Limited and Dyson, Inc.*

Dated: August 24, 2007

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC. | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 05-434-GMS |
| HOOVER, INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P., AND MAYTAG CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

### [PROPOSED] ORDER

At Wilmington this ___ day of _____, 2007, having considered Plaintiffs' Motion to Enforce the Terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents, and all responses thereto, IT IS HEREBY ORDERED that:

1. The Motion to Enforce the Terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents is GRANTED.

2. Defendants shall comply with the terms of the Court's December 19, 2005 Protective Order (D.I. 49) entered in this case, and the parties' subsequent agreement, memorialized in the June 14, 2007 letter from Defendants' counsel, Lisa Parker, to Dyson's counsel Craig Rutenberg regarding the parties' obligations to destroy documents at the conclusion of this litigation.

REDACTED VERSION – PUBLICLY FILED

3. Within five (5) days of entry of this Order, defendants shall instruct each of the court reporters that recorded and transcribed depositions in this case to destroy all deposition transcripts related thereto that are within the court reporters' possession, custody, or control.

_____<br>United States District Judge

REDACTED VERSION – PUBLICLY FILED

## CERTIFICATE OF SERVICE

I, Monté T. Squire, hereby certify that on August 24, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on August 24, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>  TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*

**CERTIFICATE OF SERVICE**

I, Monté T. Squire, hereby certify that on August 30, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> James D. Heisman, Esquire
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building – 8th Floor
> 1007 N. Orange Street
> Wilmington, DE 19801

I further certify that on August 30, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Ray L. Weber, Esquire
> Laura J. Gentilcore, Esquire
> RENNER, KENNER, GREIVE, BOBAK,
>   TAYLOR & WEBER
> 400 First National Tower
> Akron, OH 44308
>
> Kimball R. Anderson, Esquire
> Stephen P. Durchslag, Esquire
> WINSTON & STRAWN LLP
> 35 W. Wacker Drive
> Chicago, IL 60601-9703

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Dyson Technology Limited and Dyson, Inc.*

DB01:2406413.1                                                                                   063753.1002