UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 05-434 GMS |
| v. | ) ) |
| HOOVER, INC., HOOVER GENERAL, L.L.C., HOOVER LIMITED L.L.C. HOOVER COMPANY I., L.P. and MAYTAG CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

**HOOVER'S ANSWERING BRIEF IN OPPOSITION TO DYSON'S MOTION TO ENFORCE THE TERMS OF THE PROTECTIVE ORDER AND THE PARTIES' AGREEMENTS REGARDING THE DESTRUCTION OF DOCUMENTS**

**INTRODUCTION**

Defendants/Counter-Claim Plaintiffs (collectively "Hoover") submit this Answering Brief in opposition to the Motion to Enforce the Terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents filed by Plaintiffs/Counter-Claim Defendants (collectively "Dyson").

Dyson's motion is characteristic of Dyson's tactics following the settlement of this matter. Namely, now that the case has concluded, Dyson would like this Court to modify the long-standing Protective Order to serve Dyson's ends. Dyson's motion requests that the Court go beyond what is required under the Protective Order. Since its inception, the Protective Order simply required Hoover to return or destroy any confidential information that it received during the litigation. Accordingly, Hoover destroyed all confidential information that it received. Now, Dyson would like to expand the scope of the agreed-upon Protective Order and asks this Court to order Hoover to instruct non-party court reporters to destroy all transcripts within their

possession (regardless of whether confidential) related to the now-settled lawsuit. By taking this unusual and unnecessary step, all record of the litigation would be destroyed and would provide either party the ability to alter any future testimony with impunity. Dyson's desire to have these transcripts destroyed is particularly troubling as Dyson currently is involved in on-going litigation where the transcripts at issue may be directly relevant. Instead of trying to preserve transcripts that may be pertinent to on-going litigation, Dyson seeks to have the transcripts destroyed. Moreover, while Dyson argues that the transcripts must be destroyed, Dyson can show no harm to it if the transcripts are not destroyed. Significantly, now that the litigation has ended, Hoover is not permitted to access Dyson's confidential information. Additionally, because the transcripts are in the possession of the court reporters, third parties can only access the transcripts by a valid subpoena. Thus, if the only aim of Dyson's motion is to prevent future litigants from having access to the transcripts via a valid subpoena, Dyson's motion surely must fail as it contradicts the basic tenets of our legal system. For these reasons and those set forth herein, Dyson's motion should be denied.

## ARGUMENT

**Dyson's request that the Court order Hoover to direct court reporters to destroy transcripts relevant to on-going litigation contravenes well-settled precedent.**

Identical to the subject matter of this lawsuit, Dyson is involved in on-going litigation that is pending in the Eastern District of Louisiana ("Louisiana lawsuit"). *Oreck Direct, LLC v. Dyson, Inc.*, No. 07-2744, U.S. Dist. Ct., E.D. La. (filed May 1, 2007), attached as Exhibit A to the Declaration of Lisa Parker, dated September 10, 2007 ("Parker Decl."). Like this lawsuit, Dyson was sued in Louisiana for allegedly violating the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) by advertising that its vacuum cleaners have "no loss of suction" and "no clogging". Parker Decl. at Ex. A, Count I. As this Court has held, a company's duty to preserve relevant

2

documents arises when the company knows, or should know, that the documents may become material to litigation. *In the Matter of the Complaint of Robert I. Weschsler,* 121 F. Supp.2d 404, 415 (D. Del. 2000) (J. Sleet) ("A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit." (citations omitted)); *Mosel Vitelic Corp. v. Micron Tech., Inc.,* 162 F. Supp.2d 307, 310-11 (D. Del. 2000) (J. Sleet) ("A party, who is aware that evidence might be relevant to pending or future litigation, has an affirmative duty to preserve this material.").

