# EXHIBIT A

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2007 MAY -1 PM 4:40

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ORECK DIRECT, LLC | * | |
| PLAINTIFF | * | CASE NUMBER: |
| v. | * | SECTION: 07-2744 |
| DYSON, INC. | * | MAGISTRATE: SECT. J MAG. 3 |
| DEFENDANT | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The complaint of Oreck Direct, LLC, respectfully alleges the following:

### The Parties

1. The plaintiff, Oreck Direct, LLC ("Oreck"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Jefferson Parish, Louisiana.

2. The defendant, Dyson, Inc. ("Dyson"), is a corporation organized under the laws of Illinois. Dyson does business throughout this country and has its principal place of business in Chicago, Illinois. Dyson manufactures vacuum cleaners and actively promotes and markets them for sale in this judicial district and throughout the country.

### Jurisdiction and Venue

3. This action seeks relief under the "false advertising" provisions of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

### Count I
### False Advertising
### (15 U.S.C. § 1125(a))

6. Dyson is a direct competitor of Oreck in the upright vacuum cleaner market in this country. Dyson has competed unfairly in that market by engaging in commercial advertising practices that misrepresent material aspects of one of its products.

7. Specifically, Dyson has recently introduced a new "lightweight" upright vacuum cleaner, its model DC-18, which it refers to as the "Dyson Slim." As part of a national advertising campaign, Dyson has produced video, website, product packages, hang-tags, and print advertisements that make the following literally false advertising claims:

(a) The DC-18 has "no loss of suction."

(b) It "doesn't lose suction."

(c) There will be "no clogging."

(d) "It doesn't clog."

(e) The DC-18 doesn't lose its suction—ever.

(f) With no bags or filters to clog, it [DC-18] never loses suction.

(g) Only a Dyson maintains constant suction.

(h) The DC-18 is "the most powerful lightweight."

8. The Dyson DC-18 does lose suction power during the course of operation. It has a filter that clogs during the course of normal operation. Its nozzle and air passageways can "clog" in the same manner as any other vacuum cleaner. The DC-18 is not the most powerful lightweight upright vacuum cleaner.

9. The statements that the DC-18 does not lose suction, never clogs and is the most powerful upright are prominent and material messages in Dyson's advertising for this product. They are expressed to consumers without qualification for the express purpose of misleading them into thinking that this Dyson product is superior to other brands, including competing Oreck products. The statements that the DC-18 does not lose suction, never clogs, and is the most powerful lightweight upright are literally false.

10. Alternatively, each of these statements is deceptive and misleading.

11. The false advertising claims made by Dyson actually deceive, or have a tendency to deceive, a substantial segment of those persons who have witnessed the ads and purchased Dyson's DC-18 product. They are regarded as material by consumers and Dyson intends that they will be so regarded.

12. The deception practiced by Dyson is intended to and is likely to influence the purchasing decisions of consumers.

13. Dyson's false and misleading statements concerning no loss of suction, no clogging, and "most powerful lightweight" have resulted in significant sales of its DC-18 vacuum cleaners.

14. Oreck is a substantial competitor in the market for lightweight vacuum cleaners and believes that Dyson's false advertising messages will cause it economic harm in the form of lost

goodwill and/or sales that are unfairly diverted to Dyson. The financial loss to Oreck from Dyson's false advertising cannot be calculated readily.

15. Dyson's actions are in violation of 15 U.S.C. § 1125(a)(1)(B). Oreck alleges that Dyson has made these false advertising claims willfully and with express knowledge of their falsity. Oreck alleges that Dyson does not have tests that reasonably justify any of these advertising claims.

16. Oreck has suffered and will sustain irreparable injury as a result of the continuing deliberate false advertising by Dyson and is entitled to injunctive relief. Additionally, because of Oreck's injury and because Dyson's profits will result from its willful and deceptive false advertising claims, Oreck is entitled under the Lanham Act to recover Dyson's profits from sales of its DC-18 products. Oreck is further entitled to an award of its costs and attorney's fees expended in the successful pursuit of this claim.

### Count II
### Violation of Louisiana Unfair Trade Practices Act
### (La. R.S. 51:1405)

17. Oreck incorporates the allegations contained in the preceding paragraphs.

18. Dyson's acts complained of herein are unlawful and constitute unfair and deceptive trade practices within the meaning of Louisiana law.

19. Dyson's acts are in violation of La. R.S. 51:1405.

20. As a result of the willfulness of Dyson's violations in this matter, Oreck is entitled to recover from Dyson its reasonable attorney's fees and costs expended in pursuing this action.

21. As a result of the past and continuing irreparable harm suffered by Oreck stemming from Dyson's unfair and deceptive trade practices, Oreck is entitled to appropriate injunctive relief.

WHEREFORE, Oreck prays that judgment be entered in its favor against Dyson as follows:

1. That Dyson and its officers, agents, servants, and employees and all persons in active concert or participation with Dyson, be enjoined and restrained during the pendency of this action and permanently thereafter from claiming that its DC-18 vacuum cleaners do not lose suction, that they never clog, and that they are the "most powerful lightweight" vacuums.

2. That Dyson be required to account for all profits realized by it as a result of its false advertising relative to the DC-18 and that it be ordered to pay such sums to Oreck;

3. That Oreck have such other and further relief as this Court may deem just and proper.

4. Oreck demands a trial by jury on any issue that may be so triable.

Dated this 1st day of May, 2007.

Respectfully submitted,

KING, LEBLANC & BLAND

*[signature]*

Frederick W. Bradley (La. Bar No. 3374)
201 St. Charles Avenue
45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 569-1643
Telecopier: (504) 582-1233
fbradley@klb-law.com

Attorneys for Oreck Direct, LLC

5

DYSON, INC. to be served via
Louisiana's Long-Arm Statute (La. R.S. 13:3201 *et seq.*)
Through its agent for service of process:

>David N. Kay, Esq.
>191 North Wacker Drive
>Suite 3700
>Chicago, Illinois 60606