# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ORECK DIRECT, LLC, | § § § | CIVIL ACTION NO. 07-2744 |
| Plaintiff, | § § | SECTION J |
| v. | § | JUDGE BARBIER |
| DYSON, INC., | § § | MAG. 3 |
| Defendant. | § § § | MAGISTRATE KNOWLES |

### DYSON, INC.'S REPLY STATEMENT CONCERNING LOCAL RULE 3.1

Defendant Dyson, Inc. ("Dyson") respectfully submits this short reply to the response of plaintiff Oreck Direct, LLC ("Oreck") to Dyson's statement pursuant to Local Civil Rule 3.1 to address inaccuracies in Oreck's response.

In its response, Oreck argues that it failed to abide by Local Rule 3.1 because it did not "believe" the present action to be related to *Oreck Holdings, LLC, Oreck Direct, LLC, et al. v. Dyson, Inc.*, Case No. 05-361 (E.D. La.) (the "Prior Action"). (Oreck Resp. at 1.) Oreck cannot dispute, however, that its present Complaint asserts the identical two causes of action — alleged violations of the Lanham Act and the Louisiana Unfair Trade Practices Act — it asserted

NO.99790981.1

in its prior Complaint against Dyson.[1] Oreck also concedes, as it must, that the primary Dyson advertising message it challenges in its current complaint is "essentially the same message" that it challenged in the Prior Action, and that that message — that Dyson vacuum cleaners have "no loss of suction"—"was and is now the centerpiece of Dyson's advertising for all its vacuum cleaners." (Oreck Resp. at 1-2.) While acknowledging that it is asserting the same causes of action, based on the same advertising statements against the same defendant, Oreck tries to argue that the two cases are unrelated. Oreck's position is unreasonable. The present case "involves subject matter . . . compris[ing] all or a material part of the subject matter" of the "previously dismissed" action. Local Civil Rule 3.1. Accordingly, it should be transferred to Section "R" of this Court. Local Civil Rule 3.1.1E. In its response, Oreck professes not to care which Section adjudicates this matter and apparently has no objection to a transfer.

Moreover, although Oreck's present Complaint is limited to a single Dyson vacuum cleaner model — the DC18 — its Prior Action was not so narrow. Oreck never limited its claims in the Prior Action to any specific Dyson model numbers. Rather, Oreck broadly asserted that its prior claims applied to all Dyson upright vacuum cleaners. For that reason alone, the two actions are related (and Oreck's new action is barred by *res judicata*).

In the face of this, Oreck argues that the Prior Action "could not" have included the product that is the subject of its new Complaint, the DC18, because "the product did not exist during the pendency of [the Prior Action]." (Oreck Resp. at 2.) But Oreck's assertion is simply false. The DC18 existed and had been imported into and sold within the United States well

---

[1] *See generally* Memorandum in Support of Defendant's Motion to Dismiss Oreck's Complaint, or in the Alternative for Summary Judgment dated June 8, 2007 ("Dismissal Memorandum"), at 4-5, 7-16. Dyson moved to file the Dismissal Memorandum under seal on June 8, 2007, and that motion is pending.

before the settlement of the Prior Action.[2] Indeed, Oreck and its counsel *knew* about the existence of the DC18 prior to the settlement of the Prior Action.[3] It is irrelevant that the DC18 had not been advertised to ultimate consumers, but instead to retailers, when the Prior Action was settled and dismissed.[4] Because Oreck's new causes of action were or could have been brought in the Prior Action, Oreck may not now relitigate those claims.

Likewise, nothing in the parties' settlement of the Prior Action limits the scope of the settlement, as Oreck would like, to existing products that had been sold or offered for sale to only one class of buyers — ultimate consumers – rather than others such as retailers. To the contrary, Oreck's new Complaint is barred by the express terms of the parties' settlement of the related Prior Action.[5]

## CONCLUSION

For the foregoing reasons and those set forth in Dyson's Statement Pursuant to Local Rule 3.1, Dyson respectfully requests that the present action be transferred to Section "R" of this Court.

---

[2] *See* Dismissal Memorandum at 6-7.

[3] *See* Dismissal Memorandum at 5-6.

[4] *See Seven-Up Co. v. Coca-Cola Co*, 86 F.3d 1379, 1382-1386 (5th Cir. 1996); *Symantec Corp. v. CD Micro, Inc.*, No. Civ.02-406-KI, 2003 WL 23539587, at *3 (D. Or. Feb. 3, 2003); *see generally* Dismissal Memorandum at 22-24.

[5] *See* Dismissal Memorandum at 19-24.

NO.99790981.1

Dated: June 14, 2007

Respectfully submitted,

/s/ DAVID L. PATRON
Brent B. Barriere (LA Bar No. 02818)
David L. Patron (LA Bar No. 22566)
Catherine E. Lasky (LA Bar No. 28652)
**PHELPS DUNBAR LLP**
Suite 2000, Canal Place
365 Canal Street
New Orleans, LA 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130

*Attorneys for Dyson, Inc.*

OF COUNSEL

Michael H. Steinberg
Anthony J. Lewis
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
(310) 712-6600

Garrard R. Beeney
Adam R. Brebner
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Frederick W. Bradley. King, LeBlanc & Bland, P.L.L.C., 201 St. Charles Avenue, 45th Floor, New Orleans, LA 70170. I further certify that there are no non-CM/ECF participants in this case.

/s/ DAVID L. PATRON

NO.99790981.1