# EXHIBIT



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 05-434 |
| v. | ) ) | |
| | ) | |
| MAYTAG CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties to this action, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate business interests of the parties, their customers and other persons, including non-parties to this action, and based upon the stipulation of the parties, and good cause for entering this Confidentiality Stipulation and Protective Order (the "Order") having been shown;

It is hereby stipulated and agreed by the parties and ordered by the Court that the following procedures shall govern the production and use of all documents, testimony, interrogatory answers and other information in this action:

**Definitions**

1.      Definitions for the purposes of this Order:

         (a)      "Document" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

         (b)      "Disclosed" means shown, divulged, revealed, produced, described, or transmitted, in whole or in part.

         (c)      "Confidential Information" means any sensitive confidential research, design, development, financial, or commercial information contained in any document or testimony.

         (d)      "Highly Confidential Information" shall include any trade secret or any confidential research, design, development, or commercial information contained in any document or testimony within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure that is entitled to a higher level of protection due to its commercial sensitivity.  All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information.

(e)     "Party" means a named plaintiff or defendant in this action, and their parents, subsidiaries and affiliates.

(f)     "Third party" means any natural person, partnership, corporation or association, or other legal entity not named as a party to this action.

**Permissible Use of Confidential and Highly Confidential Information**

2.     Confidential or Highly Confidential Information may be disclosed only to those persons identified in paragraphs 9 and 10, respectively, below. Any person obtaining access to Confidential or Highly Confidential Information in connection with this action shall use that information only in and for purposes of this action, and shall not use such Confidential or Highly Confidential Information for any other purpose, including the furtherance of that person's business interests, or in any administrative or other judicial proceeding. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court.

3.     Confidential or Highly Confidential Information shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential or Highly Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

-3-

**Designation of Confidential or Highly Confidential Information**

   4. A party or third party may designate documents or information as Confidential or Highly Confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document entitled to such designation.

   5. A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the Confidential or Highly Confidential Information is not reasonably believed to be already in the public domain, and that counsel believes that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.

   6. Transcripts of depositions taken in this action shall be given the protections afforded Highly Confidential Information under this Order for a period of ten (10) business days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties and third parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information.

   7. No more than ten (10) business days after receipt of the complete deposition transcript, counsel for any of the parties or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by page number and line number. Such designation shall be communicated in writing to all parties. Any party or deponent may also designate specific testimony or

transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

8.    The burden of proving that any information is Confidential or Highly Confidential shall remain with the party or third party making such designation.

**Permissible Disclosure of Confidential and Highly Confidential Information**

9.    Confidential Information may be disclosed only to:

(a)    Current employees, officers, partners or directors (collectively, "current employees") of the party designating the information as Confidential; one or more employees of the parties to be mutually agreed upon by the parties, acting in good faith, with whom technical matters raised by the parties' Confidential Information may be addressed; an employee designated by plaintiffs with whom business or commercial matters raised by defendant's Confidential Information may be addressed; an employee designated by defendant with whom business or commercial matters raised by plaintiffs' Confidential Information may be addressed; and also A. Burgess Lowe, Roger K. Scholten and John W. Morrison of Maytag Corporation, and Martin Bowen of Dyson Limited, Gill Smith of Dyson Technology Limited and Isaiah Halivni of Dyson, Inc.;

(b)    Former employees, officers, partners or directors of the parties (collectively, "former employees"), provided that counsel has a good-faith basis for believing that such former employees had access to the Confidential Information when they were current employees of the parties, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and

-5-

provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

(c)     Counsel for the parties to this action, including in-house counsel; outside counsel of record; and legal assistants, secretaries, staff or agents working with or for counsel in connection with this action to the extent reasonably necessary to render professional services in this action;

(d)     Litigation support services, including outside copying services;

(e)     Deponents, trial witnesses and hearing witnesses in this action (in the case of trial or hearings, subject to ¶ 19), provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

(f)     Any person identified as an author of a document designated as containing Confidential Information, or any person to whom a copy of such document was sent prior to its production in this action;

(g)     Court officials involved in this action;

(h)     Court reporting personnel involved in taking or transcribing testimony in this action; and

(i)    Outside consultants or experts retained for the purpose of assisting counsel in this action, provided that they comply with the requirements of ¶ 12.

