IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC.<br><br>  Plaintiff,<br><br>v.<br><br>HOOVER, INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P., and MAYTAG CORPORATION,<br><br>  Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 05-434 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

A trial in this matter began on May 29, 2007. Following the start of trial, the parties agreed to settle their dispute. The court entered a Consent Decree on June 19, 2007. (D.I. 436.) On June 6, 2007, Dyson Technology Ltd. and Dyson, Inc. (collectively, "Dyson" or the "plaintiffs") filed a Motion for Limited Relief from the Protective Order (D.I. 425), which is presently before the court. After having considered the motion, and all responses thereto, IT IS HEREBY ORDERED that:

1. The plaintiffs' Motion for Limited Relief from the Protective Order (D.I. 425) is GRANTED in part and DENIED in part. The plaintiffs' motion is GRANTED with respect to the defendants' documents and the deposition of Grahame Capron-Tee ("Mr. Capron-Tee") (subject to the restrictions listed below) and DENIED with respect to the documents produced by Compliance Consulting, Inc.

2. The grant of the plaintiffs' motion and de-designation of the identified documents is subject to the defendants redacting information regarding confidential advertising and testing, as well as litigation strategies, from those documents.

3. The plaintiffs' dissemination of the de-designated documents is limited to personnel at Dyson and the IEC and ASTM regulatory bodies for the limited purpose of assessing harm to Dyson and pursuing remedies to any harm caused by Mr. Capron-Tee.[1]

4. The defendants' Motion for Leave to File a Sur-reply in Opposition to the Plaintiffs' Motion for Limited Relief from the Protective Order (D.I. 449) is DENIED as moot.

Dated: February 13, 2008        /s/ Gregory M. Sleet
                                CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] In a word, this dispute is ridiculous. The court urges the parties to re-engage the meet and confer process to work out their differences, keeping in mind the guidance and restrictions provided in this Order. At this point, the parties have had more than their fair share of access to and use of this limited resource. The court does not have the time or resources to sift through pages of documents and determine whether they should be de-designated. Accordingly, the court does not expect to hear from the parties any further on this matter.