IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED and DYSON, INC. | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 05-434 (GMS) |
| v. | ) ) |
| HOOVER, INC., HOOVER GENERAL L.L.C., HOOVER LIMITED L.L.C., HOOVER COMPANY I, L.P., and MAYTAG CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

A trial in this matter began on May 29, 2007. Following the start of trial, the parties agreed to settle their dispute. The court entered a Consent Decree on June 19, 2007. (D.I. 436.) On August 24, 2007, the plaintiffs filed a Motion to Enforce the terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents (D.I. 454), which is presently before the court. After having considered the motion, and all responses thereto, IT IS HEREBY ORDERED that:

1.  The plaintiffs' Motion to Enforce the Terms of the Protective Order and the Parties' Agreements Regarding the Destruction of Documents (D.I. 454) is GRANTED.

2.  The defendants shall comply with the terms of the court's December 19, 2005 Protective Order, (D.I. 49), entered in this case, and the parties' subsequent agreement, memorialized in a June 14, 2007 letter from the defendants' counsel, Lisa Parker, to the plaintiffs' counsel, Craig Rutenberg, regarding the parties' obligations to destroy documents at the conclusion of this litigation.[1]

---

[1] The defendants rely on two cases decided by this court to support their argument with respect to document retention, *In re Wechsler*, 121 F. Supp. 2d 404 (D. Del. 2000) and *Mosel*

3.   Within ten (10) days of entry of this Order, the defendants shall instruct each of the court reporters that recorded and transcribed the depositions in this case to destroy all deposition transcripts related thereto that are within the court reporters' possession, custody, or control.

Dated: February 13, 2008          /s/ Gregory M. Sleet
                                  CHIEF, UNITED STATES DISTRICT JUDGE

---

*Vitelic Corp. v. Micron Tech., Inc.*, 162 F. Supp. 2d 307 (D. Del. 2000). The cases are distinguishable, however, as the disputes in them were ongoing at the time the evidence was destroyed, and the court's rulings in them resulted from the filing of motions for sanctions. In contrast, the present action settled during the course of the trial, and nobody argued that evidence was destroyed. The defendants assert that the plaintiffs have an obligation to preserve evidence that might be relevant to pending litigation in the Eastern District of Louisiana, *Oreck Direct, LLC v. Dyson, Inc.*, No. 07-2744, U.S. Dist. Ct., E.D. La. (filed May 1, 2007). This argument is nothing more than a red herring, as the defendants have no interest in the *Oreck* litigation, and it is not their responsibility to make sure that Dyson entities fulfill their discovery obligations in that lawsuit. Rather than concerning itself with the plaintiffs' other cases, the defendants should stay focused on the matter at hand. In this case, the Protective Order states, "Confidential or Highly Confidential information . . . shall either be returned to the producing party . . . or, at the request of the producing party . . . destroyed." (D.I. 49 ¶ 21.) This confidential or highly confidential information can include transcripts of depositions. (Id. ¶¶ 1(a), 6.) By letter, dated June 14, 2007, the parties agreed to extend the Protective Order to cover not only those deposition transcripts classified as "Confidential" and "Highly Confidential," but all deposition transcripts. (See D.I. 455 Ex. B.) The letter specifically states, "[t]he parties agree to destroy *all* deposition transcripts and will certify in writing that all such transcripts have been destroyed." (Id.) (emphasis added). If the defendants did not intend for all of the deposition transcripts to be destroyed, they should not have expressly agreed to perform exactly that act. The court will not disturb a valid agreement between the parties.