In this instance, Dyson surely knows that the transcripts it seeks to have destroyed are relevant or may become relevant to the Louisiana lawsuit. Both lawsuits involve identical claims concerning whether Dyson vacuums lose suction or clog.[1] The transcripts that Dyson seeks to have destroyed include testimony of Dyson's engineers, technicians and experts concerning whether Dyson vacuums lose suction and clog, as well as the appropriate testing standards and methods for making these determinations. Under the broad discovery standards, these transcripts undoubtedly are relevant or may lead to relevant evidence in the Louisiana lawsuit and are discoverable. *See* Fed. R. Civ. Proc. 26(b)(1). For these reasons, the transcripts should be preserved and destruction of the transcripts by Dyson constitutes potentially sanctionable conduct. *See Mosel Vitelic Corp.*, 162 F. Supp.2d at 311 ("[W]hen a party or its counsel fails to preserve relevant evidence, the court has the power to impose an appropriate sanction." (citations omitted))

---

[1] Dyson may assert that the Louisiana lawsuit involves the Dyson model DC-18 that was not specifically named in the counterclaims before this Court and therefore is unrelated to this action. However, this argument is belied by Dyson's own briefing in the Louisiana lawsuit, which states that the Louisiana suit is identical to a prior action unrelated to the DC-18 which was "based on the same advertising statements" e.g., "no loss of suction" and "no clogging". *See* Parker Decl., Exhibit B, Dyson, Inc.'s Reply Statement Concerning Local Rule 3.1., *Oreck Direct LLC*, No. 07-2744, U.S. Dist. Ct., E.D. La.

Additionally, Dyson's request to the Court concerning the transcripts begs the question: whether Dyson's eagerness to destroy the transcripts is an attempt to prevent the information in the transcripts from being disseminated to other potential litigants. If so, Dyson's efforts must fail. *See Pansy v. Borough of Stoudsburg*, 23 F.3d 772, 778-780 (3rd Cir. 1994) (noting that a court must take into account that third parties may often have no way of knowing what relevance a settled case may have to their interests); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 486 (D.C. N.J. 1990) ("[I]f the basis for defendants' motion is to prevent information from being disseminated to other potential litigants, the defendants' application must fail."); *Williams v. Johnson & Johnson,* 50 F.R.D. 31, 32 (D.C. N.Y. 1970) (There is no merit to the contention that the fruits of discovery in one case are to be used only for that case.)

As stated earlier, Hoover has destroyed all transcripts within its possession related to this litigation. However, Dyson's request that Hoover now be ordered to instruct non-party court reporters to destroy transcripts within the court reporters' possession that may be relevant to on-going litigation is both overly broad and inappropriate. The Court should preserve the court reporters' transcripts for purposes of maintaining an accurate record for future litigants.

**Neither the Protective Order nor any agreements among the parties requires Hoover to instruct court reporters to destroy transcripts.**

Contrary to Dyson's motion, the Protective Order in this case (D.I. 49) does not require Hoover to order court reporters to destroy deposition transcripts. Rather, the Protective Order only requires Hoover to 1) destroy confidential information that it received, and 2) certify that it has done so. The Protective Order states:

> … all documents containing or referring to Confidential or Highly Confidential Information … shall be at the request of the producing party or person, destroyed …. All parties … that received Confidential or Highly Confidential Information shall certify compliance with this section ….

Protective Order at § 21, attached as Exhibit C to Parker Decl. Nowhere does the Protective Order require Hoover to direct non-party court reporters to destroy transcripts. Moreover, while the Protective Order only requires the destruction of Confidential or Highly Confidential Information, Dyson seeks an order transcending the scope of the Protective Order, which would require destruction of <u>all</u> transcripts regardless of whether the transcripts have any confidentiality designation. Dyson's Proposed Order at para. 3. This is flatly wrong and another example of Dyson overreaching to serve its own ends.