10.    Highly Confidential Information may be disclosed only to:

(a)    Current employees of the party designating the information as Highly Confidential, and also A. Burgess Lowe, Roger K. Scholten and John W. Morrison of Maytag Corporation, and Martin Bowen of Dyson Limited, Gill Smith of Dyson Technology Limited and Isaiah Halivni of Dyson, Inc.;

(b)    Former employees of the party designating the material as Highly Confidential, provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential Information when they were current employees of the designating party, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

(c)    Outside counsel of record for the parties to this action, including attorneys and legal assistants, secretaries, staff or agents working with or for counsel in connection with this action to the extent reasonably necessary to render professional services in this action;

(d)    Litigation support services, including outside copying services;

(e)    Trial witnesses and hearing witnesses in this action (in the case of trial or hearings, subject to ¶ 19), provided that counsel has a good-faith basis for

believing that such witnesses had access to or knowledge of the Highly Confidential

Information, and provided that counsel must ascertain as soon as practicable whether

such witnesses had such access or knowledge, and provided that upon the first indication

that such witnesses did not have such access or knowledge, counsel must immediately

refrain from any further disclosure to such witnesses;

        (f)     Any person identified as an author of a document

designated as Highly Confidential, or any person to whom a copy of such document was

sent prior to its production in this action;

        (g)     Court officials involved in this action;

        (h)     Court reporting personnel involved in taking or transcribing

testimony in this action; and

        (i)     Outside consultants or experts retained for the purpose of

assisting counsel in this action, provided that they comply with the requirements of ¶ 12.

        11.     Notwithstanding the provisions of ¶¶ 9 and 10 hereto, a person or

party is free to disclose its own Confidential or Highly Confidential Information without

restriction.  Moreover, nothing shall prevent disclosure beyond the terms of this Order if

the party or other person designating the documents as Confidential or Highly

Confidential expressly consents to such disclosure, either in writing or on the record of

any proceeding in this action.  Such consent shall be given if it is shown that additional

disclosure of Confidential or Highly Confidential Information is reasonably necessary to

the prosecution or defense of the claims or counterclaims in this action.  If the parties

cannot agree on whether such additional disclosure is reasonably necessary, the Court

may resolve the matter. Nothing in this paragraph shall limit a party's ability to argue that such disclosure constitutes a waiver of any applicable privilege.

### Confidentiality Undertaking

12.    Before any person (other than current employees of the party producing the Confidential or Highly Confidential Information) described in ¶ 9(a), ¶ 9(i), ¶ 10(a) or ¶ 10(i), *supra*, is given access to Confidential or Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Order and execute an agreement substantially in the form attached hereto as Exhibit A. Execution of that agreement confirms the signatory's understanding of this Order, willingness to be bound by the provisions of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. Copies of such agreements shall be held by counsel of record for the party so disclosing the Confidential or Highly Confidential Information. The agreements executed pursuant to this paragraph shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

13.    Counsel for the parties to whom Confidential or Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

### Filing Under Seal

14.    Confidential or Highly Confidential Information shall not be filed with the clerk of the Court except when required by Court rule or in connection with

motions or applications submitted to the Court. Any Confidential or Highly Confidential Information, and any court papers containing or referring to Confidential or Highly Confidential Information (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations), if filed, shall be filed under seal while in the clerk's office as long as the documents or information retain their status as Confidential or Highly Confidential. Where possible, only confidential portions of filings with the Court shall be filed under seal. Court papers filed under seal pursuant to this Order shall have the following wording placed in italics at the top of the first page of the document:

> *This submission contains Confidential or Highly*
> *Confidential Information, access to which is governed by*
> *the Confidentiality Stipulation and Protective Order,*
> *entered [date of Order].*

### Challenges to Designations of Confidentiality

15.    Any party may, after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain documents or testimony designated as Confidential or Highly Confidential, or the information therein, are not entitled to confidential status or protection or, if designated Highly Confidential, are entitled only to be designated as Confidential. It is understood and agreed that the producing party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

16.    The parties shall not be obligated to challenge the propriety of any designation of information as Confidential or Highly Confidential, and the failure to do

so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such information to persons not referred to in paragraphs 9 and 10, *supra*.