Additionally, Dyson claims that a June 14, 2007 "Letter Agreement" among the parties somehow obligates Hoover to instruct court reporters to destroy transcripts. This letter outlined how the parties planned to dispose of documents within their possession, as well as documents that the parties had provided to their experts. Absolutely nothing in the letter stated that the parties were to request court reporters to destroy transcripts. *See* Parker Decl. at Exhibit D, June 14, 2007 Letter from L. Parker (Hoover's counsel) to C. Rutenberg (Dyson's counsel). To the contrary, the notion of court reporters destroying transcripts was not even contemplated by the parties at the time of the "Letter Agreement." This is evidenced by the declaration of Dyson's counsel which states that Dyson first requested that Hoover ask court reporters to destroy deposition transcripts on or about July 23, 2007, over a month after the "Letter Agreement" was written and days after the parties had already destroyed all confidential documents within their possession. Declaration of Craig S. Rutenberg at para. 4. Clearly, the destruction of court reporter transcripts was an after-thought for Dyson. There was never any intent of the parties either in the "Letter Agreement" or when they drafted the Protective Order to require the destruction of court reporter transcripts. It is black letter law that there must be a meeting of the minds for any agreement to be valid. *See Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d

5

282, 287 (3rd. Cir. 1993) (applying New Jersey law); 1 WILLISTON ON CONTRACTS § 3:4 (4th ed.) Hence, the parties never agreed to the destruction of court reporter transcripts and Hoover should not be compelled to now comply with Dyson's belated and overreaching request.

**No harm will come to Dyson if the court reporters' transcripts are not destroyed.**

Significantly, Dyson's motion fails to state how Dyson will be harmed if court reporters do not destroy transcripts. Hoover destroyed deposition transcripts related to this litigation that were within its possession. Further, the Protective Order prohibits Hoover from access to any of Dyson's confidential information now that the litigation is terminated. *See* Parker Decl at Ex. C, Protective Order at § 21, (prohibits party from retaining confidential information after litigation is terminated). Thus, the only way Hoover or any other party could rightfully have access to the court reporters' transcripts would be by a validly issued subpoena. If Dyson's only harm is the fact that future litigants might be able to subpoena transcripts through valid discovery, Dyson's motion contradicts the purpose of our legal system and must fail. *See Pansy*, 23 F.3d at 778-780; *Nestle Foods Corp.,* 129 F.R.D. at 486; *Williams,* 50 F.R.D. at 32.

**Dyson's request that court reporter transcripts be destroyed is an extreme measure that contravenes the public interest.**

Finally, this Court has the authority to resolve all issues related to how confidential documents are maintained, including documents not filed with the Court. *See Pansy*, 23 F.3d at 785 ("Courts have inherent power to grant orders of confidentiality over materials not on file with the court.") As stated above, confidential transcripts of Dyson witnesses are only accessible to Hoover and third parties through a valid subpoena. While unlikely, if an additional need for confidentiality arises, the Court can address this need for confidentiality through the traditional means available for protecting confidential documents that were part of litigation. *Id.* ("courts have a great deal of flexibility in crafting the contents of protective orders to minimize the

negative consequences of disclosure and serve the public interest simultaneously.") Thus, Dyson's request for destruction of the transcripts, as opposed to protection of the transcripts is extreme, unwarranted and against the public interest.

## CONCLUSION

For the above reasons stated herein, Hoover respectfully requests that this Court deny Dyson's Motion to Enforce the Terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents filed by Plaintiffs/Counter-Claim Defendants.

Dated: Sept. 10, 2007

**/s/ James D. Heisman**
Francis DiGiovanni (#3189)
James D. Heisman (#2746)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19899
Phone (302) 658-9141
fdigiovanni@cblh.com

Kimball R. Anderson
Stephen P. Durchslag
WINSTON & STRAWN LLP
Chicago, IL 60601
Phone (312) 558-5600
Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak,
Taylor & Weber
400 First National Tower
Akron, OH 44308
Phone (330) 376-1242

CHI:1972179.1

**CERTIFICATE OF SERVICE**

     I James D. Heisman hereby certify that on September 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> C. Barr Flinn
> John W. Shaw
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801

     I further certify that on September 10, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record, and by e-mail on the following counsel of record:

> Garrard R. Beeney
> Richard C. Pepperman, II
> James T. Williams
> Sullivan & Cromwell LLP
> 125 Broad Street
> New York, NY 10004

> Steven F. Reich
> Jeffrey S. Edelstein
> Manatt, Phelps & Phillips, LLP
> 7 Times Square
> New York, NY 10004

     **/s/ James D. Heisman**
James D. Heisman (#2746)
jheisman@cblh.com

563150