### Nonwaiver of Privileges

17.     The inadvertent production in the course of discovery in this action of any document or information (whether designated as confidential or not) shall not be deemed to waive whatever attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim of privilege or other protection or immunity. Upon such notice, the other party or parties shall promptly return the original and all copies of the privileged documents or information to the producing party. The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information are in fact privileged or entitled to protections or immunity.

### Nonwaiver of Objection to Discovery

18.     Nothing herein shall affect any party's or person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any party's right to seek the production of documents, testimony or any other information from any other source.

**Use of Confidential or Highly Confidential Information at Trial**

19.    Confidential or Highly Confidential Information may be offered in evidence at trial or offered in any court hearing subject to procedures to be established by the parties and the Court to govern the use and protection of such information.

**Subpoenas Seeking Confidential or Highly Confidential Information**

20.    If any party or person that has obtained Confidential or Highly Confidential Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such party or person shall promptly notify the party or person that designated the information or documents as Confidential or Highly Confidential of the service of the subpoena.  The party or person receiving the subpoena shall not produce any Confidential or Highly Confidential Information in response to the subpoena without either the prior written consent of the party or person that designated the documents or information as Confidential or Highly Confidential, or an order of a court of competent jurisdiction.  However, the party or person that designated such Confidential or Highly Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

**Procedure Upon Termination of Litigation**

21.    The provisions of this Order shall not terminate at the conclusion of this action.  Within thirty (30) days after the final determination of this action and any

-12-

and all appeals therefrom, Confidential or Highly Confidential Information and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information, other than trial transcripts and trial exhibits admitted into evidence, declarations executed pursuant to ¶ 12 hereto and one copy of any pleading or paper filed of record with the Court, shall either be returned to the producing party or person or, at the request of the producing party or person, destroyed; provided, however, that privileged documents or work product need not be returned but instead shall be destroyed. All parties or persons that received Confidential or Highly Confidential Information shall certify compliance with this section and shall deliver same to counsel for the person that produced the Confidential or Highly Confidential Information not more than sixty (60) days after the final conclusion of the pertinent action.

### Amendment of This Order

22.     The provisions of this Order may be modified only by order of the Court for good cause shown. Any party or third party is free to request such modification.

Dated: December 19, 2005

Francis DiGiovanni (No. 3189)
CONNOLLY BOVE LODGE &
HUTZ LLP
The Nemours Building – 8th Floor
1007 N. Orange Street
Wilmington, Delaware 19801
(302) 658-9141

C. Barr Flinn (No. 4092)
John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

-13-

OF COUNSEL:

Ray L. Weber
Laura J. Gentilcore
RENNER, KENNER, GREIVE,
BOBAK, TAYLOR & WEBER
400 First National Tower
Akron, Ohio 44308
(330) 376-1242

Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Maytag Corporation*

OF COUNSEL:

Garrard R. Beeney
Richard C. Pepperman, II
James T. Williams
Keith McKenna
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Steven F. Reich
Jeffrey S. Edelstein
Monica Y. Youn
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
(212) 790-4500

*Attorneys for Dyson Technology Limited
and Dyson, Inc.*

SO ORDERED:

_____

-14-

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DYSON TECHNOLOGY LIMITED and )
DYSON, INC., )
)
)
                          Plaintiffs,    )    C. A. No. 05-434
)
        v.                )
)
)
MAYTAG CORPORATION,       )
)
                          Defendant.    )

### ACKNOWLEDGEMENT AND CONSENT

I hereby certify that: (i) I have read the Confidentiality Stipulation and

Protective Order (the "Order") that has been entered by the Court in this action, and I

understand its terms; (ii) I understand that discovery material designated as Confidential

or Highly Confidential under the Order is being provided to me pursuant to the terms of

the Order; (iii) I agree to be fully bound by the provisions of the Order, including its

provisions restricting disclosure of material designated as Confidential or Highly

Confidential and limiting the use of such material to the conduct of the action; and (iv) I

hereby submit to the jurisdiction of the United States District Court for the District of

Delaware for purposes of enforcement of the Order.

Dated: _____          Signature: _____